UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,                 Plaintiff, <br><br> -against- <br><br> LEON BLACK, <br><br>                 Defendant. | 23-CV-6418 (JGLC) <br><br> **ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is a motion from Plaintiff Jane Doe to proceed anonymously. ECF No. 6. For the reasons herein, the motion is GRANTED.

## BACKGROUND

The Complaint in this case was filed on July 25, 2023. Plaintiff Jane Doe alleges that she was raped by Defendant Leon Black. ECF No. 1 ("Compl.") ¶ 3. The Complaint alleges that Plaintiff, when she was a minor, was directed to give Black a "massage," which she understood to involve sexual intercourse. *Id*. ¶¶ 2, 65–66. Plaintiff also alleges that Black violently assaulted and verbally abused her. *Id*. ¶¶ 67–80. The Complaint alleges that Plaintiff is autistic and was born with Mosaic Down Syndrome, and that her developmental age is approximately 12 years old. *Id*. ¶¶ 10–11. Plaintiff further alleges that, as a result of the conduct identified, she continues to suffer both physically and psychologically. *Id*. ¶¶ 83–84. Plaintiff brings claims against Black under the New York City Victims of Gender-Motivated Violence Protection Act. *Id*. ¶ 95.

## DISCUSSION

The Federal Rules of Civil Procedure require that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d

Cir. 2008). However, this rule is not absolute. *See id*. at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)) ("Courts have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously.'").

The Second Circuit has held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has further laid out a non-exhaustive list of factors that courts should consider when balancing these interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of their age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press their claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose their identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189–90 (cleaned up). Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id*. at 191 n.4.

At this point in the litigation, the factors weigh in favor of allowing Plaintiff to proceed anonymously. The litigation involves matters that are highly sensitive and of a personal nature, as Plaintiff has alleged that she was raped and was a minor at the time. *See* Compl. ¶¶ 2–3. Plaintiff has not spoken publicly about the incidents that underly the cause of action in the Complaint. ECF No. 7 ("Christensen Decl.") ¶ 18. Additionally, the identity of Plaintiff was disclosed to counsel for Defendant, *id*. ¶ 3, and Defendant has not identified any prejudice if Plaintiff were to proceed anonymously, *see* ECF No. 15 ("Def. Mem."). Thus, having carefully considered Plaintiff's arguments and the factors identified by the Second Circuit, and according substantial weight to the fact that Defendant does not oppose Plaintiff's request for anonymity, *id*. at 8, Plaintiff is permitted to proceed anonymously at this time.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion. The Clerk of Court is respectfully directed to terminate ECF No. 6.

Dated: August 18, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge

3