

**Meredith A. Firetog**
mfiretog@wigdorlaw.com

September 21, 2023

<u>VIA ECF</u>

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007

      Re:    *Doe v. Black*, Case No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

We represent Plaintiff Jane Doe ("Plaintiff") in the above-captioned matter.  Pursuant to Your Honor's Individual Rule 5(d), and in response to Defendant Leon Black's ("Defendant") September 20, 2023 letter motion (Dkt. No. 21) requesting redactions on his Rule 11 motion and submissions, we write to inform the Court that Defendant has made gross misrepresentations in his filings, including concerning his compliance with Your Honor's Individual Rules.  As a result, in order to at least partially remedy Defendant's improper and disrespectful conduct, we have made an emergency application to the ECF Help Desk to temporarily seal these documents pending a formal application to Your Honor.  That application has been granted.  *See* Decl. of Meredith Firetog ¶ 14.[1]  In addition, Plaintiff seeks additional redactions that should have been made by Defendant in yesterday's filing.

First, while Defendant is correct that the parties held a meet-and-confer about potential redactions on September 19, 2023, Defendant's representation that Plaintiff does not oppose his motion to seal is entirely disingenuous, as the discussions concerning redactions concerned substantially different papers than what Defendant actually filed on the docket on September 20, 2023.  *Id.* at ¶ 8.  Indeed, my firm provided Ms. Estrich with highlighted versions of the affidavits that Defendant informed us his counsel intended to file, setting forth our requested redactions.  *Id.* at ¶ 7.  Incredibly, Defendant filed an entirely new affidavit and included brand new allegations in its

---

[1]     As the exhibits to the Declaration of Meredith A. Firetog all reference the documents that Plaintiff contends require additional redactions prior to any public filing, those exhibits are filed under seal at this time.



Hon. Jessica G. L. Clarke
September 21, 2023
Page 2

papers—none of which Plaintiff had the opportunity to evaluate and request redactions on prior to Defendant placing them on the public docket.[2]  *Id.* at ¶¶ 9-11.

Because Defendant engaged in this duplicitous bait-and-switch—showing Plaintiff one affidavit for purposes of requesting redactions only to file a new affidavit containing inaccurate, defamatory, and highly confidential information—the Court should grant Plaintiff's application to temporarily seal Defendant's filings pending the Court's review of both parties' proposals regarding redactions.  Specifically, Defendant had previously noted that he would file Docket No. 15-2, a declaration from Defendant's private investigator Carlos Melendez ("Mr. Melendez"), in support of his Rule 11 motion.  Instead, following the meet and confer, Defendant had Mr. Melendez execute a brand new, more expansive affidavit, Docket No. 31, which was filed largely unredacted, and did so without the requisite meet-and-confer on what was actually filed.  This was plainly done in bad faith, and is particularly troubling given that Defendant's fabricated allegations concern information that is arguably subject to mandatory redactions in this District—namely, information concerning the medical treatment and medical diagnoses of a minor.  Defendant has zero basis to include this information in his submissions.  It is obvious that Defendant chose to publicly file such personal and intimate information of Plaintiff to humiliate and retaliate against her for her decision to speak out against his sexual abuse.  Had Plaintiff been provided with the September 19, 2023 Melendez affidavit, Ms. Estrich's affidavit, and the memorandum of law, Plaintiff would have proposed and sought far more redactions than what was discussed with the parties' meet-and-confer.  Specifically, both Ms. Estrich's affidavit and Defendant's memorandum of law grossly misconstrue content from the Melendez affidavit to argue positions about Ms. Doe's alleged medical condition and physical history while she was a minor.  This content should have been filed under seal.  *See* Firetog Decl. ¶ 13.

Having now seen the actual filings, Plaintiff is in a position where she must seek additional redactions on an urgent basis, defeating the purpose of Your Honor's rules requiring a meet-and-confer.  While we agree with Defendant that what he has already proposed to redact meets the legal standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), given the significant amount of additional sensitive information contained in Defendant's submissions, Plaintiff contends there is addition information that compels redactions under this standard.  Specifically, information concerning Plaintiff's medical diagnoses and treatment as a minor, reference to alleged medical diagnoses, and statements concerning Plaintiff's siblings, is all highly private information that could lead to the discovery of Plaintiff's identity and expose others to public scrutiny.  Moreover, this information is wholly irrelevant to Defendant's motion,

---

[2]  In the context of Rule 11 and the required safe harbor provisions of that Rule, it is of course especially problematic that the papers filed were substantially different than what Defendant had previously served on Plaintiff.  Simply put, by virtue of filing different papers than previously presented, Defendant not only violated Your Honor's rules concerning conferring before filing a motion to seal, but also plainly violated Rule 11's clear procedures.  Plaintiff intends to fully oppose Defendant's Rule 11 motion on both these procedural grounds and on substantive grounds that the motion is entirely baseless and undermines the purpose of Rule 11.



and merely seeks to humiliate Plaintiff and make it possible for others to divine her identity. *See Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("We do not say that every piece of evidence, no matter how tangentially related to the issue or how damaging to a party disclosure might be, must invariably be subject to public scrutiny. An exercise of judgment is in order. The importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials should be taken into account before a seal is imposed.").

As Defendant notes in his motion for sealing, particularly in cases where parties have been granted leave to proceed anonymously, the parties "must redact any information tending to reveal [the anonymous party's] identity." *Malibu Media, LLC. v. Doe*, 2019 WL 3759161, at *1 (S.D.N.Y. Mar. 15, 2019). Redactions concerning Plaintiff's family members are also warranted, as Defendant notes, because such redactions would protect the privacy interest of these third parties. Despite acknowledging these privacy interests and claiming to be interested in protecting the identities of others involved in the allegations contained in the Complaint, Defendant nevertheless chose to file information that would allow the public—and the "investigative journalists" Defendant claims are interested in this case—to determine Ms. Doe's identity.

Because Defendant acted in bad faith in failing to discuss necessary redactions on the actual papers he filed, and because Defendant's substantially altered filings requiring additional redactions to protect the legitimate privacy interests of both Jane Doe and others, Ms. Doe respectfully requests that the Court approve the temporary sealing of Defendant's filings from the public docket and allow only redacted versions, to be filed subsequent to Court approval, to be made publicly available. Under seal, Plaintiff will submit additional proposed redactions to the filings, per the Court's rules. *See* Exs. A, B.

Sincerely,

Meredith A. Firetog

Cc: All counsel of record (*via* ECF)