

September 20, 2023

**<u>Via ECF</u>**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

**Re: Doe v. Black: Case No. 1:23-cv-06418-JGLC**

Dear Judge Clarke:

  We represent defendant Leon Black ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Rule 5(d)(ii), we respectfully request leave to file Defendant's Memorandum of Law in Support of His Motion for Sanctions, and certain exhibits thereto, with redactions. As explained in more detail below, the proposed redactions are narrowly tailored to protect the anonymity of plaintiff Jane Doe ("Plaintiff") and other individuals referenced in Plaintiff's Complaint. Plaintiff does not oppose the relief sought. Prior to filing, counsel for Defendant conferred with counsel for Plaintiff, and Plaintiff's counsel's suggested additional redactions to protect Plaintiff's anonymity.

### *Background*

  On July 25, 2023, Plaintiff commenced this action by filing her Complaint. ECF Doc. No. 1. Plaintiff's Complaint was filed under the pseudonym "Jane Doe," purportedly to "protect her privacy because her allegations concern sexual abuse that occurred when she was a minor." Compl. at 1 n.1. On August 10, 2023, Plaintiff filed a motion to proceed anonymously. ECF Doc. No. 6. On August 14, 2023, Defendant filed a response to Plaintiff's motion. ECF Doc. No. 15. In his response, Defendant indicated that he does not at this time oppose Plaintiff's request to remain anonymous but reserved his right to challenge it in the future, and addressed certain factual inaccuracies and mischaracterizations in Plaintiff's motion. *Id.* On August 18, 2023, the Court entered an order granting Plaintiff leave to proceed anonymously, noting, among other things, that this "litigation involves matters that are highly sensitive and of a personal nature, as Plaintiff has alleged that she was raped and was a minor at the time." ECF Doc. No. 16 at 3.

  As explained in more detail in Defendant's Motion for Sanctions, filed simultaneously herewith, soon after the Complaint was filed, Defendant began investigating the outlandish, salacious, and sensational allegations in the Complaint. To date, Defendant has failed to uncover even a shred of evidence supporting Plaintiff's account, and in fact easily obtained evidence that

The Honorable Jessica G. L. Clarke
September 20, 2023

either refuted key details in the Complaint or showed them to be patently and unequivocally false. Among other things, that evidence includes voluntary, consensually recorded statements concerning Plaintiff and many of the core allegations in the Complaint (and in some instances sworn declarations) by members of Plaintiff's family, the cheerleading coach identified in the Complaint as "Elizabeth," and other individuals who knew Plaintiff during the period when the events in the Complaint are alleged to have occurred. Defendant's Motion for Sanctions relies on these statements and the facts revealed during this investigation, including the names of relevant places and people, as it must in order to show that Plaintiff's counsel could not have conducted a reasonable inquiry into the facts under these particular circumstances.

### *Legal Standard*

To assess whether documents should be sealed or redacted, courts in this Circuit apply the three-part test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id.* at 119-20. It is well settled that the "competing considerations" that may overcome the presumption of access to judicial documents include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, as well as the privacy of third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017).

### *Argument*

Defendant does not dispute that certain of the documents he seeks to file with redactions are "judicial documents" for purposes of this analysis. However, any presumption of access is clearly outweighed by substantial competing concerns. First and foremost, the Court has already granted the Plaintiff leave to proceed anonymously, indicating that the Plaintiff has a heightened privacy interest. *See* ECF Doc. No. 16. In granting the Plaintiff's request to proceed anonymously, the Court determined that the "highly sensitive and . . . personal nature" of Plaintiff's allegations, among other things, outweighed disclosing the Plaintiff's identify to further "the public's interest in the litigation." *Id.* at 2-3.

The Defendant's proposed redactions are intended to protect from public disclosure any information that could be used to identify the Plaintiff—such as information about the Plaintiff, her family members, other individuals referenced in the Complaint, and information about specific places or events. Plaintiff's privacy interest—which is heightened here because of her anonymous status—more than outweighs any right of access to Plaintiff's identity. Put differently, "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure has tipped in favor of [Plaintiff] based on the various factors considered when approving [Plaintiff's] request for anonymity in this action." *D.H. v. City of New York*, 2017 WL 6887792, at *8 (S.D.N.Y. Nov. 28, 2017) (quotation omitted) (granting anonymous plaintiffs' motion for leave to file redacted documents). And indeed, in other cases where parties have been granted leave to proceed anonymously, courts in this District have simultaneously ordered that the parties thereafter "must redact any information tending to reveal [the anonymous party's] identity." *Malibu Media, LLC. v. Doe*, 2019, WL 3759161, at *1 (S.D.N.Y. Mar. 15, 2019). Accordingly,

The Honorable Jessica G. L. Clarke
September 20, 2023

Defendant should be permitted to file his Motion for Sanctions with redactions narrowly tailored to protect Plaintiff's anonymity.

In addition to protecting Plaintiff, Defendant's proposed redactions will also protect the privacy interests of third parties, including Plaintiff's family members and individuals referenced in the Complaint, who are not named as defendants. Given the heinous conduct alleged in the Complaint, which the Court previously found to be "highly sensitive," ECF Doc. No. 16 at 3, the privacy interests of these third parties are also entitled to substantial weight, and they likely will suffer harm and prejudice if they are publicly identified or associated with the scandalous allegations in the Complaint. And, as noted above, protecting their identities will also help to protect Plaintiff's anonymity, because such information might "tend[] to reveal" Plaintiff's identity. *Malibu Media, LLC*, 2020 WL 6900002, at *2. Given the media interest in this case, including from investigative journalists, the tailored redactions that Defendant proposes are vital to protecting the identities of the Plaintiff, her family and the other individuals described in the Complaint.

### *Conclusion*

For all of these reasons, Defendant respectfully requests that the Court permit him to file his Memorandum of Law in Support of His Motion for Sanctions, and certain exhibits thereto, with redactions. Contemporaneously with filing this letter motion, Defendant has filed an unredacted version of these documents, showing his proposed redactions, under seal pursuant to Your Honor's Individual Rule 5(d)(iii).

Very truly yours,

/s/ *Susan Estrich*
Susan Estrich
ESTRICH GOLDIN LLP
947 Berkeley St.
Santa Monica, CA 90403
(213) 399-2132

*Counsel for Defendant Leon Black*