UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

        *Plaintiff,*

v.

LEON BLACK,

        *Defendant.*

Case No. 1:23-cv-06418-JGLC

### DECLARATION OF SUSAN ESTRICH

I, SUSAN ESTRICH, do hereby declare under penalty of perjury that the following is true and correct:

1. My name is Susan Estrich. I am the founding partner of Estrich Goldin LLP and am admitted *pro hac vice* in this case.

2. I respectfully submit this declaration in support of Defendant's Motion for Sanctions Against Wigdor LLP and Jeanne Christensen (the "Motion"). I am fully familiar with all matters set forth in this Declaration based on personal knowledge about the facts and matters below.

3. Soon after Wigdor filed Plaintiff's complaint in this action (the "Complaint"), Defendant began investigating the outlandish, salacious, and sensational allegations in the Complaint.

4. Among other things, Defendant retained the services of an investigative firm, which conducted interviews with (1) several members of Plaintiff's family, (2) the cheerleading coach identified as "Elizabeth" in the Complaint, as well as several other people with knowledge of

"Elizabeth's" interactions with Plaintiff, and (3) several individuals who attended high school with Plaintiff.

5. Defendant's preliminary investigation has failed to uncover even a shred of evidence supporting Plaintiff's account, and his investigators easily obtained evidence that either refuted key details in the Complaint or showed them to be false.

6. Defendant's investigators were able to easily obtain a dated, official photograph of Plaintiff and her cheerleading team during their preliminary inquiry, which we can provide to the Court under seal upon request. The photograph shows that Plaintiff was of relatively normal size and development for her age.

7. On August 25, 2023, I served Wigdor with a warning letter pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure (the "Rule 11 Letter"). In the Rule 11 Letter, I raised many of the investigative findings cataloged in the Motion, attached sworn testimony concerning those investigative findings, and put Wigdor on notice that Defendant would seek sanctions under Rule 11 based on Wigdor's apparent failure to conduct *any* investigation—let alone a "reasonable inquiry"—prior to filing the Complaint.

8. Among other things, the Rule 11 Letter placed Wigdor on notice that several of the key allegations in the Complaint are false, including those relating to (i) Plaintiff's alleged travel to New York, Palm Beach, and the U.S. Virgin Islands, and the substantial number of school absences that are alleged to have resulted; (ii) Plaintiff allegedly living with Elizabeth during high school and prior to her entering college; and (iii) Plaintiff's alleged participation as a fifteen year old in a cheerleading squad coached by Elizabeth, including the fabricated story of Plaintiff fitting into a uniform designed for 8-12 year old girls when she was fifteen.

9. In addition, I stated in the Rule 11 Letter that I understand that Wigdor was expressly warned prior to filing the Complaint that Plaintiff's allegations regarding Epstein and Leon Black were false, uncorroborated, and likely fabricated.

10. On September 7, 2023, Wigdor served its response to the Rule 11 Letter (the "Response"). In its Response, Wigdor stated "[w]e are fully confident in our investigation and inquiry that was more than reasonable of our client's claims," but did not identify any investigative steps it took prior to filing Plaintiff's Complaint.

11. In its Response, Wigdor did not address any of the investigative findings discussed in the Rule 11 Letter or explain why it had either failed to discover those facts during its supposed investigation or proceeded to file Plaintiff's Complaint despite having learned them. Nor did Wigdor address my statement concerning the warning it received prior to filing.

12. Nowhere in Wigdor's Response did it explain why, in light of the facts uncovered by Mr. Black's investigators, it nevertheless believed that "the factual contentions [in the Complaint] have evidentiary support." Fed. R. Civ. P. 11(b)(3). Nor did Wigdor "specifically so identif[y]," any allegations it believes "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

13. In its Response, Wigdor contended that it is inappropriate and sanctionable for Defendant to challenge any of Plaintiff's allegations outside of motions to dismiss or for summary judgment. Wigdor further contended that it is inappropriate and sanctionable for Defendant to bring a motion for sanctions at this stage, and that the factual issues raised in Defendant's Rule 11 Letter can only be decided after discovery.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York, on September 20, 2023.

By:     <u>/s/ Susan Estrich</u>
Susan Estrich
ESTRICH GOLDIN LLP
947 Berkeley St.
Santa Monica, CA 90403
(213) 399-2132

*Counsel for Defendant Leon Black*
