UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANE DOE,                                        :
                                                 :
                              Plaintiff,         :    Civil Case No.: 1:23-cv-06418
                                                 :
        v.                                       :
                                                 :
LEON BLACK,                                      :
                                                 :
                              Defendant.         :
                                                 :
------------------------------------------------------------X

**DECLARATION OF MEREDITH A. FIRETOG IN SUPPORT
OF PLAINTIFF'S MOTION TO SEAL
AND PLAINTIFF'S OPPOSITION TO DEFENDANT'S SEALING MOTION**

I, Meredith A. Firetog, hereby declare as follows:

1. I am a partner at Wigdor LLP and counsel for Plaintiff Jane Doe along with partner Jeanne M. Christensen ("Ms. Christensen").

2. I make this Declaration in support of Plaintiff's motion for temporary sealing and for redactions.

3. The Complaint was filed on July 25, 2023.

4. On August 18, 2023, this Court granted Plaintiff's Motion to Proceed Anonymously. Dkt. No. 16.

5. On August 25, 2023, counsel for Defendant Leon Black, Susan Estrich ("Ms. Estrich"), sent Wigdor LLP a letter and two declarations, purporting to provide the required safe harbor notice for a motion pursuant to Federal Rule of Civil Procedure 11. Attached hereto as **Exhibit 1** is a true and accurate copy of that email and the attachments thereto.

6. On September 19, 2023, at Ms. Estrich's request, Ms. Estrich, Jacqueline Stykes ("Ms. Stykes") of Quinn Emmanuel (also counsel for Defendant Black), Ms. Christensen, and I

took part in a telephonic meet-and-confer to discuss redactions to the two declarations that had been provided (Dkt. No. 15-2, Decl. of Melendez dated August 14, 2023; and Decl. of ["Elizabeth"], dated August 22, 2023).

7.     To be clear, prior to filing, Plaintiff was never provided with a copy of Ms. Estrich's declaration or the memorandum of law in support of the motion.

8.     Shortly following this meet-and-confer, Ms. Christensen provided Ms. Estrich and Ms. Stykes with highlighted copies of the two declarations Defendant had provided to Plaintiff's counsel on August 25, 2023.  Attached hereto as **Exhibit 2** is a true and accurate copy of that email and the attachments thereto.

9.     On September 20, 2023, beginning at 4:53 pm—after the ECF Help Desk had closed—Defendant Black filed his motion to seal, motion for sanctions, and supporting affidavits. *See* Dkt. Nos. 21-32.

10.    Incredibly, the filed affidavit of Defendant's private investigator, Carlos Melendez ("Melendez"), is substantially different from the Melendez affidavit that Plaintiff had previously been provided (Dkt. No. 15-2), and was therefore substantially different from the affidavit that the parties discuss on September 19, 2023 during the meet-and-confer concerning redactions. Attached hereto as **Exhibit 3** is a true and accurate copy of the new Melendez affidavit, <u>dated September 19, 2023</u>, with highlighting that indicates the content that was added subsequent to the parties' meet-and-confer.

11.    The brand-new Melendez affidavit (Dkt. Nos. 24, 31) which, notably, was signed on September 19, 2023, —contains highly confidential and private allegations concerning Plaintiff Jane Doe's medical treatment and diagnoses when she was age 17 and younger.  In addition to being false, these allegations are highly sensitive and private, and should have been redacted.

12. Prior to Defendant's filing, Plaintiff and Plaintiff's counsel had not seen the new Melendez affidavit, and therefore did not have the opportunity to object to its unredacted filing on the public docket.

13. Had Plaintiff been provided with the September 19, 2023 Melendez affidavit, Ms. Estrich's affidavit, and the memorandum of law, Plaintiff would have proposed and sought far more redactions than what was discussed with the parties' meet-and-confer. Specifically, both Ms. Estrich's affidavit and Defendant's memorandum of law grossly misconstrue content from the Melendez affidavit to argue positions about Ms. Doe's alleged medical condition and physical history while she was a minor. This content should have been filed under seal.

14. This afternoon, Plaintiff made an emergency application to the ECF Help Desk to temporarily seal these documents pending a formal application to Your Honor, which was granted. Accordingly, this request and attached exhibits are filed under seal.

15. Plaintiff requests that the temporary sealing remains in effect pending this Court's approval of the parties' proposed redactions.

Dated: September 21, 2023
    New York, New York

_____
Meredith A. Firetog