UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
JANE DOE,                                                  :
                                                           :
                    Plaintiff,                             :   Civil Action No.: 1:23-cv-06418-JGLC
                                                           :
        v.                                                 :
                                                           :
LEON BLACK,                                                :
                                                           :
                    Defendant.                             :
                                                           :
-----------------------------------------------------------x

## DECLARATION OF JEANNE M. CHRISTENSEN IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

I, Jeanne M. Christensen, hereby declare as follows:

1. I am a partner at the law firm Wigdor LLP and counsel for Plaintiff Jane Doe in the above-captioned case.

2. I make this Declaration in support of Plaintiff's opposition to the motion for sanctions filed by Defendant Leon Black ("Black" or "Defendant").

3. On August 25, 2023, counsel for Black emailed Plaintiff's counsel a four-page single spaced letter purporting to set forth the basis of his anticipated Rule 11 motion for sanctions, and also emailed two supporting affidavits. *See* Dkt. No. 57-1.

4. The August 25 letter alleged that Plaintiff's counsel did not conduct a reasonable investigation, based in part on Defendant's own investigation by Carlos Melendez, and also based on specifically enumerated discussions *Defendant's counsel* purported to have with associates of Jeffrey Epstein, such as Sarah Kellen, who is referred to in the Complaint, and Leslie Groff, who is not mentioned in the Complaint. As evident, the August 25 letter made no reference to a

different standard of evaluation for clients with purported REDACTED or development disabilities.

5. On September 7, 2023, Plaintiff's counsel responded to counsel's letter. A true and correct copy of that response is attached hereto as **Exhibit 1**.

6. On September 19, 2023, counsel for the parties participated in a telephonic meet and confer during which they discussed proposed redactions to Defendant's anticipated filing of his Rule 11 motion and supporting affidavits, basing the conversation entirely on the August 25 letter and supporting affidavits that had been provided to Plaintiff's counsel at that time. Plaintiff's counsel in fact emailed proposed redactions to counsel for Defendant based on counsel's understanding of the basis of the motion (i.e., the August 25 letter and supporting affidavits). *See* Dkt. 15-2.

7. On September 20, 2023, Defendant filed his Rule 11 motion and supporting papers in this Court, including highly defamatory information concerning Plaintiff and unfounded allegations concerning REDACTED

8. Defendant's motion glaringly omits any mention, however, of counsel's efforts to procure medical records to justify their accusations concerning Plaintiff's REDACTED Carlos Melendez's declaration fails to reference a single medical record. In fact, counsel admitted during a meet and confer on October 9, 2023 that Defendant is not in possession of *any* medical records supporting his assertions.

9. Defendant also filed an affidavit from his investigator, Carlos Melendez, that was different from the one that Plaintiff's counsel had previously reviewed and proposed redactions on. *See* Dkt. 57, Ex. 3.

10. The material differences in the motion and the August 25 letter, and in the supporting affidavits and those actually submitted with Black's Rule 11 filing, meant that Plaintiff was not given adequate notice of the bases for Black's sanctions motion, and therefore did not have the required "safe harbor" period to pointedly rebut his accusations.

11. Black's retaliatory and defamatory Rule 11 motion follows a long pattern of Defendant's attempts to silence his accusers:

**Black's First Act of Legal Retaliation**

12. On June 1, 2021, Guzel Ganieva ("Ganieva") commenced an action against Black entitled *Guzel Ganieva v. Leon Black*, Index No. 155262/2021 (N.Y. Sup. Ct.) ("Ganieva State Action"). Among her claims were allegations of sexual assault. On September 20, 2021, Ganieva filed a motion for leave to file a Second Amended Complaint and contained therein were allegations about a Jane Doe, which referred to Cheri Pierson ("Pierson"). The allegations specific to Pierson included that Black sexually assaulted Pierson in Jeffrey Epstein's Manhattan townhouse.

13. On October 28, 2021, Black filed a lawsuit in the United States District Court for the Southern District of New York naming Wigdor LLP ("Wigdor") as a defendant, alleging causes of action for defamation and violations of the civil RICO laws under 18 U.S.C. § 1962(c) and (d), entitled *Leon Black v. Guzel Ganieva, Wigdor LLP, and John Does*, No. 1:21 Civ. 08824 (S.D.N.Y. 2021) ("Black's Federal Action"). A true and correct copy of the complaint filed by Black is attached hereto as **Exhibit 2**.

14. On June 30, 2022, Judge Paul A. Engelmayer ("Judge Engelmayer") dismissed Black's Federal Action. A copy of the Opinion and Order (ECF No. 120) is attached hereto as

3

**Exhibit 3**. Black appealed to the Second Circuit, and the Court affirmed Judge Engelmayer's Opinion and Order on March 2, 2023.

**Black's Second and Third Acts of Legal Retaliation**

15. On November 28, 2022, Pierson filed an action against Black pursuant to the Adult Survivor's Act, alleging that Black sexually assaulted her, entitled *Cheri Pierson v. Leon Black*, Index 952002/2022 (N.Y. Sup. Ct.) ("Pierson State Action"). Wigdor represents Pierson.

16. Less than three weeks later, on December 16, 2022, Black filed a motion against Wigdor and Ganieva for sanctions pursuant to 22 N.Y.C.R.R. 130.1.1, alleging that Wigdor filed a frivolous action on behalf of their client, Ganieva. A true and correct copy of Black's motion for sanctions against Wigdor in the Ganieva State Action, (NYSCEF Doc. No. 226), is attached hereto as **Exhibit 4.**

17. On February 6, 2023, the Court in the Ganieva State Court Action entered a Decision and Order denying Black's motion for sanctions (ECF Doc. No. 277). A true and correct copy is attached hereto as **Exhibit 5**.

18. Also on December 16, 2022, Black filed a near carbon copy of the sanctions motion he filed in the Ganieva State Court Action against Wigdor (excluding Pierson) in the Pierson State Action (NYSCEF Doc. 10). That motion is fully submitted, and the court held an oral argument on September 18, 2023. A true and correct copy of the motion for sanctions filed by Black in the Pierson State Action is attached hereto as **Exhibit 6**.

**Black's Fourth Act of Legal Retaliation**

19. Following the Second Circuit's decision on March 2, 2023 affirming Judge Engelmayer's Opinion and Order, Black filed a lawsuit on March 13, 2023, entitled *Leon Black v.*

4

*Guzel Ganieva and Wigdor LLP*, Index No. 654108/2022 in New York County Supreme ("Black's First State Action"). Black asserts a claim against Wigdor for tortious interference with contract in connection with representing Ganieva in her case filed on October 31, 2022. A true and correct copy of Black's complaint is attached hereto as **Exhibit 7**. On April 14, 2023, Wigdor filed a motion to dismiss Black's First State Action and that motion is fully briefed and pending (Index No. 54108/2022, at Doc. No, 47).

**Black's Fifth Act of Legal Retaliation**

20. On June 25, 2023, Ms. Doe filed the action herein.

21. On August 14, 2023, Black filed another lawsuit against Wigdor in New York County Supreme entitled *Leon Black v. Wigdor LLP and Guzel Ganieva*, Index No. 158062/2023 ("Black's Second State Action"), asserting a claim for malicious prosecution. On August 24, 2023, Black filed an amended complaint in that action (NYSCEF Doc. 5). Importantly, Black bases his claims against Wigdor in part on its representation of Ms. Doe in the case herein (NYSCEF Doc. 5, at ¶ 2). A true and correct copy of Black's amended complaint is attached hereto as **Exhibit 8**.

22. On October 16, 2023, Wigdor filed a motion to dismiss Black's Second State Action, and alleged that Black's retaliatory lawsuit violates New York's Civil Rights Law § 76-a ("NY Anti-SLAPP Law"). A true and correct copy of that motion to dismiss is attached hereto as **Exhibit 9.**

Dated: October 18, 2023
New York, New York

By: _____
Jeanne M. Christensen