# Exhibit 1




**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

September 7, 2023

Susan Estrich
Estrich Goldin LLP
8605 Santa Monica Blvd
West Hollywood, CA 90069

Re: *Jane Doe v. Leon Black*; Case No. 23-cv-06418 (S.D.N.Y.)

Dear Susan:

We write in response to your August 25, 2023 letter contending that Plaintiff Jane Doe's Complaint filed against Leon Black ("Black") violates Federal Rule of Civil Procedure 11, and threatening to file a motion for sanctions unless Ms. Doe withdraws her Complaint. Black's threatened motion is premature and frivolous, and you, Quinn Emanuel, and Perry Law ("Black's Counsel") should be chastised for serving notice of a Rule 11 motion that you know has no chance of being granted. It is unprofessional and discourteous to use a frivolous threat of sanctions to attempt to intimidate and retaliate against Ms. Doe and her counsel. Such conduct should have no place in the practice of law. However, as this is Black's third retaliatory sanctions threat against Wigdor LLP ("Wigdor") in less than a year, made by this same group of lawyers, you know this already.[1]

Because your threat to file the motion for sanctions is improper pursuant to well-settled Second Circuit precedent, we place you on notice that if filed, we will seek all available remedies against Black's Counsel and Black. The proposed motion has no chance of success, and therefore Black's Counsel will be subject to sanctions for filing a frivolous motion. "The filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Rule 11 Advisory Committee Note; *Koar v. United States*, No. 96 CIV. 5166 (KMW), 1997 WL 1038181, at *2 n.2 (S.D.N.Y. Sept. 2, 1997) ("[T]he making of a frivolous Rule 11 motion can itself result in sanctions against the movant.'"). The likelihood of Black's Counsel and Black receiving sanctions is increased by the fact that the threats come on the heels of a retaliatory malicious prosecution complaint filed against Wigdor based in part on this action filed by Ms. Doe. Coupled with the complete absence of legal or factual merit underlying a Rule 11 motion, we are confident the Court will view Black's efforts as an overt attempt to intimidate Ms. Doe and Wigdor, thereby leading to sanctions against Black's Counsel and Black, and the recovery of reasonable expenses, including attorneys' fees, that we incur in defending against your frivolous motion.[2]

---

[1] We are certain that you have explained to Black that complaints asserting civil RICO claims, such as the one he filed against Wigdor in October 2021 are unique and distinguishable in that Rule 11 motions can be appropriate at the initial stage of litigation.

[2] We recognize, as will the Court, that a potential sanctions penalty is virtually meaningless to Black, who ranked No. 78 on Forbes' Billionaire list in August 2023. This is one more reason why Black, flouting adherence to





**I. <u>Rule 11 Threat is Premature and Improper Under Well-Settled Law</u>**

As with Black's motion for sanctions in *Ganieva v. Black*, Index No.155262/2021 and *Pierson v. Black*, Index No. 952002/2022, the entire basis of Black's position that Rule 11 sanctions are warranted is because Black denies the allegations in the Complaint filed by Ms. Doe. Black's mere denial of the allegations cannot possibly form the basis for a motion for sanctions. As you know, contesting facts in dispute would not even form the basis for a motion for summary judgment. *See Tobia v. The United Grp. of Cos., Inc.*, No. 15 Civ. 1208 (BKS)(DEP), 2016 WL 5417824, at *27 (N.D.N.Y. Sept. 22, 2016) (holding that a Fed. R. Civ. P. 11 motion cannot act as a vehicle for a defendant's request that a court resolve contested factual disputes that could only "be fully evaluated on a motion for summary judgment"). Despite this truth, Black, and you as his counsel, are doing nothing more than wasting the Court's time by asking it to prejudge the merits of Black's denials relating to his conduct. Under well-settled precedent this is a blatant abuse of the Rule 11 process. *See, e.g.*, *Hernandez v. Miller*, No. 22-CV-6964 (VSB), 2022 WL 17584025 (S.D.N.Y. Dec. 12, 2022).

In *Hernandez*, the court recognized that courts deny Rule 11 motions as premature when the motion would force a court to prejudge the merits of a party's legal arguments, "in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter." *Id.* at *1 (*quoting Chambers v. NASCO, Inc.,* 501 U.S. 32, 56 n.19 (1991)). For this reason, numerous other courts in this district have denied Rule 11 motions filed before summary judgment or trial. *See, e.g.*, *Yousef v. Al Jazeera Media Network*, No. 16-CV-6416 (CM), 2018 WL 6332904, at *2 (S.D.N.Y. Oct. 31, 2018) (denying a Rule 11 motion where the merits of the case had not yet been resolved); *Sang Lan v. Time Warner, Inc.*, No. 11-CV-2870 (AT), 2015 WL 4469838, at *2 (S.D.N.Y. July 13, 2015) ("I decline to consider this [Rule 11] motion until the plaintiff's claims are addressed on their merits through an appropriate dispositive motion or at trial."); *Safe-Strap Co. v. Koala Corp*., 270 F. Supp. 2d 407, 419 (S.D.N.Y. 2003) (denial of Rule 11 motion as premature where ruling on the motion would have amounted to a ruling on the merits of the case before a motion to dismiss or summary judgment proceeding); *Baskin v. Lagone*, No. 90-CV-5478 (RPP), 1993 WL 59781, at *6 (S.D.N.Y. Mar. 3, 1993) (denied Rule 11 motion where it was "premature to ascertain[ ] that the Plaintiffs' Amended Complaint is not grounded in fact or warranted by existing law, as Rule 11 requires before sanctions can be imposed.") .

Indeed, even when a court is faced with a frivolous action, it should consider dismissal through dispositive motions such as summary judgment as a "first option" and only resort to "the imposition of sanctions ... [as] a choice of last resort." *Safe-Strap Co. v. Koala Corp*., 270 F. Supp. 2d at 419. The proper vehicle for testing the merits of an initial complaint is for a defendant to file

---

the Federal Rules because he believes he is above the law, has opted to engage in motion practice that wastes already limited judicial resources. Paying your firm, Quinn Emanuel and Perry Law to file such baseless motions is of no consequence to Black, who, for example, paid Jeffrey Epstein $158 million for "tax advice" even though Epstein is not a tax expert or lawyer.





a motion to dismiss, not a Rule 11 motion. Because of the well-settled precedent, courts faced with similar duplicative and premature Rule 11 motions have warned attorneys "to consider carefully the prudence of engaging in extensive and duplicative motion practice." *Luv N' Care, Ltd.*, No. 16-CV-3179 (AJN), 2017 WL 3671039, at *13, 16 (S.D.N.Y. Aug. 8, 2017) ("Only after discovery has been completed will the Court properly have before it evidence regarding the veracity of Plaintiffs' allegations.") (collecting cases).[3]

Notably, the cases cited in your letter do not involve pre-discovery sanctions. For example, in *Abdelhamid v. Altria Grp., Inc.*, 515 F. Supp. 2d 384, 398-99 (S.D.N.Y. 2007), the court found an amended complaint sanctionable where the allegations "were directly contradicted by the deposition testimony" of defendants. Similarly, in *In re Sony Corp. SXRD Rear Projection Television Mktg., Sales Pracs. & Proc. Liab. Litig.*, 268 F.R.D. 509, 511 (S.D.N.Y. 2010), the court found a complaint sanctionable where deposition testimony from confidential witnesses "directly contradicted the statements attributed to them" in the amended complaint). Even more inapposite is *Saltz v. City of New York*, 129 F. Supp. 2d 642, where a sanctions motion was filed after the close of discovery and after a motion for summary judgment, and *Chien v. Skystar Bio Pharm. Co.*, 256 F.E.D. 67, 74 (D. Conn. 2009), where material falsehoods were made clear in light of defendant's request for judicial notice of documents that disproved the allegations in the complaint. Here, despite your efforts to gather affidavits from parties that are averse to Plaintiff as "evidence" that her allegations are not true, there is no evidence before the Court that would disprove our allegations on their face, yet alone show that there was anything unreasonable in filing the action.

As stated, we will seek all available remedies in the event that Black and Black's Counsel takes this glaringly inappropriate course of action. Simply put, Rule 11 should not be used where "other motions are available for those purposes," "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings," and should not be used "to emphasize the merits of a part's position" or "to intimidate an adversary into withdrawing contentions that are fairly debatable." Advisory Committee Notes to 1993 Amendments to Rule 11. Sanctions should be imposed only "'where it is patently clear that a claim has absolutely no chance of success.'" *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.,* 28 F.3d 259, 264 (2d Cir. 1994) (*quoting Healey v. Chelsea Res., Ltd.,* 947 F.2d 611, 626 (2d Cir. 1991)).

As Black's Counsel, aside from the substantive reasons why you know there is no basis for to file a Rule 11 motion, you also know that the threatened motion, if filed, is procedurally improper. At

---

[3] *See further Herrera v. Scully*, 143 F.R.D. 545, 552 (S.D.N.Y. 1992) ("[T]his request for Rule 11 sanctions is premature because the Court is not in a position to make a definitive finding pursuant to the Rule without having the complete evidence . . . before it"); *See generally Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 194 (S.D.N.Y. 2014) ("[S]atellite issues [under Rule 11] are best resolved in connection with the ultimate conclusion of the litigation."); *Sound Video Unlimited, Inc. v. Video Shack Inc.*, 700 F. Supp. 127, 149 (S.D.N.Y. 1988) ("[S]anctions under Rule 11 normally will be determined at the end of litigation."); *cf. Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 412-21 (S.D.N.Y. 2003) (concluding that Rule 11 may not be used as a "substitute" or "surrogate" for summary judgment, and that Rule 11 issues would be revisited at the end of the case).





this stage of the legal proceedings, the Court is required to assume that Plaintiff's allegations are true. Abundant case law makes clear that your attempt to circumvent this basic rule through a Rule 11 motion is destined for failure. Indeed, as discussed above, it is grounds to subject you and your client to sanctions. Despite Black's contrary version of facts about what happened, you also know that the letter's repeated reference to and reliance upon extrinsic evidence outside of the four corners of the Complaint will not be considered by the Court. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 183, 191 (2d Cir. 2007) (a court's review is limited to "the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference"). Because your threatened motion will be based entirely on information (none of which is accurate) that you have gathered outside of the Complaint, it is not appropriate to use that information for your intended purpose. This is nothing more than Black using the Rule 11 vehicle as an opportunity to present his version of events to the Court and to the public when he would otherwise be unable to do so under the Federal Rules. "To grant a sanctions motion at this stage . . . would be an end-run around the axiomatic legal principle that a Court must assume that the Plaintiffs' allegations are true and may only consider the complaint and a limited category of other information at the motion to dismiss stage . . . ." *Luv N' Care, Ltd.*, 2017 WL 3671039, at *13. You fail to cite a single case, nor can you, that supports your false claim that prior to discovery, the Court will accept Black's version of the facts as the complete and unvarnished truth.

In addition, your letter cites case law that is outdated and has been overturned, undermining the credibility of the entirety of your argument. For example, contrary to your assertion, Rule 11 sanctions are *not* mandatory, but discretionary; amendments made to the Federal Rules nearly twenty years ago make clear that the imposition of sanctions is always a matter for the court's discretion. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (noting that cases decided before the 1993 amendments to rule 11 are "no longer good law on this issue," because "[i]n short, sanctions under Rule 11 are discretionary, not mandatory").[4] Any decision to impose sanctions must be "made with restraint and discretion." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 57 (2d Cir. 2000) (citation omitted).

## II. Black's Rule 11 Threat is Retaliatory

Black's claims that Ms. Doe's allegations are false center on his blanket denials. Because Black denies that he raped her, he believes that he can file sanctions. Just as he did with Cheri Pierson's claims, Black simply says she must be "lying" because he did not do it. But once again, he mistakenly believes that this position is a basis for issuing a retaliatory sanctions motion through

[4] Further, your citations to *ASTI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143 (2d Cir. 2009) and *Mason Agency Ltd. v. Eastwind Hellas SA*, 2009 WL 3169567 (S.D.N.Y. Sept. 29, 2009) do not support your position. Those cases arose in the context of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, respectively. Both the PSLRA and the Supplemental Rules impose their own, heighted, non-discretionary standards for the imposition of sanctions, and therefore neither case can be applied to the instant circumstances.





which he can espouse the many reasons he thinks he is being falsely attacked. Just as Judge David Cohen swiftly denied a similar retaliatory sanctions motion in the *Ganieva* action, any attempt to do the same thing here will fail, and subject Black and Black's Counsel to sanctions.

Similarly, Black's other positions are baseless. For example, the claim that Ms. Doe lacks sufficient corroboration to support her allegations, and therefore a Rule 11 motion is warranted, has no support in case law – as you know. Rule 8 does not require "corroboration of allegations," but merely a "short and plain statement of the claim." Such an argument makes clear you are attempting to hold Ms. Doe to an impermissible and unsupportable standard – even before a motion to dismiss has been filed. Moreover, the notion that a woman who is a victim of sexual assault and trafficking should be obliged to "contemporaneously" *report* her assaults is incorrect, as well as offensive. No court will look kindly on a proposed motion for sanctions that essentially argues that the victim was not a "good victim." Black's position is she must be a liar because she did not document or report her experiences. As Black's Counsel, and lawyers who claim to be "victim's advocates," you are supporting this faulty and disgusting position.

Black's position that declarations and statements from parties directly opposed to Ms. Doe, including her estranged birth parents, the woman she alleges facilitated her trafficking, and close associates of Jeffrey Epstein, conclusively establishes that her claims are untrue *for purposes of Rule 11*, would be laughable were it not so reprehensible. It is confounding that you are suggesting that someone such as Sarah Kellen would admit to doing the things she has been accused of, especially since such acts may subject her to potential criminal charges. Of course she would disclaim Ms. Doe's horrific allegations, just as she has done with other allegations about her abusive conduct since the mid-2000s. [redacted] Despite knowing this, Black and Black's Counsel here believe they are acting in good faith when making baseless claims about Wigdor. We are fully confident in our investigation and inquiry that was more than reasonable of our client's claims. Your repeated hyperbolic narrative about Wigdor filing the action "recklessly" or without any factual basis is utter nonsense.

Because the entirety of Black's basis for a Rule 11 motion is that he finds issue with the veracity of Ms. Doe's factual allegations, and is attempting to put forth his own version of facts publicly, the retaliatorily motive is obvious.[5] The entire basis of Black's threat of sanctions is summed up perfectly in his third lawsuit against Wigdor filed on August 14, 2023, in which his personal vitriol is acute:

- While widely known for its playbook of quietly trading away purported

---

[5] As you know, parties are not required to prove the veracity of an allegation under the Rule 11 standard, but rather must show "only that it was not 'utterly lacking in support.'" *Kiobel v. Millson*, 592 F.3d 78, 82 (2d Cir. 2010) (citation omitted).





claims before even filing a lawsuit, Wigdor curiously filed a scandalous public complaint in the underlying case here without *ever* making a settlement demand. This time, Wigdor followed its usual playbook, threatening to file wholly unsupported claims unless Black paid an exorbitant settlement. When he refused, Wigdor filed yet another baseless lawsuit.

- The pattern repeated again. In July 2023, Wigdor confronted Black with yet another fabricated allegation of a decades-old sexual assault offering to quietly make the allegation go away—for a price. Upon information and belief, Wigdor was warned by others that the new "Jane Doe" claims were fraudulent and baseless. Despite this warning, Wigdor not only accepted Doe as a client, but threatened to file a false and salacious complaint on her behalf unless Black paid a princely sum. When Black once again refused to capitulate to Wigdor's outrageous financial demands, Wigdor filed *Doe v. Black*, 23-cv-6418 in the Southern District of New York, enveloping Black in a media storm of false allegations, just as Wigdor had threatened to do.

- Wigdor has not substantiated a single allegation in any of the complaints it has filed. Wigdor has shown itself to be nothing but a bottom feeder, who represents claimants and asserts claims that no plaintiff's firm with even a shred of legitimacy ever would.

The proposed Rule 11 motion is being used to harass and threaten Ms. Doe and Wigdor, not challenge the Complaint's legal sufficiency. We are not strangers to litigating cases against defendants that believe that they operate outside of, and above, the legal rules of procedure that apply to all parties. Given Black's repeated attempts to attack any plaintiff who alleges sexual assault against him, as evidenced most recently by your client's meritless case against Wigdor for malicious prosecution, we are confident the Court will see any attempt to sanction this Complaint as a vexatious attempt to delay the prosecution of Plaintiff's claims. Based on the above, it is clear that your threatened motion is precisely the type of conduct that Rule 11 seeks to deter, "dilatory or abusive tactics." If filed, your motion will constitute a blatant abuse of Rule 11, will waste judicial resources and our firm will have no choice but to hold Black and Black's Counsel accountable to intentional, abusive tactics to the fullest extent under the law.

Sincerely,

Jeanne M. Christensen