# Exhibit 5

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: HON. DAVID B. COHEN | PART | 58 |
| Justice | | |

-----------------------------------------------------------------X

GUZEL GANIEVA,

                              Plaintiff,

                              - v -

LEON BLACK,

                              Defendant.

INDEX NO.  155262/2021

MOTION DATE  01/10/2023

MOTION SEQ. NO.  014

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 014) 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268
were read on this motion to/for                                SANCTIONS                                .

      By notice of motion, defendant moves pursuant to 22 NYCRR 130-1.1 for an order imposing sanctions on plaintiff and her law firm, Wigdor LLP. Plaintiff opposes and cross-moves for an order imposing sanctions on defendant. Defendant opposes the cross motion.

      The basis for defendant's motion is his allegations that plaintiff and Wigdor commenced this action to maliciously harass and injure him, and to profit financially by publicly exposing his alleged behavior toward plaintiff in order to force him to settle the action in order to avoid embarrassment and humiliation, and by promoting Wigdor's interest in filing and litigating other Adult Survivors' Act cases. He asserts that plaintiff's claims against him are baseless and that he has evidence to disprove them but that Wigdor refused to review it before or after filing the action, thus failing to fulfill its duty to investigate the merits of a claim before filing an action. Defendant also maintains that plaintiff improperly included in her second amended complaint allegations by another woman who was allegedly assaulted by defendant, in order to embarrass him and pressure him further into settling the action, and that Wigdor failed to investigate that

155262/2021   GANIEVA, GUZEL vs. BLACK, LEON                                   Page 1 of 3
Motion No.  014

1 of 3

woman's history, which would have revealed numerous lawsuits and court actions filed against her in various criminal and civil courts. Based on these action, defendant argues that he is entitled to sanctions in the form of his attorney fees (NYSCEF 226).

Plaintiff contends that as her motion for leave to amend her complaint was granted, thereby recognizing that her claims were neither meritless nor palpably insufficient, defendant's motion is itself without merit and therefore sanctionable. Moreover, she disputes defendant's allegations, and Wigdor argues that it sufficiently investigated both plaintiff's and the other woman's claims and found them credible before it filed plaintiff's second amended complaint (NYSCEF 258).

To the extent that defendant is attempting, in effect, to reargue the prior decision on plaintiff's motion for leave to amend her complaint, it is improper, as a motion for leave to reargue that decision now would be untimely (CPLR 2221[d][3]) and defendant does not establish that the court overlooked or misapprehended any fact or law in granting plaintiff leave to amend.

Moreover, having found that plaintiff's proposed amended complaint was neither palpably insufficient nor patently devoid of merit and that plaintiff did not improperly include the other woman's allegations against defendant in the complaint, defendant's argument that plaintiff and Wigdor advanced meritless claims against him is unavailing (*See Flomenhaft v Finkelstein*, 127 AD3d 634 [1st Dept 2015] [sanctions should not have been imposed as plaintiff stated valid claim]).

In any event, the court retains the discretion to decide whether to impose costs and/or sanctions on a party or attorney (22 NYCRR 130-1.1[a]). In the exercise of that discretion, I decline to impose sanctions on either party or their attorneys, as neither side has, at this point,

155262/2021  GANIEVA, GUZEL vs. BLACK, LEON                           Page 2 of 3
Motion No. 014

2 of 3

engaged in the type of extreme behavior required to impose sanctions (*Hunts Point Terminal Produce Co-op Assn. v New York City Econ. Dev. Corp.,* 54 AD3d 296 [1st Dept 2008]).

Accordingly, it is hereby

ORDERED, that defendant's motion for sanctions is denied; and it is further

ORDERED, that plaintiff's cross motion for sanctions is denied.

| 2/3/2023 | | | | | DAVID B. COHEN, J.S.C. |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

155262/2021   GANIEVA, GUZEL vs. BLACK, LEON
Motion No. 014
Page 3 of 3

3 of 3