UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>LEON BLACK,<br><br>        Defendant. | Case No.: 1:23-cv-06418-JGLC |

**PLAINTIFF'S OPPOSITION TO DEFENDANT LEON
<u>BLACK'S MOTION TO DISMISS</u>**

 

**WIGDOR LLP**

Jeanne M. Christensen
Meredith A. Firetog

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
jchristensen@wigdorlaw.com
mfiretog@wigorlaw.com

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

I.     THE VGMVPL AND THE CVA ............................................................................... 2

        A.     The VGMVPL Creates a Cause of Action .............................................. 3

II.    THE FIRST DEPARTMENT DECIDED THAT THE VGMVPL IS NOT PREEMPTED ................................................................................................................ 4

        A.     *Engelman v. Rofe* ........................................................................................ 4

III.   OTHER DECISIONS FOLLOW *ENGELMAN* ................................................. 6

IV.   PLAINTIFF STATES A TIMELY CLAIM UNDER THE VGMVPL ............................ 7

V.    THE CVA STATUTE MAKES CLEAR IT DOES NOT PREEMPT OTHER LIMITATIONS PERIODS ......................................................................................... 8

        A.     There is No Conflict Preemption .............................................................. 9

        B.     There is No Field Preemption ................................................................. 10

CONCLUSION .......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                                       **Page(s)**

Cohen v. Bd. of Appeals of Vill. of Saddle Rock,
   100 N.Y.2d 395 (2003) ..................................................................................................9, 10

Cordero v. Epstein,
   869 N.Y.S.2d 725 (N.Y. Sup. Ct. 2008)...............................................................................7

Doe v. Crooks,
   613 S.E.2d 536 (Cir. Ct., Greenville Cty, May 23, 2005)...................................................12

Doe v. Gonzalez,
   No. 21 Civ. 04580 (JS) (LGD), 2023 WL 5979182 (E.D.N.Y. Aug. 4, 2023).........................11

Doe v. Gooding,
   No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y. April 13, 2022).....................6, 7, 9, 12

Engelman v. Rofe,
   144 N.Y.S.3d 20 (1st Dep't 2021) ................................................................................. passim

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,
   739 F.3d 45 (2d Cir. 2013)....................................................................................................6

Matarazzo v. Charlee Fam. Care, Inc.,
   192 N.Y.S.3d 755 (3d Dep't, June 6, 2023)........................................................................12

Mitchell v. Roberts,
   2020 UT 34, 469 P.3d 901 (Sup. Ct. Utah, June 11, 2020).................................................12

N.Y. State Ass'n for Affordable Hous. v. Council of N.Y.,
   33 N.Y.S.3d 202  (1st Dep't 2016) .......................................................................................11

PB-36 Doe v. Niagara Falls City Sch. Dist.,
   2023 N.Y. Slip Op. 00598 (4th Dep't, Feb. 3, 2023)............................................................12

Turnpike Woods, Inc. v. Town of Stony Point,
   70 N.Y.2d 735 (1987) ...........................................................................................................11

Wholesale Laundry Bd. of Trade, Inc. v. City of New York,
   234 N.Y.S.2d 862 (1st Dep't 1962) .....................................................................................10

Statutes

N.Y. Code § 10-1102 .................................................................................................................1

N.Y. Code § 10-1104 .................................................................................................................3

N.Y. Code § 10-1105 ..............................................................................................................1, 6

Rules

CPLR § 201 ...............................................................................................................................5

CPLR § 214 ....................................................................................................................2, 4, 5, 8

CPLR § 215(3) ...........................................................................................................................6

Plaintiff Jane Doe ("Plaintiff") hereby submits this opposition to Defendant Leon Black's ("Black") Motion to Dismiss Plaintiff's Complaint.

## PRELIMINARY STATEMENT

On July 25, 2023, Plaintiff commenced an action against Black asserting a cause of action pursuant to the New York City Victims of Gender-Motivated Violence Protection Act ("VGMVPL") (N.Y. Code §§ 10-1102, *et seq*.), alleging that Black sexually assaulted her in Jeffrey Epstein's ("Epstein") Manhattan townhouse in 2002.  Pursuant to the VGMVPL, Plaintiff timely commenced this action because on January 9, 2022, an amendment to the VGMVPL took effect, which reads in relevant part:

> Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022.

N.Y. Code § 10-1105(a).[1]  Nowhere in the VGMVPL is there a requirement that a person must be a certain age, such as under 18 or over 18, when the underlying violence occurred to assert a claim pursuant to this law.  Despite this undisputed fact, Black filed a motion to dismiss the Complaint based on Black's suggestion that Plaintiff's cause of action is preempted by the New York State Child Victims Act ("CVA"), which created a period for child victims of sexual violence to assert civil causes of action regardless of the applicable statute of limitations of claims asserted.  *See*

---

[1]  The two-year period is March 1, 2023 to March 1, 2025.  The amendment was introduced in July 2021 by Councilwoman Carlina Rivera.  Hearings were held in November and December 2021, and the amendment was enacted on January 9, 2022. https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=5072017&GUID=BA4C2A62-23E0-4AB2-B3A1-AC18F53C9993.

N.Y. C.P.L.R. ("CPLR") § 214-g.[2] The "lookback" period under the CVA was August 2019 to August 2021. Black's meritless contention is because Plaintiff's Complaint alleges that at the time of the sexual assault she was a minor, she had to assert her claims against Black between August 2019 and August 2021, including her claim under the VGMVPL. Critically, Black is unable to cite favorable legal precedent for his novel preemption claim because no such legal precedent exists. In fact, Black raised his frivolous argument knowing that the controlling precedent mandated dismissal of his motion. For the reasons that follow, Black's motion to dismiss must be denied in its entirety.

I. **THE VGMVPL AND THE CVA**

The VGMVPL is not preempted by the CVA. First, the CVA was enacted by the New York State Legislature in 2019, reviving the statute of limitations for civil claims related to sexual offenses committed against minors. The CVA revived previously expired claims, and initially allowed claims to be commenced between August 14, 2019 and August 14, 2020, but extended the lookback another year to August 2021, due in part to COVID-19. *See* CPLR § 214-g. Second, nowhere in the CVA did the State Legislature evince an intent to provide an exclusive remedy for people who experienced sexual assault as a minor, although it had the power to do so. To the contrary, the CPLR states, "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id.* Indeed, the "notwithstanding" language that begins CPLR § 214-

---

[2] The relevant language of CPLR § 214-g reads: "Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty (130) of the penal law committed against a child less than eighteen years of age, . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section."

g makes clear that the State Legislature acknowledged that other limitations periods may apply to claims that fall under the statute.

### A. The VGMVPL Creates a Cause of Action

In 2000, the New York City Council adopted the VGMVPL to create a civil cause of action for a "crime of violence motivated by gender," and required that a claim must generally be asserted "within seven years after the alleged crime of violence motivated by gender occurred." N.Y.C. Admin. Code §§ 10-1104-1105(a). The law provides for specific types of relief, including compensatory and punitive damages, injunctive and declaratory relief, attorney's fees and costs, and other remedies as a court may deem appropriate. The 2022 amendment to the VGMVPL does not alter this fact. Specifically, the New York City Council amended the VGMVPL to revive VGMVPL claims that had already expired, for a two-year period, from March 1, 2023 to March 1, 2025. *Id.* Nothing about the amendment changes the fact that the VGMVPL constitutes its own cause of action under which plaintiffs like Ms. Doe may bring claims.

Defying logic, Black attempts to categorize the VGMVPL as functioning the same as the CVA which does not provide for an independent cause of action or grant the ability for a Court to award specific relief and damages. Instead, the CVA merely revives previously extinguished causes of action for a finite period, provided the underlying conduct constitutes "a sexual offense as defined in article one hundred thirty of the penal law." This truth is abundantly clear as noted by countless legal commentaries regarding the 2022 amendment, for example:

> Though the VGMVPL amendment is a revival statute like the [Adult Survivor's Act, or "ASA"], the VGMVPL creates an independent cause of action under which a plaintiff has a right to sue, whereas the ASA only revives expired claims available under other laws. Because the VGMVPL creates its own cause of action, it provides for specific types of relief, including compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees and costs, and other remedies as a court may deem appropriate. In contrast,

3

> the relief available under an action authorized by the ASA is limited
> to the remedies provided for under the primary law.³

(citations omitted). Following enactment of the CVA, the State legislature enacted CPLR § 214-j, known as the Adult Survivors Act ("ASA") which parallels the CVA except that it applies to sexual offenses committed against persons 18 years or older at the time of the offense. *See* CPLR § 214-j. Contrary to Black's attempted characterization, the amendment to the VGMVPL is not a "NYC Revival Statute," but an amendment to a specific law. As such, Black's argument that the CVA lookback of August 2019 to August 2021 preempts the VGMVPL amendment makes no sense.

## II. THE FIRST DEPARTMENT DECIDED THAT THE VGMVPL IS NOT PREEMPTED

### A. *Engelman v. Rofe*

Significantly, binding precedent has already disposed of Black's unpersuasive and nonsensical argument. As he must, Black concedes that in *Engelman v. Rofe*, 144 N.Y.S.3d 20 (1st Dep't 2021), the Appellate Division addressed the issue of state law preemption of the VGMVPL and held that it is not preempted by New York State law. In *Engelman*, the First Department held that the VGMVPL was not preempted by the statute of limitations extensions created in the CPLR, specifically, §§ 215(3) and 214(2). First, the court distinguished between the conduct targeted by the VGMVPL compared to that targeted by the CPLR, finding that:

> [T]he legislative intent of the VGM was to create a civil rights
> remedy or cause of action such as in [the federal Violence Against
> Women Act], rather than to extend the statute of limitations for a
> particular class of assaults as in the CPLR.

144 N.Y.S.3d at 25-26. Second, the court focused on the clear rule in New York that local antidiscrimination laws like those enacted by the New York City Council are generally not

---

³ *See* https://www.weil.com/-/media/mailings/employer_update_august-2022.pdf.

4

preempted by state law, noting that "[t]he VGM's construct is consistent with the City's broad policing power to enact legislation to protect its residents from discrimination, including gender-related violence." *Id.* at 25. Following these principles, the court in *Engelman* held that the VGMVPL was not preempted by the CPLR's limitations contained in § 215(3) and § 214(2). This was particularly true in light of CPLR § 201, which states that all of the times listed in CPLR Article 2 apply "unless a different time is prescribed by law." As the *Engelman* court held, therefore, "[i]nasmuch as the VGM itself provides a different time than that prescribed in CPLR 214(2), the time prescribed in the VGM controls." *Id*. at 26 (emphasis added).

Black nevertheless contends that *Engelman* does not apply here because the *Engelman* court did not specifically address the 2022 amendment to the VGMVPL. Frivolously, Black attempts to weave an exception to the holding by misquoting the opinion. The court did not "suggest . . . that a municipal law would be preempted if it attempted 'to extend the statute of limitations for a particular class of assaults.'" Mem. at 19-20. Instead, that quote was in reference to the *Engelman* court's holding that the VGMVPL is decidedly *not* a statute whose purpose was to extend the statute of limitations. The complete quote is below:

> Based on the foregoing, we find that the legislative intent of the VGM was to create a civil rights remedy or cause of action such as in VAWA, rather than to extend the statute of limitations for a particular class of assaults. Since the nature of the claim is for a civil rights violation (providing a remedy for those subjected to violence because of their gender), the seven-year limitations period provided in the Administrative Code is not preempted by the CPLR statute of limitations for assault claims.

144 N.Y.S.3d at 25-26. While the amendment to the VGMVPL did have an impact on the relevant limitations periods, it is not fundamentally a statute that was created for the purpose of extending the statute of limitations, which the CPLR § 214-g (*i.e*., the CVA) clearly is. The 2022 updates to the VGMVPL were amendments to an entirely separate, stand-alone civil cause of action. There

5

is no reason not to apply the sound logic of *Engelman* to the amendment, and therefore the Court should similarly find that the VGMVPL is not preempted by the CVA or any other CPLR limitations period. As such, this mandates that Black's motion should be denied in its entirety.

### III. **OTHER DECISIONS FOLLOW *ENGELMAN***

*Engelman* is not the only decision that addressed Black's proposed preemption notion. The district court in *Doe v. Gooding*, No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y. April 13, 2022), addressed the same preemption argument proposed by Black. Importantly, this court similarly rejected the argument. In *Gooding* the plaintiff commenced her action on August 18, 2020, asserting a single cause of action pursuant to the VGMVPL based on her allegation that the defendant had sexually assaulted her on August 24, 2013. The statute of limitations for bringing a claim under the VGMVPL is seven years, and thus she had filed timely. *See* N.Y. Code § 10-1105(a) ("A civil action under this chapter shall be commenced within seven years after the alleged crime of violence motivated by gender occurred."). The defendant in *Gooding* contended that the action should be dismissed because the VGMVPL, a New York City statute, conflicted with CPLR § 215(3), a New York State law. The court in *Gooding* held that the First Department's decision in *Engelman* was controlling precedent:

> The Court defers to the appellate court's holding that the VGM's seven-year statute of limitations is not preempted. The First Department in *Engelman* is the only Appellate Division to have considered the issue, and there is no indication that New York's Court of Appeals would decide otherwise.

*Id.* at *2 (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (instructing federal district courts to defer to state intermediate appellate courts unless there are "persuasive data" that the state's highest court would disagree)). Further, the *Gooding* court held that *Engelman* reached the correct result, reasoning:

6

> [Defendant's] suggestion that the First Department overlooked principles of preemption law (that the lower court did not) is without merit. To the contrary, *Engelman* rejected the exact argument that Defendant resurrects here: that the CPLR implicitly preempts the VGM, even if it does not do so expressly. The VGM has been on the books for over two decades since its passage in 2000, and Defendant has identified nothing that the state legislature has done during those decades—either expressly or implicitly—to preempt the VGM's statute of limitations or bring it under the ambit of the CPLR.

*Id*. at *3 (citations omitted).[4]

### IV. PLAINTIFF STATES A TIMELY CLAIM UNDER THE VGMVPL

Plaintiff's claims against Black fall squarely within the protections of the VGMVPL and fall within the limitations period proscribed under the 2022 amendments to that law. Nevertheless, Black says it is "untimely" because she did not file within the 7-year period following the sexual assault, or the alternative 9-year period. Mem. at 8-9. Just like the defendant in *Gooding*, Black writes, "Plaintiff could have filed a claim within that window – between August 2019 and August 2021 – but she did not. Her claim is accordingly untimely and must be dismissed." *Id.* Of course, Black fails to cite any authority for his illogical conclusion because there is none. Ridiculously, Black continues, "Plaintiff does not allege that her claim could be timely under either of those limitations periods and on this point she is correct." *Id.* at 9. Plaintiff does not address the 7- or 9-year limitations period because she has complied with the 2022 amendment's provisions in NY Code § 10-1105. Inserting nonsensical hypothetical arguments Plaintiff did not raise, precisely

---

[4] The court in *Gooding* rejected the defendant's attempt to use a 2008 decision by a New York Supreme court, *Cordero v. Epstein*, 869 N.Y.S.2d 725 (N.Y. Sup. Ct. 2008) to argue that the plaintiff's delay in bringing her action violated defendant's Constitutional rights. Black's attempt to use *Cordero v. Epstein* fails because *Engleman* is controlling.

because such hypotheticals are inapplicable, only to then discuss cases in his motion that have nothing to do with these facts, shows Black's blatant disrespect for already limited court resources.

## V. THE CVA STATUTE MAKES CLEAR IT DOES NOT PREEMPT OTHER LIMITATIONS PERIODS

In sum, the precedent outlined above disposes of Black's motion. The language of the CVA makes clear that other laws may impose different limitations periods for claims that may also have been actionable under the CVA:

> **Notwithstanding any provision of law which imposes a period of limitation to the contrary** and the provisions of any other law pertaining to the filing of a notice of claim or a notice of intention to file a claim as a condition precedent to commencement of an action or special proceeding, every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age, incest as defined in section 255.27, 255.26 or 255.25 of the penal law committed against a child less than eighteen years of age, or the use of a child in a sexual performance as defined in section 263.05 of the penal law, or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against a child less than eighteen years of age, which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived,

CPLR § 214-g (emphasis added).

In drafting this section of the CPLR, the New York Legislature seems to have anticipated arguments exactly like Black's and clearly foreclosed such suggestions by carving out other limitations periods in the very first sentence of the law. Black simply ignores this truth. While this should end the discussion, unfortunately, Black veers off into a discussion of cases that have no relation to this action which Plaintiff must address. As the *Engelman* court explained, state law can preempt local law in two ways:

8

> A local law is preempted if the State has evidenced an intent to occupy an entire field through a pervasive scheme (field preemption) . . . or where local laws prohibit what would be permissible under State law, or impose prerequisite additional restrictions on rights under State law, so as to inhibit the operation of the State's general laws (conflict preemption).

*Engelman*, 144 N.Y.S.3d at 24 (citations and internal quotations omitted).  As explained below, the CVA does not preempt the VGMVPL under either theory of preemption.

      A.      **There is No Conflict Preemption**

Black cannot point to any evidence that the New York State legislature enacted the CVA to "occupy an entire field through a pervasive scheme," because no such evidence exists.  First, as noted above, the CVA contemplates other statutory schemes with different statute of limitations.  A law intended to be the exclusive remedy for these claims would simply not include that language.  Second, the CVA is not in direct conflict with the VGMVPL.  The CVA does not "prohibit what [the] local law explicitly allows."  That is, nothing in the CVA prohibits other claims to be brought relating to facts that may have also given rise to a claim under the CVA.  As reasoned by the court in *Gooding*, "[t]he VGM has been on the books for over two decades since its passage in 2000, and Defendant has identified nothing that the state legislature has done during those decades— either expressly or implicitly—to preempt the VGM's statute of limitations or bring it under the ambit of the CPLR."  *Gooding*, 2022 WL 1104750, *3.  Nevertheless, Black believes it is necessary to cite cases involving instances where the State has intended for "statewide uniformity in a particular area," such as *Cohen v. Bd. of Appeals of Vill. of Saddle Rock*, 100 N.Y.2d 395, 400 (2003).  Black cites to *Cohen* for the proposition that preemption intent can be "implied from the

9

subject matter being regulated," even though this case is completely inapposite to this action. Mem. at 11.[5]

It is a high burden to show that the State intended to regulate the City law governing gender motivated violence claims and Black cannot offer even a single case in support of such a far-reaching claim. Where the State has had more than 20 years to exert authority over the City's gender motivated violence act but has done nothing, expressly or implicitly, Black's position is entirely frivolous.

### B.     There is No Field Preemption

Black's position concerning field preemption requires the Court to again ignore the first sentence of the CVA. In fact, Black simply starts his quotation of the statute <u>after that first sentence</u> in a thinly veiled attempt to let the Court believe that the CVA was meant to occupy the field of remedies for victims of sexual assault. This is not a situation in which the state law explicitly states that its purview includes the City of New York, like the minimum wage law at issue in the six-decade old case cited by Black, *Wholesale Laundry Bd. of Trade, Inc. v. City of New York*, 234 N.Y.S.2d 862 (1st Dep't 1962). In *Wholesale Laundry Bd. of Trade, Inc.*, the First Department held that because the local law forbids hiring at a wage which the state law permitted, it was impermissible. 234 N.Y.S.2d at 864. Further, the court held that the language in the "State Minimum Wage Law itself," made it "entirely clear" that the State intended to "occupy the entire filed." *Id.* Nothing in the CVA, its legislative history or application of the CVA by courts, remotely

---

[5]     *Cohen* bears no relevance to this action. There, the issues on appeal involved property variances for permits to build a single-family home on an unimproved oceanfront lot, and a height variance to install an 11-foot wrought iron gate in the driveway of a residence. *Cohen*, 100 N.Y.2d at 395. The Court of Appeals examined "local zoning laws" within the context of State laws about "use" and "area" variances. Whether the State has spoken "loudly and clearly" about consistency in property zoning laws has no applicability to provisions in the CPLR, such as 214-g, that provide a window for potential claims to be filed even if the underlying laws' limitations periods have run.

suggests as Black claims, that the VGMVPL is "opening a window that the State has closed." Mem. at 12.

Because conduct supporting a sexual offense as defined by Penal Law 130 is necessary to invoke the extended limitations periods under the CPLR, as set forth in the CVA and parallel ASA legislation, as well as the 2022 amendment in the VGMVPL, Black wrongly suggests that such "overlap" demonstrates preemption. Mem. at 12-13. Not only is this without any authority, but it is also illogical. Indeed, in support of such a misguided proposition, Black cites to a footnote in *Doe v. Gonzalez*, No. 21 Civ. 04580 (JS) (LGD), 2023 WL 5979182 (E.D.N.Y. Aug. 4, 2023), *report and recommendation adopted in part and rejected in part*, 2023 WL 6211023 (E.D.N.Y. Sept. 25, 2023). Footnote 1 of this decision merely recites the statutory language of the CVA and acknowledges that the plaintiff's claims are within the CVA because she alleges defendant statutorily raped her. *Id.* *Doe v. Gonzalez*, a decision addressing the sufficiency of a Rule 55 default judgment motion, provides no support for Black's novel claim.

Similarly, nothing in *N.Y. State Ass'n for Affordable Hous. v. Council of N.Y.*, 33 N.Y.S.3d 202 (1st Dep't 2016) or *Turnpike Woods, Inc. v. Town of Stony Point*, 70 N.Y.2d 735, 737–38 (1987) supports Black's position. Mem. at 14-15. *Turnpike Woods* involved restrictions and conditions on the use and development of land. In *N.Y. State Ass'n for Affordable Hous. v. Council of N.Y.*, a trade association for New York's affordable housing industry and contractors that worked on affordable housing projects brought an action to challenge "Local Law 44." Local Law 44 added a new chapter to City law relating to the disclosure on a public website of information regarding "affordable housing" projects. Plaintiffs claimed Local Law 44 was preempted by state statutes. Outside of the recitation of longstanding black letter law governing the preemption doctrine generally, nothing from these two cases is relevant here.

Set forth in the well-reasoned opinions of *Engelman v. Rofe* and *Doe v. Gooding*, simply nothing suggests that the VGMVPL amendment directly conflicts with the CVA or the ASA. Black's sweeping footnote 4 in which he claims that a "number of state courts" have held that "revival statutes violate constitutional due process limits by depriving defendants of right to repose after the limitations period has expired," bears no relevance here.[6] The inclusion of such cases is especially meaningless because the New York appellate courts faced with the question of the constitutionality of the CVA have all upheld the CVA. *See PB-36 Doe v. Niagara Falls City Sch. Dist.*, 2023 N.Y. Slip Op. 00598 (4th Dep't, Feb. 3, 2023); *Matarazzo v. Charlee Fam. Care, Inc.*, 192 N.Y.S.3d 755, 758 (3d Dep't, June 6, 2023). Further, as Black knows, NY State legislators already are proposing that another lookback period under the CVA be enacted in the near future.[7]

Lastly, Black's suggestion that the use of the word "finally" to describe the extension of the statute of limitations under the CVA does not imply that the law was enacted to be the only statute of limitations for claims for child victims of sexual abuse. Mem. at 17. It is patently obvious that State legislators were speaking about the ways in which the CVA statute was <u>long overdue</u>, not evincing any intent to have the law serve as an exclusive remedy.

---

[6] Black unnecessarily includes cases from other jurisdictions which examined whether statutes that revive actions for which the limitations period has already expired violate defendants' constitutional due process rights. Mem. at 16, n.4. These cases are not relevant to Black's argument. *See Mitchell v. Roberts*, 2020 UT 34, 469 P.3d 901, 913 (Sup. Ct. Utah, June 11, 2020) (addressing whether the Utah state legislature had authority to enact statute to allow otherwise time-barred claims for child sexual abuse); *Doe v. Crooks*, 613 S.E.2d 536, 538 (Cir. Ct., Greenville Cty, May 23, 2005) (holding that revival of claims for child sex abuse where limitations had run violated defendants' rights under South Carolina's Due Process Clause).

[7] State Senator Brad Hoylman-Sigal who sponsored both the Child Victims and Adult Survivors acts has publicly messaged that when the session resumes in January 2024 he plans to advocate for legislation to reopen the lookback window under the Child Victims Act that closed in 2021. *See* https://spectrumlocalnews.com/nys/central-ny/politics/2023/08/26/lawmakers-eye-renewing-child-victims-act-lookback-window.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss should be denied in its entirety.

Dated: November 3, 2023
      New York, New York

**WIGDOR LLP**

By: /s/ Jeanne Christensen
    Jeanne M. Christensen
    Meredith A. Firetog

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff*