UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

              PLAINTIFF,

    -AGAINST-

LEON BLACK,

              DEFENDANT.

Case No. 23-cv-06418-JGLC

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OF JANE DOE**

Dated: November 17, 2023

QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

PERRY LAW
E. Danya Perry
Peter A. Gwynne
157 East 86th St., 4th Floor
New York, NY 10028
(646) 357-9952
dperry@danyaperrylaw.com
pgwynne@danyaperrylaw.com

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St
Santa Monica, CA 90403
(213) 399-2132
susan@estrichgoldin.com

*Counsel for Defendant Leon Black*

TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .......................................................................................................................2

I.      PLAINTIFF'S CLAIM SHOULD BE DISMISSED AS UNTIMELY ..............................................2

II.    PLAINTIFF'S CONTRARY ARGUMENTS LACK MERIT .........................................................3

      A.     Plaintiff Misinterprets the Relevant Statutory Language.............................................3

      B.     Plaintiff Overreads *Engelman* and *Gooding*...............................................................5

      C.     Plaintiff Otherwise Fails To Overcome Conflict and Field Preemption ...................7

CONCLUSION.......................................................................................................................10

TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Anonymous v. Castagnola*,
    210 A.D.3d 940 (2d Dep't 2022)..................................................................................9

*C.M. v. Est. of Archibald*,
    2022 WL 1030123 (S.D.N.Y. Apr. 6, 2022) ...............................................................9

*Consol. Edison Co. v. Town of Red Hook*,
    60 N.Y.2d 99 (1983) ...................................................................................................9

*Doe v. Gonzalez*,
    2023 WL 5979182 (E.D.N.Y. Aug. 4, 2023) ..............................................................9

*Doe v. Gooding*,
    2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) ..................................................2, 5, 7, 8

*Engelman v. Rofe*,
    194 A.D.3d 26 (1st Dep't 2021)....................................................................2, 5, 6, 7

*Spiro ex rel. Estate of Torres v. Healthport Techs., LLC*,
    73 F. Supp. 3d 259 (S.D.N.Y. 2014) ..........................................................................9

*Finnigan v. Lionetti*,
    Index No. 70001/2019E (N.Y. Sup. Ct., Bx. Cty. Oct. 7, 2021) ................................4

*Hunters for Deer, Inc. v. Town of Smithtown*,
    186 A.D.3d 682 (2d Dep't 2020), *aff'd*, 37 N.Y.3d 1214 (2022)..............................10

*Hymowitz v. Eli Lilly & Co.*,
    73 N.Y.2d 487 (1989) ...............................................................................................10

*Kuzmich v. 50 Murray St. Acquisition LLC*,
    34 N.Y.3d 84 (2019) ...................................................................................................4

*Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*,
    74 N.Y.2d 761 (1989) .................................................................................................8

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    739 F.3d 45 (2d Cir. 2013)..........................................................................................5

*NLRB v. SW Gen., Inc.*,
    580 U.S. 288 (2017) ....................................................................................................4

*People v. Mitchell*,
    15 N.Y.3d 93 (2010) ........................................................................................... 4

*Save Lafayette Trees v. City of Lafayette*,
    32 Cal. App. 5th 148 (Cal. Ct. App. 2019) ......................................................... 8

*Turnpike Woods, Inc. v. Town of Stony Point*,
    70 N.Y.2d 735 (1987) ........................................................................................ 8

*Urquia v. Cuomo*,
    2007 WL 4623520 (N.Y. Sup. Ct., N.Y. Cty. Dec. 21, 2007) ............................ 10

## Rules / Statutes

Child Victims Act ...................................................................................................... 1, 9

N.Y. C.P.L.R. § 201 ................................................................................................... 2, 7

N.Y. C.P.L.R. § 214(2) .............................................................................................. 5, 6

N.Y. C.P.L.R. § 214-g .............................................................................................. passim

N.Y. C.P.L.R. § 215(3) ............................................................................................ 5, 6, 7

New York Penal Law Article 130 ................................................................................. 6

NYC Admin. Code § 10-1105(a) .................................................................................. 1

Victims of Gender-Motivated Violence Protection Law ......................................... passim

## Other Authorities

BLACK'S LAW DICTIONARY (11th ed. 2019) ................................................................. 3

Merriam-Webster's Online Dictionary, https://bit.ly/47MZM5R ................................ 3

N.Y. Senate Debate on Senate Bill S2440, Jan. 28, 2019 .............................................. 8

## PRELIMINARY STATEMENT

Plaintiff's claim is untimely and should be dismissed for largely undisputed reasons. Although she seeks relief under New York City's Victims of Gender-Motivated Violence Protection Law (VGMVPL), NYC Admin. Code § 10-1101, *et seq.*, based on an alleged sexual assault when she was a minor, she did not comply with either of the default limitations periods (seven and nine years) set forth in the VGMVPL.  She also did not comply with the two-year revival window (from August 2019 to August 2021) created by New York State in the Child Victims Act, which applies to "every civil claim … brought against any party" based on specified sexual assaults against minors "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary."  N.Y. C.P.L.R. § 214-g (CVA Revival Provision).

It is thus undisputed that Plaintiff's claim can be timely only if it was validly brought under New York City's 2022 amendment to the VGMVPL, which purports to revive otherwise-barred VGMVPL claims if they are filed in a two-year window from March 2023 to March 2025.  NYC Admin. Code § 10-1105(a) (NYC Revival Statute).  But as explained in the motion to dismiss, that provision is preempted as to minor victims like Plaintiff, because it conflicts with the different window for the same claims set by New York State in the CVA Revival Provision.  Plaintiff's Opposition confirms as much.  She accepts that the CVA covers her claim and that she could have filed during the CVA's statewide revival period.  *See* ECF No. 69 ("Opp.") at 2, 11.  Her attempt to file during the City's contrary revival period is preempted by the plain language of the CVA and well-settled principles of conflict and field preemption.  *See* ECF No. 41 ("MTD") at 12–19.

Plaintiff's Opposition underscores the weakness of her legal position.  Her lead argument is that the "notwithstanding" clause in the CVA Revival Provision *permits* the application of contrary revival periods.  *See* Opp. 2–3, 8–9.  But under the actual meaning of "notwithstanding," the clause does just the opposite:  it *forecloses* application of the contrary window created by the

NYC Revival Statute.  Plaintiff also relies heavily on *Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021), which was adopted by *Doe v. Gooding*, 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022).  But as her own description makes clear, *see* Opp. 4–7, the preemption analysis in those decisions did not involve *either one* of the statutory provisions at issue here.  And the allegedly preempting provisions there—general tort statutes that applied only "unless a different time is prescribed by law," *Engelman*, 194 A.D.3d at 32 (citing N.Y. C.P.L.R. § 201)—could not be more different than the CVA Revival Provision, which sets a precise filing window for specifically defined claims "[n]otwithstanding any … contrary" limitations period, N.Y. C.P.L.R. § 214-g.

Plaintiff ends by suggesting that the New York State Legislature may amend the CVA to reopen the filing period for claims like hers.  Opp. 12.  By focusing on the State Legislature, she is looking to the right place.  But the Legislature has not delivered the relief she seeks.  And unless it does, neither can this Court.  The complaint should accordingly be dismissed.

## ARGUMENT

## I.   PLAINTIFF'S CLAIM SHOULD BE DISMISSED AS UNTIMELY

Plaintiff's complaint asserts a claim under the VGMVPL for a sexual assault that allegedly occurred 21 years ago—in 2002, when she was a minor.  ECF No. 1 ("Compl.") at ¶ 1.  The parties appear to agree that Plaintiff could have brought that claim during three different periods: (1) within seven years of the alleged assault, pursuant to the VGMVPL's default limitations period; (2) within nine years of reaching age 18, pursuant to the VGMVPL's special limitations period for minors; and (3) between August 2019 and August 2021, pursuant to the CVA Revival Provision. *See* MTD 8–9, 20; Opp. 7–8, 11.  But Plaintiff did not bring the claim during any of those periods.

Instead, Plaintiff seeks a fourth chance, contending that her claim is timely based exclusively on the NYC Revival Statute, which permits the filing of otherwise-expired VGMVPL claims between March 2023 and March 2025. *See* Opp. 7–8.  As a municipal law, however, the

NYC Revival Statute is subject to preemption if it conflicts with state law—a principle that Plaintiff does not dispute. *See* Opp. 9. And the NYC Revival Statute creates such a conflict. As relevant and uncontested here, the NYC Revival Statute applies to the same claims as the CVA Revival Provision, but creates a different and conflicting period for reviving those claims. That is a paradigmatic illustration of both field and conflict preemption. *See* MTD 12–19. The NYC Revival Statute is thus inapplicable to Plaintiff; her opportunity to revive her expired claims came in the period created by New York State (August 2019 to 2021), but that window has now closed.

## II.    PLAINTIFF'S CONTRARY ARGUMENTS LACK MERIT

Plaintiff opposes that result based on her interpretation of both statutory language and precedent. Opp. 4–12. Neither line of argument is persuasive, and Plaintiff fails to offer any other basis to overcome the straightforward application of conflict and field preemption principles.

### A.    Plaintiff Misinterprets the Relevant Statutory Language

Plaintiff's lead statutory argument is that the introductory clause of the CVA Revival Provision—which establishes a 2019-2021 window for reviving expired claims like Plaintiff's "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," N.Y. C.P.L.R. § 214-g—expressly "carv[es] out other limitations periods," including the one created by the NYC Revival Statute that she invokes. Opp. 8; *see id.* 2–3, 9–10. That is a baffling contention that requires reading "notwithstanding" to mean the opposite of its actual definition.

There is no ambiguity about the definition of "notwithstanding": it means "despite." *Notwithstanding*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see, e.g.*, Merriam-Webster's Online Dictionary, https://bit.ly/47MZM5R (same). By creating a revival window that governs the specified category of expired sexual-assault claims "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," N.Y. C.P.L.R. § 214-g, the CVA Revival Provision ensures that its specified revival period will be operative *despite* any contrary legal

directive. *See, e.g.*, *NLRB v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017) ("A 'notwithstanding' clause … shows which of two or more provisions prevails in the event of a conflict."). Indeed, New York's highest court has emphasized that a "notwithstanding" clause is "the verbal formulation frequently employed for legislative directives intended to preempt any other potentially conflicting statute." *Kuzmich v. 50 Murray St. Acquisition LLC*, 34 N.Y.3d 84, 92 (2019). As relevant here, the use of "notwithstanding" in a state statute "evinces the legislature's intent that any 'local law []'" to the contrary "does not apply." *Id.* (quoting *People v. Mitchell*, 15 N.Y.3d 93, 97 (2010)); *see also Finnigan v. Lionetti*, Index No. 70001/2019E, at *10 (N.Y. Sup. Ct., Bx. Cty. Oct. 7, 2021) (noting that the CVA's "text is the clearest indicator of legislative intent" and that the statutory "language *dismisses contradictory statutory time limits*") (emphasis added).

Plaintiff's alternative reading is difficult to understand. She seems to interpret the phrase "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," N.Y. C.P.L.R. § 214-g, to mean that the CVA Revival Provision expressly *permits* application of such contrary provisions. But that is exactly the opposite of what "notwithstanding" means, and it would be especially surprising (indeed, self-defeating) for the Legislature to authorize the application of avowedly "contrary" statutory provisions. *Id.* If this Court issued an order directing that a reply brief may not exceed five pages "notwithstanding any page limitation to the contrary," it would presumably not permit a litigant to invoke the ten-page limit in the Court's default rules. Plaintiff offers no reason to read the "notwithstanding" clause in the CVA Revival Provision to depart from (let alone directly contradict) that well-accepted understanding.[1]

---

[1] Plaintiff asserts that Defendant has cited no precedent adopting his understanding of the interaction between the CVA Revival Provision and the NYC Revival Statute. Opp. 2. But Plaintiff has not cited any precedent adopting her position either. Indeed, this case appears to be the first one to directly present the question whether the CVA Revival Provision preempts the NYC Revival Statute. Relatively few other claims have been filed in this posture, likely because most other alleged victims in Plaintiff's position filed claims during one of the multiple prior windows for asserting such claims, including the recent two-year window created by the CVA.

### B.   Plaintiff Overreads *Engelman* and *Gooding*

Plaintiff's other principal argument is that "binding precedent has already disposed of" Defendant's preemption argument.   Opp. 4; *see id.* 2 (asserting that "controlling precedent mandate[s]" denial of Defendant's motion to dismiss).   Plaintiff bases that contention largely on *Engelman,* which was adopted by a judge of this Court in *Gooding*.   But as explained in the motion to dismiss—and as even Plaintiff ultimately appears to recognize—*Engelman* and *Gooding* do not address the question presented here.   *See* MTD 19–20; Opp. 5–6 (backtracking to the argument that "[t]here is no reason not to apply the sound logic of *Engelman* to" the question in this case).

In any preemption claim, there are at least two statutes to analyze:  (1) a statute from the superior sovereign that allegedly has preemptive effect, and  (2) a statute from the inferior sovereign that is allegedly preempted.   The defendant in *Engelman* contended that (1) New York's one-year statute of limitations for assault and related torts, N.Y. C.P.L.R. § 215(3), and its three-year statute of limitations for actions to recover on a statutory liability, N.Y. C.P.L.R. § 214(2), preempted application of (2) the seven-year default limitations period in the VGMVPL.   *See Engelman*, 194 A.D.3d at 29–32; *accord* Opp. 4–6.   In this case, by contrast, none of those statutes are part of the preemption analysis.   Instead, Defendant contends that (1) the 2019-2021 filing window established by the CVA Revival Provision preempts application of (2) the 2023-2025 filing window established by the NYC Revival Statute.   To the extent Plaintiff contends that *Engelman* "mandate[s]" any answer to the question here, Opp. 2, that contention is belied by *Engelman* itself, as depicted in the table below.[2]

---

[2]   Separately, *Engelman* is not "strictly" binding on this Court because it is a decision of a New York intermediate appellate court rather than the New York Court of Appeals.   *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (citation omitted).   This Court need not determine whether the New York Court of Appeals would likely agree with *Engelman*, *see id.*, because *Engelman* does not govern the question presented in this case.

|  | **Asserted Preempting State Statute:** | **Asserted Preempted City Statute:** |
|---|---|---|
| *Engelman v. Rofe* | N.Y. C.P.L.R. § 215(3):<br>"The following actions shall be commenced within one year: … an action to recover damages for assault, battery, [or] false imprisonment …."<br><br>N.Y. C.P.L.R. § 214(2):<br>"The following actions must be commenced within three years: … an action to recover upon a liability, penalty or forfeiture created or imposed by statute …." | VGMVPL Default Limitations Period:<br>"A civil action under this chapter shall be commenced within seven years after the alleged crime of violence motivated by gender occurred." |
| *Doe v. Black* | CVA Revival Provision:<br>"Notwithstanding any provision of law which imposes a period of limitation to the contrary … every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age … which is barred as of the effective date of this section because the applicable period of limitation has expired … is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section." | NYC Revival Statute:<br>"Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." |

Those distinctions are not minor differences.  The allegedly preempting provisions invoked in *Engelman* were general limitations periods applicable to a broad range of torts and actions to recover on statutes; neither even mentioned sexual assault claims.  The CVA Revival Provision, by contrast, is far more precise; it is targeted expressly at particular categories of sexual assault claims, even specifying the same statutory cross-reference as the VGMVPL provision that Plaintiff invokes (Article 130 of the New York Penal Law).  *See* MTD 12–15.  In another stark distinction,

the limitations provisions at issue in *Engelman* applied "*unless* a different time is prescribed by law." *Engelman*, 194 A.D.3d at 32 (citing N.Y. C.P.L.R. § 201) (emphasis added). The CVA Revival Provision includes diametrically opposite language: its specified reopening window governs "*[n]otwithstanding* any provision of law which imposes a period of limitation to the contrary." N.Y. C.P.L.R. § 214-g (emphasis added). Plaintiff is wrong in asserting both that *Engelman* is governing and that "[t]here is no reason not to apply the … logic of *Engelman* to" the markedly different preemption question in this case. Opp. 5–6.

Plaintiff's reliance on *Gooding* is misplaced for all the same reasons. *See* Opp. 6–7. The question in *Gooding* was the same one presented in *Engelman*, and the *Gooding* court deferred to the First Department's *Engelman* decision. *Gooding*, 2022 WL 1104750 at *2. As just explained, however, *Engelman*'s holding is inapplicable to the question in this case.[3]

### C.    Plaintiff Otherwise Fails To Overcome Conflict and Field Preemption

Plaintiff offers no other basis to overcome the straightforward application of conflict and field preemption principles. On conflict preemption, Plaintiff reiterates the misguided contention that the "[n]otwithstanding" clause in the CVA Revival Provision does not affect "other statutory schemes with different statute[s] of limitations." Opp. 9. As explained above, however, the plain purpose of the "notwithstanding" clause is to *preclude* application of contrary statutes of limitations. Plaintiff also invokes one sentence in *Gooding* stating that the "[d]efendant [in that case] identified nothing that the state legislature has done … to preempt the VGM's statute of limitations." *Id.* 9 (citation omitted). But that observation has no bearing here, both because the defendant in *Gooding* did not raise the CVA Revival Provision as a basis for preemption, *see* Def.

---

[3]   Plaintiff errs in asserting that *Gooding* "addressed the same preemption argument proposed by [Defendant here]," as evidenced by her recognition that the "defendant in *Gooding* contended that the action should be dismissed because the VGMVPL … conflicted with CPLR § 215(3)"—a different argument than Defendant makes here. Opp. 6.

Mem. of Law, *Gooding*, *supra*, 2022 WL 18215732 (S.D.N.Y. Jan. 10, 2022), and because *Gooding* did not consider the NYC Revival Statute (which had not yet taken effect).

While citing those inapposite authorities, Plaintiff essentially disregards the numerous cases cited by Defendant in which New York and other courts have found preemption where—as here—a municipality sought to extend a state-mandated limitation. *See, e.g.*, *Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*, 74 N.Y.2d 761, 764–65 (1989) (holding that a city's attempt to supplant a time limit fixed by the State creates a "direct conflict" giving rise to preemption); *Turnpike Woods, Inc. v. Town of Stony Point*, 70 N.Y.2d 735, 737–38 (1987) (holding that a municipality's attempt to extend a state-prescribed period was "inconsistent" with state law and "therefore invalid"); *see also Save Lafayette Trees v. City of Lafayette*, 32 Cal. App. 5th 148, 162 (Cal. Ct. App. 2019) (holding that a municipal law that attempted to extend a state limitations period for a category of suits could "[]not be harmonized" with state law and therefore was preempted). Plaintiff's only response seems to be that those cases involved different subject matter. *See* Opp. 11. That is true, but the cases nevertheless establish a legal principle that applies directly here: when a municipality tries to override a time period fixed by the State, it creates a "head-on collision" and must give way under conflict preemption. *Lansdown*, 74 N.Y.2d at 764.

As for field preemption, Plaintiff again misreads the "notwithstanding" clause at the outset of the CVA Revival Provision, and then makes the puzzling suggestion that the CVA Revival Provision may not be applicable here because it does not "explicitly state[] that its purview includes the City of New York." Opp. 10. But state laws need not explicitly state that they apply to New York City any more than they must state that they apply to Buffalo or Albany or Rochester. And in any event, New York State legislators unequivocally stated that they expected the CVA to apply to the entire state. *See, e.g.*, N.Y. Senate Debate on Senate Bill S2440, Jan. 28, 2019, at 754

("[T]he Child Victims Act [] will finally give … *all survivors of childhood sexual abuse in the State of New York* the justice that they deserve."); *id.* at 773 ("Today is a major step forward … finally getting something done that helps *every single victim in this state*.") (emphases added). Plaintiff's proposed carveout for New York City has no basis in any accepted source of statutory meaning and does not appear to have even been considered by any court applying the CVA to New York City.  *See, e.g.*, *C.M. v. Est. of Archibald*, 2022 WL 1030123, at *8 (S.D.N.Y. Apr. 6, 2022).

The CVA Revival Provision's text, structure, and history further reinforce its comprehensive and preemptive scope.  As noted, the CVA Revival Provision applies to "*every civil claim* … brought against *any party*" for any of the specified forms of sexual assault, N.Y. C.P.L.R. § 214-g (emphasis added), which undisputedly include Plaintiff's claims.  *See Doe v. Gonzalez*, 2023 WL 5979182, at *1 n.1 (E.D.N.Y. Aug. 4, 2023) (accepting that the CVA Revival Provision can be invoked to revive an expired VGMVPL claim), *report and recommendation adopted in part and rejected in part on non-material grounds*, 2023 WL 6211023 (E.D.N.Y. Sept. 25, 2023).  The CVA Revival Provision was also enacted as part of a "comprehensive and detailed regulatory scheme"—here, one addressing the timing of sexual assault claims against minors—of the kind that New York courts have found to support field preemption.  *Consol. Edison Co. v. Town of Red Hook*, 60 N.Y.2d 99, 105 (1983).

More broadly, the CVA Revival Provision reflects the State Legislature's careful balancing of competing priorities:  empowering victims to file claims they otherwise could not, while also recognizing that limitations periods serve important purposes and that reviving expired causes of action is an "extreme" step that must be "narrowly construed" to satisfy constitutional constraints. *Anonymous v. Castagnola*, 210 A.D.3d 940, 942 (2d Dep't 2022) (citations omitted); *see, e.g.*, *Spiro ex rel. Estate of Torres v. Healthport Techs., LLC*, 73 F. Supp. 3d 259, 277–78 (S.D.N.Y.

2014) (explaining the "important policy considerations underlying New York's statute of limitations—namely, to protect 'parties from the prosecution of stale claims'" where "'it might be impossible to establish the truth'" (citation omitted)).  The CVA Revival Provision—like "most, if not all legislation"—is thus "the product of some compromise." *Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 515 (1989).  It "is not the province of this Court to rebalance the compromise, but to enforce the statutes as enacted." *Urquia v. Cuomo*, 2007 WL 4623520, at *16 n.31 (N.Y. Sup. Ct., N.Y. Cty. Dec. 21, 2007).  Here, that means allowing expired VGMVPL claims like Plaintiff's to be revived during the window prescribed by the State Legislature—but not during the "contrary" window that New York City attempted to create.  N.Y. C.P.L.R. § 214-g.[4]

Finally, Plaintiff observes that "NY State legislators already are proposing that another lookback period under the CVA be enacted in the near future."  Opp. 12.  If such a proposal becomes law, Plaintiff might be able to pursue the claim at issue here.  But the prospect of a *future* amendment only underscores that *current* law does not permit Plaintiff's claim to proceed, and that it must accordingly be dismissed.

## CONCLUSION

For the above reasons, the Court should dismiss the complaint with prejudice.

---

[4]  Plaintiff appears to briefly suggest that the NYC Revival Statute cannot be preempted by the CVA Revival Provision because the VGMVPL applies to claims by both minors and adults.  *See* Opp. 1.  But it is well accepted that a municipal law can be preempted by a state law in only some applications.  *See, e.g.*, *Hunters for Deer, Inc. v. Town of Smithtown*, 186 A.D.3d 682, 683–85 (2d Dep't 2020), *aff'd*, 37 N.Y.3d 1214 (2022) (holding that a local ordinance for discharging firearms, including "an air rifle, an air gun, a BB gun, a slingshot and a bow and arrow" was "invalid as applied to the discharge setback of a bow and arrow").  Here, the NYC Revival Statute is preempted by the CVA Revival Provision to the extent it creates a conflicting revival period for minor victims like Plaintiff.  The Court need not address any preemption as to adult victims.

Dated: November 17, 2023
    New York, New York

By:   */s/ Michael B. Carlinsky*

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

PERRY LAW
E. Danya Perry
Peter A. Gwynne
157 East 86th St., 4th Floor
New York, NY 10028
(646) 357-9952
dperry@danyaperrylaw.com
pgwynne@danyaperrylaw.com

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
(213) 399-2132
susan@estrichgoldin.com

*Counsel for Defendant Leon Black*