

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

December 1, 2023

**Via CM/ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007

Re:     *Doe v. Black*, No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

I write on behalf of both parties in the above-captioned litigation.  We submit this letter in accordance with the Court's Notice of Initial Pretrial Conference (ECF Doc. 5) (the "Notice") and Paragraph 3(c) of the Court's Individual Rules and Practices.  As an initial matter, we note that the parties disagree as to the issue of whether discovery should be stayed. Defendant's position, which will be explained in more detail in Defendant's forthcoming Motion to Stay, is that discovery should be stayed pending the Court's decision on Defendant's Motion to Dismiss (ECF Doc. No. 40), or, in the alternative, discovery should be limited to the truthfulness of certain foundational allegations in Plaintiff's Complaint (ECF Doc. No. 1).  Plaintiff's position is that discovery should proceed, and that Plaintiff will respond to the arguments in Defendant's forthcoming Motion to Stay in due course.

The parties met and conferred on October 26, 2023, November 30, 2023, and December 1, 2023, concerning a stay of discovery. Plaintiff's counsel did not consent, and the parties agreed that Defendant would file a motion to stay. In light of the parties' disagreement as to whether discovery should proceed, and Defendant's forthcoming Motion to Stay, the parties agree that the initial pretrial conference, currently scheduled for December 8, 2023, is not necessary at this time.

The parties provide the following information in accordance with the Notice. Because the threshold issue of when discovery should commence prevents the parties from agreeing on dates for discovery, Plaintiff is submitting her own Proposed Civil Case Management Plan and Scheduling Order, attached hereto as Exhibit A. Defendant respectfully requests that the Court hold Plaintiff's Proposed Civil Case Management Plan and Scheduling Order in abeyance pending its decision on Defendant's forthcoming Motion to Stay.

We address the other information required by the Notice in separate paragraphs below.



**(1) A statement indicating whether the parties believe they can do without an initial pretrial conference altogether.**

In light of the parties' disagreements and Defendant's forthcoming Motion to Stay, the parties agree that the initial pretrial conference, currently scheduled for December 8, 2023, is not necessary at this time.

**(2) A brief statement of the nature of the action and the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;**

**Plaintiff's Statement:**
Plaintiff commenced this action against Defendant pursuant to the New York City Victims of Gender-Motivated Violence Protection Act (VGMVPL), as amended, N.Y.C. Admin. Code § 10-1101, *et seq*. Plaintiff alleges that in 2002, when she was a minor, Defendant sexually assaulted and raped her. Plaintiff alleges that the incident took place at Jeffrey Epstein's residence located at 9 East 71st Street, New York, New York. Defendant denies these allegations. Accordingly, all material facts are in dispute and resolution of Plaintiff's claims will proceed to adjudication by finders of fact.

**Defendant's Statement:**
Plaintiff alleges a single cause of action for violation of the VGMVPL. She alleges that she was abused by her former cheerleading coach who then introduced her to Jeffrey Epstein and Ghislaine Maxwell, who in turn trafficked Plaintiff over the course of an extended period of time, including at Epstein's properties in Palm Beach, the U.S. Virgin Islands, and New York City. Plaintiff alleges that in the late spring or early summer of 2002, Plaintiff was sexually assaulted by Defendant at Epstein's New York City townhouse. Defendant denies this story in its entirety. Defendant has never met Plaintiff, let alone assaulted her. Defendant's initial investigation has already unearthed significant discrepancies and factual inaccuracies in Plaintiff's story, including that Plaintiff lived at home, and not with her cheerleading coach, during the entirely of her time in high school, that Plaintiff's family has no recollection of her being absent from school as alleged in the Complaint, that Plaintiff only began to exhibit signs of autism and Mosaic Down Syndrome after she saw that others received attention because of these medical issues, and that the flight records of Epstein's aircraft appear to not make any reference to Plaintiff at all, an impossibility if Plaintiff had flown on his plain to Palm Beach or travelled to the U.S. Virgin Islands, as alleged in the Complaint.

**(3) A brief explanation of why jurisdiction and venue lie in this Court.**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as Plaintiff Jane Doe and Defendant Leon Black are citizens of different states and the amount in controversy in this

2



matter exceeds $75,000. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful sexual assault alleged in the complaint, occurred in this District, and Defendant resides in this District. Plaintiff intends to submit a letter to the Court next week detailing the basis for jurisdiction.

**(4) A statement of all existing deadlines, due dates and/or cut-off dates.**

Defendant intends to file a Motion to Stay next week. The parties are not aware of any other such deadlines or dates.

**(5) A brief description of any outstanding motions.**

*Defendant's Motion for Sanctions* (ECF No. 22) is fully briefed. Defendant moves for sanctions based on Plaintiff's and her counsel's assertion of factual contentions without evidentiary support and their failure to make any reasonable inquiry into the accuracy of these allegations. These factual allegations include the claims that Plaintiff was sex trafficked by Jeffrey Epstein, sexually assaulted by Defendant, and groomed and sex trafficked by "Elizabeth" beginning after her 16th birthday.

Plaintiff and her counsel have objected to this motion as procedurally improper, harassing, and itself subject to sanctions.

*Defendant's Motion to Dismiss* (ECF No. 40) is fully briefed. Defendant moves to dismiss the case on the grounds that the Complaint's single cause of action, a violation of the VGMVPL, is untimely, because the VGMVPL's revival provision, upon which Plaintiff bases her claim, is preempted by the revival provision in the CVA, which expired before Plaintiff filed the Complaint.

Plaintiff has opposed this motion, highlighting the binding case law that has summarily rejected Defendant's argument.

**(6) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has taken place in this action. At this time, the parties do not believe that any discovery is necessary for the parties to engage in meaningful settlement negotiations.

**(7) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

Settlement discussions have not taken place.



**(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Defendant's Motion to Dismiss, in Defendant's view, presents an issue of first impression regarding the preemption of the VGMVPL's revival provision by CVA's revival provision. Plaintiff contends that this is simply not true; multiple courts have addressed this precise argument and rejected it. *See Doe v. Gooding*, No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y April 13, 2022); *Engelman v. Rofe*, 144 N.Y.S.3d 20 (1st Dep't 2021).

The parties thank the Court for its attention to this matter.

Respectfully submitted,

*[signature: Jeanne Christensen]*

Jeanne M. Christensen
