

December 8, 2023

**V**ɪᴀ **ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

**Re: Doe v. Black: Case No. 1:23-cv-06418-JGLC**

Dear Judge Clarke:

    We represent defendant Leon Black ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Rule 5(d), we respectfully request leave to file Defendant's Memorandum of Law in Support of His Motion for a Stay of Discovery (the "Motion") and the accompanying Declaration of Susan Estrich ("Estrich Decl.") with the exhibits thereto, with redactions.

    Prior to filing and in accordance with Individual Rule 5(d)(i), counsel for Defendant conferred with counsel for Plaintiff on December 6, 2023. During that discussion and in a subsequent email, Plaintiff insisted upon broad redactions to the Motion, the Estrich Declaration and sealing of all exhibits. Plaintiff stated that Defendant must comply with her proposed redactions "to avoid [Plaintiff] filing an emergency motion to seal." To avoid burdening the Court with an unwarranted emergency motion and in accordance with Individual Rule 5(d)(i), we have temporarily applied Plaintiff's counsel's suggested redactions in their entirety. Under that Individual Rule, Plaintiff is required to file a letter explaining the need for the additional proposed redactions to the documents within three business days of the filing of this letter-motion. This letter-motion serves as notice of that requirement. We have reviewed Plaintiff's proposed redactions, considered them in good faith, and have incorporated all additional redactions that we believe are appropriate into our proposed redactions.

    However, Defendant strongly opposes Plaintiff's proposed additional redactions, which are extremely overbroad and not "narrowly tailored" to serve their primary purpose: to protect Plaintiff's anonymity. *See* Individual Rule 5(c). Most of Plaintiff's additional proposed "redactions" serve no purpose other than preventing public view of legal arguments with which Plaintiff disagrees or facts that are damaging to the Plaintiff's case. Defendant respectfully asks the Court for leave to file the Motion and supporting documents with Defendant's proposed redactions. For the Court's reference and in accordance with Individual Rule 5(d)(iii), we are publicly filing fully redacted copies of the Motion and related documents and filing under seal

1

The Honorable Jessica G. L. Clarke
December 8, 2023

copies of the Motion and related documents with the proposed redactions highlighted. In those sealed versions, the Defendant's proposed redactions (all of which were agreed to by the Plaintiff) are highlighted in green, while Plaintiff's additional proposed redactions to the Motion are highlighted in yellow.

### *Background*

On July 25, 2023, Plaintiff commenced this action by filing her Complaint. ECF Doc. No. 1. Plaintiff's Complaint was filed under the pseudonym "Jane Doe." Compl. at 1 n.1. On August 10, 2023, Plaintiff filed a motion to proceed anonymously. ECF Doc. No. 6. On August 14, 2023, Defendant filed a response to Plaintiff's motion. ECF Doc. No. 15. In his response, Defendant indicated that he did not at that time oppose Plaintiff's request to remain anonymous but reserved his right to challenge it in the future, and addressed certain factual inaccuracies and mischaracterizations in Plaintiff's motion. *Id.* On August 18, 2023, the Court entered an order granting Plaintiff leave to proceed anonymously. ECF Doc. No. 16 at 3.

As explained in more detail in Defendant's Motion for a Stay of Discovery, filed simultaneously herewith, soon after the Complaint was filed, Defendant began investigating the outlandish, salacious, and sensational allegations in the Complaint. To date, Defendant has not seen even a shred of evidence supporting Plaintiff's account, and in fact easily obtained evidence that either refuted key details in the Complaint or showed them to be patently and unequivocally false. Among other things, that evidence includes public tweets by Plaintiff and consensually recorded statements concerning Plaintiff by members of her family, both of which contradict core allegations in the Complaint. Defendant's Motion for a Stay of Discovery relies on these tweets, recorded statements, and the facts revealed during this investigation to request a stay of discovery while Defendant's motion to dismiss is pending, or, in the alternative, limited discovery to determine whether there exists a good faith, objectively reasonable basis for the central elements of Plaintiff's dubious claims.

### *Legal Standard*

To assess whether documents should be sealed or redacted, courts in this Circuit apply the three-part test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id.* at 119-20. It is well settled that the "competing considerations" that may overcome the presumption of access to judicial documents include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, as well as the privacy of third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017). In cases where parties have been granted leave to proceed anonymously, courts in this District have simultaneously ordered that the parties thereafter must apply narrow redactions of "information tending to reveal [the anonymous party's] identity." *Malibu Media, LLC. v. Doe*, 2019 WL 3759161, at *1 (S.D.N.Y. Mar. 15, 2019) (emphasis added). Courts have denied requests for redactions of information when "[t]he material at issue is too general to allow reverse-engineering

The Honorable Jessica G. L. Clarke
December 8, 2023

of proprietary formulas or other mischief." *Sec. & Exch. Comm'n v. AT&T Inc.*, 2022 WL 2340452, at *2 (S.D.N.Y. June 29, 2022).

## *Argument*

Defendant seeks limited redactions to his Motion, the Estrich Declaration and the exhibits, not the sweeping redactions sought by Plaintiff. Defendant does not dispute that certain of the documents he seeks to file with redactions are "judicial documents" for purposes of this analysis requiring a presumption of public access. While any presumption of access may be outweighed by substantial competing concerns, such as protecting Plaintiff's identity, these concerns are not a blanket invitation for Plaintiff to redact half of Defendant's Motion and vast swaths of the Estrich Declaration, as is the case here.

The Court has granted Plaintiff leave to proceed anonymously. *See* ECF Doc. No. 16. Defendant's narrowly tailored proposed redactions maintain Plaintiff's anonymity and protect information about Plaintiff's "medical records, treatment and diagnosis," an area of caution under SDNY's privacy policy.[1] These redactions are crafted to protect from public disclosure any information that could be used to identify Plaintiff—such as information about Plaintiff's Twitter profile, her family members, other individuals referenced in the Complaint, and information about specific places or events. By contrast, Plaintiff demands Defendant redact half of his Motion and the Estrich Declaration, including information which in no way implicates Plaintiff's identity, including:

- Nearly all of Defendant's preliminary statement, Mot. at 1-3;
- Factual background citing to Plaintiff's complaint and other public docket entries, *id.* at 5-9;
- Defendant's legal argument which already appears publicly in his Motion to Dismiss, *id.* at 11; and
- Parenthetical case descriptions, *id.* at 13.

These "excessive and unnecessary redactions" should be rejected in favor of Defendant's reasonably tailored redactions. *See United States v. Colon*, 2023 WL 8281766, at *2 (S.D.N.Y. Nov. 29, 2023) (ordering defendant to file a public version of documents that "uses redactions to protect sensitive information that is not already public").

To the extent Defendant has proposed redacting some of the text of Plaintiff's publicly available tweets, we do so in an attempt to protect Plaintiff's anonymity by preventing "reverse engineering" of her identity from the text of those tweets, while still including the relevant parts of the tweet. *See AT&T Inc.*, 2022 WL 230452, at *2 ("Deutsche Bank does not propose to redact the aspects that are relevant to this litigation."). Because the exhibits to the Estrich Declaration are screenshots of Plaintiff's publicly available tweets that include identifying information about her, we propose redacting those exhibits in their entirety.

---

[1] We note, however, that Plaintiff has repeatedly and publicly posted about many of her medical conditions on Twitter, which may decrease her privacy interests in that information.

The Honorable Jessica G. L. Clarke
December 8, 2023

## *Conclusion*

For all of these reasons, Defendant respectfully requests that the Court permit him to file his Memorandum of Law in Support of His Motion for a Stay of Discovery, the Estrich Declaration, and the exhibits thereto, with his proposed limited redactions—not the expansive redactions demanded by Plaintiff.

Respectfully submitted,

/s/ *Susan Estrich*
Susan Estrich

ESTRICH GOLDIN LLP
947 Berkeley St.
Santa Monica, CA 90403
(213) 399-2132

*Counsel for Defendant Leon Black*