**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE,

        Plaintiff,

    v.

LEON BLACK,

        Defendant.

Case No. 1:23-cv-06418

**ORAL ARGUMENT REQUESTED**

**DEFENDANT LEON BLACK'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION FOR A STAY OF DISCOVERY**

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
(213) 399-2132

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
(212) 849-7000

PERRY LAW
E. Danya Perry
Peter A. Gwynne
157 East 86th St., 4th Floor
New York, NY 10028
(212) 213-3070

*Counsel for Defendant Leon Black*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND AND PROCEDURAL POSTURE ....................................................................3

I.      PLAINTIFF ALLEGES ABUSE AS PART OF HER ALLEGED
        TRAFFICKING BY EPSTEIN..........................................................................................3

II.     PLAINTIFF AND COUNSEL LIE TO THIS COURT. ....................................................5

III.    DEFENDANT 'S MOTION TO DISMISS. .......................................................................9

ARGUMENT ..............................................................................................................................10

IV.     DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF
        DEFENDANT'S MOTION TO DISMISS .......................................................................10

        A.      Legal Standard ....................................................................................................10

        B.      Plaintiff's Claim Is Meritless ..............................................................................11

        C.      Fact Discovery Would Impose A Substantial Burden ...........................................11

        D.      Plaintiff Faces No Risk Of Unfair Prejudice In The Event Of A Stay .................13

        E.      In The Alternative, Discovery Should Be Limited To Threshold Issues
                Underpinning Plaintiff's Claims ..........................................................................13

CONCLUSION...........................................................................................................................14

## **TABLE OF AUTHORITIES**

### **Cases**

*In re Agent Orange Prod. Liab. Litig.*,
    517 F.3d 76 (2d Cir. 2008)..................................................................................13

*Chrysler Cap. Corp. v. Century Power Corp.*,
    137 F.R.D. 209 (S.D.N.Y. 1991) .................................................................11, 12

*Spiro ex rel. Estate of Torres v. Healthport Technologies, LLC*,
    73 F. Supp. 3d 259 (S.D.N.Y. 2014)..................................................................11

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
    2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009).....................................................10

*New York by James v. Pennsylvania Higher Educ. Assistance Agency*,
    2020 WL 605944 (S.D.N.Y. Feb. 7, 2020)........................................................10

*O'Sullivan v. Deutsche Bank AG*,
    2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018).....................................................10

*Rezende v. Citigroup Glob. Markets Inc.*,
    2011 WL 1584607 (S.D.N.Y. Mar. 11, 2011) (ordering limited discovery into
    allegations of fraud on the court), *report and recommendation adopted in
    part*, 2011 WL 1584603 (S.D.N.Y. Apr. 27, 2011) ..........................................13

*Rivera v. Heyman*,
    1997 WL 86394 (S.D.N.Y. Feb. 27, 1997).......................................................13

*Sec. & Exch. Comm'n v. Cohen*,
    332 F. Supp. 3d 575 (E.D.N.Y. 2018) .........................................................10, 12

*Spinelli v. Nat'l Football League*,
    2015 WL 7302266 (S.D.N.Y. Nov. 17, 2015)...................................................13

*Trs. of New York City Dist. Council of Carpenters Pension Fund v. Showtime on
    Piers LLC*,
    2019 WL 6912282 (S.D.N.Y. Dec. 19, 2019) ..............................................11, 12

### **Statutes**

Federal Rule of Civil Procedure 26(c) ............................................................................10

Defendant respectfully submits this memorandum of law in support of his motion for a stay of discovery pending the Court's resolution of his Motion to Dismiss.

## PRELIMINARY STATEMENT

████████████████

█ ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████

█ ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████

Regarding the law, as explained in Defendant's Motion to Dismiss, this case could and should properly be decided on preemption grounds without resolving any issues of fact. That alone is sufficient to warrant a complete stay of discovery, because the decades-old claims at issue may be found to be untimely.

In the absence of a stay of discovery, Plaintiff has already made it known that she intends to immediately seek broad discovery, which will be expensive, time consuming and completely unnecessary once Plaintiff's fraudulent claims are fully exposed and/or the Court rules that Plaintiff's claims are untimely. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████

Before subjecting the Defendant to such burdensome and harassing discovery, the Court should stay discovery until after resolution of the motion to dismiss. In the alternative, discovery should be limited or phased so as to first determine whether there even exists a good faith, objectively reasonable basis for the central elements of Plaintiff's already dubious claims.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

Accordingly, if any discovery is permitted to proceed at this point, it should be limited to these threshold issues: whether Plaintiff ever even met Epstein; whether she frequently missed school to travel to Epstein's homes, as she claims; whether her medical records confirm that she suffers from many of the various conditions and disabilities she claims; ████████████████

████████████████████████████████████████████████████

████████████   ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

## BACKGROUND AND PROCEDURAL POSTURE

I.    **PLAINTIFF ALLEGES ABUSE AS PART OF HER ALLEGED TRAFFICKING BY EPSTEIN.**

Plaintiff filed her Complaint on July 25, 2023.  The centerpiece of Plaintiff's Complaint—indeed, the very chain of events that allegedly led her to meet Defendant—is her account of being trafficked at the hands of the notorious Jeffrey Epstein.  Plaintiff claims that she has autism and Mosaic Down Syndrome.  ECF No. 1 at ¶10.  She alleges that, when she was 15, she participated in a county cheerleading program for 8-12-year-old girls.  *Id.* ¶¶13-14.  She then alleges that she was groomed by the adult who ran the program, whom Plaintiff refers to as "Elizabeth," and soon began living at Elizabeth's house, while still a high school student.  *Id.* ¶¶15-18.  Plaintiff claims that, while living with Elizabeth, she was subjected to horrific physical, psychological, and emotional abuse.  *Id.* ¶¶19-21, 24-25.  Plaintiff further alleges Elizabeth began "sexually grooming" Plaintiff, including forcing Plaintiff to watch Elizabeth and her "friend" have sex.  *Id.*

¶¶22-23.

Plaintiff alleges that, "in the late summer of 2001," she was taken to "an adult 'party' in a suburb outside of Washington D.C.," where she was introduced to Ghislaine Maxwell. *Id.* ¶¶13, 27-31. "The very next week," Plaintiff alleges, Elizabeth "put Plaintiff on a private plane from Virginia to Palm Beach," where Plaintiff was introduced to Epstein. *Id.* ¶37. Once there, Plaintiff alleges that Maxwell and Epstein "began exposing Plaintiff to their sexual deviance," and Plaintiff was instructed in how to sexually pleasure Epstein. *Id.* ¶¶38-42. Plaintiff alleges that she was thereafter "shipped out" to Epstein's homes in Palm Beach and the U.S. Virgin Islands "[m]ost weekends" to give Epstein massages and, as a result, "missed countless Fridays and Mondays from her junior year of high school, almost causing her to fail." *Id.* ¶¶44-45. Plaintiff also alleges that on two occasions she was "shipped out" to New York City, where she stayed with Epstein and Maxwell at Epstein's townhouse. *Id.* ¶¶55-59.

Plaintiff alleges that Epstein soon began "hand[ing] [Plaintiff] off" to other men to give them massages and have sexual intercourse. *Id.* ¶¶46-47. Plaintiff does not identify any of these other men. Plaintiff would thereafter be "shipped back" to Elizabeth, who would subject Plaintiff to "intensified physical and psychological abuse" if she did not get a "good report" from Epstein and Maxwell. *Id.* ¶¶48-49. Each time, Epstein and his associates would send Plaintiff back to Elizabeth with an envelope of money, in an apparent payment for their use of Plaintiff. *Id.* ¶¶50-52.

Plaintiff alleges that, after at least nine months of horrific grooming, abuse, and trafficking, she met Defendant for the first and only time. As described in the Complaint, Epstein played a major role in this encounter. Plaintiff alleges that, "[i]n or around late spring of 2002 or early summer," she was driven to New York to meet Epstein's "special friend." *Id.* ¶60. Once at

Epstein's townhouse, Plaintiff alleges that Epstein personally introduced Plaintiff to Defendant, and instructed her to give Defendant "the same kind of 'massage treatment' that she gives Epstein." *Id.* ¶¶63, 66.  Plaintiff alleges that, once in the massage room, Defendant violently raped her.  *Id.* ¶¶67-80.  The allegations about Defendant ████████████████████████████ ████████████████████████ are patently false.  Plaintiff does not allege that she ever encountered Defendant again.  Plaintiff alleges that Epstein continued to traffic her to other men after this alleged assault, *id.* ¶83, ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████

██  ██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

    ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████ ████████████ ███████ ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████

    ██████████████████████████████████████████████

████████████████████████████████████████████████████

██████ ██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████ ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ Further, Plaintiff's ████████████████████████████████, stated

that Plaintiff only began displaying such behaviors in her twenties, and did so intentionally in order to present herself as a person with autism. *Id.* ¶14.

In the Complaint, Plaintiff alleges that she regularly traveled by plane to Epstein's houses in Palm Beach and the U.S. Virgin Islands. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████

    ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████

## III.   DEFENDANT 'S MOTION TO DISMISS.

Defendant has moved to dismiss Plaintiff's complaint—which is based on a fictitious sexual assault that allegedly occurred more than 21 years ago, when Plaintiff was a 16-year-old minor—on the basis that it is untimely.  ECF Nos. 40-41.  Plaintiff seeks to overcome that fatal defect by invoking a recently-enacted New York City law that purports to revive otherwise time-barred claims under New York City's Victims of Gender-Motivated Violence Protection Law if they are commenced in a two-year window extending from March 2023 to March 2025.  But, as discussed in Defendant's Motion, that law cannot revive Plaintiff's claim because under the New York Constitution, municipal ordinances may not conflict with the laws of New York State.  While

Defendant's motion is pending, however, Plaintiff has indicated an intent to take aggressive discovery, which, if permitted to proceed, will require significant time and investment preparing harassing discovery related to fake claims that are over two decades old.

## **ARGUMENT**

### IV.   **DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS**

#### A.   **Legal Standard**

"[U]pon a showing of good cause," the Court has "considerable discretion to stay discovery" under Federal Rule of Civil Procedure 26(c).   *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).   "In some circumstances," a pending motion to dismiss will constitute "good cause for a protective order staying discovery."   *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) (quotation marks and citation omitted).   "The Court analyzes good cause by application of three factors: (1) whether a defendant has made a strong showing that the [claimant's] claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay."   *New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (quotation marks and citation omitted).   Those factors each favor a stay here.

In addition, because "[a]llowing discovery to proceed with respect to claims that appear to be time-barred on the face of a plaintiff's complaint would constitute 'entertain[ing]' those claims," which the statute of limitations "clearly prohibits," courts routinely stay discovery pending the resolution of a motion to dismiss on statute of limitations grounds.   *Sec. & Exch. Comm'n v. Cohen*, 332 F. Supp. 3d 575, 587 (E.D.N.Y. 2018); *see also Trs. of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, 2019 WL 6912282, *1 (S.D.N.Y.

Dec. 19, 2019) (staying discovery pending the outcome of a motion to dismiss based on statute of limitations); *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (same).

**B.** ██████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████  ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

**C.      Fact Discovery Would Impose A Substantial Burden**

The substantial burden of fact discovery regarding Plaintiff's time-barred claims likewise tips the scales strongly in favor of granting an immediate stay.   The purpose of a statute of limitations is to prevent cases from proceeding where documents and witnesses are too stale to be reliable.   *Spiro ex rel. Estate of Torres v. Healthport Technologies, LLC*, 73 F. Supp. 3d 259, 277-78 (S.D.N.Y. 2014) ("[T]he important policy considerations underlying New York's statute of limitations [are] to protect 'parties from the prosecution of stale claims, when, by loss of evidence

from death of some witnesses, and the imperfect recollection of others, or the destruction of documents, it might be impossible to establish the truth.'") (citation omitted).  For these reasons, courts regularly stay discovery pending the resolution of a motion to dismiss on statute of limitation grounds.  *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, 2019 WL 6912282, *1 (S.D.N.Y. Dec. 19, 2019) (staying discovery in part pending the outcome of a motion to dismiss based on statute of limitations); *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (same); *Sec. & Exch. Comm'n v. Cohen*, 332 F. Supp. 3d 575, 587 (E.D.N.Y. 2018) ("[a]llowing discovery to proceed with respect to claims that appear to be time-barred on the face of a plaintiff's complaint would constitute 'entertain[ing]' those claims" which the statute of limitations "clearly prohibits").

Plaintiff has already attempted to notice depositions for Defendant and a non-party.  Estrich Decl. ¶2.  Both depositions are expected to relate to issues from more than 20 years ago that, as explained in the motion to dismiss, fall outside the statute of limitations period.  The depositions, if permitted to proceed, will therefore be unnecessarily costly, time-consuming, and irrelevant. Defendant and non-party witnesses will be forced to sit for depositions regarding decades-old events (or non-events), and will need to gather and pore over documents dating from even before the routine use of email in order to refresh their recollections and prepare for questioning.  Without a stay of discovery, Defendant and third parties will incur significant attorneys' fees and costs, and will be forced to sit for depositions regarding events that allegedly occurred far beyond the constraints of anyone's memory.  All of this costly and unreliable discovery will be eliminated if the Plaintiff's untimely claims are dismissed.  Therefore, Defendant's motion to dismiss, if it is granted (as it should be), will more than just "significantly narrow" the scope of discovery; it will remove the need for discovery altogether, which further supports Defendant's request for a stay.

*Rivera v. Heyman*, 1997 WL 86394, *1 (S.D.N.Y. Feb. 27, 1997).

> **D.    Plaintiff Faces No Risk Of Unfair Prejudice In The Event Of A Stay**

There is zero risk of unfair prejudice to Plaintiff, who has already waited 21 years to bring her claim and is proceeding anonymously, for the moment.  Even if Defendant's motion to dismiss is not granted, Plaintiff would have the exact same opportunity to continue with depositions and proceed with fact discovery after the Court's resolution of the motion as she does now.  *See Spinelli v. Nat'l Football League*, 2015 WL 7302266, *2 (S.D.N.Y. Nov. 17, 2015) (granting stay pending motion to dismiss even though parties were two years into the litigation, holding that "with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice").  Accordingly, the third factor also supports a stay.

> **E.    In The Alternative, Discovery Should Be Limited To Threshold Issues Underpinning Plaintiff's Claims**

Should the Court allow discovery to proceed, it should be phased or limited to examining Plaintiff's foundational allegations and determining whether her account has any factual basis, ███

████████████████████████████████████████████████████████████████████

████████████████████████████    *See Rezende v. Citigroup Glob. Markets Inc*., 2011 WL 1584607, at *16 (S.D.N.Y. Mar. 11, 2011) (████████████████████████████████

███████, *report and recommendation adopted in part*, 2011 WL 1584603 (S.D.N.Y. Apr. 27, 2011); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (the "district court has wide latitude to determine the scope of discovery").

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

13

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████    In particular the Court should limit discovery to the following discrete topics: (i) Epstein's records and flight logs, to determine whether Plaintiff's claims on Twitter that she is on the flight logs and that she was trafficked to Epstein are accurate; (ii) Plaintiff's school records to determine the veracity of Plaintiff's claim that she repeatedly missed school for travel to Epstein's homes and almost failed as a result; (iii) Plaintiff's medical records, to clarify what maladies, if any, she suffers from—a topic that, once again, Plaintiff herself has put at issue; and (iv) ████████

████████████████████████████████████████

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant his motion for a stay pending resolution of his motion to dismiss.

---

[1] ████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████

Dated: December 8, 2023
New York, New York

Respectfully,

/s/ Susan Estrich
———————————————

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
Tel: (213) 399-2132
susan@estrichgoldin.com

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
Tel: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

PERRY LAW
E. Danya Perry
Peter A. Gwynne
157 East 86th St., 4th Floor
New York, NY 10028
Tel: (212) 213-3070
Facsimile: (646) 849-9609
pgwynne@danyaperrylaw.com
dperry@danyaperrylaw.com

*Counsel for Defendant Leon Black*