

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

December 21, 2023

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007

      Re:    *Doe v. Black*, Case No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

We represent Plaintiff Jane Doe ("Plaintiff") in the above-captioned matter. We write this letter both in response to Defendant Leon Black's ("Defendant") December 8, 2023 letter motion (ECF 73) concerning redactions to his Motion to Stay Discovery ("Stay motion") and his attorney Susan Estrich's declaration in support (ECF 77-78), as well as in support of Plaintiff's request to redact portions of her opposition to Defendant's motion, to be filed following this Letter Motion.

As explained in Plaintiff's opposition to Defendant's Stay motion, Defendant uses a procedural motion concerning the grounds for staying discovery to reargue the other motions he has filed in this case (Motion for Sanctions, ECF 22; Motion to Dismiss, ECF 40). And, more concerningly, Black shoehorns into his motion to halt discovery his own evidence that he purports shows that Plaintiff is a liar. Although completely unrelated to Defendant's request for relief from the Court, his attorneys nevertheless attach over a dozen exhibits of now-deleted Tweets, that expose *inter alia* her full legal name, her birthdate, her religious views, her family ancestry, and details about her understanding of her medical conditions. If anything, Black has shown that he is prepared to engage in fact discovery. But regardless of the merits of his request, his decision to employ personal and highly sensitive information about Plaintiff runs afoul of the Court's order granting Plaintiff—a child sexual assault victim—the ability to proceed with this litigation under a pseudonym. ECF 6 ("Pseudonym Order"). Simply put, the information Defendant wants to place on the public docket would allow the public to determine Plaintiff's identity. Compounded with the highly sensitive nature of the information Black seeks to disclose, Plaintiff easily overcomes the presumption of public access to the information contained in Black's Stay motion and his attorney's supporting declaration.

Highly sensitive information such as the information Defendant seeks to share with the public about Plaintiff does not warrant the presumption of public access to documents, particularly where the information is not set forth as the basis upon which Defendant seeks relief from this court.



*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (noting that "judicial documents"—those that are "relevant to the performance of the judicial functions"—are afforded the presumption of public access, but noting that merely filing a document with the court does not render it a "judicial document subject to the right of public access"). In addition to the documents and information being completely irrelevant to Black's request for procedural relief pursuant to Rule 26(c), in weighing the substantial privacy interests at issue here, sealing is easily justified. Courts must assess privacy interests by considering "[t]he nature and degree of injury," including "not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Not only is the information contained in the Stay motion and supporting declaration extremely sensitive and would cause substantial harm to Plaintiff (by both revealing her identity publicly and harming her psychological wellbeing), but Black has also made clear his intent to use this information for the purpose of embarrassing and intimidating Plaintiff. Simply put, the documents Defendant attempts to file publicly do not carry with them the presumption of a right to public access—they are irrelevant to this Court's assessment of the Stay motion, and they directly and significantly impact the privacy interests of Plaintiff Jane Doe. *See Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("We do not say that every piece of evidence, no matter how tangentially related to the issue or how damaging to a party disclosure might be, must invariably be subject to public scrutiny. An exercise of judgment is in order. The importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials should be taken into account before a seal is imposed.").

Particularly in cases where parties have been granted leave to proceed anonymously, the parties "must redact any information tending to reveal [the anonymous party's] identity." *Malibu Media, LLC. v. Doe*, 2019 WL 3759161, at *1 (S.D.N.Y. Mar. 15, 2019). Redactions and sealing are warranted here, where Defendant seeks to publicly publish actual Tweets from Plaintiff's now defunct Twitter, which contain her complete legal name, her birthdate, information about her family, her religious beliefs, and her medical conditions. All of this can easily be utilized by the public and the press to determine Ms. Doe's identity.

Because Defendant's filings are plainly an attempt to circumvent the Pseudonym Order and expose Plaintiff's identity and otherwise disparage and intimidate her, the contents of his filing currently redacted must either remain redacted or be stricken entirely, and Plaintiff should be allowed to file her opposition (which extensively references Defendant's submissions) under seal.

Plaintiff has informed counsel for Defendant of her intent to file the opposition with redactions. Defendant has informed Plaintiff that his position is that the opposition may be filed with redactions. The Parties seek the Court's guidance on this issue.



Hon. Jessica G. L. Clarke
December 21, 2023
Page 3

Sincerely,

Jeanne M. Christensen

cc:　　All counsel of record (*via* ECF)