**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JANE DOE,

                Plaintiff,          Civil Action No.: 1:23-cv-06418-JGLC

    v.

LEON BLACK,

                Defendant.
------------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY DISCOVERY

**WIGDOR LLP**

Jeanne M. Christensen
Meredith A. Firetog

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii

I.  PRELIMINARY STATEMENT ........................................................................................... 1

II. BACKGROUND ................................................................................................................... 3

III. ARGUMENT ......................................................................................................................... 4

    A.  Legal Standard ............................................................................................................ 4

    B.  Defendant's Stay Motion is Nothing But a Roadmap to Ms. Doe's True Identity ....................................................................................................................... 5

    C.  Defendant Fails to Make a Strong Showing that Plaintiff's Claims are Unmeritorious ............................................................................................................ 10

    D.  Defendant Fails to Show that a Stay Will Meaningfully Reduce Any Discovery Burdens ..................................................................................................................... 12

    E.  Defendant's Request Fails Because Lack of Unfair Prejudice Does Not Justify a Stay .......................................................................................................................... 13

IV. CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**         **Page**(s)

Bennett v. Cuomo,
   22 Civ. 7846 (VSB), 2023 WL 2021560 (S.D.N.Y. Feb. 15, 2023) .................................... 4, 10

Bensmaine v. City of New York,
   No. 21 Civ. 04816 (LJL), 2022 WL 3362188 (S.D.N.Y. Aug. 15, 2022) ............................... 13

Cambridge Cap. LLC v. Ruby Has LLC,
   No. 20 Civ. 11118 (LJL), 2021 WL 2413320 (S.D.N.Y. June 10, 2021) ............................... 10

Doe v. Cabrera,
   307 F.R.D. 1 (D.D.C. 2014) ................................................................................................... 9

Doe v. De Amigos, LLC d/b/a Spot Lounge, et al.,
   No. 11 Civ. 1755 (ABJ), 2012 WL 13047579 (D.D.C. April 30, 2012) .................................. 9

Doe No. 2 v. Kolko,
   242 F.R.D. 193 (E.D.N.Y. 2006) ............................................................................................ 8

E.W. v. New York Blood Center,
   213 F.R.D. 108 (E.D.N.Y. 2003) ............................................................................................ 9

Elhassa v. Hallmark Aviation Servs., L.P.,
   No. 21 Civ. 9768 (LJL), 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) ................................... 12

Golightly v. Uber Techs., Inc.,
   No. 21 Civ. 3005 (LJL), 2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021) ................................ 11

Guiffre v. Maxwell,
   No. 15 Civ. 7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016) ............................. 4, 10

Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh,
   No. 19 Civ. 6957 (AJN), 2020 WL 6642188 (S.D.N.Y. Nov. 12, 2020) ................................. 4

Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,
   297 F.R.D. 69 (S.D.N.Y. 2013) .............................................................................................. 5

In re WRT Energy Sec. Litig.,
   No. 96 Civ. 3610 (JFK), 1996 WL 580930 (S.D.N.Y. Oct. 9, 1996) ...................................... 4

Kirschner v. J.P. Morgan Chase Bank, N.A.,
   No. 17 Civ. 34 (PGG) (SLC), 2020 WL 230183 (S.D.N.Y. Jan. 15, 2020) ........................... 13

Mirra v. Jordan,
   No. 15 Civ. 4100 (AT)(KNF), 2016 WL 889559 (S.D.N.Y. Mar. 1, 2016)................... 4, 11, 13

Moran v. Flaherty,
   No. 92 Civ. 3200 (PKL), 1992 WL 276913 (S.D.N.Y. Sept. 25, 1992)...................................... 4

Republic of Turkey v. Christie's, Inc.,
   316 F. Supp. 3d 675 (S.D.N.Y.  2018)................................................................................ 11

Spinelli v. Nat'l Football League,
   No. 13 Civ. 7398 (RWS), 2015 WL 7302266 (S.D.N.Y. Nov. 17, 2015)................................ 13

Usov v. Lazar,
   No. 13 Civ. 818 RWS, 2013 WL 3199652 (S.D.N.Y. June 25, 2013) ....................................... 4

**Statutes**

N.Y. Code §§ 10-1102, *et seq*................................................................................................ 3, 11

N.Y. C.P.L.R. § 214-g ................................................................................................................ 11

**Rules**

Fed. R. Civ. P. 11............................................................................................................................ 1

Fed. R. Civ. P. 12(b)(6).................................................................................................................. 1

Fed R. Civ. P. 26(c) ............................................................................................................. *passim*

Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") hereby submits this Memorandum of Law in Opposition to Defendant Leon Black's ("Black") Motion for a Stay of Discovery.

I.     **PRELIMINARY STATEMENT**

Defendant Leon Black seeks the exceptional relief of a stay of discovery ("Stay motion") pursuant to Fed R. Civ. P. 26 (c) ("Rule 26") while the Court considers his motion to dismiss. ECF 47. The Stay motion, Black's third motion since this action was commenced on July 25, 2023,[1] offers little in the way of legal support. Incredibly, under the auspices of the Stay motion, Defendant filed a Memorandum of Law ("Mem.") (ECF 75) and attached ▮▮▮▮▮ to place on the public docket filled with information that identifies Ms. Doe's full name, date of birth, and other identifying and harmful information about her biological family. At its core, Defendant's Stay motion was filed in defiance of this Court's Order[2] allowing Plaintiff to proceed under the pseudonym of "Jane Doe." Black did this with the purpose of threatening and intimidating her to the point where he believes she will cease litigating her claims.

Absolutely no legal authority exists to support what Defendant has done. Filing a procedural motion under Rule 26(c) does not entitle Defendant to furnish his motion papers with items that directly defy this Court's Order issued on August 18, 2023. Filling his memorandum of law and his lawyer's declaration with hearsay about what Ms. Doe said or did not say in years past on social media about her own medical procedures, her understanding of her ancestry or her opinions on political events in other countries, has absolutely nothing to do with the legal grounds

---

[1] On September 20, 2023, Defendant filed a motion for sanctions pursuant to Fed. R. Civ. P. 11 (Rule 11). ECF 22. This motion is fully briefed. On September 29, 2023, Defendant filed a motion to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) (Rule 12). ECF 40. This motion is fully briefed.

[2] On July 25, 2023, Plaintiff commenced this action and, on August 1, 2023, she filed a motion to proceed pseudonymously. ECF 6. Discussed i*nfra*, on August 18, 2023, the Court granted the motion to proceed anonymously. ECF 16.

1

for a Rule 26(c) stay. Defendant does not cite, and cannot cite, a single case permitting him to attach pages of social media posts allegedly made by Plaintiff regarding her personal life that serve a sole purpose: to allow the public and specifically the media to swiftly identify Ms. Doe. Defendant, in a desperate attempt to begin assassinating Ms. Doe's character, makes one outrageous and prejudicial claim after the next throughout his Stay motion, based on "information" gleaned from what he admits are disabled internet links.

Respectfully, as detailed below, the Court should admonish Defendant from his conduct in direct contravention of the Order granting Plaintiff the right to proceed as Jane Doe. Defendant should be required to withdraw his Stay motion in its entirety and refile without a single exhibit now attached to Ms. Estrich's declaration (ECF 76, Exs. 1-16) or any reference in his papers to the irrelevant and personally identifying information about Ms. Doe. Whether Ms. Doe ███████ ████████████████████ has absolutely nothing to do with the standards for halting discovery while a motion to dismiss is pending pursuant to Rule 26(c).

Plaintiff filed this action alleging that Black sexually assaulted and raped her in Jeffrey Epstein's Manhattan townhouse when she was 16. That is the nature of her legal claims and what this action is about. Defendant, buoyed by his billions and an army of lawyers, fears little within the context of this civil litigation should he be reprimanded for what he considers procedural transgressions. But this does not give Black license to out her identity and intimidate Ms. Doe by doing so. She filed a civil action to hold him accountable for his conduct. Black is entitled to defend himself but his efforts to flout this Court's directives and the rules of civil procedure should not be permitted.

Ultimately, for a motion seeking to halt discovery pursuant to Rule 26(c) – Defendant offers nothing more than evidence suggesting that he is ready, willing and able to engage in the process

as soon as possible.  By his own admission his investigative team has been working around the clock to dig up everything they can about Ms. Doe.  His suggestion that discovery should focus on the credibility of the sexual assault victim, and omit any discovery as to the alleged rapist, is not only offensive and meant to threaten and harm Ms. Doe further, but such a suggestion lacks a shred of legal support.  Black believes his wealth offers him a different justice system.  He believes he can, with impunity, flout adherence to legal precedent in this Circuit and arrogantly believes he can dupe this Court into falling for his underhanded tactics.

As set forth below, the relevant precedent fully supports moving ahead with discovery.  Evidently fearful of what fact discovery will yield about him, Defendant simply wants to erect barriers to allow Plaintiff to litigate her claims.  There is no good cause to justify a stay of discovery and based on well-settled precedent, a stay is not warranted.

## II.     BACKGROUND

Plaintiff filed her Complaint against Defendant on July 25, 2023.  ECF 1.  The allegations in the Complaint stem from Defendant's sexual assault of her after Epstein told Plaintiff to give his "special friend Leon Black" the same kind of massage that she had to give to Epstein when he ordered her to.  The sexual assault occurred at Epstein's townhouse located at 9 East 71st Street in Manhattan in 2002.  *Id*.  ¶¶ 60-81.  Plaintiff alleges that she was a minor at the time and that despite objecting to Black's physical force, he intensified his sexual assault of her, causing severe harm and damages.  *Id*.  Plaintiff's claims are filed pursuant to the New York City Victims of Gender-Motivated Violence Protection Law ("VGMVPL") (N.Y. Code §§ 10-1102, *et seq*.).

On September 20, 2023, Defendant filed a motion for sanctions against Plaintiff's counsel in this action, but not against Plaintiff.  ECF 22.  That motion is fully briefed and pending.  On September 29, 2023, Defendant moved to dismiss the Complaint.  ECF 40.  After briefing on the

3

motion to dismiss was completed Defendant filed the present motion to stay discovery. In the alternative, Defendant proffers a frivolous suggestion that discovery be limited to issues surrounding Ms. Doe's credibility, and nothing else. Mem., 13-14. According to substantial case law in this Circuit, Defendant's motion should be denied in its entirety.

### III.   ARGUMENT

#### A.   Legal Standard

It is well-settled that normal discovery does not alone rise to the level of good cause to justify a stay. *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016); *Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023). "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); *see also Usov v. Lazar*, No. 13 Civ. 818 RWS, 2013 WL 3199652, at *9 (S.D.N.Y. June 25, 2013) ("Defendants are incorrect, though, that discovery must automatically be stayed pending a motion to dismiss."); *In re WRT Energy Sec. Litig.*, No. 96 Civ. 3610 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic.").

In this District, the Court may issue a stay of discovery only upon a showing of good cause, and Defendant "bears the burden of showing good cause." *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, 19 Civ. 6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (quoting *Mirra v. Jordan*, No. 15 Civ. 4100 (AT)(KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016)). In determining whether a stay is appropriate because good cause exists, courts consider (1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice to the party opposing the stay; and (3) the strength of the underlying motion to dismiss.

4

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd*., 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  Notably, the party seeking a stay must present "substantial arguments for dismissal."  *Id.*

Because Defendant does not come close to meeting his burden of showing that these three factors weigh in favor of a stay, the Court should deny his request.

### B.  Defendant's Stay Motion is Nothing But a Roadmap to Ms. Doe's True Identity

On August 18, 2023, the Court granted the motion to proceed anonymously (ECF 16, "Pseudonym Order").[3] ███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████

  ▪ ████████████████████████████████████████████████

    ████████████████████████████████████████████████

    ██████████████████████████████████

---

[3]  The Court's Order (ECF 16) is as follows: "At this point in the litigation, the factors weigh in favor of allowing Plaintiff to proceed anonymously. The litigation involves matters that are highly sensitive and of a personal nature, as Plaintiff has alleged that she was raped and was a minor at the time.  *See* Compl. ¶¶ 2–3. Plaintiff has not spoken publicly about the incidents that underly the cause of action in the Complaint.  ECF No. 7 ("Christensen Decl.") ¶ 18. Additionally, the identity of Plaintiff was disclosed to counsel for Defendant, *id*. ¶ 3, and Defendant has not identified any prejudice if Plaintiff were to proceed anonymously, *see* ECF No. 15 ("Def. Mem."). Thus, having carefully considered Plaintiff's arguments and the factors identified by the Second Circuit, and according substantial weight to the fact that Defendant does not oppose Plaintiff's request for anonymity, *id*. at 8, Plaintiff is permitted to proceed anonymously at this time."

- ███████████████████████████████████████████████
  ███████████████████████
- ███████████████████████████████████████
- █████████████████████████████████
- ████████████████████████████
- █████
████████████████████████████████████████████████████████████
████████████████████████████████████

No justification exists for including such content, much less attaching exhibits about highly personal information about Plaintiff to Defendant's Stay motion. ██████████████████
████████████████████████████████████████████████████████████
████████████████████████ Defendant never even bothered to explain, much less cite applicable case law, about how or why such content has any bearing on such an analysis. He did not because it is obvious he included the content for the purpose of outing her true identity, so that his disparaging comments about her character can cause even greater harm.

The absurdity of what Defendant is attempting to do is evident by his explanation to this Court in Ms. Estrich's Declaration that:

> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ██████████████████████████████

████████████ Nothing contained in such an explanation provides a shred of justification for what Defendant has done. Indeed, the utter ridiculousness of Defendant's basis for why such information is included, although never truly explained, appears to relate to Defendant's repeated opinion that Ms. Doe is not credible. ECF 75, at 1-3; 5-8. ██████████████████
████████████████████████████████████████████████████████████
███████████████████████████

6

- ███████████████████████████████████████████
  ███████████████████████████
- ████████████████ ██████████ ███████████████
  ████████

████████ █████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ have absolutely nothing to do with this lawsuit, which is about Black viciously raping Plaintiff using over-sized adult "toys" on the third floor of Jeffrey Epstein's townhouse when she was a minor.  Such items also have no legitimate basis to be set forth in motion to stay discovery that is needed, according to Defendant, because he filed a pending motion to dismiss.  Defendant no doubt will feign any ill-will towards Ms. Doe and offer the fact that he volunteered to redact Ms. Doe's full legal name and a handful of miscellaneous words scattered throughout his motion papers.  Redacting her full name does little when the remainer of the memorandum of law contains ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████

---

- ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████

Unless Black has legal authority suggesting how such information can be used by him to argue <u>anything before this Court at this time</u>, he must agree to swiftly withdraw his Stay motion in its entirety, and then seek leave from this Court to refile a new motion, omitting the identifying information about Ms. Doe and his self-serving extraneous opinions about her character. To be clear, Plaintiff respectfully requests that ███████████████████████████████████████████████████████████████████████████████████████████████████████ ███████ If Black is granted leave to refile, he must omit all such content.

Defendant opted not to oppose Plaintiff's motion to proceed as Jane Doe. On August 14, 2023, Defendant filed his response. ECF 15.[5] Such background makes Defendant's current flagrant abuses to disclose the identity of Ms. Doe even more reprehensible. Because as Ms. Doe was required to do, her counsel provided Defendant with her name and personal information. Once armed with that information, Black's ruthless quest to destroy Ms. Doe before she can reach a trial has been in full force. There is no doubt that Defendant intends to and is in fact, threatening and intimidating Ms. Doe in this moment to cause her additional and ongoing harm. This is precisely what the policy supporting the use of a Jane Doe pseudonym seeks to prevent. Here, the Complaint's graphic details of sexual brutality, including specifics of harm to her vagina and anus at a time when she was a minor are quintessential examples of allegations concerning highly sensitive and personal subjects. Under no circumstances should Defendant be permitted to continue litigating this action using tactics such as are displayed in the Stay motion to place her personal identity into the public sphere. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006) (there is a "strong [public] interest in protecting the identities of sexual assault victims so

---

5      "Mr. Black does not oppose Plaintiff's request for anonymity…." ECF 15, at 8.

that other victims will not be deterred from reporting such crimes'"); *Doe v. De Amigos, LLC d/b/a Spot Lounge, et al.*, No. 11 Civ. 1755 (ABJ), 2012 WL 13047579, *2 (D.D.C. April 30, 2012) ("Although there is no indication that [the plaintiff's] identification poses a risk of retaliatory harm, such publicity could exacerbate the psychological harm that she has already experienced[.]").

It is inherent that the public disclosure of Plaintiff's identity is likely to result in psychological trauma. Further, compelling Plaintiff to identify her name on every court filing would make her name indefinitely available to the public. Defendant is not experiencing any prejudice from her use of Jane Doe, as he has been engaging in his own private discovery since he was told Plaintiff's name. *See, e.g., Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014) ("Courts generally find little to no risk of unfairness to an accused defendant in sexual assault cases where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously."); *E.W. v. New York Blood Center*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (allowing pseudonym where the "defendant has not identified any prejudice to its ability to conduct discovery or try the matter if [the] plaintiff were to proceed under a pseudonym").

Defendant through a purported motion to stay discovery, ███████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████. Far from seeking to stay discovery, Black's motion is an attempt to engage in discovery on his terms, as he uses his Stay motion to present this Court (and the press) with evidence he believes is relevant and probative while circumventing the requirements of the federal rules. Such an approach cannot be condoned.

9

### C. Defendant Fails to Make a Strong Showing that Plaintiff's Claims are Unmeritorious

Defendant fails to show that Plaintiff's claims are so meritless as to warrant a stay. "[A] motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending." *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021). As noted by the court in *Bennett,* "this factor is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case." 2023 WL 2021560, at *2. To determine whether a defendant has shown that a plaintiff's claims are unmeritorious in the context of a motion to stay, courts in this District examine "whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Id*., *citing Cambridge Cap. LLC*, 2021 WL 2413320, at *1 (noting that "[t]he standard for a 'strong showing' was met [in another case] . . . where the defendant's motion was directed to the federal court's jurisdiction, where the presence of jurisdiction could be determined readily from the face of the complaint, and where plaintiff was unable to cite any relevant authority in support of the existence of jurisdiction.").

In *Guiffre v. Maxwell*, the Defendant moved pursuant to Rule 26(c) for a stay of discovery pending decision on her motion to dismiss. Denying the motion to stay, the court in *Guiffre* reasoned that Plaintiff had sufficiently opposed the legal basis contained in Defendant's motion to dismiss, specifically:

> Plaintiff argues vigorously and in detailed fashion that a defamation claim has been adequately pled. . . . Plaintiff has pled concrete facts and law to support all of her arguments. With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite "strong showing" that Plaintiff's claim is unmeritorious.

10

2016 WL 254932, at *2.  Similarly, Plaintiff vigorously opposes Black's motion to dismiss, which is based on a preemption argument that runs contrary to the law.  Defendant moves to dismiss claiming that the Child Victims Act (CVA)[6] preempted the VGMVPL's amendment that provided a lookback period from March 1, 2023 through March 1, 2025.  N.Y. Code § 10-1105(a). Defendant incorrectly claims that Plaintiff was required to assert her causes of action against him between 2019 and 2021 because she alleges she was a minor at the time he sexually assaulted her. Black was unable to cite favorable legal precedent for his novel preemption claim because no such legal precedent exists, and Plaintiff vigorously opposed the motion citing to controlling precedent that mandates denial of his motion.  ECF 69, 2-7.

      Courts regularly deny motions to stay where plaintiffs make strong arguments in their briefs opposing motions to dismiss.  *See, e.g.*, *Golightly v. Uber Techs., Inc.*, No. 21 Civ. 3005 (LJL), 2021 WL 3539146, at *5 (S.D.N.Y. Aug. 11, 2021) (denying a discovery stay where the merits of movant's position where not "self-evidently" obvious); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y.  2018) ("[T]he Court cannot say that [certain claims] on their face are utterly devoid of merit. . . ."); *Mirra v. Jordan*, 15 Civ. 4100 (AT) (KNF),  2016 WL 889559, *2  (S.D.N.Y. Feb. 29, 2016) ("Given that such an analysis is fact-specific and based on various factors, and in light of the parties' citations to case law in support of both arguments, the Court is unable to conclude that the defendant made a strong showing, at this time, that the plaintiff's claim is not meritorious.").  In his motion to stay, Defendant fails to cite a single case in support regarding this factor, instead, merely writing, "this case could and should properly be decided on preemption grounds without resolving any issues of fact. That alone is sufficient to warrant a complete stay of discovery," and "under the New York Constitution, municipal

---

6    N.Y. C.P.L.R. ("CPLR") § 214-g.

ordinances may not conflict with the laws of New York State." ECF 41, 2, 10. Such a contention falls well short of the argument necessary to support a motion to stay given Plaintiff's strong opposition to his motion to dismiss and her viable case law in support.

As such, Defendant fails to sufficiently support a stay based on this factor.

### D. Defendant Fails to Show that a Stay Will Meaningfully Reduce Any Discovery Burdens

This action involves a single plaintiff against a single defendant for claims under the VGMVPL, allegations that inherently involve Defendant's own conduct. The court in *Guiffre* held that the defendant failed to argue discovery burdens warranted a stay where:

> This case involves a single claim against a single defendant, related to an ongoing series of events in which Defendant was alleged to be personally and intimately involved. . . . Discovery in this case is accordingly tailored to that single claim and the associated events. It does not reach such a wide-breadth that good cause for a stay exists. Any objections to individual discovery requests can be dealt with accordingly, and are not proper grounds for a Rule 26 protective order.

2016 WL 254932, at *2; *see also Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768 (LJL), 2022 WL 563264, at *1 (S.D.N.Y. Feb. 24, 2022) (finding a stay was not merited where "discovery should not be overly burdensome.").

Here, Defendant cites no law in support of a stay based on this factor. Rather, in conclusory fashion, and attempting to tie in his frivolous Rule 11 motion, he writes that there will be "broad discovery, which will be expensive, time consuming and completely unnecessary once Plaintiff's fraudulent claims are fully exposed." ECF 75, 3. Showing further that no true basis for a stay exists and merely that Defendant wishes to avoid discovery in general, his most detailed reasons for a stay are as follows, "depositions are expected to relate to issues from more than 20 years ago . . . will therefore be unnecessarily costly, time-consuming, and irrelevant. Defendant and non-party witnesses will be forced to sit for depositions regarding decades-old events (or non-events),

and will need to gather and pore over documents dating from even before the routine use of email in order to refresh their recollections and prepare for questioning." *Id.*, 12.  Contrary to this action, the court granted a stay in *Spinelli v. Nat'l Football League*, where there were 40 defendants, and the case involved a broad array of complex anti-trust, contract, and copyright disputes, meaning that "discovery [was] likely to be broad and significant." No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

Black's position that discovery is based on events a number of years ago is wholly incapable of supporting a motion to stay discovery in this single plaintiff versus single defendant case, involving the defendant's own behavior.  Indeed, courts hold that a failure to demonstrate how or why discovery would be burdensome is fatal to a request for a stay.  *See, e.g., Kirschner v. J.P. Morgan Chase Bank, N.A.,* No. 17 Civ. 34 (PGG) (SLC), 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying a stay where defendant failed to explain why discovery would be "unduly burdensome"); *Mirra*, 2016 WL 889559, at *2 ("The defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome."); *Bensmaine v. City of New York*, No. 21 Civ. 04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (denying a stay where defendants did "not explain . . . what is unduly burdensome" about the proposed discovery").

### E. Defendant's Request Fails Because Lack of Unfair Prejudice Does Not Justify a Stay

Even if the Court determines that a stay would not prejudice Plaintiff, such a basis does not support Defendant's motion for a stay.  In *Giuffre*, the court held that lack of prejudice alone does not merit a stay.  2016 WL 254932, at *2 ("Good cause not otherwise having been shown, lack of prejudice does not justify a stay.").  Similarly, in *Bennett*, the court held that a stay was unlikely to prejudice the plaintiff because there, it was undisputed that many of the underlying facts in the

13

case had been "catalogued as part of a separate investigation by the New York Attorney General." *Bennett*, at *5. Despite this lack of prejudice, the court held that a stay was not warranted, reasoning, "a lack of prejudice alone, however, is not reason enough to stay discovery." *Id*. Citing *Spinelli,* Defendant contends that "there is zero risk of unfair prejudice to Plaintiff, who has already waited 21 years to bring her claim and is proceeding anonymously, for the moment." ECF 75, 13. However, this is not enough to support extraordinary relief to stay discovery.

### IV.  CONCLUSION

A motion to stay discovery because a motion to dismiss is pending is not a vehicle through which Defendant is entitled to attack the credibility of a victim who has accused him of sexual assault or accuse the victim's lawyers of "fraud on the court" for their representation of a sexual assault victim. Nor is it a vehicle to "out" the identity of a plaintiff who filed under a Jane Doe pseudonym. There is no explanation for the irrelevant content herein other than Defendant is writing a motion to include self-serving opinions about the merits of the claims and to expose Plaintiff's true identity, hoping to tarnish her reputation. Plaintiff respectfully requests that Defendant is admonished for defying the Court's Pseudonym Order, and that Defendant's motion to stay discovery is denied in its entirety or in the alternative, that Defendant is required to withdraw his motion and all accompanying exhibits and refile without such exhibits and accompanying content.

Dated: December 21, 2023
      New York, New York

                                       Respectfully submitted,

                                       **WIGDOR LLP**

                                       By: _/s/ Jeanne M. Christensen_
                                           Jeanne M. Christensen
                                           Meredith A. Firetog

                                       85 Fifth Avenue
                                       New York, NY 10003
                                       Telephone: (212) 257-6800
                                       Facsimile: (212) 257-6845
                                       jchristensen@wigdorlaw.com
                                       mfiretog@wigdorlaw.com

                                       *Counsel for Plaintiff*