

December 27, 2023

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

**Re: Doe v. Black: Case No. 1:23-cv-06418-JGLC**

Dear Judge Clarke:

  We represent defendant Leon Black ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Individual Rule 5, we write to respond to Plaintiff's letter-motion (ECF No. 79, the "Wigdor Redaction Letter") that (i) seeks permission to redact portions of Plaintiff's opposition (ECF No. 81, the "Opposition") to Defendants' memorandum in support of his motion to seal (ECF No. 75, the "Memorandum") and (ii) responds to Defendant's letter-motion to redact portions of the Motion (ECF No. 73, the "Initial Redaction Letter"). For the reasons set out below, Plaintiff's redaction requests should be rejected.

  For one, there is a significant timing problem with Plaintiff's position. In particular, the Wigdor Redaction Letter was filed ***more than a week*** after the deadline to respond to the Initial Redaction Letter had passed. Plaintiff provided no explanation for her dilatory filing, or even a *nunc pro tunc* request for an extension of time.[1] For these reasons alone, the Court should reject Wigdor's additional redactions to the Memorandum and accompanying Declaration of Susan Estrich (ECF No. 76) (the "Estrich Declaration").

  On top of that fatal impediment to the Wigdor Redaction Letter, almost all the claims Wigdor makes regarding our proposed redactions are demonstrably false. It is as if Widgor simply did not read our Initial Redaction Letter and did not review the redacted and/or sealed versions of the documents themselves. As detailed below, the redactions which Wigdor has proposed have more to do with blocking access to arguments that show their complaint to be contrived and untrue rather than protecting genuinely confidential information.

---

[1] Defendant filed the Initial Letter Motion on December 8, 2023. In it, we explained that under the Court's Individual Rule 5(d)(i), Plaintiff was required to submit a letter motion supporting their additional redactions within "three business days." Individual Rule 5(d)(i); ECF No. 73 at 1 (informing Plaintiff that "This letter-motion serves as notice of that [Rule 5(d)(i)] requirement."). Defendant separately notified Plaintiff of the applicability for Rule 5(d)(i) in an email dated December 8, 2023. Plaintiff never requested an extension of time from Defendant or the Court.

The Honorable Jessica G. L. Clarke
December 27, 2023

Wigdor claims that Defendant seeks to unseal the exhibits to the Estrich Declaration. ECF No. 81 at 1 ("Incredibly, under the auspices of the Stay motion, Defendant filed [the Memorandum] and attach[ments] to place on the public docket … information that identifies Ms. Doe's full name, date of birth, and other identifying and harmful information about her biological family.") *see* ECF No. 79 at 2 ("Defendant seeks to publicly publish actual Tweets from Plaintiff's now defunct Twitter").[2]

This is flatly untrue. As Defendant clearly stated weeks ago in the Initial Redaction Letter, "[b]ecause the exhibits to the Estrich Declaration are screenshots of Plaintiff's publicly available tweets that include identifying information about her, ***we propose redacting those exhibits in their entirety***." ECF No. 73 at 3 (emphasis added).

And that is exactly what we did. The exhibits were filed under seal, and no redactions were proposed.

Wigdor's main premise—that Defendant is attempting to make public information about Plaintiff's complete legal name, birthdate, biological family ancestry, religious beliefs and her medical condition in order to publicly identify her (ECF No. 79 at 1-2) —is also completely false. We note that Defendant did not oppose Plaintiff proceeding by pseudonym at this stage of the proceedings, and our proposed redactions are consistent with that position. Even the most cursory review of Defendant's proposed redactions (highlighted in green in the sealed versions of the documents) show that ***all*** references to Plaintiff's complete legal name, her Twitter handle and her date of birth were redacted. We have also redacted references to other names/aliases that the Plaintiff uses that could identify her. Regarding dates in general, out of an abundance of caution, Defendant proposed to redact the specific day in the date when referring to ***each and every one*** of Plaintiff's tweets, in order to protect her identity.

As we also stated in the Initial Redaction Letter, we propose redacting the bulk of the texts of Plaintiff's tweets when quoted in the Memorandum or the Estrich Declaration "in an attempt to protect Plaintiff's anonymity by preventing 'reverse engineering' of her identity from the text of those tweets, while still including the relevant parts of the tweet." ECF No. 73 at 3 (citing *Sec. & Exch. Comm'n v. AT&T Inc.*, 2022 WL 2340452, at *2 (S.D.N.Y. June 29, 2022)).

With respect to Plaintiff's "family ancestry," we have already proposed redacting all family names and actual countries of origin of Plaintiff's biological family, despite the fact that this information is publicly available on various websites. Those redactions are more than sufficient to protect Plaintiff's anonymity.[3] Plaintiff also seeks to redact information about the country of origin from which she falsely claims that various members of her family emigrated. We see no reason to

---

[2] Plaintiff's Twitter account is "now defunct" because, as stated in a portion of the Estrich Declaration that Plaintiff did not mark as a potential redaction, "Plaintiff deleted her Twitter account a few months prior to filing this action." ECF No. 76 at ¶ 5. In keeping with their scattershot redaction process, Plaintiff seeks to redact this exact point from page 6 of the Memorandum, while leaving it in the Declaration. ECF No. 75

[3] Paragraph 21 of the Estrich Declaration contains a reference to a specific location in the United States where Plaintiff's family has resided. Although not included in our initial proposed redactions, we agree with Wigdor that the reference to that location should be redacted in the Estrich Declaration and the Memorandum (at 7).

The Honorable Jessica G. L. Clarke
December 27, 2023

redact this information: there is nothing specific about that country or Plaintiff's claims of national origin that could identify the Plaintiff, particularly given that the information is not true.

We have similarly redacted information about Plaintiff's family's actual religion. We do not agree with Plaintiff that Plaintiff's public comments incorrectly identifying her family or ancestors as a different religion need to be redacted to protect Plaintiff's identity, and Plaintiff provides no reason why this information would do so. As for Plaintiff's religion, it is only referred to in generic terms, mostly in reference to Plaintiff's many public statements on social media about it. That religion is one of the world's major faiths, and there is nothing about that faith or the statements made about it in the Opposition and the Estrich Declaration that would allow anyone to identify Plaintiff because of her affiliation with it.

Again, contrary to Plaintiff's claims, we proposed redacting all references to any specific medical condition that Plaintiff claims to have had or currently has, and expressly stated that we were doing so in the Initial Redaction Letter. ECF No. 73 at 3 (explaining that Defendant's proposed redactions are intended to "protect information about Plaintiff's 'medical records, treatment and diagnosis,' an area of caution under SDNY's privacy policy.")[4]

It bears mention that although we have proposed careful redactions to avoid shedding light on Plaintiff's asserted medical conditions, it is *Wigdor* that has placed their client's medical condition squarely at issue, and her identity at risk, in what was a blatant attempt to elicit sympathy for their client. In the Complaint, Wigdor alleged front and center that Plaintiff is autistic, allegedly has a particularly rare form of Down syndrome, and is a purported victim of Jeffrey Epstein. ECF No. 1 ¶¶ 10, 37-45. This very unique combination of facts, which Wigdor has never sought to protect or redact, is far more capable of compromising Plaintiff's identity than any of the information that Wigdor seeks to redact despite our objections (the yellow highlighted material), particularly since we do not seek disclosure of any of Plaintiff's specific medical conditions.

Like her previous proposed redactions, Plaintiff proposes overbroad, inconsistent and near-nonsensical redactions to the Opposition. Such redactions are not in compliance with the Court's Rules and the applicable law. Individual Rule 5(c) ("To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents."); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (presumption of access to judicial records "can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing."); *Wiav Sols. Inc. v. HTC Corp.*, No. 19CV4978PGGKHP, 2021 WL 871415, at *2 (S.D.N.Y. Mar. 9, 2021) (rejecting proposed redactions that "go well beyond" the "sort of information" that was required to protect privacy

---

[4] We note that there is second reference to a specific condition in the first bullet point of Paragraph 11 of the Estrich Declaration that we inadvertently did not initially designate as a proposed redaction. We agree with Wigdor that this second reference to the name of the condition should also be redacted.

The Honorable Jessica G. L. Clarke
December 27, 2023

interests). Plaintiff's proposed redactions go well beyond protecting information required to protect Plaintiff's anonymity.[5] As just a few examples:

- On page 1, Wigdor proposes redacting generic language describing what was "attached" to the Estrich Declaration, despite stating publicly in the Wigdor Redaction Letter that there were "over a dozen exhibits of now-deleted Tweets" attached to the Estrich Declaration. ECF No. 79 at 1. Further, the information is a matter of public record—a cursory check of the public docket on PACER indicates that Exhibits 1-16 were attached to the Estrich Declaration and were sealed. *See* Docket entry, ECF No. 78;

- On pages 5-6, Plaintiff proposes redacting an entire paragraph that contains multiple direct quotes from one of the headings and paragraphs 4 and 6 of the Estrich Declaration, that Plaintiff did not previously seek to redact and were already filed publicly in the Estrich Declaration. ECF No. 76 at p. 2 (Heading I); ¶¶ 4, 6.[6] Beyond the agreed-upon redactions (green highlights) there is no information in those paragraphs/pages that would potentially compromise Plaintiff's identity;

- In the block quote on page 6, Wigdor includes among its proposed redactions a portion of paragraph 12 of the Estrich Declaration that it did not previously mark as a proposed redaction. ECF No. 76 ¶ 12. Further, Wigdor inexplicably seeks to redact the citation to the Estrich Declaration itself (the paragraph numbers), a tactic it uses throughout the Opposition;

- In footnote 4 on page 7, Plaintiff seeks to redact language that is no more than a summary of her publicly filed claims in the Complaint; and

- On page 8, Plaintiff seeks to redact its request to the Court and more citations to the record, none of which contain any identifying information.

ECF 81. The remainder of Wigdor's additional redactions generally consist of arguments, descriptions and general statements that do not contain information that could identify the Plaintiff and should not be redacted.

---

[5] To the extent Plaintiff argues that the documents (a declaration and a memorandum in support of a motion) are not "judicial documents," she is incorrect. A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F. 3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The documents in question here are relevant to the process of deciding Defendant's motion to stay, including need to limit discovery to the issue of whether there is a good faith basis for Plaintiff's allegations, an area within the Court's discretionary power over discovery. As such, they are judicial documents. *Lugosch* 435 F.3d at 122 ("relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies") (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir.1987)).

[6] In her proposed redactions, Plaintiff puts quotes around a single word, citing to the Estrich Declaration, but that word does not appear in either the Estrich Declaration or the Memorandum, so it is unclear who Plaintiff is quoting in that instance.

The Honorable Jessica G. L. Clarke
December 27, 2023

      We have submitted, along with this letter response, our proposed redactions to the Opposition, which we believe are more than sufficient to protect Plaintiff's anonymity. As with the Memorandum and the Estrich Declaration, our proposed redactions (all of which were also proposed by the Plaintiff) are included in green highlight, and the remainder of Plaintiff's proposed redactions, which we do not consent to and are not necessary to protect the Plaintiff's identity, are included in yellow highlight. We regret that the Court will apparently have to review these redactions one-by-one, but that task seems unavoidable given Plaintiff's failure to seek consistent and reasonable redactions.

      To the extent that Plaintiff's letter implies that we reviewed and approved Plaintiff's proposed redactions to the Opposition, that is not the case: Plaintiff's counsel did not provide us with a copy of the Opposition and their proposed redactions before filing, a courtesy we have provided to them. Instead, at 4:39 pm on December 21, Plaintiff's counsel emailed us and stated that they "intend[ed] to file the entire opposition under seal along with a letter noting our objections to your previous letter motion and in support of the sealing." They asked us if we consented to that sealed filing. We responded that we did not consent to sealing the entire filing and instead believed that the Opposition should be filed with appropriate redactions. Having now had the opportunity to review Wigdor's proposed redactions, the idea that they sought to seal the ***entire memorandum*** just hours before filing the current redacted version shows the lack of concern and respect that Wigdor has for this process.

      For these reasons, Defendant respectfully requests that the Court reject Plaintiff's overbroad redactions to the Memorandum, the Estrich Declaration and the Opposition, and instead order the parties to file those documents with the more limited redactions that Defendant proposes.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

/s/ *Susan Estrich*
Susan Estrich

ESTRICH GOLDIN LLP
947 Berkeley St.
Santa Monica, CA 90403
(213) 399-2132

*Counsel for Defendant Leon Black*