UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>v.<br><br>LEON BLACK,<br><br>       Defendant. | Case No. 1:23-cv-06418 |

# DEFENDANT LEON BLACK'S REPLY IN FURTHER SUPPORT
# OF MOTION FOR A STAY OF DISCOVERY

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
(213) 399-2132

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
(212) 849-7000

PERRY LAW
E. Danya Perry
Peter A. Gwynne
157 East 86th St., 4th Floor
New York, NY 10028
(212) 213-3070

*Counsel for Defendant Leon Black*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

I.     DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF
DEFENDANT'S MOTION TO DISMISS ........................................................................2

    A.     Plaintiff Ignores The Facts Establishing A Fraud On The Court ...........................2

    B.     The Fact That Plaintiff "Opposes" The Motion To Dismiss Is Not Grounds
For Denying A Stay Of Discovery ............................................................................5

    C.     Fact Discovery Would Impose A Substantial Burden .............................................7

    D.     Plaintiff Faces No Risk Of Unfair Prejudice In The Event Of A Stay ....................9

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

## Cases

*Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*,
   2008 WL 5099957 (S.D.N.Y. Dec. 3, 2008) ...................................................................8

*Spiro ex rel. Estate of Torres v. Healthport Technologies, LLC*,
   73 F. Supp. 3d 259 (S.D.N.Y. 2014) ...............................................................................7

*Golightly v. Uber Techs., Inc.*,
   2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021) .................................................................6

*Guiffre v. Maxwell*,
   2016 WL 254932 (S.D.N.Y. Jan. 20, 2016) ....................................................................6

*Mirra v. Jordan*,
   2016 WL 889559 (S.D.N.Y. Feb. 29, 2016) ....................................................................6

*New York by James v. Pennsylvania Higher Educ. Assistance Agency*,
   2020 WL 605944 (S.D.N.Y. Feb. 7, 2020) ......................................................................5

*Republic of Turkey v. Christie's, Inc.*,
   316 F. Supp. 3d 675 (S.D.N.Y. 2018) .............................................................................6

*Sec. & Exch. Comm'n v. Cohen*,
   332 F. Supp. 3d 575 (E.D.N.Y. 2018) .........................................................................7, 8

*Trs. of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*,
   2019 WL 6912282 (S.D.N.Y. Dec. 19, 2019) .................................................................7

## Rules / Statutes

Individual Rule 5(d)(i) ..............................................................................................................3

New York Constitution .............................................................................................................6

New York State's Child Victims Act ....................................................................................5, 6

Defendant respectfully submits this reply memorandum of law in further support of his motion for a stay of discovery pending the Court's resolution of his Motion to Dismiss.

## PRELIMINARY STATEMENT

Defendant's moving papers showed that a stay of discovery pending resolution of his motion to dismiss is fully warranted under settled case law in this Circuit, especially in view of the fraud on the Court that Defendant has detailed. Defendant's motion to dismiss conclusively shows that Plaintiff's claims are untimely as a matter of law and, if resolved in his favor, will completely obviate the need for discovery which, based on Plaintiff's counsel's past behavior, will undoubtedly be used for the improper purpose of generating scandalous and reputationally ruinous tabloid fodder. And, Plaintiff does not and cannot credibly articulate a single way in which she would be prejudiced by a stay of discovery—because she will not be.

Rather than attempt to meaningfully refute Defendant's legally and factually substantiated arguments, Plaintiff spends more than half of her Opposition campaigning to maintain Jane Doe status—an issue that is not before the Court on this motion and which, when it was actually before the Court, Defendant did not even contest. In that vein, Plaintiff baselessly accuses Defendant of attempting to expose her identity and supposedly breaching a Court order by "attach[ing] 16 exhibits to place on the public docket filled with information that identifies Ms. Doe." That is grossly misleading. As written correspondence, including correspondence with the Court, reflects, Defendant did *not* seek to file attachments identifying Doe on the public docket; instead, Defendant willingly agreed to file *all 16 exhibits under seal* and to apply redactions to the other filings that were specifically designed to protect Doe's identity and to ensure full compliance with the Court's order authorizing Plaintiff to proceed anonymously. Plaintiff's latest filing is just another example of her and her counsel's blatant disregard for the truth. Applying its broad discretion, the Court should stay discovery.

1

In the alternative, if the Court does not stay discovery in its entirety, given the faulty foundation of Plaintiff's allegations, discovery should be limited or phased so as to first determine whether there even exists a good faith, objectively reasonable basis for the central elements of Plaintiff's claims.  As described in Defendant's opening brief and in Defendant's motion for sanctions, soon after the Complaint was filed, Defendant began investigating the sensational allegations brought by a Plaintiff who Defendant has never even met.  To date, Defendant has not found even a shred of evidence supporting Plaintiff's allegations.  Quite the contrary, easily obtained evidence utterly refutes key details in the Complaint and shows them to be patently and unequivocally false.  Accordingly, if any discovery is permitted to proceed at this point, it should be limited to threshold issues to determine whether any basis exists for Plaintiff's outlandish and severely damaging allegations.

## ARGUMENT

### I. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS

#### A. Plaintiff Ignores The Facts Establishing A Fraud On The Court

The majority of Plaintiff's opposition brief focuses not on Defendant's arguments for a stay of discovery but rather on preserving Plaintiff's Jane Doe status, which is not at issue here. Plaintiff's counsel ignores the facts establishing a fraud on the Court, presumably because it conducted no investigation at all, and instead wrongly claims that Defendant's motion "serve[s] a sole purpose: to allow the public and specifically the media to swiftly identify Ms. Doe." *See* ECF No. 80 ("Opp.") at 2, 5.  The record reveals this simply is not true.

Prior to filing his Motion to Stay, counsel for Defendant conferred with counsel for Plaintiff regarding redactions, at which time Plaintiff demanded sweeping redactions to the Motion and the Estrich Declaration and full sealing of all exhibits, threatening to file an emergency motion to seal

if Defendant did not acquiesce. While Defendant agreed to redactions protecting Doe's identity, including filing all exhibits under seal, the majority of Plaintiff's additional proposed "redactions" served no purpose other than preventing public view of facts that totally undermine the Plaintiff's case (but that have nothing to do with Plaintiff's identity). To avoid burdening the Court with an unwarranted emergency motion, Defendant temporarily applied Plaintiff's counsel's suggested redactions in their entirety, expecting that Plaintiff would follow the Rules and submit a letter to the Court within three days justifying the additional redactions she insisted upon.[1]

In fact, Defendant's proposed redactions are aimed precisely at protecting Plaintiff's anonymity and are all that is necessary to do so. These include, *inter alia*, sealing of all exhibits which contain Plaintiff's Twitter posts; redacting all Twitter handles, Plaintiff's exact birthday, most of the text of public tweets, and the exact dates of the public tweets; and excluding all links to internet achieves. Plaintiff incorrectly represents the exact opposite in her opposition. Opp. at 7 ("Redacting her full name does little when the remainer [sic] of the memorandum of law contains specific links to internet archives, Twitter handles, and other identifying information, such as posts on her birthday, with the date of the post included, all designed so that the media and public can identify who Ms. Doe is."). As a result of this imaginary transgression, Plaintiff seeks the extreme remedy of the Court striking paragraphs from Defendant's filings, including paragraphs that do not even exist. *Compare* Opp. at 8 ("Plaintiff respectfully requests that paragraphs 15-22 and 24-37 be stricken in their entirety from Defendant's counsel's declaration (ECF 76)") *with* ECF 76 (containing just 35 paragraphs).

In seeking Jane Doe status, Plaintiff's counsel claimed in a declaration that Plaintiff has

---

[1] In violation of Individual Rule 5(d)(i), Plaintiff failed to file a letter three business days after the filing of Defendant's letter-motion to file under seal explaining the need for the additional proposed redactions to the documents.

3

never spoken publicly about the subject matter of this Complaint; while we now know that she has, repeatedly. Plaintiff's counsel has not withdrawn that false declaration. Regardless, Defendant's intent upon filing his motion was not to deny Plaintiff her Jane Doe status. Defendant accepted all of the redactions that were directed towards protecting Doe's identity, and only rejected redactions that were completely frivolous and without merit. For example, Defendant rejected Plaintiff's proposed redactions to: Defendant's preliminary statement, *see* ECF No. 77 ("Mot.") at 1-3; factual background citing to Plaintiff's Complaint and other public docket entries, *id.* at 5-9; Defendant's legal argument which already appears publicly in his Motion to Dismiss, *id.* at 11; and parenthetical case descriptions, *id.* at 13. Plaintiff cannot possibly allege that these redactions are necessary to protect her identity. Nor could "personal opinions about the war in Ukraine, what religion [Plaintiff] practices, or what her biological family members' religious beliefs are," Opp. at 7, be used to reverse engineer Doe's identity, as Plaintiff claims. Indeed, if Plaintiff had her way, more than half of Defendant's motion would be redacted, undermining the public's right of access to judicial documents.

Even more troubling is Plaintiff's claim to know Defendant's intent, stating "[t]here is no doubt that Defendant intends to and is in fact, threatening and intimidating Ms. Doe in this moment to cause her additional and ongoing harm." Opp. at 8. Defendant included evidence of his investigation that contradicts Plaintiff's claims not to "threaten and intimidate," but to support his request that discovery, if it is not stayed, be limited to the foundational elements of Plaintiff's false allegations. As discussed in his opening brief, Defendant's initial investigation has eviscerated the key allegations in this scandalous Complaint, namely, that Plaintiff, as a 16-year-old with autism and Mosaic Down Syndrome, was groomed by her cheerleading coach and trafficked to Jeffrey Epstein, flying on his private jet and visiting his properties nearly every weekend, including

4

countless Mondays and Fridays when her family insists she was in school. Indeed, Plaintiff's own family and other information that has been gathered unequivocally establish that none of these things are true. The evidence and exhibits that Defendant included in his Motion to Stay illustrate a pattern of lies and attention-seeking behavior, which an elementary pre-filing investigation would have revealed. While Plaintiff takes issue with the "highly personal" nature of the evidence presented by Defendant, Opp. at 6, it is *Plaintiff* who put these sensitive topics at issue in filing her public Complaint. Defendant is entitled to defend himself against such horrific allegations by seeking either a stay of discovery or appropriate limits on the process, which are within the Court's discretion to grant.

Counsel has an obligation to conduct a reasonable inquiry before lodging such heinous, life-ruining allegations. Wigdor plainly did not do so; *it has never even pretended that it did*. If the Court does not stay discovery in its entirety, then it should limit discovery solely for the targeted purpose of determining what basis, if any, Plaintiff has for bringing this case.

### B. The Fact That Plaintiff "Opposes" The Motion To Dismiss Is Not Grounds For Denying A Stay Of Discovery

Doe's primary argument against a stay is that the Court cannot grant a stay because she "vigorously opposes Black's motion to dismiss." Opp. 11. The standard is not whether Plaintiff raises arguments in opposition to the motion to dismiss (by that standard no motions for a stay pending a motion to dismiss would ever be granted), but "whether a defendant has made a strong showing that the [plaintiff's] claim is unmeritorious." *New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020). Defendant has met this standard.

Defendant's Motion to Dismiss makes a strong showing that Plaintiff's claims should be dismissed as untimely as a matter of law. It is undisputed that the alleged assault occurred more

than 21 years ago, that the revival period of New York State's Child Victims Act ("CVA") expired prior to Plaintiff bringing this suit, and that under the New York Constitution, municipal ordinances cannot conflict with the laws of New York State.  Plaintiff attempts to cure her untimeliness by invoking a recently enacted New York City law that purports to revive otherwise time-barred Victims of Gender Motivated Violence Protection Law ("VGMVPL") claims if they are commenced in a two-year window extending from March 2023 to March 2025.  But as set forth further in Defendant's memorandum of law in support of his motion to dismiss, New York City's newly enacted law directly contradicts New York State's CVA; thus, the New York City law Plaintiff relies upon is preempted by CVA.

Unlike Defendant's Motion to Stay, which relies on dismissal as a matter of law based on preemption, the cases Plaintiff cites in support of her claim are inapplicable because they sought stays pending fact-intensive motions to dismiss.  See *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (motion to stay based on motion to dismiss alleging pleading deficiencies and the applicability of the self-defense and pre-litigation privileges); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018) (motion to stay based on motion to dismiss for failure to meet pleading standard); *Mirra v. Jordan*, 2016 WL 889559, *2 (S.D.N.Y. Feb. 29, 2016) (motion to stay based on jurisdictional motion to dismiss requiring a "fact specific" analysis); *Golightly v. Uber Techs., Inc.*, 2021 WL 3539146, at *5 (S.D.N.Y. Aug. 11, 2021) (motion to stay based on motion to dismiss in favor of arbitration which requires an in-depth analysis and "cannot be answered from the face of the complaint or the documents incorporated by reference.").  In contrast, Defendant's motion to dismiss is based on a wholly legal analysis of whether New York City's 2022 amendment to the VGMVPL, under which Plaintiff brings her claim, is preempted as to minor victims like Plaintiff, because it conflicts with the different window

6

for the same claims set by New York State in the CVA Revival Provision.

Courts have routinely stayed discovery where, as here, the underlying dismissal motion turns purely on a matter of law, such as the statute of limitations. *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, 2019 WL 6912282, *1 (S.D.N.Y. Dec. 19, 2019) (staying discovery in part pending the outcome of a motion to dismiss based on statute of limitations); *Sec. & Exch. Comm'n v. Cohen*, 332 F. Supp. 3d 575, 587 (E.D.N.Y. 2018) (finding plaintiff's arguments against the motion to dismiss "unavailing" and staying discovery, stating "[a]llowing discovery to proceed with respect to claims that appear to be time-barred on the face of a plaintiff's complaint would constitute 'entertain[ing]' those claims" which the statute of limitations "clearly prohibits"). Allowing discovery to proceed despite time barred claims contravenes the goal of statutes of limitations, which are designed to prevent cases from proceeding where documents and witnesses are too stale to be reliable. *Spiro ex rel. Estate of Torres v. Healthport Technologies, LLC*, 73 F. Supp. 3d 259, 277-78 (S.D.N.Y. 2014) (noting "the important policy considerations underlying New York's statute of limitations" are to "protect parties from the prosecution of stale claims, when, by loss of evidence from death of some witnesses, and the imperfect recollection of others, or the destruction of documents, it might be impossible to establish the truth") (quotation marks and citations omitted).

### C.     Fact Discovery Would Impose A Substantial Burden

Plaintiff's other principal argument against a stay is that because the litigation involves a single plaintiff and a single defendant's own conduct, discovery cannot be deemed a substantial burden. Opp. 12. Plaintiff overlooks the history of the parties and the peculiar approach she has taken to discovery to date. First, this is the third action Wigdor has filed against Defendant, with each action alleging more despicable and outlandish claims than the one before and bringing a tide of media frenzy. In past experiences with Wigdor, Defendant has been subjected to leaked

7

information and media harassment at the hands or encouragement of Wigdor. Given the history, and the subject matter, there is every reason to expect that discovery in this case will be used by Plaintiff as tabloid fodder.

Second, Plaintiff stresses that because there is only one plaintiff and one defendant in this case, discovery will be limited, yet Plaintiff has already indicated an intent to seek far-reaching discovery by subpoenaing a non-party[2] who is nowhere mentioned in the Complaint and has no connection to Plaintiff's allegations. In none of the cases cited by Plaintiff did a party seek a deposition of a non-party with no connection to an event that allegedly took place over two decades old ago without first attempting to obtain information through less burdensome and intrusive means such as interrogatories or requests for production. The fact that Plaintiff has immediately sought a deposition—much less a deposition of a non-party who wasn't even associated with Defendant at the time—without first attempting to gain written discovery itself suggests that Plaintiff has the improper purpose of using discovery to harass Defendant. *See Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008) ("[C]ourts should not allow litigants to manipulate the federal judicial system's liberal deposition procedures to harass their adversaries.").

Finally, requiring depositions while a motion to dismiss based on the statute of limitations is pending is in itself especially burdensome. A case arising from events more than two decades ago inherently raises difficult issues for discovery. These issues, and the costs and risks associated with them, can be minimized or altogether avoided if discovery is stayed or at least limited at this early stage. Allowing discovery to proceed, by contrast, means "entertain[ing] those claims" which the limitations period prohibits. *Sec. & Exch. Comm'n v. Cohen*, supra, 332 F. Supp. 3d

---

[2] Melanie Spinella is an employee of Elysium Management LLC, the Black family office.

575, 587 (E.D.N.Y. 2018)

### D. Plaintiff Faces No Risk Of Unfair Prejudice In The Event Of A Stay

Plaintiff fails to identify a single way in which she will be prejudiced by a stay of discovery, arguing only that the lack of prejudice alone is not sufficient to warrant a stay of discovery. Opp. at 13-14. Indeed, there is zero risk of unfair prejudice to Plaintiff, who has already waited over 20 years to bring her claims. But the prejudice to Defendant, given all of these circumstances, would be severe if a stay is not entered, or discovery at least limited. *See* Mot. at 11-13.

### CONCLUSION

For the above reasons and those in Defendant's opening brief, Defendant respectfully requests that the Court grant his motion for a stay pending resolution of his motion to dismiss.

Dated: December 29, 2023
New York, New York

/s/ Susan Estrich

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
Tel: (213) 399-2132
susan@estrichgoldin.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
Tel: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

PERRY LAW
E. Danya Perry
Peter A. Gwynne
157 East 86th St., 4th Floor
New York, NY 10028

9

Tel: (212) 213-3070
Facsimile: (646) 849-9609
dperry@danyaperrylaw.com
pgwynne@danyaperrylaw.com

*Counsel for Defendant Leon Black*