

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

March 4, 2024

**Via ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

**Re: *Doe v. Black*, No. 1:23-cv-06418-JGLC: Notice of Supplemental Authority**

Dear Judge Clarke:

We represent defendant Leon Black ("Defendant") in the above-referenced matter. Pursuant to Rule 2(a) of Your Honor's Individual Rule and Practices in Civil Cases, we write to provide the court with supplemental authority squarely supporting Defendant's motions to dismiss (ECF Doc. No. 40) and to stay discovery (ECF Doc. No. 74) on the basis that Plaintiff's claims under the revival provision of a New York City statute are preempted by State law and are therefore time-barred.

In particular, attached as **Exhibit A** to this notice is a true and correct copy of Judge Kaplan's recent Memorandum and Order in *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), issued on February 21, 2024.[1] In that decision, Judge Kaplan held that the recently enacted revival provision of New York City's Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code § 10-1105(a), is preempted by the revival provisions contained in New York State's Child Victims Act ("CVA"), N.Y. C.P.L.R. § 214-g, and the Adult Survivors Act ("ASA"), N.Y. C.P.L.R. § 214-j, "substantially for the reasons set forth by the defendant" in that case, citing to pages 13-16 of the defendant's memorandum of law in support of his motion to dismiss. Ex. A at 3.

A copy of the defendant's memorandum on which Judge Kaplan relied is attached as **Exhibit B** to this notice.[2] The adopted portion of the memorandum explains that the CVA and ASA "clearly occupy the field regarding the revival of claims derived from state penal sexual assault law," including because the plain language of the CVA applies to "every civil claim or cause of action" alleging sexual offenses against a minor, and that it applies "notwithstanding any provision of law which imposes a period of limitation to the contrary." Ex. B at 14-15.

The *Bellino* decision and the adopted portion of the defendant's memorandum are directly on point with respect to the preemption arguments raised in Defendant's motion to dismiss in this case, and

---

[1] The Memorandum and Order is available via ECF and is document number 7 on the *Bellino* docket.

[2] The memorandum is available via ECF and is document number 6 on the *Bellino* docket.



E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

further support the need to stay discovery pending the outcome of the motion to dismiss that is at issue in Defendant's motion to stay.

The adopted portion of the memorandum also makes clear that *Doe v. Gooding*, 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022), and *Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021), on which the Plaintiff here relied heavily in her opposition to Defendant's motion to dismiss, do not support Plaintiff's contrary position on preemption. Ex. B at 15 ("the 2022 VGMVPA amendment does exactly what the First Department [in *Engelman*] says the VGMVPA did not do – extend the statute of limitations for civil actions based on a particular class of sexual assault claims."); *see id*. at 15-16 (noting that *Doe's* reliance on the City's police power did not permit the City Counsel "to adopt a law which is inconsistent with a State statute.") (quoting *New York City Health & Hosps. Corp. v. Council of City of New York*, 303 A.D.2d 69, 74 (1st Dep't 2003).[3]

We thank the Court for its attention to this matter.

Respectfully submitted,

E. Danya Perry

Cc:     All counsel (via ECF)
Encls.

---

[3] We note that shortly after the court issued its decision in *Bellino*, the plaintiff in that case, who did not submit any opposition to the motion, claimed that the motion was not properly served and asked that the decision be stricken. We will continue to monitor the *Bellino* docket and will supplement this notice as necessary. Plaintiff's letter is available via ECF and is document number 9 on the *Bellino* docket. The defendant's response is document number 10 on the *Bellino* docket.