UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
JANE DOE,                                                    :
                                                             :
                          Plaintiff,                         :   Civil Action No. 23-cv-06418-JGLC
                                                             :
          v.                                                 :
                                                             :
LEON BLACK,                                                  :
                                                             :
                          Defendant.                         :
                                                             :
------------------------------------------------------------ X
```

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff respectfully submits this Memorandum of Law in Support of her motion for leave to amend the Complaint and file a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 15(a).[1] The proposed FAC includes additional supporting allegations about the underlying events and clarifies allegations regarding Ms. Doe's trafficking. The FAC does not contain additional causes of action or add other parties. The Court should exercise its broad discretion available pursuant to Rule 15(a) and permit Plaintiff to file the proposed FAC.

**ARGUMENT**

**I.    The Liberal Standard for Leave To Amend**

Rule 15(a) provides that leave to amend "shall freely be given when justice so requires." Rule 15(a)(2). The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), *aff'd in part, vacated in part on other grounds*, 609 F.3d 467 (2d Cir. 2010). In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason

---

[1] All references to the Complaint refer to Dkt. No. 1. Pursuant to Local Rule 15.1(a), attached to the Declaration of Jeanne Christensen as Ex. A is a redlined copy of the proposed FAC, and Ex. B is a clean copy.

to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Under Rule 15(a), there is a well-established "presumption in favor of granting leave" to amend. *See Sigmund v. Martinez*, No. 06 Civ. 1043 (RWS) (MHD), 2006 WL 2016263, at *1 (S.D.N.Y. July 13, 2006) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also In re United Brands Co. Sec. Litig.*, 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it."). Motions to amend pleadings under Rule 15 are liberally granted to further this Circuit's "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (*quoting Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)). Further, the decision whether to grant leave to amend a pleading is within the sound discretion of the district court and shall be granted freely absent a showing of undue delay, bad faith or dilatory tactics. *See Foman*, 371 U.S. at 181.

## II.   Procedural Status of the Action

Ms. Doe filed this action on July 25, 2023. To date, there has been no discovery. On September 20, 2023, Black filed a motion for sanctions pursuant to Rule 11. Dkt. No. 22. That motion is fully briefed and pending. On September 29, 2023, Black filed a motion to dismiss on the grounds that the Complaint's cause of action, a violation of the VGMVPL, is untimely because he claims that New York's Child Victim's Act ("CVA") preempted the VGMVPL's provision extending the time to commence actions under this statute. Dkt. No. 40. The motion to dismiss also is fully briefed. After Plaintiff noticed depositions for Defendant and a non-party, on

2

December 8, 2023, Black filed a motion to stay discovery. Dkt. No. 74. That motion is fully briefed and pending. Accordingly, no discovery has taken place in this action.

### III. Defendant Will Not Suffer Substantial Prejudice

The Supreme Court determined that in the absence of "undue delay, bad faith or dilatory motive," leave to amend should be freely given. *Foman*, 371 U.S. at 182; *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) ( A court may deny leave to amend "where the motion is made after inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties."). Because the rule is interpreted liberally, amendment is normally permitted, especially where, as here, discovery has not even started. *See Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995); *Smith v. Bowers*, 337 F. Supp. 2d 576, 579 n.1 (S.D.N.Y. 2004) (granting leave to amend complaint to add additional plaintiff where "no prejudice would result to [d]efendants"); *Doe v. Pataki*, 3 F. Supp. 2d 456, 473-74 (S.D.N.Y. 1998) (granting leave to amend complaint to add a proposed additional class of plaintiffs where defendants did not establish, among other things, undue delay or prejudice).

Plaintiff is not amending her complaint in bad faith or with a dilatory motive. The case is in its initial stages. Defendant's motion to dismiss is pending and thus he has not yet filed an Answer and no discovery has taken place. Notably, Defendant's motion to dismiss did not contend that Plaintiff failed to state a claim based on the allegations in her Complaint, and thus the clarifications to existing allegations in the proposed FAC would not impact the substance of that motion.[2] Dkt. No. 40.

---

[2] Defendant's basis for dismissal is that Plaintiff filed outside of the applicable statute of limitations. See Def's Reply Brief, Dkt. No. 70 at 1 (Plaintiff "did not comply with the two-year revival window (from August 2019 to August 2021) created by New York State in the Child Victims Act, which applies to "every civil claim … brought against any party" based on specified sexual assaults against minors "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." N.Y. C.P.L.R. § 214-g (CVA Revival Provision).").

3

The proposed amendments do not add causes of action or additional parties but rather clarify and provide context to the existing allegations. For example, in connection with the existing allegations about other legal actions in which Defendant's close relationship to Epstein has been examined, including in connection with Epstein's island known as Little St. James, several more allegations were added. Ex. A, ¶¶ 108-114.[3] See *Kleeberg v. Ebert*, 331 F.R.D. 302, 319 (S.D.NY. May 23, 2019) ("Because Plaintiffs had already referred to this allegation in the SAC, the Court finds no prejudice in allowing Plaintiffs to add facts supporting the allegations….").

Because the motion to dismiss relates solely to a constitutional law question and no discovery has taken place, Defendant cannot claim that amending the complaint at this juncture will hinder his preparation of his defense or otherwise create any undue burdens in discovery. An amendment to the pleadings will not affect any timeframes or interfere with the flow of litigation in this matter. In *Kleeberg,* the court permitted plaintiffs to file an amendment even after discovery was completed where the court found no prejudice to defendants and further found that allowing the amendments was not futile. *Id.* at 322. Because Plaintiff's proposed amendment will similarly not have a prejudicial impact on Defendant or the case, the Court should grant Plaintiff's motion.

IV.     **The Efficient Administration of Justice Requires Leave To File The FAC**

The added allegations expand on the existing alleged facts in the Complaint and therefore are not futile. Because the added allegations will not burden or unduly delay the litigation of this matter, allowing Plaintiff to file the proposed SAC will promote the interests of justice. Given the

---

[3] Further, these allegations are based on information in the public record and therefore Defendant cannot claim prejudice.

4

absence of undue prejudice to Defendant, allowing the filing of the SAC is entirely in keeping with the liberal amendment policies of Rule 15 as interpreted by the Second Circuit.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to amend her complaint and accept the proposed FAC.

Dated: August 20, 2024
      New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _/s/ Jeanne Christensen_

    Jeanne M. Christensen
    Meredith A. Firetog

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff*