

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

August 23, 2024

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

*The Clerk of Court is directed to unseal ECF Nos. 91, 92, 92-3, and 93. ECF Nos. 92-1 and 92-2 shall remain under seal pending the Court's decision on Plaintiff's motion for leave to amend.*

Dated: August 26, 2024
New York, New York

SO ORDERED.

*Jessica Clarke* (signature)

JESSICA G. L. CLARKE
United States District Judge

Re: *Doe v. Black*, No. 1:23-cv-06418-JGLC – Letter re: Sealing

Dear Judge Clarke:

We represent defendant Leon Black in this matter. We submit this letter in response to Plaintiff's August 20, 2024, letter (ECF Doc. 90) regarding sealing the versions of the proposed amended complaint (ECF Doc. 92-1 and 92-2) filed as part of Plaintiff's motion to amend (ECF Doc. 91).

### I.     Relevant Background

The proposed amendments are merely the latest salvo in the systematic, multifront, and misguided smear campaign against Mr. Black being waged by Plaintiff and her counsel, Wigdor LLP ("Wigdor"). This is the third lawsuit that Wigdor has brought against Black, each time falsely accusing him of ever more heinous acts, which Wigdor then immediately publicizes in a blatant effort to damage and denigrate Mr. Black. When Mr. Black prevails, as he did when the First Department held that similar allegations in Wigdor's first case against Black should have been stricken as "scandalous and prejudicial, and not necessary to establish any element of plaintiff's causes of action" and that Wigdor's motion for leave to amend to add additional scandalous allegations should have been denied, Wigdor simply substitutes litigants and brings even more false claims, using the courts to shield itself from accountability. *Ganieva v. Black*, 189 N.Y.S.3d 105, 106 (2023). Plaintiff and Wigdor filed this case, the firm's only remaining lawsuit against Black, more than one year ago, giving voice to yet more outlandish and salacious falsehoods that were deliberately dreamed up by a troubled litigant and her counsel in contravention of Wigdor's duty to investigate, as our pending sanctions motion demonstrates. But it had the desired impact, getting airtime in the press and inflicting serious harm on Mr. Black and his family.

As Wigdor admits, its proposed amendment does not add any new claims, does not address any pleading deficiencies, and has absolutely no effect on the pending motion to dismiss. Nor could it, because Mr. Black seeks dismissal on purely legal grounds: the New York City revival period Plaintiff attempts to invoke is preempted by New York State law, which imposed a different, and now expired, revival period for the same claims.[1]

---

[1] As Judge Kaplan ruled when considering this exact issue, "the limitations provision under the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act." *See* ECF Doc. 85; 85-1 (notifying the Court of this supplemental authority). Judge Kaplan denied a subsequent motion to amend on the grounds of futility and dismissed the case. The plaintiff appealed, but the appeal has not been briefed.

The Honorable Jessica G. L. Clarke
August 23, 2024

Plaintiff's and Wigdor's proposed amended complaint adds nothing to Plaintiff's claim except more lurid, entirely fabricated "details," packaged and presented in a media-friendly format. The relevant new allegations are not based on new evidence, and there is no reason why—if true—they could not have been included in Plaintiff's original complaint. Plaintiff's proposed amended complaint—10 months after her time to amend as of right has passed—is nothing more than an attempt to garner media attention and manufacture scandal, intentionally submitted in an attempt to beat the clock on potential dismissal. The amended complaint makes false and spiteful allegations against her former cheerleading coach and, for the first time, Plaintiff's own family— her revenge for the information and evidence they provided to the defense that gives the lie to many of Plaintiff's claims. As detailed in the motion for sanctions, Plaintiff's family and "Elizabeth" confirmed that Plaintiff never lived with "Elizabeth" during high school. ECF Doc. 54 at 8. Her family also stated that Plaintiff "assumed a series of different names and personas," has "a history of making up alternate realities, and frequently invents things that . . . 'become[] her reality,'" only began displaying autistic behavior "in her twenties, and did so intentionally," and "first claimed to have Mosaic Down Syndrome when she was in her thirties, after a cousin posted on social media about her child with Down Syndrome and received positive support and attention." *Id.* at 8-9.

Wigdor's and Plaintiff's attempt to further attack Mr. Black, when combined with the fact that the new allegations have no real impact on either Mr. Black's pending motion to dismiss or Plaintiff's claim, require the Court to keep the proposed amended complaint sealed, at least until the pending motion to dismiss and/or the motion to amend is decided. We address these issues in detail below.

Before doing so, we must note that Wigdor misrepresents our position in its letter. At 4:54 pm on Monday, August 19, 2024, Ms. Christensen sent a redline (and only a redline) of the proposed amended complaint to only three of Mr. Black's attorneys, one of whom is on parental leave. She set an artificial deadline (the next day at noon) for counsel to review the document. We responded a few hours later, insisting that Wigdor "file *the draft pleading* under seal in order to give us an adequate opportunity to evaluate it and take whatever steps are necessary to ensure that any material protected from disclosure under the Second Circuit's *Lugosch* standards are satisfied" (first emphasis added). Ms. Christensen did not respond and instead filed *all* the motion papers under seal. We have reviewed the other filings (ECF Doc. 91, 92, 92-3 and 93) and have no objection to them being unsealed. We seek only to keep the filed clean and redline versions of the proposed amended complaint (ECF Doc. 92-1 and 92-2) sealed.

## II. Argument

A three-step process governs the Court's sealing analysis. "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The proposed amended complaint is, of course, a judicial document entitled to some presumption of access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-121 (2d Cir. 2006). As such, "the court proceeds to determine the weight of the presumption of access to that document" and it then "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59.

Sealing—at least pending the Court's ruling on other motions—is warranted under these standards. The weight of the public access presumption is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

The Honorable Jessica G. L. Clarke
August 23, 2024

monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The privacy interests of Mr. Black and the third parties, as well as the vengeful and vindictive nature of the "new" allegations—not to the mention the fact that they are completely made up—weigh strongly against allowing access. This is particularly true because Plaintiff's claim is subject to dismissal (as well as the pending Rule 11 sanctions motion), and the new allegations (which are subject to the pending motion to amend) do not meaningfully, if at all, affect the analysis of the claim's viability at the pleading stage. *See Cooksey v. Digital*, No. 14-CV-7146, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) ("the portions of the Amended Complaint at issue do not directly affect the adjudication because they are frivolous and could not affect the decisions in the case").

The Second Circuit held that, "[f]oremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis*, 952 F.3d at 59 (quoting *Amodeo*, 71 F.3d at 1050). Similarly, the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amadeo*, 71 F.3d at 1050. The privacy analysis includes weighing whether "personal motives, such as an individual vendetta" are involved. *Id.* And, courts should not allow access "simply to cater to a morbid craving for that which is sensational and impure." *Id.* at 1051 (quotation omitted). Instead, they are directed to ensure "that their records are not 'used to gratify private spite or promote public scandal,'" and refuse "'to permit their files to serve as reservoirs of libelous statements for press consumption.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Mr. Black, along with "Elizabeth" and Plaintiff's family, have already been subjected to false, fraudulent, and scandalous allegations regarding abuse, violent rape, and sex trafficking.[2] These new, absolutely horrific allegations, if unsealed, would only further invade their privacy and serve as tabloid fodder to stoke renewed press interest in this case, which would be especially pointless if Mr. Black prevails on the motion to dismiss or the motion to amend. Plaintiff and Wigdor have already abused the system and this Court by exploiting Plaintiff's anonymity to hurl false accusations at Black and others; they should not be permitted to use a motion to amend (which we firmly believe, and will argue, should be denied) to further promote their vendettas and grudges, particularly where the entire claim is subject to dismissal.[3]

### III. Conclusion

The Court should order that the redline and clean versions of the amended complaint remain sealed, at least until it has ruled on the motion to dismiss and/or the motion to amend.

Respectfully submitted,

/s/ *E. Danya Perry*

---

[2] Ironically, Plaintiff has aggressively redacted prior documents to keep innocuous details about her family members, such as their genders, sealed. These new allegations are far more likely to be harmful to those family members, especially given that Plaintiff's anonymity is unlikely to continue as this case progresses into discovery and trial. *See Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021) ("asymmetry" as case progresses prejudices defendant where plaintiff is anonymized).

[3] Plaintiff has also abused the sealing process to protect certain medical information about her from being made public, while also using other of her medical conditions to elicit sympathy and make her claims against Mr. Black more salacious. *See Rapp,* 537 F. Supp. 3d at 531 (S.D.N.Y. 2021) (allegations of anonymous Plaintiff "place [Defendant] under the same stigma" that Plaintiff avoids by anonymity, creating prejudice).