

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

August 28, 2024

<u>VIA ECF</u>

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, New York 10007

      Re:    *Doe v. Black*, Case No.: 23-cv-06418 (JGLC)

Dear Judge Clarke:

We represent Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") in this matter, and we write in response to Defendant Leon Black's ("Defendant" or "Black") August 23, 2024 letter (ECF 94) regarding sealing Plaintiff's proposed First Amended Complaint ("FAC"). On August 20, 2024, Plaintiff filed a motion for leave to amend. ECF 91. As set forth in our August 20, 2024 letter to Your Honor, we strongly disagree that the motion for leave to amend the proposed FAC should be filed under seal and did so only because of the deadline set by the Court for Plaintiff to file and because of the outlandish threats by Black's counsel to instigate meritless disciplinary allegations for filing a standard motion seeking leave to amend a complaint. As is evident from Black's letter (ECF 90), he does not even attempt to argue why sealing is necessary. This is because the legal precedent overwhelming shows that public access to the Complaint must be provided.

**I.      <u>No Basis Exists to Seal the Proposed Amended Complaint</u>**

As explained in Plaintiff's motion to amend (ECF 91), Plaintiff seeks to amend her complaint to provide additional supporting allegations about the underlying events and to clarify allegations regarding Ms. Doe's trafficking. The additional clarifications are to ensure that the operative complaint in this matter is as accurate and complete as possible before discovery begins. The contents of Plaintiff's allegations concern horrific acts of sexual violence, but these allegations have existed publicly on the docket since Plaintiff first filed her lawsuit more than a year ago. Further, Defendant is the party who has briefed the underlying allegations extensively in his motion for sanctions (ECF 49) and his motion to stay discovery (ECF 74), and numerous other communications with the Court since this action was commenced on July 25, 2023. ECF 1. Despite Defendant's repeated refrain that Wigdor LLP ("Wigdor") and Plaintiff are somehow engaged in a concerted "smear campaign" against him, the true source of Black's concerns with the substance of the FAC are the already well-publicized details of Black's close personal relationship with Jeffrey Epstein ("Epstein") having nothing to do with Plaintiff. Information about Black and Epstein's relationship did not originate with Plaintiff or Wigdor. Black's repeated



suggestion that it did defies basic common sense. Immediately after Epstein's death on August 10, 2019, Black's relationship with Epstein was heavily publicized and reported on. Indeed, Black was subjected to rigorous scrutiny about Epstein from shareholders of Apollo Global Management in publicly held earnings calls, including on July 31, 2019, and October 29, 2020. The lawsuit Black refers to in his August 23, 2024 letter to the Court was filed on June 1, 2021, long after the extensive public scrutiny bestowed upon Black. Thus, his assertions that it is the FAC that attacks his character and inflicts "serious harm" upon him is misguided and plainly false. Allegations about sexual violence inherently involve horrible and atrocious conduct, but under well-settled Second Circuit precedent, this reality does not warrant sealing such allegations from the public.

### A.    The Public Has a Right to Access the Proposed Amended Complaint

The public's right to access judicial documents is a common law right "firmly rooted in our nation's history." *Stafford v. International Business Machines Corporation*, 21 Civ. 6164 (JPO), 2022 WL 1486494, *2 (S.D.N.Y. May 10, 2022) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch*, 435 F.3d at 119. In *Stafford*, the court reasoned that:

> *Lugosch* and its progeny make clear that it is the public that benefits from access to judicial documents, and it is the court's responsibility to make specific, rigorous findings before sealing the document or otherwise denying public access. That is why courts routinely unseal judicial documents even against the opposition of both parties.

2022 WL 1486494 at *2 (citations and quotations omitted).

As noted by Defendant, the first step in the Court's analysis is to determine whether the record is a "judicial document." *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). And, as Defendant correctly admits, the proposed amended complaint is "of course" a judicial document entitled to the presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140-41 (2d Cir. 2016) (explaining that **"[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision**," and confirming that "the fact of filing a complaint, whatever its veracity, is a significant matter of record," and "we therefore hold that pleadings, even in settled cases, are judicial records subject to a presumption of public access.") (emphasis added).



**B.**     **Defendant Cannot Make a Showing that Overcomes the Presumptive Right of Access to the Complaint**

Courts are clear that if a document is a judicial record, like the FAC, then it is subject to a presumption of public access.   Black must overcome a substantial hurdle to warrant sealing.  *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).   The "presumption of access" to judicial records is secured by two independent sources: the First Amendment and the common law.  *Lugosch*, 435 F.3d at 121.   Under either analysis, the proposed FAC belongs on the public docket.   Where the common law right attaches, "the court 'must determine the weight' of the presumption in favor of public access, which is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *In re IMB Arb. Agreement Litig.*, 2022 WL 3043220, at \*2 (S.D.N.Y. 2022) (quoting *Lugosch*, 435 F.3d at 119).   The Court must then balance the "countervailing factors" against "the weight of the presumption of access."  *Lugosch*, 435 F.3d at 120.   Where the "more stringent First Amendment framework applies," *id.* at 124, "the proponent of sealing must demonstrate that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Bernstein*, 814 F.3d at 144.

It is Black's burden to overcome the strong First Amendment presumption of access to judicial documents, and he does not even attempt to raise arguments in his August 23, 2024 letter because none exist.  *See Suber v. VVP Services, LLC*, 2023 WL 4817551, at \*3 (S.D.N.Y. 2023) (defendant has the burden of overcoming the strong presumption of access).  Because the Complaint has been on the docket for over a year, there are no "countervailing factors" or "higher values" that weigh in favor of sealing the proposed FAC.  It is meritless to suggest, as Black does, that the additional allegations about the same events contained in the already existing publicly filed Complaint invade Black's privacy interests as well as those of anonymized third parties.  Similarly, the vague suggestions that the FAC is "tabloid fodder" are not part of the burden-shifting analysis.  Defendant fails to acknowledge, however, that when considering weight to accord a purported "privacy interest," courts must consider "the degree to which the subject matter is traditionally considered private rather than public," as well as "'[t]he nature and degree of the injury' to which the party resisting disclosure would be subjected were the privacy interest not protected."  *Mirlis*, 952 F.3d at 61.

Here, the information contained in the FAC is *already* public regarding Black's close personal relationship with Epstein and is public not by virtue of Plaintiff's allegations or other cases filed by individuals represented by Wigdor, but because of separate, independent investigations made by Apollo Global Management investors and others into Black's relationship with Epstein.  This extensive public investigation, dating back to 2019, resulted in Black's hiring of Dechert LLP ("Dechert") to conduct its own review of Epstein's ties to Black, after which Dechert filed its report with the Securities and Exchange Commission.[1]  Thus, the FAC's inclusion of information concerning Black's connections to Epstein is based upon information already in the public, and

---

[1]  https://www.sec.gov/Archives/edgar/data/1411494/000119312521016405/d118102dex991.htm.



much of it was placed there on purpose by Black.  Black's privacy interest argument is therefore unavailing because even if he could show that the additional content in the FAC could cause him "injury," it is obvious that any injury he has suffered related to Epstein has already been felt by Black beginning in 2019.  Indeed, courts "generally reject negative publicity 'as a basis for overcoming the strong presumption of public access to [the allegedly prejudicial items.'" *Julian v. Metro. Life Ins. Co.*, No. 17 Civ. 957 (AJN)(BCM), 2020 WL 5913739, at *4 (S.D.N.Y. Oct. 6, 2020); *see also Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) (collecting cases).  Put plainly, Defendant has made his own bed through his close personal relationship with Epstein and he cannot ask the Court to protect him from having to lie in it.  In addition, as to allegations concerning Black's actions towards Plaintiff, these similarly are a matter of public record because the original Complaint is on the public docket. Sealing Plaintiff's FAC would not further protect his non-existent interest in privacy related to her additional allegations about events already set forth in the Complaint.

Furthermore, Black does not have a cogent argument that the privacy interests of unnamed or anonymized third parties are impacted by the FAC.  Plaintiff, proceeding as Jane Doe, does not name the other individuals involved in her trafficking except by relationship to her or pseudonym. There is therefore no basis to contend that these other third parties are impacted by the proposed FAC being filed on the docket—particularly where the proposed revised allegations simply clarify and support the already-public allegations in Plaintiff's original Complaint on the docket since July 2023.

Defendant's assertion that the allegations in the FAC are "false" and meant to "stoke renewed press interest in this case" and "further promote [Plaintiff and Wigdor's] vendettas and grudges," is misguided and unsupported by any actual evidence.  As much as Defendant believes that Wigdor and Plaintiff are bringing her claims out of spite—as opposed to the reality, which is Plaintiff's desire to seek justice for the wrongs inflicted upon her—Black's only evidence of such improper motive is that he contends that the allegations contained in the Complaint and the FAC are false and that he will prevail on his motion to dismiss.  Black's personal beliefs are not a ground upon which this Court can overrule the presumption of public access to a judicial document.  The Court should deny Defendant's request to seal the FAC and permit Plaintiff to file the proposed FAC on the docket.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Jeanne M. Christensen