

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

September 4, 2024

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

**Re:** *Doe v. Black*, No. 1:23-cv-06418-JGLC – Letter-Motion for Leave to File with Redactions

Dear Judge Clarke:

    We represent defendant Leon Black in this matter. Pursuant to Your Honor's Individual Rule 5(d)(ii), we respectfully request leave to file Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Leave to Amend the Complaint (the "Memorandum") with redactions. As explained in more detail below, the proposed redactions are narrowly tailored to continue to protect information that has been previously ordered sealed or redacted, including the versions of the proposed first amended complaint (ECF Doc. Nos. 92-1 and 92-2) ("Proposed FAC") that were filed as part of Plaintiff's motion to amend (ECF Doc. No. 91). On August 26, 2024, the Court ordered that the Proposed FAC "remain under seal pending the Court's decision on Plaintiff's motion for leave to amend." (ECF Doc. No. 95.)

    On September 4, 2024, Plaintiff was provided with a copy of the Memorandum and the opportunity to review Defendant's proposed redactions. Plaintiff's counsel indicated in an email that Plaintiff "consent to the proposed redactions in section II ('Black's Investigation')" of the Factual and Procedural Background of the Memorandum, "but otherwise do not agree that anything else in your opposition warrants redaction."

    Accordingly, and pursuant to Individual Rule 5(d)(iii), we have filed an unredacted version of the Memorandum under seal that shows the proposed redactions in highlight. We have highlighted in green the proposed redactions to which Plaintiff consents. We have highlighted in yellow Defendant's proposed redactions that Plaintiff does not agree should be redacted. We have also publicly filed a copy of the Memorandum with all of the proposed redactions included.

    I.    **Relevant Background and Legal Standard**

    The relevant background concerning this case and the motion to amend was discussed in Defendant's letter seeking to seal the proposed amended complaint (ECF Doc. No. 94, "Defendant's Sealing Letter").

    A three-step process governs the Court's sealing analysis. "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The Proposed FAC is, of course, a judicial document entitled to some presumption of access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-121 (2d Cir. 2006). As such, "the court proceeds to determine the

The Honorable Jessica G. L. Clarke
September 4, 2024

weight of the presumption of access to that document" and it then "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59.

## II.  Argument

Defendant's proposed redactions merely redact information and quotations from materials previously submitted under seal and/or with redactions, including the proposed FAC and materials previously redacted in connection with Defendant's motions for sanctions (ECF Doc. No. 49) and motion to stay (ECF Doc. No. 74). We seek to continue to redact this information to comply with the Court's prior rulings regarding sealing and redactions. (*See* ECF Doc. Nos. 47, 68, 95.)

## III.  Conclusion

We respectfully request that the Court permit the Defendant to file a redacted version of his opposition to the motion to amend that includes all of the Defendant's proposed redactions, including those to which both parties consent.

Respectfully submitted,

/s/ *E. Danya Perry*