**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
JANE DOE,                                      :
                                               :
                        Plaintiff,    :   Civil Action No. 23-cv-06418
                                               :
     v.                                       :
                                               :
LEON BLACK,                                    :
                                               :
                        Defendant.   :
                                               :
------------------------------------------------------------ X

**PLAINTIFF JANE DOE'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO AMEND**

                                                         **WIGDOR LLP**

                                                         Jeanne M. Christensen
                                                         Meredith A. Firetog

                                                         85 Fifth Avenue
                                                         New York, NY 10003
                                                         Telephone: (212) 257-6800
                                                         Facsimile: (212) 257-6845
                                                         jchristensen@wigdorlaw.com
                                                         mfiretog@wigdorlaw.com

                                                         *Counsel for Plaintiff Jane Doe*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................1

I.   Pursuant To Second Circuit Precedent, Plaintiff's Leave to Amend Should Be Granted ...1

II.  Black's Authority is Misplaced and Inapplicable ..............................................................4

III. Black's Attempt to Re-Argue His Rule 11 Motion and Motion to Dismiss is Improper ....6

IV.  No Second Circuit Precedent Supports Black's Frivolous Rule 12(f) Position ..................8

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

AEP Energy Serv. Gas Holding Co. v. Bank of Am., N.A.,
   626 F.3d 699 (2d Cir. 2010) ................................................................................................. 1

Aetna Casualty & Surety Co. v. Aniero Concrete Co.,
   404 F.3d 566 (2d Cir. 2005) ................................................................................................. 1

AT&T Corp. v. Atos IT Solutions and Services, Inc.,
   No. 21 Civ. 4550 (VSB) (RWL) (S.D.N.Y. 2024) ......................................................... 1, 2, 5

Atl. Utils Co. v. S.M.W. Dev. Corp.,
   392 F.2d 380 (2d. Cir. 1968) ................................................................................................ 3

Block v. First Blood Assocs.,
   988 F.2d 344 (2d Cir. 1993) ........................................................................................ 1, 2, 3

Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.,
   148 F. Supp. 2d 321 (S.D.N.Y. 2001) ............................................................................... 4, 5

Bridgeport Music, Inc. v. Universal Music Group, Inc.,
   248 F.R.D. 408 (S.D.N.Y. 2008) .......................................................................................... 2

Cerni v. J.P. Morgan Secs. LLC,
   208 F. Supp. 3d 533 (S.D.N.Y. 2016) .................................................................................. 5

Commander Oil Corp. v. Barlo Equipment Co.,
   215 F.3d 321 (2d Cir. 2000) ................................................................................................. 3

Cresswell v. Sullivan & Cromwell,
   922 F.2d 60 (2d Cir. 1990) ................................................................................................... 4

In re Interest Rate Swaps Antitrust Litig.,
   No. 16 MD 2704, 2018 WL 2332069 ................................................................................... 5

In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,
   218 F.R.D. 76 (S.D.N.Y. 2003) ............................................................................................ 8

Lipsky v. Commonwealth United Corp.,
   551 F.2d 887 (2d Cir. 1976) ............................................................................................. 8, 9

Lynch as Trustee of Health and Welfare Fund of Patrolman's Benevolent Ass'n of the City of
   New York v. Nat'l Prescription Administrators, Inc.,
   795 F. App'x 68 (2d Cir. 2020) ............................................................................................ 2

Moy v. Adelphi Inst.,
    866 F. Supp. 696 (E.D.N.Y. 1994) ................................................................................. 8

Myart v. Glosson,
    2014 WL 6612008 (W.D. Tex. 2014) ........................................................................... 10

Oram v. SoulCycle LLC,
    979 F. Supp. 2d 498 (S.D.N.Y. 2013) ............................................................................ 9

Pasternack v. Shrader et al.,
    863 F.3d 162 (2d Cir. 2017) .......................................................................................... 3

Ruotolo v. City of New York,
    514 F.3d 184 (2d Cir. 2008) .......................................................................................... 2

Schvimmer v. Office of Court Admin.,
    857 F. App'x 668 (2d Cir. 2021) ................................................................................... 3

Sharkey v. J.P. Morgan Chase & Co.,
    No. 10 Civ. 3824, 2016 WL 7439363 (S.D.N.Y. 2016) ................................................ 4

State Teachers Ret. Bd. v. Fluor Corp.,
    654 F.2d 843 (2d Cir. 1981) ..................................................................................... 1, 3

Stone #1 v. Annucci,
    No. 20 Civ. 1326 (RA) (OTW), 2024 WL 2032915 (S.D.N.Y. 2024) ......................... 6

United States v. Int'l Bus. Machines Corp.,
    66 F.R.D. 223 (S.D.N.Y. 1975) .................................................................................... 4

Winfield v. Citibank, N. A.,
    No. 10 Civ. 7304, 2012 WL 266887 (S.D.N.Y. Jan. 30, 2012) .................................... 8

Yankelevitz v. Cornell University,
    No. 95 Civ. 4593, 1997 WL 115651 (S.D.N.Y. 1997) ............................................ 9, 10

**Rules**

CPLR 214-g ................................................................................................................... 3, 7
Fed. R. Civ. P. 12 ............................................................................................................ 2, 5
Fed. R. Civ. P. 15 ........................................................................................................ passim

Plaintiff submits this memorandum of law in further support of her Motion for Leave to File an Amended Complaint ("Motion for Leave") pursuant to Fed. R. Civ. P. 15(a)(2) ("Rule 15(a)(2)") and in reply to Defendant Leon Black's ("Black") Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint ("Opposition").

## ARGUMENT

**I.     Pursuant To Second Circuit Precedent, Plaintiff's Leave To Amend Should Be Granted**

Black has failed to assert any viable basis for this Court to deny Plaintiff permission to amend her complaint. "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Serv. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "[P]rejudice to the opposing party resulting from a proposed amendment [i]s among the 'most important' reasons to deny leave to amend." *Id.* (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *AT&T Corp. v. Atos IT Solutions and Services, Inc.*, No. 21 Civ. 4550 (VSB) (RWL), 2024 WL 379952 * 4 (S.D.N.Y. 2024) ("The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'") (quoting *Aetna Casualty & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-604 (2d Cir. 2005)).

An amendment is prejudicial where "it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *AEP Energy Serv. Gas Holding Co.*, 626 F.3d at 725 (quoting *State Teachers*, 654 F.2d at 856). An amendment may also be unduly prejudicial "when it substantially changes the theory on which the case has been proceeding and is proposed late enough so that the

1

opponent would be required to engage in significant new preparation." *Lynch as Trustee of Health and Welfare Fund of Patrolman's Benevolent Ass'n of the City of New York v. Nat'l Prescription Administrators, Inc.*, 795 F. App'x 68, 70 (2d Cir. 2020) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008). The court in *AT&T Corp.* explained that "delay alone, however, is an insufficient justification for the denial of a motion to amend under Rule 15(a)." *Id.*, (quoting *Block*, 988 F.2d at 350). Further, "the degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party." *Id.* (citations and quotations omitted). *See Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) ("Even assuming that additional discovery would impose costs on . . . the current defendants, allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice.") (internal quotations omitted).

    Black does not come close to satisfying his burden as the nonmovant to show prejudice. The proposed Amended Complaint does not add or remove parties or add or remove causes of action. As Black must acknowledge, the procedural status of the action is such that a motion to dismiss is pending, as is his motion to stay discovery. Dkt. Nos. 40; 74. Black has not filed an Answer, a discovery scheduling order has not been entered and no discovery has taken place. Prejudice under Rule 15(a)(2) requires Black to show that the Amended Complaint would hinder him in the preparation of his case or otherwise prevent Black from supporting his legal positions. This he cannot do. Black did not file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Dkt. No. 40. Instead, he claims that the New York City Victims of Gender-Motivated Violence Protection Act ("VGMVPL") is preempted by Civil Practice Law and Rules

2

("CPLR") 214-g, known as the New York State Child Victims Act ("CVA"). Because Plaintiff's cause of action against Black is based on the VGMVPL, Black believes dismissal is warranted. Accordingly, his basis for dismissal has nothing to do with Plaintiff's factual allegations, other than the facts relating to her age at the time of Black's sexual assault, 16, and that she alleges it happened in 2002. Dkt. No. 1, ¶¶ 1-2, 60.

Because the proposed Amended Complaint expands on existing allegations, granting leave to file it will neither expand the scope of discovery (which has not yet started) nor delay resolution of this matter. Nevertheless, Black says that because Plaintiff is adding to her allegations at this juncture, it constitutes a delay. But a "delay" under Rule 15(a)(2) analysis must cause prejudice to the nonmovant. The relevant Second Circuit decisions show that amendments under similar circumstances are entirely proper. *See Block, et al. v. First Blood Associates, et al.*, 988 F.2d 344, 350 (2d Cir. 1993) (permitting amendment of pleading despite a four-year delay where there was no showing of prejudice). In fact, the Circuit has found it an abuse of discretion for a district court to refuse permission to amend where prejudice is lacking. *See Schvimmer v. Office of Court Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021) ("abuse of discretion" to deny permission to amend because of a "ten-month delay" where, *inter alia*, federal claims were timely filed and "discovery had not yet begun"); *Pasternack v. Shrader, et al.*, 863 F.3d 162, 174 (2d Cir. 2017) ("[t]he denial of leave to amend, based solely on delay and litigation expense, was an abuse of discretion" where, *inter alia*, "essentially no discovery had been undertaken in the case").

"Mere delay," without more, "does not provide a basis for a district court to deny the right to amend," *State Teachers Ret. Bd.*, 654 F.2d at 856, even where "all the additional claims could have been pleaded at the time the initial complaint was filed." *Mid. Atl. Utils Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380 (2d. Cir. 1968); see *Commander Oil Corp. v. Barlo Equipment Co.*, 215 F.3d

3

321, 333 (2d Cir. 2000) ("seven-year delay" insufficient to deny permission to amend "absent any showing of prejudice . . . or bad faith"). That a plaintiff moved to amend "years after the commencement of th[e] action is, in itself, inconsequential." *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 223, 229 (S.D.N.Y. 1975); *see Sharkey v. J.P. Morgan Chase & Co.*, No. 10 Civ. 3824, 2016 WL 7439363, at *1 (S.D.N.Y. 2016) (permitting defendant to amend its answer "over three years after" a court-imposed deadline).

## II. Black's Authority is Misplaced and Inapplicable

Here, in addition to the fact that Plaintiff does not seek to add new causes of action or add or remove parties, the procedural status is such that Black has not yet Answered and no discovery has taken place. Therefore, Black's reliance on cases involving a plaintiff's attempt to amend after substantial discovery has taken place or after a summary judgment motion has been filed, are inapposite. For example, Black cites *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) as a basis to claim that the delay is prejudicial and incorrectly claims that even where the nonmovant is not prejudiced, the party who wishes to amend must give a "satisfactory explanation for the delay." In *Cresswell*, the court held that because the plaintiffs moved to file a third amended complaint after discovery had been completed and after a summary judgment motion had been filed, the "delay" in their request to add a new cause of action was prejudicial absent a valid excuse. *Id.*, 922 F.2d at 72. Absolutely no application of *Cresswell* can be made here.

Similarly, Black's reliance on *Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 326 (S.D.N.Y. 2001) is misplaced and has no application. In *Briarpatch*, the plaintiffs requested leave to amend the complaint based on information obtained in discovery, to add a new defendant, and add new causes of action. 148 F. Supp. 2d at 326. Because the issue of whether a new defendant would defeat diversity jurisdiction, the court analyzed the question of adding a new

4

defendant under Rule 20 and considered whether under Section 1447(e), "permitting joinder will comport with principles of fundamental fairness." It was through this lens that the court considered the fact that plaintiffs had notice prior to commencing the action that the party they were seeking to add, could have been and should have been named as a defendant initially. *Id.*, 148 F. Supp. 2d at 327-29. The facts and legal issues in *Briarpatch* have no semblance to Plaintiff's motion.

Black's citation to *Cerni v. J.P. Morgan Secs. LLC*, 208 F. Supp. 3d 533, 544 (S.D.N.Y. 2016) is misplaced. In *Cerni*, in response to the defendant's motion to dismiss pursuant to Rule 12(b)(6), the plaintiff filed a first amended complaint. Thereafter, plaintiff requested leave to file a second amended complaint which included a new cause of action for disparate treatment. *Id.* at 543. Because the court held that the complaint failed to include any relevant factual allegations to support a disparate treatment claim, it ruled that defendants would be unnecessarily prejudiced if permitted. *Id.* at 544. Once the court held that prejudice existed, it then considered the issue of whether plaintiff alleged "that some intervening event has occurred that led him to recently discover the viability of a disparate treatment claim." *Id.* This decision is easily distinguishable from Plaintiff's Motion for Leave, and thus does not provide support for Black's opposition.

Black's generalized claims that Plaintiff is attempting gamesmanship or is engaged in some sort of tactical ploy are meritless. Cases involving reference to such terms still involve the fundamental question under Rule 15(a)(2), whether the nonmovant is prejudiced. *See AT&T Corp. v. Atos IT Solutions and Services, Inc.*, No. 21 Civ.4550, 2024 WL 379952 at *20 (allowing defendant to amend and add counterclaims near the end of discovery even though defendant "should have been more diligent" and "could and should have communicated earlier about its intention to file for leave to amend"); *In re Interest Rate Swaps Antitrust Litig.*, No. 16MD-2704, 2018 WL 2332069, at *19; 27-28 (S.D.N.Y. 2018) (holding that amendment "would substantially

5

delay this litigation" and "would also unduly prejudice the defense," where after two years of discovery, plaintiff's counsel concealed the possibility of an amendment until "virtually the last possible minute."). If there is no prejudice, delay alone is not a basis to deny leave to amend which must be freely granted. Rule 15(a)(2). *See, e.g.*, *Stone #1 v. Annucci*, No. 20 Civ. 1326 (RA) (OTW), 2024 WL 2032915 at * 4 (S.D.N.Y. 2024) (allowing plaintiffs leave to amend complaint a third time even after the deadline to amend in the scheduling order had passed where "defendants fail[ed] to provide any compelling reason to deny amendment."). In sum, Black cannot show prejudice and Plaintiff's Motion for leave should be granted.

### III. Black's Attempt to Re-Argue His Rule 11 Motion and Motion to Dismiss is Improper

Black devotes the majority of his opposition to reciting content from his Rule 11 motion (Dkt. No. 49) and motion to dismiss (Dkt. No. 40). Despite having nothing to do with the Court's analysis of Plaintiff's Motion for Leave under Rule 15(a)(2), Black lifts content from his submitted Rule 11 motion and at times, copies it verbatim into his Opposition. For example, in addition to copying the bulk of his factual narrative from the Rule 11 motion, the Opposition begins cross-referencing that motion and the declarations attached to it by page 3 in the Opposition. *See* Dkt. No. 100 at 3, n.1. The header on page 4 of Black's Opposition, "Black's Investigation Demonstrably Disproves The Allegations In Plaintiff's Initial Complaint," is the same header used in his Rule 11 motion at page 6, "Defendant's Investigation Immediately Uncovers Evidence Disproving These Allegations." Dkt. No. 51 at 6. Thereafter, in what is supposed to be legal argument relating to Rule 15(a)(2), Black proceeds to recite his Rule 11 motion. *Compare* Dkt. No. 51 at 6 ("Soon after Wigdor filed the Complaint, Mr. Black began investigating the outlandish, salacious, and sensational allegations in the Complaint. The story began to unravel immediately with a modicum of inquiry."), *with* Dkt. No. 100 at 4 ("Soon after Plaintiff filed the Complaint,

6

Black began investigating Plaintiff's allegations. Plaintiff's story immediately began to unravel."). Black continues to regurgitate his Rule 11 motion for the sole purpose of retaliating against Plaintiff for commencing her action, and avoids the relevant issues under Rule 15(a)(2). *Compare* ECF 100 at 4-8, *with* ECF 51 at 5-9. Black then re-argues the preemption argument set forth in his motion to dismiss. Black summarizes the constitutional basis for his motion to dismiss which claims that Plaintiff's claims are "untimely" because she failed to file her claims under the Child Victim's Act ("CVA"). Thereafter, under the guise of purported "futility," Black copies and pastes his "field preemption" argument, claiming that Plaintiff should be denied leave to expand on her already existing factual allegations because Black believes the New York City Victims of Gender-Motivated Violence Protection Act ("VGMVPL") could be preempted under CPLR 214-g, known as the Child Victim's Act. *See* Dkt. No. 41 at 9-20, and *compare* Dkt. No. 100 at 13-17. Not only is Black's novel theory wrong but it conveniently ignores pending legislation in the New York Senate, SA 6099-B, that seeks to amend the CVA to eliminate completely a period of limitations on civil claims for victims under the age of 18 at the time of their sexual abuse.[1] In this action, Plaintiff's cause of action is asserted under the VGMVPL which was amended on January 9, 2022. The proposed expansion of the CVA was sent to the legislative body on March 29, 2023, more than a year after the VGMVPL was amended. Had any legislative intent existed relative to the VGMVPL, the NYS legislators had time to include relevant amendments. Of course, the bill's text speaks for itself and seeks only to expand the CVA even further than before. In addition, Black falsely tells the Court that Plaintiff "does not allege that her suit is timely" and further, that she

---

[1] The legislation with the proposed amendment to eliminate all statute of limitations under CPLR 214-g, is available here: https://legislation.nysenate.gov/pdf/bills/2023/s6099b.

"concedes" that the CVA is the applicable law. Dkt. No. 100 at 13-14. There can be no suggestion that Plaintiff represented such positions, because she did not. *See* Dkt. No. 60.

IV.    **No Second Circuit Precedent Supports Black's Frivolous Rule 12(f) Position**

After admitting that his motion to dismiss is not based on Rule 12(b)(6), nor asserting argument that Plaintiff's *facts* fail to state a claim as against Black, he nevertheless includes in his Opposition cases in which a court denied leave to amend a complaint where the amendment would not survive a motion under Rule 12(b)(6). Dkt. No. 100 at 17-19. Black attempts to conflate such analysis with his belief that the allegations in the proposed Amended Complaint are "immaterial, irrelevant and redundant" such that they would not survive a Rule 12(f) motion. Black did not file a motion under Rule 12(f) as to the Complaint that has been on the docket since July 25, 2023. The additional allegations, which all relate to existing facts, are in no way meaningfully different such that any basis for a motion to strike exists.

In the Second Circuit, motions to strike are highly disfavored. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible"). The Second Circuit has also cautioned that "[e]videntiary questions. . . should especially be avoided at such a preliminary stage of the proceedings." *Id.*; *see also Moy v. Adelphi Inst.*, 866 F. Supp. 696, 709 (E.D.N.Y. 1994) ("Courts recognize that the decision on whether or not to strike portions of a Complaint based on evidentiary questions, often may not be made until a trial begins to unfold") (citations omitted); *see also Winfield v. Citibank, N. A.*, No. 10 Civ. 7304, 2012 WL 266887 at * 9 (S.D.N.Y. Jan. 30, 2012) ("motions to strike are generally disfavored, and should be granted only when there is a strong reason for doing so"); *In re Merrill Lynch & Co., Inc. Research*

8

*Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("[g]enerally, motions to strike are viewed with disfavor and infrequently granted."); *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 511 (S.D.N.Y. 2013) ("motions to strike are generally disfavored.").

Notwithstanding the above, Black cites cases that he claims allow him to argue futility under Rule 15(a)(2), based on motions to strike. Dkt No 100 at 17. No authority exists for Black's invented theory that it is proper to oppose a motion for leave to amend when no discovery has taken place and the action is in its initial stages, because he believes that he could succeed on a motion to strike under Rule 12(f). In support of this baseless contention, Black cites *Yankelevitz v. Cornell University*, No. 95 Civ. 4593, 1997 WL 115651 (S.D.N.Y. 1997). But this case involved a motion for reconsideration. Previously, the court had granted the plaintiff's motion to disqualify defense counsel and also granted plaintiff's motion to amend his complaint. In response to plaintiff's motion, the defendants had cross-moved to strike certain allegations in the complaint under Rule 12(f). The court denied defendants' motion to strike and they moved for reconsideration. The defendants wanted to strike allegations in the complaint that they said related to settlement discussions and thus would be inadmissible at trial. Given that background, the court wrote:

> If the challenged material in fact relates to settlement discussions, then such amendment would arguably be futile because they could be stricken under Rule 12(f).

*Id*. at *4 (citing *Lipsky,* 551 F.2d at 893 ("[I]t is settled that [a motion to strike as immaterial or impertinent] will be denied, unless it can be shown that *no evidence in support of the allegation would be admissible.*"). The court, on reconsideration, affirmed its prior decision. The case does not hold as represented in Black's Opposition, that analysis under Rule 12(f) is appropriate on a motion for leave to amend. To the contrary, Black simply omitted the relevant portion of the

9

decision showing the background and previously ruled upon motion to strike. These facts clarify that the court's decision in *Yankelevitz* is inapplicable to Plaintiff's motion here.

Black also cites *Myart v. Glosson*, 2014 WL 6612008, at *5 (W.D. Tex. 2014) in support of his incorrect claim that futility can be shown on a motion for leave to amend under Rule 12(f). This decision involves a court's review of proposed class action allegations, which can be dismissed or stricken from a complaint under Rule 12(b)(6) or Rule 12(f) when the pleadings clearly fail to allege facts to support the minimum requirements of Rule 23. This issue has no relevance to the current motion and does not support Black's position.

In sum, Black fails to satisfy his burden to show prejudice under Rule 15(a)(2). Black's opinion that Plaintiff's factual allegations have nothing to do with his relationship with Jeffrey Epstein are just that – Black's opinion. The legal process for civil actions does not permit Black to dismiss complaints at the pleading stage because Black disputes the allegations against him. No matter how many times Black disagrees with the merits of the Complaint, and presents his alternative narrative about what happened, as he does in opposition to the proposed Amended Complaint, this is not a basis to deny leave to amend under Rule 15(a)(2).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for leave to amend the Complaint and grant such other and further relief deemed just and proper.

| | |
|---|---|
| Dated: September 11, 2024<br>New York, New York | Respectfully submitted,<br><br>**WIGDOR LLP**<br><br>By: _/s/ Jeanne Christensen_____<br>    Jeanne M. Christensen<br>    Meredith A. Firetog<br><br>85 Fifth Avenue<br>New York, NY 10003<br>Telephone: (212) 257-6800<br>Facsimile: (212) 257-6845<br>jchristensen@wigdorlaw.com<br>mfiretog@wigdorlaw.com<br><br>*Counsel for Plaintiff Jane Doe* |

11