

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

September 26, 2024

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, New York 10007

      Re:    *Doe v. Black*, Case No.: 23-cv-06418 (JGLC)

Dear Judge Clarke:

We represent Plaintiff in the above-captioned action. On September 29, 2023, Defendant Leon Black ("Black" or "Defendant") filed a motion to dismiss Plaintiff's Complaint in its entirety. Dkt. No. 40. Defendant's motion is based on a single argument; that an amendment to New York City's Victims of Gender-Motivated Violence Protection Law ("VGMVPL") (N.Y. Code § 10-1101 *et seq.*) which gives a two-year period during which victims of gender violence can commence civil claims that would otherwise fall outside of the statute of limitations, is unenforceable and unconstitutional.[1] Dkt. No. 41. Black incorrectly claims that the VGMVPL amendment is preempted by New York State's Child Victims Act ("CVA"), N.Y. C.P.L.R. ("CPLR") § 214-g. Because Plaintiff alleges in her Complaint that she was a minor when she was sexually assaulted by Black in Jeffrey Epstein's NYC townhouse, he says Plaintiff was restricted to filing her case between August 2019 and August 2021 pursuant to the Child Victims Act. Without authority, Black contends that the two-year lookback period under the VGMVPL, March 2023 through March 2025, is not available to Plaintiff because it is preempted by the Child Victim's Act. In essence, Black wants the Court to make illogical assumptions concerning the plain language of the law and declare the VGMVPL as simply unavailable to any victim sexually assaulted in New York City when he or she was a minor who files a civil claim pursuant to N.Y. Code § 10-1105(a).

Attached hereto is a sworn affidavit from New York State Senator Brad Hoylman-Sigal ("Senator Hoylman"), who, as a sponsor of both the CVA, as well as the Adult Survivors Act ("ASA"), CPLR § 214-j, offers unique insight into the legislative process that led to the passage of the CVA, as well as the legislative intent and understanding behind it. As is abundantly clear from Senator Hoylman's affidavit, not only was the Child Victim's Act never intended to preempt any other laws, including the VGMVPL, but in addition, there are recent proposed amendments to the Child

---

[1] The VGMVPL amendment is N.Y. Code § 10-1105(a).



Victim's Act which would <u>eliminate completely</u> the statute of limitations on civil claims brought pursuant to the Child Victims Act.  *See* Hoylman Aff. ¶¶ 11-13.  Thus, rather than providing an exclusive window, the legislative intent is to provide the broadest possible protections to minors who were sexually assaulted throughout New York, including New York City.  *Id.* ¶¶ 7-8 ("The plain language of the CVA makes clear that the legislative intent in August 2019 was, and remains, not to preempt other laws.  This includes the VGMVPL, which was enacted and in place years prior to enactment of the CVA.").

Although no binding precedent exists to support Black's preemption argument, the clarity provided by Senator Hoylman as to the expansive intention of the Child Victim's Act, as well as the current proposed amendments, leaves no doubt about the legislative intent.  *Id.* ¶ 9 ("It was always the legislative intent to, among other things, ensure that the law allows survivors to come forward and seek justice whenever they are comfortable and safe to do so, regardless of how many years have elapsed.").  We therefore believe this supplemental submission will help guide the Court in deciding the pending motion.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Jeanne M. Christensen

cc: All counsel of record (*via* ECF)