# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JANE DOE,

                       Plaintiff,                :    Civil Case No.: 1:23-cv-06418

        v.

LEON BLACK,
                       Defendants.

-------------------------------------------------------------- X

## AFFIDAVIT OF SENATOR BRAD HOYLMAN-SIGAL

Senator Brad Hoylman-Sigal being duly sworn, deposes and says:

1. I am the New York State Senator representing New York's 47th District and the Chairman of the Committee on the Judiciary.

2. I am the sponsor of Senate Bill S66A which was passed into law as Civil Practice Law and Rules (CPLR) 214-g, known as the New York State Child Victims Act ("CVA").

3. As co-author and sponsor of the CVA, I was deeply involved in the drafting and passage of the CVA, and therefore I am able to offer unique insight into the legislative process that led to the passage of the CVA, as well as the legislative intent and understanding behind it.

4. I submit this affidavit in connection with a motion that seeks dismissal of claims under the New York City Victims of Gender-Motivated Violence Protection Act ("VGMVPL") based on a preemption argument under CPLR 214-g. As explained below, the Child Victim's Act was never intended to preempt any other laws, including the VGMVPL. The recently proposed amendments to CPLR 214-g continue to show such legislative intent, which seeks to eliminate completely the statute of limitations on civil claims brought pursuant to the CVA.

5. The Child Victims Act extended New York State's statute of limitations on childhood sexual assault cases to age 28 for a person bringing a criminal case and age 55 for a person bringing a civil case. This law also opened a look back period for victims who were previously time-barred to bring a civil case, no matter how long ago the abuse occurred. Under CPLR 214-g, the "lookback" period under the CVA was August 2019 to August 2021.

6. The language of the law includes as follows, "Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty (130) of the penal law committed against a child less than eighteen years of age, . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section."

7. The plain language of the CVA makes clear that the legislative intent in August 2019 was, and remains, not to preempt other laws.

8. This includes the VGMVPL, which was enacted and in place years prior to enactment of the CVA.

9. During the CVA's lookback period, nearly 11,000 cases were filed. However, countless survivors of childhood sexual assault around the state are still bound by an arbitrarily short statute of limitations which misunderstands the nature of their trauma and exposes the public to an unreasonable risk of harm. It was always the legislative intent to, among other things, ensure

that the law allows survivors to come forward and seek justice whenever they are comfortable and safe to do so, regardless of how many years have elapsed.

10. This is why I am currently sponsoring legislation to eliminate the civil statute of limitations on child sexual assault cases. Three other senators from the Manhattan and Brooklyn Districts are co-sponsoring the legislation with me.

11. Attached hereto as Exhibit 1 is a copy of the bill text submitted to the Senate on March 29, 2023.

12. The plain language of the CVA and its proposed amendments makes clear the CVA is not intended to preempt other laws, including the amendment to the VGMVPL, which was enacted on January 9, 2022 by the New York City Council.

13. CPLR 214-g intended to expand legislation to allow more victims to come forward and assert civil claims. The proposed new legislation intends to increase the reach of CPLR 214-g to eliminate completely a period of limitations on civil claims for victims under the age of 18 at the time of their sexual abuse. *See* Ex. 1.

14. Ending the statute of limitations completely is one way to hold abusers accountable. The proposed amendments to the CVA make this legislative intent clear.

15. I affirm under penalty of perjury, under the laws of the State of New York, that the foregoing is true and accurate.

Dated: September 26, 2024
New York, New York

_____
Brad Hoylman-Sigal

# Exhibit 1

# STATE OF NEW YORK
_____

                                  6099--A

                       2023-2024 Regular Sessions

# IN SENATE

                             March 29, 2023
                             _____

   Introduced  by Sen. HOYLMAN-SIGAL -- read twice and ordered printed, and
     when printed to be committed to the Committee on Codes --  recommitted
     to  the Committee on Codes in accordance with Senate Rule 6, sec. 8 --
     committee discharged, bill amended, ordered reprinted as  amended  and
     recommitted to said committee

   AN  ACT to amend the civil practice law and rules, in relation to remov-
     ing the statute of limitations  in  civil  actions  involving  certain
     child sexual assault offenses

     The  People of the State of New York, represented in Senate and Assem-
   bly, do enact as follows:

 1    Section 1.  Subdivision (b) of section 208 of the civil  practice  law
 2  and  rules,  as  added  by chapter 11 of the laws of 2019, is amended to
 3  read as follows:
 4    (b) Notwithstanding any provision of law which  imposes  a  period  of
 5  limitation  to the contrary and the provisions of any other law pertain-
 6  ing to the filing of a notice of claim or a notice of intention to  file
 7  a claim as a condition precedent to commencement of an action or special
 8  proceeding, with respect to all civil claims or causes of action brought
 9  by  any  person for physical, psychological or other injury or condition
10  suffered by such person as a result of conduct which would constitute  a
11  sexual offense as defined in article one hundred thirty of the penal law
12  committed  against  such person who was less than eighteen years of age,
13  incest as defined in section 255.27, 255.26 or 255.25 of the  penal  law
14  committed  against  such person who was less than eighteen years of age,
15  or the use of such person in a sexual performance as defined in  section
16  263.05  of  the penal law, or a predecessor statute that prohibited such
17  conduct at the time of the act, which conduct was committed against such
18  person who was less than eighteen years  of  age,  such  action  may  be
19  commenced,  against  any  party  whose  intentional or negligent acts or
20  omissions are alleged  to  have  resulted  in  the  commission  of  said
21  conduct,  [on  or  before] by the plaintiff or infant plaintiff [reaches

      EXPLANATION--Matter in **italics** (underscored) is new; matter in brackets
                           [-] is old law to be omitted.
                                                                LBD06673-03-4

1  ~~the age of fifty-five years~~] **at any time**. In any such claim or action,
2  in addition to any other defense and affirmative defense that may be
3  available in accordance with law, rule or the common law, to the extent
4  that the acts alleged in such action are of the type described in subdi-
5  vision one of section 130.30 of the penal law or subdivision one of
6  section 130.45 of the penal law, the affirmative defenses set forth,
7  respectively, in the closing paragraph of such sections of the penal law
8  shall apply.
9    § 2. Section 213-c of the civil practice law and rules, as amended by
10 chapter 315 of the laws of 2019, is amended to read as follows:
11   § 213-c. Action by victim of conduct constituting certain sexual
12 offenses. **(a)** Notwithstanding any other limitation set forth in this
13 article, except as provided in subdivision (b) of section two hundred
14 eight of this article, all civil claims or causes of action brought by
15 any person for physical, psychological or other injury or condition
16 suffered by such person as a result of conduct which would constitute
17 rape in the first degree as defined in section 130.35 of the penal law,
18 or rape in the second degree as defined in subdivision two of section
19 130.30 of the penal law, or rape in the third degree as defined in
20 subdivision one or three of section 130.25 of the penal law, or criminal
21 sexual act in the first degree as defined in section 130.50 of the penal
22 law, or criminal sexual act in the second degree as defined in subdivi-
23 sion two of section 130.45 of the penal law, or criminal sexual act in
24 the third degree as defined in subdivision one or three of section
25 130.40 of the penal law, or incest in the first degree as defined in
26 section 255.27 of the penal law, or incest in the second degree as
27 defined in section 255.26 of the penal law (where the crime committed is
28 rape in the second degree as defined in subdivision two of section
29 130.30 of the penal law or criminal sexual act in the second degree as
30 defined in subdivision two of section 130.45), or aggravated sexual
31 abuse in the first degree as defined in section 130.70 of the penal law,
32 or course of sexual conduct against a child in the first degree as
33 defined in section 130.75 of the penal law may be brought against any
34 party whose intentional or negligent acts or omissions are alleged to
35 have resulted in the commission of the said conduct, within twenty
36 years.
37   **(b) Notwithstanding the provisions of subdivision (a) of this section,**
38 **or any other provision of law to the contrary, all civil claims or caus-**
39 **es of action brought by any person for physical, psychological or other**
40 **injury or condition suffered as a result of conduct which would consti-**
41 **tute a sexual offense as defined in article one hundred thirty of the**
42 **penal law committed against a child less than eighteen years of age,**
43 **incest as defined in section 255.25, 255.26 or 255.27 of the penal law**
44 **committed against a child less than eighteen years of age, or the use of**
45 **a child in a sexual performance as defined in section 263.05 of the**
46 **penal law, or a predecessor statute that prohibited such conduct at the**
47 **time of the act, which conduct was committed against a child less than**
48 **eighteen years of age, such action may be commenced at any time.**
49   **(c)** Nothing in this section shall be construed to require that a crim-
50 inal charge be brought or a criminal conviction be obtained as a condi-
51 tion of bringing a civil cause of action or receiving a civil judgment
52 pursuant to this section or be construed to require that any of the
53 rules governing a criminal proceeding be applicable to any such civil
54 action.
55   § 3. Section 214-g of the civil practice law and rules, as amended by
56 chapter 130 of the laws of 2020, is amended to read as follows:

```
 1    § 214-g. Certain child sexual abuse cases. Notwithstanding any
 2  provision of law which imposes a period of limitation to the contrary
 3  and the provisions of any other law pertaining to the filing of a notice
 4  of claim or a notice of intention to file a claim as a condition  prece-
 5  dent  to  commencement  of  an action or special proceeding, every civil
 6  claim or cause of action brought against any party alleging  intentional
 7  or  negligent acts or omissions by a person for physical, psychological,
 8  or other injury or condition suffered as a result of conduct which would
 9  constitute a sexual offense as defined in article one hundred thirty  of
10  the penal law committed against a child less than eighteen years of age,
11  incest  as  defined in section 255.27, 255.26 or 255.25 of the penal law
12  committed against a child less than eighteen years of age, or the use of
13  a child in a sexual performance as defined  in  section  263.05  of  the
14  penal  law, or a predecessor statute that prohibited such conduct at the
15  time of the act, which conduct was committed against a child  less  than
16  eighteen  years of age, which is barred as of the effective date of this
17  section because the applicable period of limitation has expired,  and/or
18  the plaintiff previously failed to file a notice of claim or a notice of
19  intention  to file a claim, is hereby revived, and action thereon may be
20  commenced not earlier than six months after[, and not later than two
21  years and six months after] the effective date of this section. In any
22  such claim or action: (a) in addition to any other defense and  affirma-
23  tive  defense  that may be available in accordance with law, rule or the
24  common law, to the extent that the acts alleged in such  action  are  of
25  the type described in subdivision one of section 130.30 of the penal law
26  or  subdivision  one of section 130.45 of the penal law, the affirmative
27  defenses set forth, respectively,  in  the  closing  paragraph  of  such
28  sections  of  the penal law shall apply; and (b) dismissal of a previous
29  action, ordered before the effective date of this  section,  on  grounds
30  that such previous action was time barred, and/or for failure of a party
31  to  file  a  notice  of  claim or a notice of intention to file a claim,
32  shall not be grounds for dismissal of a revival action pursuant to  this
33  section.
34    § 4. This act shall take effect immediately.
```