

October 1, 2024

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007
Email: ClarkeNYSDChambers@nysd.uscourts.gov



**Re:**   *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC

Dear Judge Clarke:

I, along with the Quinn Emanuel firm and Perry Law, represent Leon D. Black in this matter. I write in advance of the initial pretrial conference currently scheduled for October 29, 2024, to request the Court's authorization to serve three subpoenas seeking immediate limited third-party document discovery. That discovery, as explained below, is highly relevant to this case—including the Court's adjudication of Plaintiff Jane Doe's pending motion for leave to amend her complaint (ECF Doc. No. 91), as well as the credibility of Ms. Doe and the legitimacy of her purported claims.[1]

Ms. Doe initiated this action in July 2023 by filing a complaint asserting claims against Mr. Black based on a narrative that placed Jeffrey Epstein at its epicenter, and alleged that Epstein was the primary trafficker of Ms. Doe to Black and others. Almost a year later, Ms. Doe filed a letter notifying the Court of her intention to amend her complaint. Remarkably, Ms. Doe's proposed amended pleading—which is currently under seal—makes allegations that ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ the allegations in her initial pleading concerning Epstein's role in her trafficking. Even more remarkably, Ms. Doe has made those proposed changes even though no discovery or other factual developments have occurred—at least in this matter—in the one-year interim that could support Ms. Doe's newly spun narrative.

So what accounts for Plaintiff's newly spun narrative? There has been one significant, and extraordinary, development that we believe provides the answer and warrants the third-party discovery Mr. Black is immediately seeking.

Specifically, Mr. Black had reason to be concerned that in addition to suing Mr. Black, Ms. Doe had also submitted a claim for compensation in connection with a class action settlement in a proceeding before Judge Jed S. Rakoff, captioned *Jane Doe 1, et al., v. JPMorgan Chase Bank,*

---

[1] Defendant redacted this letter to conform to the redactions made to his opposition to the motion to amend the complaint (ECF Doc. Nos. 100-101). Defendant respectfully requests permission to make these redactions for the reasons set forth in the letter-motion submitted in connection with that opposition (ECF Doc. No. 99), and to comply with the Court's prior Order sealing the entirety of the proposed amended complaint (ECF Doc. No. 95).

The Honorable Jessica G. L. Clarke
October 1, 2024

*N.A.*, Case No. 22-CV-10019 (JSR). In that action, Judge Rakoff issued an order in January 2024 approving the disbursement of funds to numerous claimants, pursuant to a court-approved settlement. *Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, Case No. 1:22-CV-10019 (JSR), ECF Doc. No. 290. That fund was, of course, intended to compensate actual victims of Jeffrey Epstein's criminal activities.

Because of Ms. Doe's narrative in the case before Your Honor, alleging she was trafficked by Mr. Epstein, and based on substantial investigative evidence adduced by Mr. Black and his legal team showing that her allegations were frivolous, Mr. Black, through his lawyers, notified Judge Rakoff in writing of substantial concerns he had about Ms. Doe's *bona fides* in connection with her settlement fund claim. Mr. Black submitted to Judge Rakoff, at his Honor's request, some of the evidence that had been adduced. Judge Rakoff thereafter directed the Wigdor firm, as counsel for Ms. Doe, as well as the claims administrator and the lead lawyer for the class action plaintiffs in that proceeding, to make submissions, including evidentiary submissions, in response to Mr. Black's concerns. Judge Rakoff also scheduled an evidentiary hearing to take testimony from Ms. Doe, but then directed Mr. Black and his lawyers not to participate further in those proceedings because Ms. Doe and Mr. Black are parties to the matter before Your Honor. Mr. Black and his counsel have abided by that directive and have not participated further in those proceedings, but believe that they continued for some time after Mr. Black ceased being involved, and included that court's receipt of substantial evidentiary submissions.

Mr. Black and his counsel strongly suspect that Plaintiff's recent proposed amended complaint, with its ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ of the "Jeffrey Epstein Trafficked Me" narrative, was in response to the matters submitted to (and potentially decided by) Judge Rakoff.

In particular, Ms. Doe has specifically alleged in the action before Your Honor, at least in her initial and still operative pleading, that she was primarily the subject of trafficking and sexual assault at the hands of Mr. Epstein and Ghislaine Maxwell after being introduced to them by "Elizabeth," her cheerleading coach. (ECF Doc. No. 1 at ¶¶ 44, 83). Remarkably, in her proposed amended pleading, Ms. Doe does her very best ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊, many of the allegations related to her purported trafficking by Mr. Epstein. Now, she changes her story dramatically to allege that ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊." It is highly unlikely that this is mere coincidence. While we were not privy to the proceedings before Judge Rakoff, given the nature of the concerns raised to him, those proceedings surely must address, at a minimum, whether Ms. Doe was in fact trafficked or otherwise victimized by Mr. Epstein. They therefore bear directly on the *bona fides* of Ms. Doe's claims against Mr. Black and Mr. Black's defenses to those claims, as well as the viability of her proposed amendment.

There can be no doubt that the matters Mr. Black raised regarding Ms. Doe, and any materials associated with any subsequent proceedings before Judge Rakoff—including documents produced, transcripts of any argument or testimony, the testimony now of any participants in those proceedings and any rulings by that court—are critical evidence in the matter before Your Honor.

It bears noting that Ms. Doe's approach here is eerily similar to one taken by another plaintiff (Guzel Ganieva) represented by the same lawyers at the Wigdor firm in another matter, also asserting manufactured allegations of sexual assault against Mr. Black. *See Ganieva v. Black*,

The Honorable Jessica G. L. Clarke
October 1, 2024

Index No. 155262/2021 (N.Y. Sup. Ct., N.Y. Cty.). There, Ms. Ganieva, represented by Wigdor, abandoned her original theory upon learning (after filing the lawsuit) that Mr. Black had retained contemporaneous text messages between himself and Ms. Ganieva, as well as recordings of their conversations flatly belying her original theory. Recognizing that their original theory had been revealed as a fraud, Wigdor amended the complaint to add new allegations that the First Department later disallowed, on the grounds that they were scandalous, prejudicial, and irrelevant. That matter has now been dismissed with prejudice by the trial judge overseeing the case.

Further, in a related lawsuit that Mr. Black initiated last year against Ms. Ganieva and the Wigdor firm asserting claims for malicious prosecution based in part on Wigdor's pursuit of claims on behalf of Ms. Ganieva in the prior lawsuit, the court just last week entered a ruling denying the defendants' motion to dismiss. *See Black v. Ganieva, et al.*, Index No. 158062/2023 (N.Y. Sup. Ct., N.Y. Cty.). There, the court held that Mr. Black had properly alleged that Wigdor and Ms. Ganieva lacked probable cause to initiate the action and acted with malice. Mr. Black's malicious prosecution claim against Ms. Ganieva and Wigdor will now proceed to full discovery. A copy of that ruling is attached as Exhibit A.

Significantly, the submissions, the hearing and any other proceedings or rulings related to the review of Plaintiff's claim for compensation before Judge Rakoff have by all appearances taken place outside of any public record. There is no notation on the Court's docket of any submissions (sealed or otherwise) by any stakeholders in that case. Nor is there any discernible record of any telephone calls, conferences, hearings or other appearances involving the Court. And, there is likewise no trace of any transcripts or court orders.

While Judge Rakoff has not had occasion, as far as we are aware, to consider whether to lift any seal and allow the materials to be made public, we know of no applicable authority that could support the wholesale sealing of an entire proceeding of this type, including all materials associated with it. That is particularly so in the context of a class action, in which the Court exercises an acutely enhanced oversight function. Courts no doubt may exercise their supervisory powers to seal proceedings, but such a decision implicates the First Amendment and is subject to careful scrutiny. *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). And, we believe, withholding from public view a proceeding in its entirety—particularly one involving a review by the Court of the legitimacy of someone claiming to be a victim of a public figure like Mr. Epstein—is incompatible with the Second Circuit's foundational decision in *Lugosch v. Pyramid Co. of Onondaga*, 453 F.3d 110 (2d Cir. 2006).

In short, Mr. Black respectfully requests that the Court authorize him to pursue immediate third-party document discovery in connection with the proceedings before Judge Rakoff related to the review of Plaintiff's compensation claim, by serving subpoenas on three third-parties (counsel for the class who we understand submitted evidence to Judge Rakoff refuting Ms. Doe's claim in that matter, the Wigdor firm, and the settlement administrator) seeking copies of documents produced or submitted to Judge Rakoff, transcripts of any testimony and hearings in that proceeding, and any court orders or decisions. The materials we seek are classically discoverable information that go to the heart of Plaintiff's credibility, motives, and good faith. Moreover, they are urgently needed as they go to Mr. Black's arguments with respect to the motion for leave to amend now pending before the Court.

The Honorable Jessica G. L. Clarke
October 1, 2024

      We thank the Court for its attention to this matter and stand ready to answer any questions the Court may have.

                                            Respectfully submitted,

                                            /s/ *Susan Estrich*
                                            Susan Estrich
                                            ESTRICH GOLDIN LLP
                                            947 Berkeley St.
                                            Santa Monica, CA 90403
                                            (213) 399-2132

Plaintiff is directed to file a response by **October 4, 2024**.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: October 2, 2024
       New York, New York