

October 7, 2024

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007
Email: ClarkeNYSDChambers@nysd.uscourts.gov

Re:   *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC

Dear Judge Clarke:

I write on behalf of Defendant Leon D. Black in reply to Plaintiff's letter, dated October 4, 2024 (ECF No. 110), and in further support of Mr. Black's request for the Court's authorization to serve three subpoenas seeking immediate limited third-party document discovery (ECF No. 108).

Plaintiff asserts that it is a "conspiracy theory" that "an 'evidentiary hearing' was held about Defendant Black." (ECF No. 110 at 2.)  As Plaintiff knows full well, there is no "conspiracy theory."  An evidentiary hearing *was* held before Judge Rakoff on or around March 15, 2024, in *Jane Doe 1, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 22-CV-10019 (JSR), concerning Plaintiff's claim for compensation from a fund intended to compensate victims of Jeffrey Epstein as part of a class action settlement.  After Mr. Black made an evidentiary submission at Judge Rakoff's request, we received emails from Judge Rakoff's chambers (on which Plaintiff's counsel was copied) confirming that the hearing would be held.  We would be happy to submit those emails to this Court in camera if requested.

Moreover, it is irrelevant to Mr. Black's request whether the evidentiary hearing was "about Defendant Black" or not.  Plaintiff claims in her letter that "Plaintiff's theory of the case, that she was ***trafficked by Epstein*** to Black … has not changed." (ECF No. 110 at 4 (emphasis added).)  All evidence available to Mr. Black suggests that Plaintiff was not trafficked by Epstein to anyone at all.  We have every reason to believe that Plaintiff's allegations that she was trafficked by Epstein would have been a core topic of discussion at the evidentiary hearing, given that the claims administrator in *JPMorgan* was required to consider, in determining allocations among class members, "the circumstances, severity, type and extent of the alleged harm, injury, exploitation, abuse ***or trafficking***" by Epstein. *Jane Doe 1, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 22-CV-10019 (JSR), ECF No. 290 at 1-2 (emphasis added).  Documents relating to the hearing are relevant both because they bear on whether Plaintiff was, in fact, trafficked by Epstein, and because they bear on Plaintiff's credibility more broadly.

Accordingly, the discovery sought by Mr. Black is highly probative of the claims and defenses at issue in this case.  We again thank the Court for its attention to this matter.

The Honorable Jessica G. L. Clarke
October 7, 2024

                                      Respectfully submitted,

                                      /s/ *Susan Estrich*
                                      Susan Estrich
                                      ESTRICH GOLDIN LLP
                                      947 Berkeley St.
                                      Santa Monica, CA 90403
                                      (213) 399-2132