UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>LEON BLACK,<br><br>   Defendant. | Case No. 1:23-cv-06418-JGLC |

**DEFENDANT LEON BLACK'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO CERTIFY AN APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley Street
Santa Monica, CA 90403
(213) 399-2132

PERRY LAW
E. Danya Perry
Peter A. Gwynne
445 Park Avenue, 7th Floor
New York, NY 10028
(212) 393-4250

*Counsel for Defendant Leon Black*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

I.    THE COURT SHOULD CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) ...........................................................2

    A.    The Order Involves A Controlling And Dispositive Question Of Law ..................2

    B.    There Is A Substantial Ground For Difference Of Opinion ..................................5

    C.    An Immediate Appeal May Terminate This Litigation.........................................10

CONCLUSION..............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*In re A2P SMS Antitrust Litig.*,
  2015 WL 876456 (S.D.N.Y. Mar. 2, 2015) ................................................................. 3, 4

*Balintulo v. Daimler AG*,
  727 F.3d 174 (2d Cir. 2013) ............................................................................................ 2

*Bellino v. JPMorgan Chase Bank, N.A.*,
  2017 WL 129021 (S.D.N.Y. Jan. 13, 2017) .................................................................... 6

*Bellino v. Tallarico*,
  2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ...................................................... 1, 5, 6, 7

*Capitol Records, LLC v. Vimeo LLC*,
  972 F. Supp. 2d 537 (S.D.N.Y. 2013) .................................................................... 4, 5, 9

*Casey v. Long Island R.R.*,
  406 F.3d 142 (2d Cir. 2005) ............................................................................................ 4

*Certain Underwriters at Lloyds of London v. Illinois Nat. Ins. Co.*,
  2013 WL 310383 (S.D.N.Y. Jan. 25, 2013), *aff'd* (Oct. 23, 2013) .................................. 9

*Cohen v. Bd. of Appeals of Vill. of Saddle Rock*,
  100 N.Y.2d 395 (2003) .................................................................................................... 7

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
  2012 WL 2952929 (S.D.N.Y. July 18, 2012) .................................................................. 9

*Drake v. Lab'y Corp. of Am. Holdings*,
  323 F. Supp. 2d 449 (E.D.N.Y. 2004) ............................................................................. 3

*In re Dynex Cap., Inc. Sec. Litig.*,
  2006 WL 1517580 (S.D.N.Y. June 2, 2006) ................................................................. 10

*Fernandez v. Artuz*,
  175 F. Supp. 2d 682 (S.D.N.Y. 2001) ............................................................................. 3

*Finnigan v. Lionetti*,
  Index No. 70001/2019E (N.Y. Sup. Ct. Oct. 6, 2021) ..................................................... 7

*In re Fosamax Prods. Liab. Litig.*,
  2011 WL 2566074 (S.D.N.Y. Feb. 22, 1995) ............................................................ 5, 10

*Isra Fruit, Ltd. v. Agrexco Agricultural Export Co.*,
 804 F.2d 24 (2d Cir. 1986) ........................................................................................................10

*Klinghoffer v. S.N.C Achille Lauro*,
 921 F.2d 21 (2d Cir. 1990) ............................................................................................... 3, 5, 9

*Koehler v. Bank of Bermuda*,
 101 F.3d 863 (2d Cir. 1996) ......................................................................................................10

*Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*,
 74 N.Y.2d 761 (1989) ..................................................................................................................8

*In re Lloyd's Am. Trust Fund Litig.*,
 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) ...............................................................................3

*Mohawk Indus., Inc. v. Carpenter*,
 558 U.S. 100 (2009) ....................................................................................................................2

*Montefiore Med. Ctr. v. Teamsters Loc. 272*,
 2009 WL 3787209 (S.D.N.Y. Nov. 12, 2009) .............................................................................3

*N.Y. State Ass'n for Affordable Hous.v. Council of N.Y.*,
 141 A.D.3d 208 (1st Dep't 2016) ................................................................................................8

*New York v. Arm or Ally*, LLC,
 2024 WL 2270351 (S.D.N.Y. May 20, 2024) .............................................................................5

*People v. Torres*,
 37 N.Y.3d 256 (2021) ..................................................................................................................7

*Primavera Familienstifung v. Askin*,
 139 F. Supp. 2d 567 (S.D.N.Y. 2001) .........................................................................................2

*Rosa v. Senkowski*,
 1997 WL 724559 (S.D.N.Y. Nov. 19, 1997) .............................................................................10

*Santana Prods. Inc. v. Sylvester & Assocs., Ltd.*,
 121 F. Supp. 2d 729 (E.D.N.Y. 1999) .........................................................................................3

*Skylon Corp. v. Guilford Mills, Inc.*,
 901 F. Supp. 711 (S.D.N.Y. 1995) ............................................................................................11

*In re World Trade Ctr. Disaster Site Litig.*,
 270 F. Supp. 2d 357 (S.D.N.Y. 2003) .........................................................................................4

## Rules/Statutes

28 U.S.C. § 1292(b) ................................................................................................................ 1, 2, 11

Child Victims Act ............................................................................................... 1, 3, 5, 6, 7, 8

Child Victims Act and the Adult Survivors Act .................................................................. 1, 5

## Other Authorities

N.Y.C. Admin. Code § 10-1105 ................................................................................................. 7

N.Y. C.P.L.R. § 214-g ............................................................................................................ 7, 8

Defendant Leon Black ("Defendant") respectfully submits that the portion of the Court's September 27, 2024, Order (ECF No. 106) ("Order") denying Defendant's Motion to Dismiss should be certified for interlocutory review because the requirements of 28 U.S.C. § 1292(b) are satisfied. The Order (1) involves a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

## PRELIMINARY STATEMENT

In its Order, the Court denied Defendant's Motion to Dismiss, finding that New York City's Victims of Gender-Motivated Violence Protection Law's Revival Statute ("VGMVPL") is not preempted by New York State's Child Victims Act ("CVA") and that, accordingly, Plaintiff Jane Doe's claims arising from an alleged encounter in 2002 (which never happened) were timely. As the Court acknowledged in its Order, the same issue—whether the VGMVPL was preempted by the CVA—was considered by Judge Kaplan in *Bellino v. Tallarico*, 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024), where a different result was reached. Order at 13 ("The Court acknowledges that a different result was reached in that case."). Indeed, the court in *Bellino* dismissed a similar case in its entirety after finding that that "the limitations provision of the [VGMVPL] is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act." 2024 WL 1344075 at *1.

This Court should certify the Order for interlocutory appeal pursuant to Section 1292(b). All three statutory factors are satisfied. First, the Order concerns a controlling issue of law—whether the VGMVPL is preempted by the CVA—as resolution of this issue in Defendant's favor would result in dismissal of this action. Second, there is a substantial ground for difference of opinion, as there is an intra-district conflict on this very issue. Third and finally, an immediate appeal could terminate this litigation, as a finding in Defendant's favor would mean Plaintiff's

1

claim is time-barred.

The Second Circuit should be afforded the opportunity to resolve this issue promptly, as such a resolution would be beneficial to not only the parties here, but the judiciary as well, by preventing the expenditure of significant time and resources for an action that may well be time-barred. If certification were granted, the Second Circuit would also have the ability, in its discretion, to certify this issue to the New York Court of Appeals, as this question involves the interpretation of New York statutes and policy.[1]

## ARGUMENT

### I. THE COURT SHOULD CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Section 1292(b) authorizes a district court to certify an interlocutory order for appeal when: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Second Circuit has instructed that when an order satisfies the three § 1292(b) criteria and involves a "new legal question or is of special consequence," the district court "should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)). In assessing these criteria, courts also consider the "institutional efficiency of the federal court system [which] is among the chief concerns underlying Section 1292(b)." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001).

#### A. The Order Involves A Controlling And Dispositive Question Of Law

A question of law is controlling if "(1) a reversal of the district court's opinion could result

---

[1] Defendant does not seek an immediate stay of the proceedings while the instant motion for certification of interlocutory appeal is pending. As such, Plaintiff will suffer no prejudice from this application.

2

in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases." *In re Lloyd's Am. Tr. Fund Litig.*, 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997).

It is indisputable that the issue here—whether the VGMVPL is preempted by the CVA—raises a controlling issue of law. A ruling in favor of Defendant on this threshold question would fully dispose of Plaintiff's claim. *See Klinghoffer v. S.N.C Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."). Given that courts have granted certification even where an appeal would only have a "substantial effect on the course of [the] litigation" but not "terminate the action," there can be no doubt that the first criterion is met here, where reversal *would* terminate the action. *See In re A2P SMS Antitrust Litig.*, 2015 WL 876456, at *7 (S.D.N.Y. Mar. 2, 2015) (granting certification).

Courts within the Second Circuit routinely find that preemption questions are controlling questions of law worthy of Section 1292(b) certification. *See, e.g.*, *Montefiore Med. Ctr. v. Teamsters Local 272*, 2009 WL 3787209, at *7 (S.D.N.Y. Nov. 12, 2009); *Drake v. Lab'y Corp. of Am. Holdings*, 323 F. Supp. 2d 449, 456 (E.D.N.Y. 2004) (same). Courts have also certified questions of whether particular claims are time-barred. *See, e.g.*, *Fernandez v. Artuz*, 175 F. Supp. 2d 682, 687 (S.D.N.Y. 2001) (granting certification where district court held that habeas petition was not time-barred); *Santana Prods., Inc. v. Sylvester & Assocs., Ltd.*, 121 F. Supp. 2d 729, 738 (E.D.N.Y. 1999) (certifying order where court held, inter alia, that plaintiff's claims were not time-barred).

Importantly, the controlling issue here is purely legal, allowing for efficient appellate

review. *See Casey v. Long Island R.R.*, 406 F.3d 142, 149 (2d Cir. 2005) (denying petition for leave to appeal when the appeal did not present a question of law). Resolving this preemption issue requires neither further development nor extensive review of the record. Instead, the issue presents "a clean question of law that can be decided without reference to or development of the factual record." *A2P SMS Antitrust Litig.*, 2015 WL 876456, at *7. Like in *A2P SMS*, the "the Second Circuit's factual review would not need to extend beyond the parties' briefs." *Id.* at *4. The concise nature of the question presented also makes it amenable for certification to the New York Court of Appeals, which the Second Circuit may opt for, given that the question calls for the interpretation of New York statutes and policy. *See Kramer v. Lockwood Pension Servs., Inc.*, 653 F. Supp. 2d 354, 398 (S.D.N.Y. 2009) (certifying interlocutory appeal pursuant to § 1292(b) while acknowledging that the Second Circuit could certify the question to the New York Court of Appeals); *see also United States v. Morrison*, 686 F.3d 94, 101 (2d Cir. 2012) ("Rather than deciding the issue, we sought the New York Court of Appeals' guidance in interpreting New York's Tax Law by certifying the following two questions.").[2]

Resolution of the preemption issue would also have precedential value for future parties litigating this same issue, who otherwise would be faced with the ambiguity created by two directly conflicting opinions. *See In re World Trade Ctr. Disaster Site Litig.*, 270 F. Supp. 2d 357, 379 (S.D.N.Y. 2003) (finding that an immediate appeal would avoid uncertainty). Appellate review of this issue now could prevent the filing of other potentially time-barred lawsuits, as well as resolve

---

[2] The New York Court of Appeals may accept certification from the Second Circuit and other federal courts of appeals, but not from a federal district court. *See* McKinney's Const. Art. 6 § 3; N.Y. Comp. Codes R. & Regs. Tit. 22 § 500.27(a) (stating that the United States Supreme Court, any United States Court of Appeals, and courts of last resort of any other state may certify questions to the New York Court of Appeals).

the current uncertainty concerning the VGMVPL.³

### B. There Is A Substantial Ground For Difference Of Opinion

A "substantial ground for difference of opinion [exists] when the authority on a point of law is in conflict, or when there is a 'relative lack of authority on the precise question.'" *In re Fosamax Prods. Liab. Litig.*, 2011 WL 2566074, at *5 (S.D.N.Y. Feb. 22, 1995); *see Capitol Records, LLC v. Vimeo*, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) ("The second prong of the test, that there exists a substantial ground for difference of opinion, is met when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'"). Both circumstances are present here. A "substantial ground for difference in opinion" exists because (1) the Court's Order creates a direct conflict in this District; and (2) the Second Circuit has yet to provide any guidance on this question.

The Court's Order stands in stark contrast to Judge Kaplan's decision in *Bellino*, a decision issued this same year on the very same issue of whether the VGMVPL is preempted by the CVA. Courts have granted certification on the basis of precisely such an intra-district conflict. *See Capitol Records*, 972 F. Supp. 2d at 552 ("[T]he Court recognizes that there exists a substantial ground for difference of opinion on this issue. Indeed, Judge Pauley of this Court reached the opposite conclusion."). The Second Circuit has also found that there is a substantial ground for difference of opinion where there are "differing rulings within this Circuit." *Mei Xing Yu v. Hasaki*

---

³ We know of at least three actions in which this specific preemption issue has been raised. But no matter how many times this issue has come up, the volume of other pending cases with the same issue does not define whether there is a controlling issue of law. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court. But that is not the same as defining a 'controlling question of law' in terms of its precedential value."); *see also New York v. Arm or Ally, LLC*, 2024 WL 2270351, at *3 (S.D.N.Y. May 20, 2024) (certifying even where it was unclear whether Second Circuit intervention would have precedential value for a large number of cases).

5

*Rest.*, 874 F.3d 94, 98 (2d Cir. 2017) (granting leave to file petition for § 1292(b) review). This alone should establish a substantial ground for difference for opinion, but other considerations also merit granting certification.

The difference between the *Bellino* decision and this Court's Order is particularly acute (thus amplifying uncertainty) because almost identical arguments were advanced in both actions. Like Defendant here, the defendant in *Bellino* also argued that the CVA preempted the VGMVPL's claims revival provision. *Compare* ECF No. 41 ("MTD") at 16 ("But the NYC Revival Statute cannot render her claim timely, because the statute is preempted by the New York State CVA Revival Provision."), *with Bellino*, No. 24-cv-0712 (LAK), ECF No. 6 at 13-14 (arguing that the CVA and ASA preempt the VGMVPL). Judge Kaplan agreed with the defendant in *Bellino* on this very point, holding that "the limitations provision of the VGMVPA is preempted by the state's adoption of the Child Victims Act and Adult Survivors Act, substantially for the reasons set forth by the defendant." 2024 WL 1344075, at *1. This Court, however, held that the VGMVPL is not preempted, finding that "the CVA does not come close to enacting a comprehensive scheme," and listing a series of factors that it found lacking with the CVA's scheme. Order at 10. It is therefore impossible to reconcile the Court's Order with Judge Kaplan's decision in *Bellino*.

A substantial ground for difference in opinion exists where there is more than "mere conjecture that courts would disagree on the issue" and "substantial doubt [exists] that the district court's order was correct." *See, e.g.*, *Bellino v. JPMorgan Chase Bank, N.A.*, 2017 WL 129021, *3 (S.D.N.Y. Jan. 13, 2017) (quotations omitted). The court in *JPMorgan* found that disagreement among other courts in the district, without Second Circuit guidance, "create[d] just enough divergence and doubt to warrant certification." *Id*. Likewise, Judge Kaplan's acceptance of the same preemption argument in *Bellino* demonstrates that courts disagree on this issue and creates

6

substantial doubt and uncertainty as to whether the Court's Order was correct.

As Defendant explained in his motion to dismiss, preemption under New York law can arise through both conflict preemption and field preemption. *See People v. Torres*, 37 N.Y.3d 256, 265 (2021). And neither form of preemption requires the State to preempt local law expressly, as preemption may be implied either through the nature of the subject matter being regulated as well as the scope and purpose of the legislative scheme. *See Cohen v. Bd. of Appeals of Vill. of Saddle Rock*, 100 N.Y.2d 395, 400 (2003). Defendant argued previously that the VGMVPL is preempted by the CVA under both a conflict and field preemption analysis.

Field preemption exists because, in enacting the CVA, the State Legislature definitively prescribed a specific time window for claims relating to sexual offenses against minors throughout the state of New York. *See* N.Y. C.P.L.R. § 214-g (stating that it applies to "every civil claim or cause of action brought against any party … as a result of conduct which would constitute a sexual offense" against a minor). New York courts have even found that the CVA's "language dismisses contradictory statutory time limits." *See e.g.*, *Finnigan v. Lionetti*, Index No. 70001/2019E, at *10 (N.Y. Sup. Ct. Oct. 6, 2021). The CVA thus provided a comprehensive and detailed regulatory scheme overhauling statutes of limitations applicable to child sexual assault and sexual abuse claims. In doing so, it indicated a purpose to occupy an entire field of regulation, thus preempting Plaintiff's claims. *See Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*, 74 N.Y.2d 761, 765 (1989) ("Where a State Law indicates a purpose to occupy an entire field of regulation … local regulations are preempted regardless of whether their terms conflict with provisions of the State statute or only duplicate them."). This same reasoning was advanced by the defendant in *Bellino* and accepted by Judge Kaplan. *See Bellino*, 2024 WL 1344075, at *1.

As Defendant explained in his motion to dismiss, the VGMVPL is also preempted under a

conflict preemption analysis, which exists where "a state law prohibits what a local law explicitly allows." *N.Y. State Ass'n for Affordable Hous. v. Council of N.Y.*, 141 A.D.3d 208, 214 (1st Dep't 2016) (quotations omitted). In short, the VGMVPL Revival Statute establishes a different and conflicting period for bringing claims than the CVA. The CVA revived these claims for a two-year window lasting from August 2019 to August 2021, N.Y. C.P.L.R. § 214-g, but the VGMVPL's Revival Statute attempts to revive these same claims for a different two-year window lasting from March 2023 to March 2025. N.Y.C. Admin. Code § 10-1105.

While this Court reasoned that that there could be no conflict between the CVA and VGMVPL because "[t]hese statutes serve the same purpose," Order at 12, conflict preemption has been found where statutes directly conflict even if the statutes had the same claimed purpose, *see Lansdown*, 74 N.Y.2d at 763 ("Nevertheless, even assuming that this local ordinance was adopted for the claimed purpose, this conclusion would not alone be sufficient to surmount the preemption hurdle."). As the New York Court of Appeals explained in *Lansdown*, "[e]ven where the local goal does not conflict with State legislative objectives, the locality must still tailor its ordinance to ensure that its impact upon the preempted field is merely incidental." *Id*. at 763-64. But here, the VGMVPL provides an entirely different period of time in which to bring claims than what the CVA provides, thus providing for a claim where one would not otherwise exist under the CVA. *See id*. at 764 ("[R]ather, the direct consequences of a local ordinance should be examined to ensure that it does not 'render illegal what is specifically allowed by State law.") (quotations omitted).

This Court also found that the "VGMVPL is consistent with the City's broad policing power to enact legislation to protect its residents" and that "[p]reventing the City from enacting its own deadline … risks rendering that power illusory." Order at 13. But New York courts have

8

expressly found that "the City Council may not exercise its police power to adopt a law … which is inconsistent with a State statute." *New York City Health & Hosps. Corp. v. Council of City of New York*, 303 A.D.2d 69, 74 (1st Dep't 2003); *see Patrolmen's Benev. Ass'n of City of New York, Inc. v. City of New York*, 142 A.D.3d 53, 58 (1st Dep't 2016) (explaining that municipalities are accorded broad police powers, "provided local governments refrain from adopting laws that are inconsistent with the Constitution or state statutes"). By providing a different time period in which to bring claims, the VGMVPL is inconsistent with the CVA. Accordingly, there are other reasoned bases to find for Defendant, apart from those adopted by Judge Kaplan's decision, that establish substantial grounds for difference of opinion.

Courts have found the existence of a substantial ground for difference of opinion even where they are confident in their rulings. *See Certain Underwriters at Lloyds of London v. Illinois Nat. Ins. Co.*, 2013 WL 310383, at *1 (S.D.N.Y. Jan. 25, 2013) ("Although I am confident of the ruling on these facts, I find that there is a substantial ground for difference of opinion."); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2012 WL 2952929, at *8 (S.D.N.Y. July 18, 2012) (granting certification and noting that "if a district court had to believe that her decision was likely to be reversed before certifying a question under 28 U.S.C. § 1292(b), there would be no such certifications"). Thus, regardless of the Court's confidence in its Order, certification is still appropriate, particularly because Judge Kaplan's decision demonstrates that there is a substantial ground for difference of opinion.

Finally, the issue would be one of first impression in the Second Circuit, as no other federal court has addressed the issue. The fact that there are only two conflicting decisions appearing to address this issue only further suggests the second statutory factor is satisfied. *See Klinghoffer*, 921 F.2d at 24 (certifying appeal under § 1292(b) where the issue was difficult and of first

9

impression); *Capitol Records*, 972 F. Supp. 2d at 552 ("In view of the paucity of case law and these conflicting conclusions, the Court finds that the second statutory factor has been satisfied.").

### C. An Immediate Appeal May Terminate This Litigation

Appellate review of whether the VGMVPL is preempted by the CVA will materially advance this litigation. Indeed, while courts find material advancement "if the appeal promises to advance the time for trial or shorten the time required for trial," *Fosamax*, 2011 WL 2566074, at *5 (quotations omitted), an appeal here could potentially dispose of this action entirely, *see Laurent v. PricewaterhouseCoopers LLP*, 2014 WL 251986, at *2 (S.D.N.Y. Jan. 22, 2014) (certifying § 1292(b) interlocutory appeal and reasoning that appeal would materially advance the litigation because successful appeal would terminate the action); *In re Air Crash at Georgetown*, 33 F. Supp. 3d 139, 155 (E.D.N.Y. 2014) (noting that an appeal would materially advance the litigation when reversal would terminate the action but denying certification on other grounds); *cf. Koehler v. Bank of Bermuda*, 101 F.3d 863, 866 (2d Cir. 1996) (declining to hear interlocutory appeal when remand would be required regardless of how court ruled); *Isra Fruit, Ltd. v. Agrexco Agric. Export Co.*, 804 F.2d 24, 25-26 (2d Cir. 1986) (holding appeal would not "materially advance the termination" of the suit when trial would likely occur without significant time saving even if appeal was successful).

"The institutional efficiency of the federal court system is among the chief concerns motivating Section 1292(b)." *Rosa v. Senkowski*, 1997 WL 724559, at *3 (S.D.N.Y. Nov. 19, 1997). Appellate review of this issue is consistent with this principle, as it could prevent the expenditure of significant resources by both the parties and the Court if the Court's initial conclusion proves incorrect. *See In re Dynex Cap., Inc. Sec. Litig.*, 2006 WL 1517580, at *3 (S.D.N.Y. June 2, 2006). *Dynex* is instructive, as there the court granted certification after explaining that its denial of a motion to dismiss turned on a single question, and that if its "initial

conclusion prove[d] incorrect," both the parties and the court would expend substantial resources. *Id.* Because of this, it found that an interlocutory appeal would materially advance the termination of the litigation was "in the interest of judicial efficiency." *Id.* Likewise, here, without certification, both this Court and the parties will be forced to spend significant expense and time on discovery on issues from 20 or more years ago in a case that may be, in all events, time-barred. *See also Skylon Corp. v. Guilford Mills, Inc.*, 901 F. Supp. 711, 718 (S.D.N.Y. 1995) ("If the Court of Appeals finds that I have misconstrued the applicable question of law … the expense of discovery and a trial would be avoided."). Indeed, the very purpose of statutes of limitations is to prevent defendants from having to defend against actions where significant evidence has become lost. *Singleton v. Clash*, 951 F. Supp. 2d 578, 585 (S.D.N.Y. 2013) ("Statutes of limitations are intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") (quotations omitted); *Connell v. Hayden*, 83 A.D.2d 30, 41 (2d Dep't 1981) ("[T]he primary purpose of Statutes of Limitations is to relieve defendants of the necessity of … preparing a defense where the action is commenced against them after the expiration of the statutory period because the law presumes that by that time evidence has been lost, memories have faded, and witnesses have disappeared.") (quotations omitted). This purpose is only furthered by certifying this issue for interlocutory appeal. The need for appellate review is therefore compelling.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court certify an immediate appeal of the legal issue discussed above pursuant to 28 U.S.C. § 1292(b).

Dated: October 11, 2024
New York, New York

/s/ Michael B. Carlinsky

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
Tel: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
Tel: (213) 399-2132
susan@estrichgoldin.com

PERRY LAW
E. Danya Perry
Peter A. Gwynne
445 Park Avenue
7th Floor
New York, NY 10022
Tel: (212) 213-3070
Facsimile: (646) 849-9609
dperry@danyaperrylaw.com
pgwynne@danyaperrylaw.com

*Counsel for Defendant Leon Black*