**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANE DOE,

          *Plaintiff,*

        v.

LEON BLACK,

          *Defendant.*

Case No. 1:23-cv-06418-JGLC

**ANSWER AND AFFIRMATIVE**
**DEFENSES**

---

    Defendant Leon Black ("Defendant"), by and through his attorneys, answers the Complaint (ECF Doc. No. 1) of Plaintiff Jane Doe ("Plaintiff") as follows:

**ANSWERS TO SPECIFIC ALLEGATIONS**

    Defendant Leon Black denies all allegations in the Complaint, including those in any headings, subheadings, and footnotes, except as expressly admitted herein. All allegations in the Complaint involving unnamed and unidentified individuals also are denied until such time as such individuals are identified. Further, to the extent that Mr. Black has no memory as to an allegation, he herein denies knowledge or information sufficient to form a belief about the truth of such allegation. Defendant denies each and every allegation in footnote 1 of the Complaint.

    1.    Defendant denies each and every allegation in paragraph 1 of the Complaint.

    2.    Defendant denies each and every allegation in paragraph 2 of the Complaint.

    3.    Defendant denies each and every allegation in paragraph 3 of the Complaint.

    4.    Defendant denies each and every allegation in paragraph 4 of the Complaint, except admits that it has been widely reported that Epstein was arrested in 2019 and charged with sex trafficking offenses, and avers that Defendant has no connection whatsoever to Epstein's criminal wrongdoing.

**JURISDICTION, VENUE & LIMITATIONS PERIOD**

5.      Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black admits that Plaintiff purports to invoke the Court's jurisdiction.

6.      Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black admits that Plaintiff purports to invoke venue in this District.

7.      Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black denies that this case is timely.

**PARTIES**

8.      Upon information and belief, Mr. Black admits that Plaintiff is over the age of 18 and resides in the United States. Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9.      Mr. Black admits the allegations in paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10.      Upon information and belief, Mr. Black denies each and every allegation in paragraph 10 of the Complaint, including those contained in section heading "I". Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the allegations in footnote 2 of the Complaint.

11.      Upon information and belief, Mr. Black denies each and every allegation in paragraph 11 of the Complaint.

12.      Upon information and belief, Mr. Black denies each and every allegation in paragraph 12 of the Complaint.

13.     Upon information and belief, Mr. Black denies each and every allegation in this paragraph 13 of the Complaint. Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the allegations in footnote 3 of the Complaint.

14.     Upon information and belief, Mr. Black denies each and every allegation in this paragraph 14 of the Complaint.

15.     Upon information and belief, Mr. Black denies each and every allegation in this paragraph 15 of the Complaint.

16.     Mr. Black denies each and every allegation in this paragraph 16 of the Complaint.

13.     [sic][1] Upon information and belief, Mr. Black denies the allegation in section heading "II", and denies the implication in this paragraph 13 of the Complaint that the cheerleading program was restricted to girls aged 8-12. Upon information and belief, Mr. Black admits that Plaintiff participated in an age-appropriate cheerleading program in the summer of 2001.

14.     [sic] Upon information and belief, Mr. Black denies each and every allegation in this paragraph 14 of the Complaint.

15.     [sic] Upon information and belief, Mr. Black denies each and every allegation in this paragraph 15 of the Complaint.

16.     [sic] Upon information and belief, Mr. Black denies each and every allegation in this paragraph 16 of the Complaint.

17.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 17 of the Complaint.

18.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 18 of the Complaint.

---

[1] Plaintiff's Complaint is mis-numbered and repeats paragraphs numbered 13 through 16. Defendant follows that format in this Answer.

19.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 19 of the Complaint.

20.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 20 of the Complaint.

21.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 21 of the Complaint.

22.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 22 of the Complaint.

23.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 23 of the Complaint.

24.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 24 of the Complaint.

25.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 25 of the Complaint.

26.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 26 of the Complaint.

27.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 27 of the Complaint, including the allegation in section heading "III".

28.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 28 of the Complaint.

29.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 29 of the Complaint.

30.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 30 of the Complaint.

31.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 31 of the Complaint.

32.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 32 of the Complaint.

33.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 33 of the Complaint.

34.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 34 of the Complaint.

35.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 35 of the Complaint.

36.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 36 of the Complaint.

37.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 37 of the Complaint.

38.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 38 of the Complaint.

39.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 39 of the Complaint.

40.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 40 of the Complaint.

41.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 41 of the Complaint.

42.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 42 of the Complaint.

43.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 43 of the Complaint.

44.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 44 of the Complaint.

45.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 45 of the Complaint.

46.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 46 of the Complaint, including the allegation in section heading "IV".

47.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 47 of the Complaint.

48.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 48 of the Complaint.

49.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 49 of the Complaint.

50.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 50 of the Complaint.

51.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 51 of the Complaint.

52.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 52 of the Complaint.

53.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 53 of the Complaint.

54.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 54 of the Complaint.

55.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 55 of the Complaint, including the allegation in section heading "V".

56.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 56 of the Complaint.

57.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 57 of the Complaint.

58.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 58 of the Complaint.

59.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 59 of the Complaint.

60.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 60 of the Complaint.

61.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 61 of the Complaint.

62.    Mr. Black denies each and every allegation in paragraph 62 of the Complaint.

63.    Mr. Black denies each and every allegation in paragraph 63 of the Complaint.

64.    Mr. Black denies each and every allegation in paragraph 64 of the Complaint.

65.    Mr. Black denies each and every allegation in paragraph 65 of the Complaint.

66.    Mr. Black denies each and every allegation in paragraph 66 of the Complaint.

67.    Mr. Black denies each and every allegation in paragraph 67 of the Complaint.

68.    Mr. Black denies each and every allegation in paragraph 68 of the Complaint.

69.    Mr. Black denies each and every allegation in paragraph 69 of the Complaint.

70.    Mr. Black denies each and every allegation in paragraph 70 of the Complaint.

71.    Mr. Black denies each and every allegation in paragraph 71 of the Complaint.

72.    Mr. Black denies each and every allegation in paragraph 72 of the Complaint.

73.    Mr. Black denies each and every allegation in paragraph 73 of the Complaint.

74.    Mr. Black denies each and every allegation in paragraph 74 of the Complaint.

75.    Mr. Black denies each and every allegation in paragraph 75 of the Complaint.

76.    Mr. Black denies each and every allegation in paragraph 76 of the Complaint.

77.    Mr. Black denies each and every allegation in paragraph 77 of the Complaint.

78.    Mr. Black denies each and every allegation in paragraph 78 of the Complaint.

79.    Mr. Black denies each and every allegation in paragraph 79 of the Complaint.

80.    Mr. Black denies each and every allegation in paragraph 80 of the Complaint.

81.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 81 of the Complaint.

82.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 82 of the Complaint.

83.    Mr. Black denies the allegations in paragraph 83 of the Complaint that Plaintiff was ever trafficked to Mr. Black and that he raped Plaintiff, and, upon information and belief, denies each and every remaining allegation in paragraph 83 of the Complaint.

84.     Mr. Black denies the allegation in paragraph 84 of the Complaint that he attacked Plaintiff, and, upon information and belief, denies each and every remaining allegation in paragraph 84 of the Complaint.

85.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 85 of the Complaint.

86.     Mr. Black denies each and every allegation in paragraph 86 of the Complaint, including the allegation in section heading "VI".

87.     Mr. Black admits that the docket reflects that the cited hearing took place on March 13, 2013, and that the complaint in the referenced case contains the language quoted in paragraph 87 of the Complaint; denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing; and avers that he was not a party to the case referenced in paragraph 87 of the Complaint.

88.     Mr. Black admits that public filings reflect that Deutsche Bank introduced a release agreement in support of its motion to dismiss and that the release agreement contained language specifying that it did not cover Mr. Black; denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing; and avers that he was not a party to the case or release agreement referenced in paragraph 88 of the Complaint .

89.     Mr. Black admits that the transcript of the referenced hearing contains the language quoted in paragraph 89 of the Complaint; denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing; and avers that he was not a party to the case or release agreement referenced in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black denies each and every allegation in paragraph 90 of the Complaint.

91.     Mr. Black acknowledges that the cited *New York Times* article by Matthew Goldstein states that Mr. Black "agreed to pay $62.5 million to the U.S. Virgin Islands in January to be released from any potential claims arising out of the territory's three-year investigation into the sex trafficking operation of the disgraced financier Jeffrey Epstein." Mr. Black denies any allegation, characterization, or implication that he participated in Epstein's sex trafficking operation.

92.     Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, except admits that it has been widely reported that the U.S. Virgin Islands has investigated Epstein's sex trafficking activities and settled a lawsuit with Epstein's estate, and avers that Mr. Black has no connection whatsoever to any of Epstein's criminal wrongdoing.

93.     Mr. Black acknowledges that the cited *New York Times* article by Matthew Goldstein contains the language quoted in paragraph 93 of the Complaint. Mr. Black otherwise denies each and every allegation in paragraph 93 of the Complaint, including any allegation, characterization, or implication contained in the quoted material from the *New York Times* article that Mr. Black had any connection whatsoever to any of Epstein's criminal wrongdoing.

<u>**CAUSE OF ACTION**</u>
**Victims of Gender-Motivated Violence Protection Law (VGMPL)**

94.     Mr. Black incorporates by reference his pleadings in response to the preceding paragraphs of the Complaint, and otherwise denies each and every allegation in paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black incorporates by reference his pleadings in response to the preceding paragraphs of the Complaint, and otherwise denies each and every allegation in paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black incorporates by reference his pleadings in response to the preceding paragraphs of the Complaint, and otherwise denies each and every allegation in paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black denies each and every allegation in paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black incorporates by reference his pleadings in response to the preceding paragraphs of the Complaint, and otherwise denies each and every allegation in paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black incorporates by reference his pleadings in response to the preceding paragraphs of the Complaint, and otherwise denies each and every allegation in paragraph 99 of the Complaint.

## **PRAYER FOR RELIEF**

Mr. Black denies that Plaintiff has suffered any cognizable injury or damages entitling her to any legal recourse, and denies that Plaintiff is entitled to any such relief, whether monetary,

compensatory, punitive, declarative, equitable, costs, and/or fees relating to this matter, or in any other form sought by Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because the revival provision she purports to invoke, N.Y.C. Admin. Code § 10-1105(a), is preempted by New York state law, including the Child Victims Act, C.P.L.R. § 214-g, and the Adult Survivors Act, C.P.L.R. § 214-j.

### Fourth Defense

Plaintiff has sustained no cognizable injury by reason of any wrongful conduct by Mr. Black.

### Fifth Defense

. The alleged harm and damages sustained by Plaintiff, if any, are speculative. Plaintiff makes only conclusory allegations of damages.

### Sixth Defense

Mr. Black's alleged conduct did not cause any loss of revenue or income to Plaintiff. Plaintiff makes only conclusory allegations of economic harm and has not alleged any facts demonstrating actual pecuniary loss or special damages.

### Seventh Defense

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Mr. Black, Plaintiff has failed to mitigate or minimize her alleged damages.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or law of the case, including, without limitation, because Plaintiff was not only not trafficked by Epstein to Defendant, upon information and belief she was not trafficked by Epstein to anyone, as was, upon information and belief, the subject of an evidentiary hearing on or around March 15, 2024, in *Jane Doe 1, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 22-CV-10019 (JSR), and Plaintiff's claims in this action are subject to collateral estoppel as a result of any determinations that have been made or will be made by Judge Rakoff in that case relating to her assertions that she was trafficked by Epstein.

\* \* \* \*

Mr. Black is not knowingly waiving any affirmative defense and hereby expressly reserves the right to amend his Answer and include all such defenses as may become available or apparent during pretrial proceedings of this action.

**WHEREFORE,** Mr. Black respectfully requests that this Court:

(a)     Dismiss the Complaint in its entirety with prejudice;

(b)     Award Mr. Black the costs of defending against the suit, including reasonable attorneys' fees and expenses;

(c)    Impose sanctions on Plaintiff and her attorneys pursuant to Fed. R. Civ. P. 11 for engaging in frivolous conduct, making material factually false statements, engaging in conduct undertaken primarily to harass and maliciously injure Mr. Black, and failing to conduct reasonable inquiry and diligence; and

(d)    Grant such other and further relief as the Court deems just and proper.

Dated: October 11, 2024
     New York, New York

Respectfully submitted,

*/s/ E. Danya Perry*

PERRY LAW
E. Danya Perry
Peter A. Gwynne
445 Park Avenue, 7th Floor
New York, NY 10022
Tel: (212) 213-3070
Facsimile: (646) 849-9609
dperry@danyaperrylaw.com
pgwynne@danyaperrylaw.com

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, NY 10010
Tel: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
Tel: (213) 399-2132
susan@estrichgoldin.com

*Attorneys for Defendant Leon Black*