

October 22, 2024

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007
Email: ClarkeNYSDChambers@nysd.uscourts.gov

**Re:   *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC: Joint Letter re Defendant's Request for Pre-Conference Discovery.**

Dear Judge Clarke:

Counsel for the parties respectfully submit this joint letter in accordance with the Court's Memorandum Endorsement (ECF No. 121), directing the parties to meet and confer regarding the Defendant's request to commence immediate discovery by serving subpoenas on three third-parties, discussed in detail in the letters filed with the Court on October 1, 2024 (ECF No. 108), October 4, 2024 (ECF No. 110), and October 7, 2024 (ECF No. 114). The Court ordered that if issues remained after the meet and confer, "the parties are directed to include their positions with respect to this issue in a joint letter to the Court" for discussion at the upcoming initial pretrial conference.

The parties met and conferred on October 18, 2024. At that conference and in an email sent prior to the conference, counsel for Plaintiff stated Plaintiff's position as set forth below, and also stated that they would not discuss the issues beyond that representation. Accordingly, the parties submit this letter.

**Plaintiff's Position**:  Plaintiff's counsel states that they "were instructed by Judge Rakoff that we are not to discuss any of the proceedings in his courtroom involving Jane Doe. We were told whoever has further questions needs to make requests through Judge Rakoff."

**Defendant's Position**:  There can be no doubt that the proceedings before Judge Rakoff go to the heart of the issues in this case. As explained in Defendant's prior letters, it is our understanding based on our email communications with Judge Rakoff's chambers and based on the *JPMorgan* class administrator's mandate to consider in determining allocations among class members, "the circumstances, severity, type and extent of the alleged harm … *or trafficking*" by Epstein, *Jane Doe 1, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 22-CV-10019 (JSR), ECF No. 290 at 1-2 (emphasis added), that the proceedings would have addressed the fundamental issue in this case:  whether Plaintiff was ever trafficked by Jeffrey Epstein. Plaintiff alleges in this action that she was trafficked by Epstein to Defendant, who she alleges then sexually assaulted her. Her

The Honorable Jessica G. L. Clarke
October 22, 2024

claim therefore rests on the predicate that she was trafficked by Epstein *to anyone*, and discovery into whether she has any connection *at all* to Epstein goes to the heart of this case.

For these reasons, the Court should authorize the issuance of the three subpoenas to (i) counsel for the class, (ii) the Wigdor firm, and (iii) the settlement administrator regarding the *JPMorgan* proceeding, and stay all other discovery until the parties can review the evidence on the threshold issue of whether Plaintiff was ever trafficked by Epstein and determine its impact on Plaintiff's claim in this case. Plaintiff has already attempted to seek blatantly inappropriate, wide-ranging discovery from over a dozen third parties.[1] Indeed, in *eight of the eleven* document subpoenas duces tecum that Plaintiff noticed, she does not mention the Plaintiff *at all* in her requests. As just a few other examples of the scores of unhinged, irrelevant non-party discovery requests from Plaintiff, she:

- Demanded discovery from three third parties (one of whom is a former Cabinet Secretary) to provide information related to "each year [they] attended the National Prayer Breakfast" in Washington, D.C. during the six-year period from 2000-2006;

- Intends to subpoena Ms. Estrich, Mr. Black's counsel in this case, for information regarding when she became "friends" on Facebook with individuals who are the sons of an acquaintance of Ms. Estrich who passed away in 2009.

- Demanded that five individuals with no connection to this matter "Produce all information regarding communications between You and the Clinton Global Initiative."

The tailored discovery requested by Defendant is likely to resolve the threshold issue in this case of whether Plaintiff was ever trafficked by Epstein. It would be inefficient and a waste of resources to allow Plaintiff to pursue the pointless, immaterial, and unlimited discovery she is seeking when evidence from the *JPMorgan* proceeding may show that she does not have any claim at all. Accordingly, Defendant respectfully requests that the Court permit Defendant to issue subpoenas to class counsel, the Wigdor firm, and the settlement administrator regarding the documents produced or submitted, the transcripts of any testimony and hearings, and any court orders or decisions in the *JPMorgan* proceeding, and otherwise stay discovery until the parties can review and evaluate that evidence. *See United States Sec. & Exch. Comm'n v. Ahmed*, 72 F.4th 379, 394 (2d Cir. 2023), *cert. denied sub nom. Ahmed v. Sec. & Exch. Comm'n*, 144 S. Ct. 2658 (2024) ("A district court retains 'authority to manage discovery,' including 'limit[ing] discovery in the interests of justice.'") (quoting *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 281 (2d Cir. 1997).

---

[1] Plaintiff's abuse of the discovery process in issuing these subpoenas will be the subject of separate communication to the Court.

The Honorable Jessica G. L. Clarke
October 22, 2024

      The parties thank the Court for its attention to this matter, and will be prepared to discuss this issue at the initial pretrial conference.

      Respectfully submitted,

      /s/ *Susan Estrich*
      Susan Estrich
      ESTRICH GOLDIN LLP
      947 Berkeley St.
      Santa Monica, CA 90403
      (213) 399-2132