UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JANE DOE,                                           :
                                                    :
                Plaintiff,       :    Civil Action No.: 1:23-cv-06418-JGLC
                                                    :
      v.                                            :
                                                    :
LEON BLACK,                                         :
                                                    :
                Defendant.       :
                                                    :
-----------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) OF THIS COURT'S DENIAL OF HIS MOTION TO DISMISS

**WIGDOR LLP**

Douglas H. Wigdor
Jeanne M. Christensen
Meredith A. Firetog

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
jchristensen@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff*

Plaintiff Jane Doe submits this memorandum of law in opposition to Defendant's motion to certify an interlocutory appeal of this Court's opinion denying his motion to dismiss. ECF 106, 122. For the reasons set forth below, the motion should be denied.

## PRELIMINARY STATEMENT

On September 27, 2024, this Court denied Defendant's Motion to Dismiss, finding that New York City's Victims of Gender-Motivated Violence Protection Law's Revival Statute ("VGMVPL") is not preempted by New York State's Child Victims Act ("CVA"). *See generally* ECF 106. The Court held that neither field preemption nor conflict preemption barred the VGMVPL. *Id.* The Court acknowledged a single case that had reached a different result on the same issue of preemption but made clear that it was confident in its holding. *Id.* at 13. The Court's well-reasoned opinion showed that whether the CVA preempted the VGMVPL is not a "coin flip" issue that courts are bound to disagree on. Rather, the vast majority of relevant case law—which supports the holding that the VGMVPL is not preempted—is correct, and the one case holding otherwise was not. Unfortunately, Defendant has seized on the one case that could possibly support his position and attempted to frame it as sufficient to justify an interlocutory appeal. ECF 123. Defendant is well aware that an interlocutory appeal would yield the same result this Court reached in denying his motion to dismiss. Instead, he hopes to further draw out what is already protracted litigation so as to dissuade Ms. Doe from continuing to pursue her claims.

## LEGAL ARGUMENT

### I.   Interlocutory Appeals Are Strongly Disfavored

Defendant's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) has no basis in law and is merely yet another attempt to delay this litigation. Interlocutory appeals are strongly disfavored in federal practice. *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y.

1

2014); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010); *Hermes Int'l v. Rothschild*, 590 F. Supp. 3d 647, 649–50 (S.D.N.Y. 2022) ("[f]ew presumptions are as integral to judicial efficiency in the federal courts as the one against granting interlocutory review. Time and again, federal courts have recognized that the result of permitting interim appeals is vexatious and duplicative litigation, prolonged uncertainty, and endless delay.") (internal quotations omitted). Section 1292(b) certification should be "rare" and reserved for "exceptional circumstances." *Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996); *In re Ambac,* 693 F. Supp. 2d at 282; *see also Lidle v. Cirrus Design Corp.*, No. 08-CV-1253 (BSJ) (HBP), 2010 WL 4345733, at *1 (S.D.N.Y. Oct. 29, 2010) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.... Only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

Interlocutory appeals are only permitted when all of the following conditions are met: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Furthermore, "district court judges have broad discretion to deny certification even where the statutory criteria are met." *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 102 (E.D.N.Y. 2010) (quoting *Morris v. Flaig*, 511 F. Supp. 2d 282, 314 (E.D.N.Y. 2007)); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the court's authority to deny certification, even in situations where the three statutory elements are met, is "independent" and "unreviewable") (internal citation omitted).

## II. A "Substantial Ground for Difference of Opinion" Does Not Exist

Here, the Court should deny certification for interlocutory appeal because there is not a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). A "substantial ground for difference of opinion" must "arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." *In re Enron Corp.*, 2007 WL 2780394 at *1 (S.D.N.Y. 2007). This prong may be satisfied when: "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Id.* Additionally, a court must "analyze the strength of the arguments in opposition to the challenged ruling" when assessing this prong. *Id.* A single adverse opinion is not sufficiently "substantial." For example, in *Levy v. Endeavor Air Inc.*, the court acknowledged a split between the First and Second Departments but called one holding "less-than convincing" and ultimately ruled that because "the weight of authority lean[ed] almost unanimously in favor of the [other viewpoint]," a "substantial ground for difference of opinion did not exist." 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024). And other courts have gone further, finding that multiple rulings the other way were insufficient when the court had already "explained why it does not find those decisions persuasive." *Linzy v. Uber Techs., Inc.*, No. 21 CIV. 05097 (ER), 2024 WL 2882186, at *5 (S.D.N.Y. June 7, 2024) (internal citations omitted).

### A. One Sentence of *Dicta* is Not "Substantial Grounds"

Defendant fails to mention that what he describes as "substantial grounds for difference of opinion" is just one sentence of *dicta* that reads as follows:

> Second, and independent of the prior point, the limitations provision of the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act, substantially for the reasons set forth by the defendant.

3

*Bellino v. Tallarico*, No. 24-CV-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024), *appeal withdrawn*, No. 24-763, 2024 WL 3170987 (2d Cir. Apr. 4, 2024). *Bellino*, the sole case Defendant cites in support of his motion, failed to analyze the preemption issue beyond this sentence. Further, this Court has already addressed *Bellino* and explained why it declined to follow its holding and instead concurred with the vast majority of the case law. *E.g. Doe v. Gooding*, No. 20 Civ. 06569 (PAC), 2022 WL 1104750 (S.D.N.Y. April 13, 2022) (rejecting the same argument made by Defendant here). Thus, this Court has already "analyze[d] the strength of the arguments in opposition to the challenged ruling." *In re Enron Corp.*, 2007 WL 2780394 at *1. As the *Linzy* court held, "[w]hile it may be possible that the New York Court of Appeals—or the Second Circuit—would reach a different conclusion, the Court does not see any substantial ground for difference of opinion as to *Uy*'s holding and its application to this case." *Id.*

Generally, a difference of opinion cannot be "substantial" unless there is a <u>certain amount</u> of adverse authority that the court <u>had not already addressed</u>. *See Hermes Int'l*, 590 F. Supp. 3d at 656 ("[g]ranting interlocutory appeal in every case where a party can cite to a few cases for their position would transform the procedure into a vehicle for a second bite at an appeal wherever there is a difficult issue, a function for which it was obviously not intended"); *U.S. Underwriters Ins. Co. v. Kenfa Madison*, LLC, 2023 WL 5617772, at *4 (E.D.N.Y. 2023) (holding that the "handful of cases" repeatedly cited by the motioning party were not the "requisite conflicting authority on the issue" needed to certify an interlocutory appeal).

Defendant's mischaracterization of the *Bellino* opinion's reasoning does not change the result. In *Bellino*, the plaintiff alleged that a crime of violence took place in 1975—but as Judge Kaplan explained, the VGMVPL "was not enacted until 25 years after the alleged crime of violence occurred." 2024 WL 1344075, at *1. It is for that reason—not preemption—that the claim in

4

*Bellino* was dismissed for failure to state a claim. Defendant failed to mention this basis for dismissal that easily distinguishes *Bellino* from the present case. His claim that "[i]t is therefore impossible to reconcile the Court's Order with Judge Kaplan's decision in *Bellino*" is highly misleading. This Court has already reconciled the decisions. Defendant also attempts to claim that "almost identical arguments were advanced in both [this case and *Bellino*]." ECF 123 at 6. But in *Bellino*, the motion to dismiss went unopposed. *Bellino*, 2024 WL 1344075, at *1. Ms. Doe's arguments were not "almost identical" to the *Bellino* plaintiff's because that plaintiff advanced none at all. Defendant distorts *Bellino*'s facts and holding because the actual opinion reveals nothing remotely close to a "substantial ground for difference of opinion." Granting Defendant "a second bite at an appeal" here is not the "rare" and "exceptional circumstances" reserved for § 1292(b) certification. *Koehler,* 101 F.3d at 865.

Defendant cites other cases having to do with preemption generally and whether claims were time-barred as purported precedent for certifying this case. But these cases do not go to the same issue at play here: whether the CVA preempted the VGMVPL. Instead, they dealt with questions that were far more complex and hotly contested, *see*, *e.g.*, *Fernandez v. Artuz*, 175 F. Supp. 2d 682, 684 (S.D.N.Y. 2001), *aff'd*, 402 F.3d 111 (2d Cir. 2005) (where the "absence of any congressional guidance" combined with widely differing Circuit court interpretations justified interlocutory appeal), or are completely inapposite. *See Drake v. Lab'y Corp. of Am. Holdings*, 323 F. Supp. 2d 449, 455 (E.D.N.Y. 2004) (where the parties *jointly requested* certification for interlocutory appeal). Defendant also claims that the "Second Circuit ha[ving] yet to provide any guidance on this question" justifies an interlocutory appeal. This argument has been flatly rejected: "the silence of an appellate court is not enough to satisfy § 1292(b). If it were, interlocutory

5

appeals would be the norm, not the exception." *Garber v. Office of the Com'r of Baseball*, 120 F.Supp. 3d 334, 338 (S.D.N.Y. 2014).

### III.     The Legislative History Supports Denial of Defendant's Motion

Lastly, even if the Court does find that the *Bellino* opinion is "substantial," which it is not, it still has grounds to deny Defendant's motion. *Goldberg,* 690 F. Supp. 2d at 102; *Nat'l Asbestos Workers Med. Fund*, 71 F. Supp. 2d at 166.   The sworn affidavit from New York State Senator Brad Hoylman-Sigal submitted to the Court on September 26, 2024 provides additional justification for denying Defendant's motion.  ECF 105.  Senator Hoylman-Sigal sponsored the CVA and was "deeply involved in the drafting and passage of the CVA, and therefore [is] able to offer unique insight into the legislative process that led to the passage of the CVA, as well as the legislative intent and understanding behind it." *Id.* at ¶ 3.  The *Bellino* opinion was written without Senator Hoylman's insight, but this Court was able to consider a clear and direct explanation of legislative intent when issuing its Order.  The Senator left no doubt on the issue: "the [CVA] was never intended to preempt any other laws, including the VGMVPL." *Id.* at ¶ 4.  Senator Hoylman-Sigal has since proposed new legislation that "intends to increase the reach of [the CVA] to eliminate completely a period of limitations on civil claims for victims under the age of 18 at the time of their sexual abuse." *Id.* at ¶ 13.  Such an amendment would be completely illogical if the CVA was designed to foreclose certain victims of sexual assault from asserting claims.

In sum, the question at issue here is hardly difficult; the statutory language and legislative intent plainly indicate that the CVA does not preempt the VGMVPL Revival Statute.  Nearly all of the applicable case law has reached the same conclusion.  The only contrary holding is based on a mere sentence of *dicta*.  Section 1292(b) certification requires far more than what Defendant has provided.  *See Hermes Int'l*, 590 F. Supp. 3d at 656 ("[g]ranting interlocutory appeal in every case

6

where a party can cite to a few cases for their position would transform the procedure into a vehicle for a second bite at an appeal wherever there is a difficult issue, a function for which it was obviously not intended"). Here, there are not "a few cases" in support of Defendant's position and the challenged issue is straightforward. If Defendant's argument in support of his motion were adopted by the Court, the existence of any adverse case law on a determinative issue would warrant an interlocutory appeal – regardless of how much supporting case law existed or whether the court had already addressed the adverse holding in its opinion. The resulting inefficiencies would effectuate the exact issues the court in *Hermes Int'l* spoke of: "vexatious and duplicative litigation, prolonged uncertainty, and endless delay." 590 F. Supp. 3d at 649–50. Unfortunately, that is exactly what Defendant wants.

## **CONCLUSION**

For the reasons stated above, the Court should deny Defendant's motion to certify an interlocutory appeal and continue to push this litigation forward.

Dated: October 25, 2024
      New York, New York

Respectfully Submitted,
**WIGDOR LLP**

By: _____
    Douglas H. Wigdor
    Jeanne M. Christensen
    Meredith A. Firetog

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
jchristensen@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Plaintiff*