**EDWARDS HENDERSON**
**THE CRIME VICTIM LAW FIRM**

**Florida Office**

425 North Andrews Avenue
Suite 2
Fort Lauderdale, FL  33301

Telephone (954)524-2820
Fax (954)524-2822
info@cvlf.com

**New York Office**

*By Appointment Only*

November 1, 2024

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room
New York, New York 10007

    Re:    *Doe v. Black*
             Case No.: 23:cv-06418 (JGLC)

Dear Judge Clarke:

The undersigned is Class Counsel in both *Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, Case No.: 1:22-CV-10019 (JSR) and *Jane Doe 1 v. Deutsche Bank*, Case No.: 1:22-CV-10018 (JSR) which remain pending for administrative purposes before Judge Rakoff. We write to you on behalf of two Jane Does—the JP Morgan Class Representative, herein referred to as CP, and the Deutsche Bank Class Representative, herein referred to as KJ. We respectfully request that this Honorable Court quash the subpoena that the Wigdor Law firm has served on KJ and enter a protective order preventing further attempts to serve CP.[1] Both CP and KJ are the survivors of long term, horrific sexual abuse and sexual trafficking at the hands of notorious sexual offender, Jeffrey Epstein. These women exhibited great courage in serving as the Class Representatives standing up on behalf of hundreds of fellow survivors and did so with grace to protect all other real Jeffrey Epstein survivors. Neither has ever met Jane Doe nor would they have any information related to her—a fact well known to the Wigdor Law firm.

On Friday, October 25, 2024, KJ was personally handed the documents attached as **Exhibit A** by investigators requesting to come inside of her home. On Sunday, October 27, a similar document was found taped to the outer gate of CP's home without explanation by an unknown source and without redaction or even an envelope to protect CP's personal information, which the undersigned has gone to great lengths to protect with the assistance of Judge Rakoff. Despite knowledge of the undersigned's representation of both women, the Wigdor Firm never attempted to contact any member of the undersigned firm to coordinate service of these subpoenas before frightening and

---

[1] CP and KJ are referenced here by pseudonym for their protection as survivors of sexual assault and trafficking.

embarrassing these women—one of whom has yet to be served and remains in fear that these identifying documents will be further disseminated.

As Your Honor is aware, and as we were made aware by counsel for Jane Doe, on October 7, 2024, counsel for Defendant informed this Court of an evidentiary hearing that was held by Judge Rakoff on March 15, 2024, "concerning Plaintiff's claim for compensation from a fund intended to compensate victims of Jeffrey Epstein as part of a class action settlement." *See* ECF 114. The undersigned remains incredibly cognizant of the sealed nature of the referenced proceedings before Judge Rakoff and writes this letter using the utmost care to balance the confidential nature of those proceedings with the fundamental rights of our individual clients who are now being baselessly harassed by the Wigdor firm in this action.

These events have understandably caused a great deal of consternation for both women. Given CP and KJ's service as the Class Representatives in the aforementioned cases and their inherent knowledge as such of the sealed proceedings that occurred in Judge Rakoff's courtroom relating to Jane Doe's claims, both women feel that it is necessary for portions, if not the entirety, of those sealed proceedings to be unsealed and presented to Your Honor in order for them to respectively make arguments as to why a Protective Order should be entered as to each woman.

We feel confident that once provided with the complete record pertaining to Jane Doe before Judge Rakoff, this Court will protect CP and KJ from further harassment, prevent further re-victimization of these and other women who were victims of Jeffrey Epstein, and allow them to peacefully heal as they continue to grapple with the traumas that they have sustained. Until this Court receives the relevant and necessary portions of the sealed proceedings, both women feel that they are unable to fairly and accurately present argument to Your Honor in support of their respective requests for protection.

In the interim, we write to inform you of our representation of both KJ and CP as well as our parallel efforts before Judge Rakoff to unseal, at a minimum, the portions of the record pertinent to the protection of the rights of our clients before Your Honor. We further request: 1) an extension of time to move to quash the subpoena served on KJ until such time as Judge Rakoff has made a decision regarding the unsealing of his record, and 2) an emergency injunction prohibiting Plaintiff from engaging in continuing efforts to serve CP. We remain at your disposal and request the opportunity to brief or discuss any aspect of this issue on behalf of either of our clients at any time.

Respectfully submitted,

Brittany Henderson