UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       **Plaintiff,**<br><br>v.<br><br>LEON BLACK,<br><br>       **Defendant.** | Case No. 1:23-cv-06418 (JGLC) |

**DEFENDANT LEON BLACK'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO CERTIFY AN APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley Street
Santa Monica, CA 90403
(213) 399-2132

PERRY LAW
E. Danya Perry
Peter A. Gwynne
445 Park Avenue, 7th Floor
New York, NY 10028
(212) 393-4250

*Counsel for Defendant Leon Black*

## **TABLE OF CONTENTS**

# TABLE OF AUTHORITIES

Page

## Cases

*In re A2P SMS Antitrust Litig.*,
  2015 WL 876456 (S.D.N.Y. Mar. 2, 2015) ...................................................................... 7

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
  693 F. Supp. 2d 241 (S.D.N.Y. 2010) ............................................................................ 6

*Balintulo v. Daimler AG*,
  727 F.3d 174 (2d Cir. 2013) ............................................................................................ 1

*Bellino v. Tallarico*,
  2024 WL 1344075 (S.D.N.Y. Feb. 24, 2021) ..................................................... 1, 3, 4, 5, 6, 9

*Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*,
  462 F.3d 219 (2d Cir. 2006), *abrogated on other grounds by Bond v. United
  States*, 564 U.S. 211 (2011) ............................................................................................ 4

*Capitol Records, LLC v. Vimeo,*
  972 F. Supp. 2d 537 (S.D.N.Y. 2013) ......................................................................... 2, 5

*Certain Underwriters at Lloyds of London v. Illinois Nat. Ins. Co.*,
  2013 WL 310383 (S.D.N.Y. Jan. 25, 2013) .................................................................. 5, 6

*Corner Post, Inc. v. Bd. of Governors of Fed. Rserve Sys.*,
  144 S.Ct. 2440 (2024) ..................................................................................................... 9

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
  2012 WL 2952929 (S.D.N.Y. July 18, 2012) ................................................................. 6

*Deverze v. JPMorgan Chase Bank, N.A.*,
  2018 WL 36699021 (N.D. Ga. Apr. 13, 2018) ................................................................ 5

*Doe v. Gooding*
  2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) .................................................................. 5

*In re Facebook, Inc.*,
  986 F. Supp. 2d 524 (S.D.N.Y. 2014) ............................................................................. 7

*Finnigan v. Lionetti*,
  Index. No. 70001/2019 (N.Y. Sup. Ct. Oct. 6, 2021) ...................................................... 9

*In re Forsamax Prods. Liab. Litig.*,
  2011 WL 2566074 (S.D.N.Y. June 29, 2011) ................................................................. 3

*Goldberg v. UBS AG*,
    690 F. Supp. 2d 92 (E.D.N.Y. 2010) .......................................................................................7, 8

*Hawthorne by Hawthorne v. Cnty. of Putnam*,
    492 F. Supp. 3d 281 (S.D.N.Y. 2020) .........................................................................................5

*Hermes Int'l v. Rothschild*,
    590 F. Supp. 3d 647 (S.D.N.Y. 2022) ......................................................................................5, 7

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990) .........................................................................................................3

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996) .......................................................................................................7

*Levy v. Endeavor Air Inc.*,
    2024 WL 1422322 (E.D.N.Y. Mar. 29, 2024) ............................................................................2

*Lidle v. Cirrus Design Corp.*,
    2010 WL 4345733 (S.D.N.Y. Oct. 29, 2010) .............................................................................7

*Linzy v. Uber Techs. Inc.*,
    2024 WL 2882186 (S.D.N.Y. June 7, 2024) ..............................................................................3

*Mackey v. Asuncion*,
    2018 WL 4680190 (N.D. Cal. Sept. 28, 2018) ...........................................................................4

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) ...................................................................................................................1

*National Asbestos Workers Medical Fund v. Philip Morris, Inc.*,
    71 F. Supp. 2d 139, 167 (E.D.N.Y. 1999) ..................................................................................8

*Quern v. Mandley*,
    436 U.S. 725 (1978) ...................................................................................................................9

*Reg'l Rail Reorganization Act Cases*,
    419 U.S. 102, 132 (1974) ...........................................................................................................9

*U.S. Underwriters Ins. Co. v. Kenfa Madison, LLC*,
    2023 WL 5617772 (E.D.N.Y. Aug. 30, 2023) ............................................................................5

*In re Venture Mortg. Fund, L.P.*,
    282 F.3d 185 (2d Cir. 2002) .......................................................................................................9

*Western Air Lines, Inc. v. Bd. of Equalization of State of S.D.*,
    480 U.S. 123 (1987) ...................................................................................................................8

iii

**Statutes / Rules**

28 U.S.C. § 1292(b) ................................................................................................................... 1

Case 1:23-cv-06418-JGLC    Document 140    Filed 11/01/24    Page 5 of 15

**INTRODUCTION**

Plaintiff's opposition brief ("Opp.") attempts to distract in numerous ways but cannot overcome the straightforward case for Section 1292(b) certification. Plaintiff does not dispute that whether the CVA preempts the VGMVPL is a controlling question of law. Plaintiff does not dispute that resolution of that question in Defendant's favor would terminate this litigation. And Plaintiff does not dispute that Judge Kaplan in *Bellino v. Tallarico* concluded that the CVA preempted VGMVPL. 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024). Plaintiff strains to argue that the square conflict between this Court's decision and Judge Kaplan's does not illustrate a substantial ground for difference of opinion, but that position is not credible. A direct conflict between district courts on an important, purely legal, and potentially dispositive question is a paradigmatic basis for Section 1292(b) certification. Further guidance is needed on this preemption issue. While there appear to only be two opinions discussing whether the CVA preempts the VGMVPL, this issue is likely to be recurring as the CVA's lookback period only recently expired. The Court should accordingly certify its order for interlocutory appeal, providing the Second Circuit with the option to resolve the case or certify it to the New York Court of Appeals for an authoritative construction of state law.

**ARGUMENT**

**I.    ALL OF THE FACTORS FOR CERTIFICATION ARE PRESENT**

Under Section 1292(b), certification is warranted where there is a (i) controlling question of law (ii) about which there exists substantial ground for difference of opinion and (iii) the resolution of which will advance the ultimate termination of the action. 28 U.S.C. § 1292(b). The Supreme Court has instructed that where the statutory requirements of Section 1292(b) are met, district courts "should not hesitate to certify an interlocutory appeal." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009); *see also Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d

1

Cir. 2013). The Court's Order meets all three statutory criteria. Plaintiff does not even seriously dispute two of the three factors, and instead argues that this Court should deny certification because there is not a substantial ground for difference of opinion. Opp. at 3.

Specifically, Plaintiff argues that a one-to-one conflict among district court decisions "is not sufficiently 'substantial'" to warrant interlocutory appeal. *Id.* But that position has no basis in precedent, and Plaintiff makes no attempt to address the authority in Defendant's papers suggesting otherwise (*see* ECF No. 123 ("Mot.") at 9-10). For example, Plaintiff fails to even mention *Capitol Records, LLC v. Vimeo, LLC* (*see* Mot. at 5), in which the court certified a decision for interlocutory appeal based on a conflict with one contrary opinion. 972 F. Supp. 2d 537, 552 (S.D.N.Y. 2013) ("This issue is a question of first impression in the Second Circuit, and aside from these two decisions no other federal court appears to have addressed the issue."). In that materially identical context, the court in *Vimeo* held there was substantial ground for difference of opinion, relying on the "paucity of case law." *Id*. Plaintiff's attempt to take that same paucity of case law as a suggestion for this Court to deny Defendant's Motion is in direct contrast to *Vimeo*. *See* Opp. at 3. The lack of case law is precisely why appellate review is warranted, as given the recent expiration of the CVA's lookback period, this same preemption issue will only continue to arise. Appellate resolution would thus provide necessary guidance to not only the parties here, but other litigants as well.

The other two cases cited by Plaintiff (Opp. at 3) only further confirm that the Second Circuit's review is warranted. In *Levy v. Endeavor Air Inc.*, there was a split of authority between the First and Second Departments of the New York Appellate Division, but all courts in the Second Circuit except for one that had confronted the split were persuaded by the First Department's decision. 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024). The court in *Levy* denied

2

certification because "the weight of authority lean[ed] almost unanimously in favor of the [other viewpoint]." *Id.* And in *Linzy v. Uber Techs. Inc.*, the court held there was no substantial ground for difference of opinion where there was a decision by the New York Appellate Division on point and the trial court decisions reaching a different conclusion were unpersuasive. 2024 WL 2882186, at *5 (S.D.N.Y. June 7, 2024). Contrary to the clear authority pointing in one direction in *Levy* and *Linzy*, there are only two relevant decisions here, both of which are at the district court level and irreconcilable.

The lack of authority on the issue of whether the CVA preempts the VGMVPL reinforces exactly why the Second Circuit ought to address this issue. *See In re Forsamax Prods. Liab. Litig.*, 2011 WL 2566074, at *5 (S.D.N.Y. June 29, 2011). Plaintiff only highlights this lack of authority by stating that the Defendant cites other cases having to do with "preemption generally" and that "these cases do not go to the same issue at place here: whether the CVA preempted the VGMVPL." Opp. at 5. This is precisely why a substantial ground for difference of opinion exists, and courts regularly certify interlocutory appeals where, as here, the Second Circuit has yet to provide relevant guidance. *See e.g.*, *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (certifying appeal under 1292(b) where the issue was difficult and of first impression).

Plaintiff provides a smattering of reasons as to why Judge Kaplan's decision in *Bellino v. Tallarico*, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) does not constitute substantial grounds for difference of opinion. *See* Opp. at 3-5. But each of Plaintiff's arguments misses the point.

First, Plaintiff's attempts to dismiss Judge Kaplan's preemption finding as "dicta" are wrong. Opp. at 3. In fact, Judge Kaplan's preemption finding was a second and independent rationale for dismissing the complaint. *See Bellino*, 2024 WL 1344075, at *1 ("Second, and independent of the prior point, the limitations provisions of the VGMVPA is preempted by the

3

state's adoption of the Child Victims Act and the Adult Survivors Act, substantially for the reasons set forth by the defendant."). Independent rationales are not dicta. *See Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 235 (2d Cir. 2006), *abrogated on other grounds by Bond v. United States*, 564 U.S. 211 (2011); *Mackey v. Asuncion*, 2018 WL 4680190, at *43 (N.D. Cal. Sept. 28, 2018) ("Where two independent reasons are given for a decision, neither one is to be considered mere dictum, since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court and is of equal validity.") (quotations omitted).

Plaintiff also argues that because Judge Kaplan's preemption finding was only one sentence, he "failed to analyze the preemption issue." Opp. at 4. This is misleading. Judge Kaplan found that the VGMVPL was preempted "substantially for the reasons set forth by the defendant," citing specifically to the *Bellino* defendant's memorandum of law. *Bellino*, 2024 WL 1344075, at *1. The *Bellino* defendant argued that the VGMVPL was preempted because state laws, specifically the Child Victims Act and Adult Survivors Act, "clearly occupy the field regarding the revival of claims derived from state penal sexual assault law." *See Bellino*, No. 1:24-cv-00712, ECF 6 at 14. The *Bellino* defendant further argued that both the Child Victims Act and Adult Survivors Act, by their text, applied "notwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. at 15 (quotations omitted). And it was based on these reasons that Judge Kaplan found the VGMVPL was preempted. *See Bellino*, 2024 WL 1344075, at *1 n.6.

The *Bellino* defendant advanced the same arguments as Defendant did here. *See* ECF No. 41 (Defendant's Motion to Dismiss) at 10 ("But the NYC Revival Statute cannot render her claim timely, because the statute is preempted by the New York State CVA Revival Provision."). Plaintiff attempts to argue otherwise, asserting that just because the motion to dismiss in *Bellino*

4

went unopposed, identical arguments were not advanced. Mot. at 5. But as Defendant explained in his Motion, "the defendant in *Bellino* also argued that the CVA preempted the VGMVPL's claims revival provision." ECF 123 at 6. It is of no import that the *Bellino* motion to dismiss was unopposed, and indeed, Judge Kaplan does not provide this lack of response as a reason for dismissal. *See Bellino*, 2024 WL 1344075. The fact that the motion to dismiss was unopposed does not mean that Judge Kaplan did not consider its merits. *See Hawthorne by Hawthorne v. Cty. of Putnam*, 492 F. Supp. 3d 281, 291 (S.D.N.Y. 2020); *Deverze v. JPMorgan Chase Bank, N.A.*, 2018 WL 3699021, at *4 (N.D. Ga. Apr. 13, 2018) (courts are still required to consider merits of unopposed motions to dismiss).

Plaintiff also argues that there is no substantial ground for difference because this Court cited *Bellino* in its Order, and stated that for the reasons provided there, it found otherwise. *See* Opp. at 4. But all this means is that this Court disagreed with the decision in *Bellino*, which underscores that there are substantial grounds for difference. *See Vimeo*, 972 F. Supp. 2d at 552 (finding substantial ground for difference of opinion because Judge Pauley reached the opposite conclusion). The cases cited by Plaintiff (Opp. at 4) do not suggest otherwise. In *Hermes International v. Rothschild*, the court denied certification because the cases the movant relied on to establish a difference of opinion were "entirely distinguishable." 590 F. Supp. 3d. 647, 653 (S.D.N.Y. 2022). And in *U.S. Underwriters Insurance Co. v. Kenfa Madison, LLC*, the movant relied on cases that were postdated by more recent precedent or that were not inconsistent with the court's conclusion. *See* 2023 WL 5617772, at *3 (E.D.N.Y. Aug. 30, 2023).

It is also not true that the Court's finding on preemption is concurrent "with the vast majority of the case law." Opp. at 4. The only case relied on by Plaintiff, *Doe v. Gooding*, is of little help on that point. The *Gooding* court considered whether the CPLR's one-year statute of

limitations for intentional torts and battery preempted the VGMVPL, not whether there was preemption under the CVA, which enacts a comprehensive overhaul of legislation governing sexual assaults against minors. *See* 2022 WL 1104750, at *2 (S.D.N.Y. Apr. 13, 2022). Thus, Plaintiff is mistaken in stating that the *Gooding* court "reject[ed] the same argument made by Defendant here." *See* Opp. at 4.

Finally, the fact that this Court considered and disagreed with the decision in *Bellino* and Defendant's positions on his motion to dismiss should not preclude an interlocutory appeal. *See* Opp. at 4. Even where courts are confident in their decisions, they have still granted certification. *See e.g.*, *Certain Underwriters at Lloyds of London v. Illinois Nat. Ins. Co.*, 2013 WL 310383, at *1 (S.D.N.Y. Jan. 25, 2013) (certifying ruling for review even where "confident of the ruling"). Indeed, as Judge McMahon has explained, "if a district court had to believe that her decision was likely to be reversed before certifying a question under 28 U.S.C. § 1292(b), there would be no such certifications." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2012 WL 2952929, at *8 (S.D.N.Y. July 18, 2012) (granting certification despite being "convinced that the Decision reflects the better and more considered view of the law"). Section 1292 requires only a substantial ground for difference of opinion, not that the district court believe the opposing viewpoint is correct. That is plainly present here.

## II. PLAINTIFF'S REMAINING ARGUMENTS LACK MERIT

Despite providing no argument as to two of the Section 1292(b) factors (the existence of a controlling question of law and whether that question's resolution will advance the ultimate termination of the action) and a baseless argument as to the third, Plaintiff claims that Defendant's motion "has no basis in law." Opp. at 1. This bold assertion lacks any meaningful support, and Plaintiff relies exclusively on cases that are dissimilar to this one.

At most, the cases cited by Plaintiff (Opp. at 1-2) suggest only that district courts routinely deny Section 1292(b) applications when (unlike here) the statutory criteria are not met. *See In re Facebook, Inc.*, 986 F. Supp. 2d 524, 531, 544 (S.D.N.Y. 2014) (interlocutory appeal would not advance the ultimate termination of the litigation and that the issues were not controlling questions of law); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 284 (S.D.N.Y. 2010) (resolution of the issue would not materially advance litigation); *Hermes*, 590 F. Supp. 3d at 653 (movant failed to demonstrate substantial ground for difference of opinion); *Lidle v. Cirrus Design Corp.*, 2010 WL 4345733, at *3 (S.D.N.Y. Oct. 29, 2010) (movant failed to establish there was a substantial ground for difference of opinion or that interlocutory appeal would advance the ultimate termination of the litigation); *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 103-05, 111, 113-14 (E.D.N.Y. 2010) (movant failed to establish substantial ground for difference of opinion or a question of law).

Plaintiff's use of *Koehler v. Bank of Bermuda Ltd.* (Opp. at 2), is even more out of context, as there, the Second Circuit found certification of a personal jurisdiction question was inappropriate, as it "turn[ed] on a thorough examination of the facts" for which they were "reluctant to rely on what may turn out to be an incomplete record." 101 F.3d 863, 866 (2d Cir. 1996). By comparison, appellate review here would not require a "thorough examination of the facts" or a fully developed record. *Id.* Instead, the preemption issue presents "a clean question of law" where "the Second Circuit's factual review would not need to extend beyond the parties' briefs," further underscoring the appropriateness of certification. *In re A2P SMS Antitrust Litig.*, 2015 WL 876456, at *4 (S.D.N.Y. Mar. 2, 2015).

Plaintiff also argues that even if the statutory criteria are met, this Court can still deny certification based on its discretion. Opp. at 2. But neither of the cases cited by Plaintiff support

7

such a denial here. In *Goldberg*, the court held there were no substantial grounds for difference of opinion as to any of the issues and that one of the issues was not a question of law. *See* 690 F. Supp. 2d at 103-05, 111, 113-14. And in *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, the defendants had moved for certification on issues that "require[d] highly fact specific inquiries" when discovery was "well underway" in three separate cases, all of which would be stalled. 71 F. Supp. 2d 139, 167 (E.D.N.Y. 1999). These concerns are inapplicable here.

Finally, in a major procedural and substantive stretch, Plaintiff argues that an affidavit from State Senator Brad Hoylman-Sigal, drafted years after the passage of the CVA and specifically for this litigation, constitutes grounds for denying certification. *See* Opp. at 6; ECF 105-1. Plaintiff's argument, which rests on the assumption that such an affidavit can even be considered legislative history (and it cannot), contradicts well-established precedent and is wrong on multiple levels.

To start, as this Court already recognized in its Order (*see* Order at 6 n.2), Plaintiff cannot manufacture legislative history with the *post hoc* statement of one legislator. The Supreme Court previously rejected a similar attempt, finding that an affidavit of an attorney who stated he was "involved" in the passage of certain legislation was "entitled to no weight." *Western Air Lines, Inc. v. Bd. of Equalization of State of S.D.*, 480 U.S. 123, 130 n.2 (1987) (finding affidavit did not constitute legislative history). Similarly, here, this Court should reject Plaintiff's attempt to manufacture legislative history with an affidavit that is not even "history" to begin with (nor is it legislative). Indeed, *Goldberg*, the case cited by Plaintiff (Opp. at 6), reflects what legislative history actually is: statements made as part of the legislative process. *See* 690 F. Supp. 2d at 104-05.[1] If litigants were able to craft legislative history the way Plaintiff attempts, it would represent

---

[1] *National Asbestos Workers Medical Fund*, the only other case cited by Plaintiff for this issue (Opp. at 6), is not helpful to Plaintiff, as there the court only considered the legislative history of

a significant intrusion into the judiciary's role of interpreting statutes, as litigants would routinely seek "opinions" from legislators on how statutes should be interpreted. Senator Hoylman-Sigal's affidavit reflects the present views of only *one* senator out of 63. *See Quern v. Mandley*, 436 U.S. 725, 736 n.10 (1978) ("[S]uch *post hoc* observations by a single member of Congress carry little if any weight."); *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 132 (1974) ("[P]ost-passage remarks of legislators, however explicit, cannot serve to change the legislative intent of Congress expressed before the Act's passage. Such statements 'represent only the personal views of these legislators, since the statements were [made] after passage of the Act.'") (citations omitted). It has no probative value.

Moreover, even if the affidavit did constitute legislative history, it cannot contravene the actual text of the CVA, which explicitly states that it applies to "every civil claim or cause of action brought against any party … as a result of conduct which would constitute a sexual offense" against a minor. *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 144 S.Ct. 2440, 2454 (2024) ("As this Court has repeatedly stated, the text of a law controls over purported legislative intentions unmoored from any statutory context; the Court may not replace the actual text with speculation as to Congress' intent.") (quotations omitted); *see In re Venture Mortg. Fund, L.P.*, 282 F.3d 185, 188 (2d Cir. 2002) ("It is axiomatic that the plain meaning of a statute controls its interpretation.") (quotations omitted). And courts have already found that the CVA's language dismisses contradictory statutory limits. *See e.g.*, *Finnigan v. Lionetti*, Index. No. 70001/2019, at *10 (N.Y. Sup. Ct. Oct. 6, 2021); *Bellino*, 2024 WL 1344075, at *1. To ignore these authorities in favor of a *post hoc* affidavit would represent a serious intrusion into the role of judiciary. As such, the

---

Section 1292(b), and not whether a *post hoc* affidavit (or even legislative history) had any bearing on whether there was a substantial ground for difference of opinion. *See* 71 F. Supp. 2d at 162-63.

9

Court was correct in declining to consider it in resolving Defendant's motion to dismiss. *See* Order at 6 n.2.

## **CONCLUSION**

For the above reasons and those in Defendant's opening brief, Defendant requests that the Court certify an immediate appeal pursuant to 28 U.S.C. § 1292(b).

Dated: November 1, 2024
New York, New York

*/s/ Michael B. Carlinsky*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, New York 10010
Tel: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
Tel: (213) 399-2132
susan@estrichgoldin.com

PERRY LAW
E. Danya Perry
Peter A. Gwynne
445 Park Avenue
7th Floor
New York, NY 10022
Tel: (212) 213-3070
Facsimile: (646) 849-9609
dperry@danyaperrylaw.com
pgwynne@danyaperrylaw.com

*Counsel for Defendant Leon Black*