

PETER A. GWYNNE
Partner
212-393-4250 PHONE
pgwynne@danyaperrylaw.com EMAIL

November 4, 2024

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

**Re: *Doe v. Black*, No. 1:23-cv-06418-JGLC – Letter-Motion for Leave to File with Redactions**

Dear Judge Clarke:

  We represent defendant Leon Black in this matter. Pursuant to Your Honor's Individual Rule 5(d)(ii), we respectfully request leave to file Defendant's Reply Memorandum of Law in Further Support of his Motion to Amend the Caption to Disclose Plaintiff's Name (the "Reply") and the Declaration of Peter A. Gwynne (the "Gwynne Decl.") with redactions. As explained in more detail below, the proposed redactions are narrowly tailored to continue to protect information that has been previously ordered sealed or redacted, including "information related to Plaintiff's identity, including her name, her tweets, information about her family, information about her country of origin, and other information tending to reveal her identity." (ECF Doc. No. 106 at 16.)

  On November 4, 2024, Plaintiff was provided with copies of the Reply and the Gwynne Declaration and given the opportunity to review Defendant's proposed redactions. The parties have agreed to the proposed redactions.

  Accordingly, and pursuant to Individual Rule 5(d)(iii), we have filed unredacted versions of the Reply and Gwynne Declaration under seal that show the proposed redactions in highlight. We have also publicly filed copies of the Reply and Gwynne Declaration with all of the proposed redactions included.

### I. Relevant Background and Legal Standard

  The relevant background concerning this case and the information sought to be redacted is discussed in detail in Defendant's letter motion to file his motion for a stay of discovery with redactions (ECF Doc. No. 73) and this Court's Opinion and Order dated September 27, 2024 (ECF Doc. No. 106) (the "Sealing Order"), which granted in part and denied in part Defendant's letter motion, as well as Defendant's letter motion to file his motion to amend the caption with redactions (ECF Doc. No. 115).

  As this Court discussed in the Sealing Order, a three-step process governs the Court's sealing analysis. "First, the court determines whether the record at issue is a 'judicial document'— a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The Proposed FAC is, of course, a judicial document entitled to some presumption of access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d

The Honorable Jessica G. L. Clarke
November 4, 2024

Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-121 (2d Cir. 2006). As such, "the court proceeds to determine the weight of the presumption of access to that document" and it then "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59.

In the Sealing Order, the Court held that memoranda of law and the supporting materials submitted therewith are judicial documents to which a presumption of public access attaches. (Sealing Order at 15.) The Court concluded that competing interests, including Plaintiff's privacy interest, outweighed the presumption of public access to "information tending to reveal [Plaintiff's] identify." (*Id.* at 16 (alteration in original).) The Court accordingly ordered that "the following information related to Plaintiff's identity, including her name, her tweets, information about her family, information about her country of origin, and other information tending to reveal her identity may be properly redacted." (*Id.*) The Court further ordered that "information regarding Plaintiff's medical records, treatment, and diagnosis" should also be redacted. (*Id.* at 7.)

## II.     Argument

Defendant's proposed redactions to the Reply and merely redact information that the Court previously ordered redacted in the Sealing Order, namely, "information related to Plaintiff's identity, including her name, her tweets, information about her family, information about her country of origin, and other information tending to reveal her identity." (*Id.* at 6.) Defendant seeks to continue to redact this information to comply with the Sealing Order and the Court's prior rulings regarding sealing and redactions.

## III.    Conclusion

We respectfully request that the Court permit the Defendant to file redacted versions of the Reply and the Gwynne Declaration that include all of the parties' proposed redactions.

Respectfully submitted,

*/s/ Peter A. Gwynne*