

November 6, 2024

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007
Email: ClarkeNYSDChambers@nysd.uscourts.gov

Re:   *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC: Response to Letter-Motion Filed by Class Counsel for Epstein Survivors (Doc. No. 139).

Dear Judge Clarke:

As counsel to the Defendant, Leon Black, we write in response to the letter-motion (Doc. No. 139, the "Class Counsel Letter") submitted by Class Counsel in two cases pending before Judge Rakoff that were brought by survivors of Jeffrey Epstein, *Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, No. 1:22-CV-10019 (JSR) and *Jane Doe 1 v. Deutsche Bank*, No. 1:22-CV-10018 (JSR). In the Class Counsel Letter, Class Counsel informed the Court that Plaintiff served or attempted to serve subpoenas on the class representatives in those cases, and stated the need to present information from sealed proceedings before Judge Rakoff to this Court in support of an intended protective order motion.

As an initial matter, we underscore that the Class Counsel Letter directly supports Mr. Black's position that Jane Doe is not in fact a survivor of Jeffrey Epstein, but rather a pathological opportunist who has brought false claims. We respectfully direct the Court to Class Counsel's explanation that neither class representative for Epstein victims—who presumably would have been familiar with other women in Epstein's circle—"has ever met Jane Doe nor would they have any information related to her—a fact well known to the Wigdor Law firm." Class Counsel Letter at 1. We assume that Class Counsel and the class representatives are likely to have had unparalleled access to extensive information about Epstein's actual victims, including names, dates of travel to and from various Epstein properties, and similar matters. We are even more confident that, once provided access to the evidence in the proceedings before Judge Rakoff, we will be able to show that Jane Doe and her counsel are pursuing manufactured claims.

In addition to casting even more doubt upon Plaintiff's already dubious claim, the Class Counsel Letter further underscores the need to proceed expeditiously with discovery into the details of the proceedings before Judge Rakoff in order to shed light on the critical, and indeed the threshold, question of whether Plaintiff was in fact trafficked by Epstein at all. If Jane Doe's foundational claim that she was trafficked by Epstein is proven to be false, which we believe it will be, then all of her claims against Mr. Black necessarily fail. Based on the Class Counsel Letter, the Claims Administrator's mandate to consider, in determining allocations among class members, "the circumstances, severity, type and extent of . . . alleged . . . trafficking" by Epstein, *Jane Doe 1, et al. v. JPMorgan Chase Bank, N.A.*, No. 22-CV-10019 (JSR), ECF No. 290 at 1-2, and our own communications with Judge Rakoff's chambers during the time we were involved in the process, we understand that Judge Rakoff received extensive submissions from Class Counsel, the

The Honorable Jessica G. L. Clarke
November 6, 2024

Claims Administrator, and Plaintiff's counsel that would have addressed the issue of whether Plaintiff was a trafficking victim of Epstein. Because the proceedings before Judge Rakoff would almost certainly have addressed this fundamental issue, in the recent joint letter filed by the parties in anticipation of the Initial Pretrial Conference, we requested that the Court permit discovery into these proceedings, while "otherwise stay[ing] discovery until the parties can review and evaluate that evidence." Doc. No. 132 at 2 (the "Joint Letter"). The Class Counsel Letter puts a sharper point on the real-world inefficiency and harm that will be imposed on third parties if discovery is allowed to proceed prior to resolving this threshold issue.

In the Joint Letter, Defendant explained that "[i]t would be inefficient and a waste of resources to allow Plaintiff to pursue the pointless, immaterial, and unlimited discovery she is seeking when evidence from the *JPMorgan* proceeding may show that she does not have any claim at all." *Id.* at 2. The irrelevant, harassing, and immaterial subpoenas to the class representatives that are described in the Class Counsel Letter are just the tip of the iceberg. Plaintiff has already issued more than a dozen blatantly inappropriate subpoenas, many of them harassing and all of them unduly burdensome, seeking immaterial and irrelevant information, almost none of which is related to the single alleged incident between Mr. Black and Plaintiff in 2002. *See id.*

If necessary, Defendant will utilize the procedures set forth in the Court's Individual Rule 4(k) to present the various issues presented by Plaintiff's subpoenas to the Court. We will not be the only party to object—the subpoenas are so blatantly improper on their face that it is all but certain that, like the class representatives, many, if not all, of the other subpoena recipients will seek relief from the Court. As we have noted in prior correspondence, the most efficient and productive way to engage in discovery in this case would be for the Court to allow initial discovery into the proceedings before Judge Rakoff and their outcome before allowing other discovery to proceed. *See* Doc. No. 132 at 2. Again, we believe that the evidence in that case is likely to show that Plaintiff had no connection whatsoever to Epstein, which would fatally undermine her core allegation in this case that she was trafficked to Defendant by Epstein, and eliminate any need for further discovery. The need for an initial inquiry into this threshold issue has been made all the more obvious by Plaintiff's campaign of demanding excessive and harassing discovery in a fishing expedition apparently fueled by internet conspiracy theories regarding Epstein. In light of the Class Counsel Letter, we respectfully renew our request here for sequenced discovery in this manner.

We thank the Court for its attention to this matter, and will be prepared to discuss this issue at the initial pretrial conference.

Respectfully submitted,

/s/ *Susan Estrich*
Susan Estrich

2