

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

November 6, 2024

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007

      Re:    <u>*Doe v. Black*, Case No. 1:23-cv-06418-JGLC</u>

We represent Plaintiff Jane Doe in the above-captioned matter.  We write in response to the letter submitted this afternoon to the Court by Defendant Leon Black.  ECF 148.

On October 1, 2024, Defendant requested that the Court grant him permission to serve three nonparty subpoenas.  ECF 108.  Specifically, Mr. Black wanted to serve subpoenas on our law firm, Wigdor LLP, the law firm Edwards Henderson, The Crime Victim Law Firm, who served as Class Counsel in the matter entitled *Jane Doe 1, et al., v. JPMorgan Chase Bank, N.A.,* Case No. 22-CV-10019 (JSR) (the "JPMorgan action"), as well as on the Claims Administrator for the Class in that case (the "Law Firm subpoenas").

We objected to that request.  ECF 110.  In that letter, we explained that Mr. Black was seeking discovery based on his speculation and conspiracy beliefs that a hearing was held before Judge Jed S. Rakoff about Mr. Black and Jane Doe.  We responded that if Mr. Black believed that a proceeding took place before Judge Rakoff about Mr. Black, which it did not, that the proper course in any event was for Mr. Black to make a request to Judge Rakoff regarding the issue.  Specifically, we objected to the subpoenas because it was not proper for Mr. Black to seek nonparty discovery from law firms and the Claims Administrator in the JPMorgan action about what he believed was a proceeding involving his own conduct, especially when his conjecture was false.

Thereafter, the Court directed the parties to meet and confer regarding the Law Firm subpoenas and submit a joint letter, which was filed on October 22, 2024.  ECF 131.  As Plaintiff's counsel set forth in that joint letter, we "were instructed by Judge Rakoff that we are not to discuss any of the proceedings in his courtroom involving Jane Doe. We were told whoever has further questions needs to make requests through Judge Rakoff."

Displeased with this response, Mr. Black and his counsel have set upon a course of reckless and imprudent conduct in connection with their continued speculation about what happened before Judge Rakoff in another case, involving confidential information, and which Mr. Black was not a part of.  The letter this afternoon by Mr. Black to the Court is more of the same recklessness in which he is not only pushing all bounds of protection under the litigation privilege as that privilege



has been interpreted in this Circuit, but he has resorted to affirmatively proclaiming what happened before Judge Rakoff when as he knows, Mr. Black was not privy to anything in the JPMorgan action involving Plaintiff herein. In this regard, Mr. Black's letter today says a number of false, defamatory and otherwise inaccurate statements regarding Ms. Doe, including *inter alia*, that:

> "…. Plaintiff had no connection whatsoever to Epstein, which would fatally undermine her core allegation in this case that she was trafficked to Defendant by Epstein," and

> "Jane Doe is not in fact a survivor of Jeffrey Epstein, but rather a pathological opportunist who has brought false claims."

Respectfully, Mr. Black should be restrained from further pontificating on the public docket through letters to the Court about proceedings that he had no part in and that did not involve Mr. Black. This is especially true when Mr. Black is using the opportunity to write outside of motion pleadings and label our client an opportunistic liar and accuse her of not being a victim of sexual assault or rape.[1]

The many reasons why the Court should refuse to entertain Mr. Black's demands about the Law Firm subpoenas concerning another case that was and is before Judge Rakoff, as well as caution Mr. Black about his uncontrolled rhetoric, are easily summarized below:

- Ms. Doe commenced this action alleging a claim against Defendant under the VGMVPL which means she alleges Mr. Black committed "a crime of violence motivated by gender" as that phrase is defined in Section 10-1103 of the New York City Code, Chapter 11;

- Plaintiff's Complaint sets forth a specific interaction with Mr. Black, one time, during which she alleges he committed a crime of violence motivated by gender which took place when she was 16 years old, in either late 2001 or early 2002;

- Ms. Doe does not allege that Mr. Black "trafficked" her as that term is used in connection with federal or state sex trafficking laws;

- The subpoenas Mr. Black seeks to issue to our law firms and to other lawyers involves a confidential matter that took place before Judge Rakoff in which Mr. Black had no part of;

---

[1] While the submissions have already been made as to whether the use of a pseudonym can continue for Ms. Doe, Mr. Black's recent letters to the Court containing his gross disparagement to her character, untethered to reality, are more than sufficient proof as to why she should be permitted to remain Jane Doe in this proceeding.



- The JPMorgan action was filed by Class Representative seeking remedies for individuals who were harmed or abused or exploited by Jeffrey Epstein or any Jeffrey Epstein trafficking venture during a 21-year period and a Class settlement was reached that was overseen by a Claims Administrator who then made independent allocation awards to individuals who submitted claims;

- The Class settlement and allocation process did not include findings of fact by a jury or fact findings issued by triers of fact as the JPMorgan case did not proceed to trial;

- The JPMorgan action did not involve Leon Black;

- If Mr. Black believes he is entitled to discovery about documents or information that Ms. Doe produced as part of the JPMorgan action, he has the ability to issue document demands and interrogatories to Ms. Doe as part of the regular course of discovery in this case; and

- Repeated letters to Your Honor to try to force Ms. Doe or her lawyers, or to other law firms to divulge information that has been ordered confidential is harassing and unnecessary.

In sum, it is obvious that Mr. Black is improperly asking this Court to order discovery in a proceeding that is under a confidentiality order, and in which he had no part in and did not involve him. Mr. Black wants to do anything except engage in discovery about gender violence under the VGMVPL regarding Mr. Black.

Defendant also is doing this purely as a diversionary tactic in the hopes of delaying discovery from moving forward. Now that the motion to dismiss has been decided, Mr. Black has filed one motion after the next in an effort to delay discovery from taking place, as evidenced by:

- His unsubstantiated "objection" to Ms. Doe's motion for leave to amend her Complaint in which she merely seeks to include quoted content of contemporaneous journals she kept as a teenager that includes Mr. Black's name more than once;

- His motion to force her to identify herself and no longer proceed as Jane Doe based upon information that has been available to him and his counsel for nearly a year;

- His motion to seek an interlocutory appeal of the motion to dismiss; and



- His illogical letter motion to serve the Law Firm subpoenas in order to have "pre-discovery" about another case take place before discovery in this action can move forward.

Mr. Black has resorted to similar tactics in desperation in connection with other litigation involving claims against him brought under the gender motivated violence act, including *Guzel Ganieva v. Leon Black*, Index No. 155262/2021 (N.Y. Sup., N.Y. Cty). Shortly after that action was filed, Mr. Black commenced a lawsuit against Ms. Ganieva and Wigdor LLP for representing her, in *Black v. Ganieva*, et al., S.D.N.Y. Case No. 1:21-cv-08824-PAE, in the United States District Court for the Southern District of New York. Mr. Black heavily publicized his complaint that was filed with outlandish conspiracy theories and allegations about Wigdor LLP being involved in a criminal RICO conspiracy with unknown John Does including public relations firms and a former partner of Mr. Black's, Joshua Harris. The entire basis of Mr. Black's retaliatory claims were conclusory allegations that Wigdor LLP had acted improperly by having the temerity to zealously represent Ms. Ganieva against him. On June 30, 2022, District Judge Engelmayer dismissed Black's RICO claims – the sole basis for federal jurisdiction – with prejudice. The District Court wrote that Black's RICO claims were "glaringly deficient in fundamental respects" and found it "futile to allow repleading". Mr. Black appealed, and Judge Engelmayer's dismissal of the defective RICO claims was then affirmed by the Second Circuit.

Whether or not Mr. Black has a basis for lodging conspiracy theories, he will stop at nothing to disparage a victim of sexual assault who dares to seek accountability through our legal system. Ms. Doe is entitled to move forward with discovery in this case and respectfully, Your Honor should not indulge Mr. Black's attempts to detract from the merits of her claims against him. As set forth above, Mr. Black also can seek discovery about the JPMorgan action and Ms. Doe's involvement during the course of regular discovery in the case before Your Honor.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Jeanne M. Christensen

Cc: All counsel of record (*via* ECF)