**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANE DOE,

*Plaintiff,*

v.

LEON BLACK,

*Defendant.*

Case No. 1:23-cv-06418-JGLC

**ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant Leon Black ("Mr. Black"), by and through his attorneys, answers the First Amended Complaint (ECF Doc. No. 152) (the "FAC") of Plaintiff Jane Doe ("Plaintiff") as follows:

**ANSWERS TO SPECIFIC ALLEGATIONS**

Mr. Black denies all allegations in the FAC, including those in any text boxes, headings, subheadings, and footnotes, except as expressly admitted herein. All allegations in the FAC involving unnamed and unidentified individuals also are denied until such time as such individuals are identified. Further, to the extent that Mr. Black has no memory as to an allegation, he herein denies knowledge or information sufficient to form a belief about the truth of such allegation. Mr. Black denies each and every allegation in footnote 1 of the FAC.

Mr. Black denies each and every allegation in the text box on page 1 of the FAC.

1.      Upon information and belief, Mr. Black denies each and every allegation in paragraph 1 of the FAC, including the implication that the purported journal entries were made when Plaintiff was "16 to 19."

2.      Upon information and belief, Mr. Black denies each and every allegation in paragraph 2 of the FAC, including the content of the purported "entries."

3.      Upon information and belief, Mr. Black denies each and every allegation in paragraph 3 of the FAC, including the implication that the purported journal entries were made when Plaintiff was "16 to 19." .

4.      Mr. Black denies each and every allegation in paragraph 4 of the FAC.

5.      Mr. Black denies that he ever met, interacted with, or was introduced to Plaintiff, and, upon information and belief, denies each and every remaining allegation in paragraph 5 of the FAC.

6.      Mr. Black denies each and every allegation in paragraph 6 of the FAC.

7.      Mr. Black denies each and every allegation in paragraph 7 of the FAC.

8.      Mr. Black denies each and every allegation in paragraph 8 of the FAC.

9.      Mr. Black denies each and every allegation in paragraph 9 of the FAC, except admits that it has been widely reported that Epstein was arrested in 2019 and charged with sex trafficking offenses, and avers that Mr. Black has no connection whatsoever to Epstein's criminal wrongdoing.

10.     Mr. Black denies each and every allegation in paragraph 10 of the FAC, except admits that Plaintiff filed this lawsuit on July 25, 2023.

**JURISDICTION, VENUE & LIMITATIONS PERIOD**

11.     Paragraph 11 of the FAC contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black admits that Plaintiff purports to invoke the Court's jurisdiction.

12.     Paragraph 12 of the FAC contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black admits that Plaintiff purports to invoke venue in this District.

13.     Paragraph 13 of the FAC contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black denies that this case is timely.

## PARTIES

14.     Upon information and belief, Mr. Black admits that Plaintiff is over the age of 18 and resides in the United States. Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the FAC.

15.     Mr. Black admits the allegations in paragraph 15 of the FAC.

## FACTUAL ALLEGATIONS

16.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 16 of the FAC, including those contained in section heading "I". Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the allegations in footnote 1 of the FAC.

17.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 17 of the FAC.

18.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 18 of the FAC.

19.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 19 of the FAC. Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the allegations in footnote 2 of the FAC.

20.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 20 of the FAC.

21.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 21 of the FAC.

22.     Mr. Black denies each and every allegation in paragraph 22 of the FAC.

23.     Upon information and belief, Mr. Black denies the allegation in section heading "II", and denies the implication in paragraph 23 of the FAC that the cheerleading program was restricted to girls aged 8-12. Upon information and belief, including information learned during this case, Mr. Black admits that Plaintiff participated in an age-appropriate cheerleading program in the summer of 2001.

24.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 24 of the FAC.

25.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 25 of the FAC.

26.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 26 of the FAC.

27.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 27 of the FAC.

28.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 28 of the FAC.

29.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 29 of the FAC.

30.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 30 of the FAC.

31.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 31 of the FAC.

32.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 32 of the FAC.

33.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 33 of the FAC.

34.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 34 of the FAC.

35.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 35 of the FAC.

36.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 36 of the FAC.

37.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 37 of the FAC, including the allegation in section heading "III". Mr. Black notes that these allegations contradict allegations made in Plaintiff's original complaint (ECF Doc. No. 1).

38.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 38 of the FAC.

39.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 39 of the FAC.

40.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 40 of the FAC.

41.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 41 of the FAC.

42.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 42 of the FAC.

43.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 43 of the FAC.

44.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 44 of the FAC.

45.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 45 of the FAC.

46.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 46 of the FAC.

47.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 47 of the FAC.

48.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 48 of the FAC, including the allegation that Plaintiff's journal entry was "contemporaneous." Mr. Black notes that these allegations contradict allegations made in Plaintiff's original complaint (ECF Doc. No. 1).

49.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 49 of the FAC.

50.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 50 of the FAC.

51.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 51 of the FAC.

52.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 52 of the FAC.

53.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 53 of the FAC.

54.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 54 of the FAC.

55.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 45 of the FAC.

56.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 56 of the FAC.

57.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 57 of the FAC.

58.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 58 of the FAC.

59.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 59 of the FAC, including the allegation in section heading "IV".

60.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 60 of the FAC.

61.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 61 of the FAC.

62.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 62 of the FAC.

63.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 63 of the FAC. Mr. Black notes that these allegations differ from allegations made in Plaintiff's original complaint (ECF Doc. No. 1), in that Plaintiff previously alleged that an individual named "Nadia" was the person who put the envelope into her bag.

64.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 64 of the FAC.

65.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 65 of the FAC.

66.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 66 of the FAC.

67.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 67 of the FAC.

68.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 68 of the FAC, including the allegation that Plaintiff made this journal entry in 2002. Mr. Black notes that the names that are "redacted" in this paragraph have not been included in the sealed version of the FAC and were intentionally removed from all filings because they cast serious doubt on the veracity of these statements.

69.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 69 of the FAC, including the allegation in section heading "V".

70.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 70 of the FAC.

71.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 71 of the FAC.

72.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 72 of the FAC.

73.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 73 of the FAC.

74.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 74 of the FAC.

75.     Mr. Black denies each and every allegation in paragraph 75 of the FAC.

76.     Mr. Black denies each and every allegation in paragraph 76 of the FAC.

77.     Mr. Black denies each and every allegation in paragraph 77 of the FAC.

78.     Mr. Black denies each and every allegation in paragraph 78 of the FAC.

79.     Mr. Black denies each and every allegation in paragraph 79 of the FAC.

80.     Mr. Black denies each and every allegation in paragraph 80 of the FAC.

81.     Mr. Black denies each and every allegation in paragraph 81 of the FAC.

82.     Mr. Black denies each and every allegation in paragraph 82 of the FAC.

83.     Mr. Black denies each and every allegation in paragraph 83 of the FAC.

84.     Mr. Black denies each and every allegation in paragraph 84 of the FAC.

85.     Mr. Black denies each and every allegation in paragraph 85 of the FAC.

86.     Mr. Black denies each and every allegation in paragraph 86 of the FAC.

87.     Mr. Black denies each and every allegation in paragraph 87 of the FAC.

88.     Mr. Black denies each and every allegation in paragraph 88 of the FAC.

89.     Mr. Black denies each and every allegation in paragraph 89 of the FAC.

90.     Mr. Black denies each and every allegation in paragraph 90 of the FAC.

91.     Mr. Black denies each and every allegation in paragraph 91 of the FAC.

92.     Mr. Black denies each and every allegation in paragraph 92 of the FAC.

93.     Mr. Black denies each and every allegation in paragraph 93 of the FAC.

94.     Upon information and belief, Mr. Black denies each and every allegation in paragraph 94 of the FAC.

95.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 95 of the FAC.

96.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 96 of the FAC.

97.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 97 of the FAC.

98.    Mr. Black denies the allegations in paragraph 98 of the FAC that he assaulted Plaintiff, and, upon information and belief, denies each and every remaining allegation in paragraph 98 of the FAC, including the allegation that Plaintiff's notebook was "contemporaneously kept."

99.    Upon information and belief, Mr. Black denies each and every allegation in paragraph 99 of the FAC, including the implication that Plaintiff's journal entry was made in 2002.

100.    Mr. Black denies the allegations in paragraph 100 of the FAC that Plaintiff was ever trafficked to Mr. Black and that he raped Plaintiff, and, upon information and belief, denies each and every remaining allegation in paragraph 101 of the FAC.

101.    Mr. Black denies the allegation in paragraph 84 of the FAC that he attacked Plaintiff, and, upon information and belief, denies each and every remaining allegation in paragraph 84 of the FAC.

102.    Mr. Black denies each and every allegation in paragraph 102 of the FAC, including the allegation in section heading "VI".

103.    Mr. Black admits that the docket reflects that the cited hearing took place on March 13, 2023, and that the FAC in the referenced case contains the language quoted in paragraph 103 of the FAC; denies any allegation, characterization, or implication that Mr. Black participated in

any of Epstein's criminal wrongdoing; and avers that he was not a party to the case referenced in paragraph 103 of the FAC.

104.    Mr. Black admits that public filings reflect that Deutsche Bank introduced a release agreement in support of its motion to dismiss and that the release agreement contained language specifying that it did not cover Mr. Black; denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing; and avers that he was not a party to the case or release agreement referenced in paragraph 104 of the FAC .

105.    Mr. Black admits that the transcript of the referenced hearing contains the language quoted in paragraph 105 of the FAC; denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing; and avers that he was not a party to the case or release agreement referenced in paragraph 105 of the FAC.

106.    Paragraph 106 of the FAC contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black denies each and every allegation in paragraph 106 of the FAC.

107.    Mr. Black denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the FAC, except admits that it has been widely reported that the U.S. Virgin Islands has investigated Epstein's sex trafficking activities and settled a lawsuit with Epstein's estate, and avers that Mr. Black has no connection whatsoever to any of Epstein's criminal wrongdoing.

108.    Mr. Black admits that he received subpoenas in connection with the investigation referenced in paragraph 108 of the FAC, and denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing.

109.    Mr. Black admits that the subpoenas referenced in paragraph 108 of the FAC requested financial and tax information concerning his business relationship with Epstein and entities controlled by Epstein, denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing.

110.    Mr. Black denies each and every allegation in paragraph 110 of the FAC, except admits that Apollo hired Dechert LLP to conduct an independent investigation, and denies any allegation, characterization, or implication that Mr. Black participated in any of Epstein's criminal wrongdoing.

111.    Mr. Black admits that a memorandum from Dechert LLP was filed with the SEC on January 22, 2021.

112.    Mr. Black acknowledges that the Dechert Report contains the language quoted in paragraph 112 of the FAC, and denies any allegation, characterization, or implication that he participated in Epstein's sex trafficking operation.

113.    Mr. Black acknowledges that the Dechert Report contains the language quoted in paragraph 113 of the FAC, and denies any allegation, characterization, or implication that he participated in Epstein's sex trafficking operation.

114.    Mr. Black denies each and every allegation in paragraph 114 of the FAC, and denies any allegation, characterization, or implication that he participated in Epstein's sex trafficking operation.

115.    Mr. Black acknowledges that the cited *New York Times* article by Matthew Goldstein states that Mr. Black "agreed to pay $62.5 million to the U.S. Virgin Islands in January to be released from any potential claims arising out of the territory's three-year investigation into the sex trafficking operation of the disgraced financier Jeffrey Epstein." Mr. Black denies any

allegation, characterization, or implication that he participated in Epstein's sex trafficking operation.

116.    Mr. Black acknowledges that the cited *New York Times* article by Matthew Goldstein states that a settlement agreement "followed" a "private mediation session." Mr. Black denies any allegation, characterization, or implication that he participated in Epstein's sex trafficking operation.

117.    Mr. Black acknowledges that the cited *New York Times* article by Matthew Goldstein contains the language quoted in paragraph 93 of the FAC. Mr. Black otherwise denies each and every allegation in paragraph 117 of the FAC, including any allegation, characterization, or implication contained in the quoted material from the *New York Times* article that Mr. Black had any connection whatsoever to any of Epstein's criminal wrongdoing.

118.    Mr. Black denies each and every allegation in paragraph 118 of the FAC.

## CAUSE OF ACTION

### Victims of Gender-Motivated Violence Protection Law (VGMPL)

119.    Mr. Black incorporates by reference his pleadings in response to the preceding paragraphs of the FAC, and otherwise denies each and every allegation in paragraph 119 of the FAC.

120.    Paragraph 120 of the FAC contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black incorporates by reference his pleadings in response to the preceding paragraphs of the FAC, and otherwise denies each and every allegation in paragraph 120 of the FAC.

121.    Paragraph 121 of the FAC contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Black incorporates by reference his pleadings

in response to the preceding paragraphs of the FAC, and otherwise denies each and every allegation

in paragraph 121 of the FAC.

122.    Paragraph 122 of the FAC contains a legal conclusion to which no response is

required. To the extent a response is required, Mr. Black denies each and every allegation in

paragraph 122 of the FAC.

123.    Paragraph 123 of the FAC contains a legal conclusion to which no response is

required. To the extent a response is required, Mr. Black incorporates by reference his pleadings

in response to the preceding paragraphs of the FAC, and otherwise denies each and every allegation

in paragraph 123 of the FAC.

124.    Paragraph 124 of the FAC contains a legal conclusion to which no response is

required. To the extent a response is required, Mr. Black incorporates by reference his pleadings

in response to the preceding paragraphs of the FAC, and otherwise denies each and every allegation

in paragraph 124 of the FAC.

## PRAYER FOR RELIEF

Mr. Black denies that Plaintiff has suffered any cognizable injury or damages entitling her

to any legal recourse, and denies that Plaintiff is entitled to any such relief, whether monetary,

compensatory, punitive, declarative, equitable, costs, and/or fees relating to this matter, or in any

other form sought by Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The FAC and all of Plaintiff's claims should be dismissed as a fraud on the Court.

### Second Defense

The FAC fails to state a claim upon which relief may be granted.

**Thid Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Fourth Defense**

Plaintiff's claims are barred, in whole or in part, because the revival provision she purports

to invoke, N.Y.C. Admin. Code § 10-1105(a), is preempted by New York state law, including the

Child Victims Act, C.P.L.R. § 214-g, and the Adult Survivors Act, C.P.L.R. § 214-j.

**Fifth Defense**

Plaintiff has sustained no cognizable injury by reason of any wrongful conduct by Mr.

Black.

**Sixth Defense**

The alleged harm and damages sustained by Plaintiff, if any, are speculative. Plaintiff

makes only conclusory allegations of damages.

**Seventh Defense**

Mr. Black's alleged conduct did not cause any loss of revenue or income to Plaintiff.

Plaintiff makes only conclusory allegations of economic harm and has not alleged any facts

demonstrating actual pecuniary loss or special damages.

**Eighth Defense**

Without conceding that Plaintiff has suffered any damages as a result of any alleged

wrongdoing by Mr. Black, Plaintiff has failed to mitigate or minimize her alleged damages.

**Ninth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**Eleventh Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or law of the case, including, without limitation, because of proceedings and determinations concerning Plaintiff's claims regarding her alleged abuse and trafficking by Epstein in *Jane Doe 1, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 22-CV-10019 (JSR).

\* \* \* \*

Mr. Black is not knowingly waiving any affirmative defense and hereby expressly reserves the right to amend his Answer and include all such defenses as may become available or apparent during pretrial proceedings of this action.

**WHEREFORE,** Mr. Black respectfully requests that this Court:

(a)    Dismiss the FAC in its entirety with prejudice;

(b)    Award Mr. Black the costs of defending against the suit, including reasonable attorneys' fees and expenses;

(c)    Impose sanctions on Plaintiff and her attorneys pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and/or the Court's inherent power for engaging in frivolous and vexatious conduct, making material factually false statements, engaging in conduct undertaken primarily to harass and maliciously injure Mr. Black, failing to conduct reasonable inquiry and diligence; and unreasonably and vexatiously multiplying the proceedings; and

(d)    Grant such other and further relief as the Court deems just and proper.

Dated:  December 23, 2024                         Respectfully submitted,
          New York, New York


                                              */s/ E. Danya Perry*

16

PERRY LAW
E. Danya Perry
Peter A. Gwynne
445 Park Avenue, 7th Floor
New York, NY 10022
Tel: (212) 213-3070
Facsimile: (646) 849-9609
dperry@danyaperrylaw.com
pgwynne@danyaperrylaw.com

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Michael B. Carlinsky
Jennifer J. Barrett
51 Madison Avenue
22nd Floor
New York, NY 10010
Tel: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
jenniferbarrett@quinnemanuel.com

ESTRICH GOLDIN LLP
Susan Estrich (*pro hac vice*)
947 Berkeley St.
Santa Monica, CA 90403
Tel: (213) 399-2132
susan@estrichgoldin.com

*Attorneys for Defendant Leon Black*