

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

January 13, 2025

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20C
New York, NY 10007-1312

      Re: *Doe v. Black*, No. 1:23-cv-06418-JGLC – Response to ECF 189

Dear Judge Clarke:

      We write in response to Plaintiff's letter dated January 9, 2025 (ECF Doc. No. 189) (the "Letter"), in which Plaintiff purports to unilaterally supplement the parties' November 26, 2024, joint letter (ECF Doc. No. 166) that addressed a dispute concerning Plaintiff's deposition subpoenas to Defendant's wife and three lawyers at Paul, Weiss, Rifkind, Wharton & Garrison LLP. Your Honor has scheduled a conference concerning (among numerous other issues) that dispute, for January 16, 2025.

      As a threshold matter, we note that Plaintiff's Letter again flouts the SDNY Local Rules and this Court's Individual Rules, this time by publishing personal cell phone information (including for one of the Paul, Weiss attorneys) as well as home address and other personal information concerning non-parties, as set forth in Mr. Carlinsky's letter of January 10 (ECF Doc. No. 191). Given the presence of other redactions in the exhibits to the Letter, this was evidently intentional and malicious, particularly in light of Plaintiff's counsel's acute insistence on protecting their own client's personal information (including her name) from disclosure and Plaintiff's counsel's past practice, both here and elsewhere, of improperly disclosing their adversaries' and/or third parties' private information.

      But setting aside this egregious, intentional disregard of the Court's procedural rules, the Letter is irrelevant as a matter of substance. While Plaintiff trumpets that the documents received from Jeffrey Epstein's former personal assistant are a supposed "treasure trove" of inculpatory information, what is most notable about them is that ***they do not actually mention Plaintiff whatsoever*** and have zero connection to this case. This is unsurprising. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The Hon. Jessica G. L. Clarke
January 13, 2025

      To state the obvious, if Plaintiff was not trafficked by Epstein (and she was not), then Epstein could not possibly have trafficked her to Mr. Black (and he did not), which is the foundation of Plaintiff's fraudulent complaint—a knowingly false allegation as to which there is absolutely no corroboration or support. The handful of e-mails attached to Plaintiff's Letter comprise a couple of calendaring interactions between Epstein's assistant and Mr. Black's wife or an attorney, some *ten to sixteen years after* Plaintiff's purported trafficking to Mr. Black. Those apparent interactions are, incidentally, not remotely surprising given that, as has been the subject of substantial prior disclosure, Mr. Black and Mr. Epstein had a several-years-long professional relationship. These documents shed absolutely no light on any matter in dispute in this case; their public filing is just another attempt by counsel for Plaintiff to try to maliciously smear Defendant and anyone associated with him.

      We thank the Court for its attention to this matter, and are prepared to discuss Plaintiff's Letter at the discovery conference on Thursday.

      Respectfully submitted,

      */s/ E. Danya Perry*
      E. Danya Perry