

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

January 15, 2025

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007

      Re:    <u>Doe v. Black</u>, Case No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

We represent Plaintiff Jane Doe ("Plaintiff") in the above-captioned action. We write to respectfully request that the courtroom be closed to the public during tomorrow's hearing. ECF 182.

Your Honor instructed the Parties to be prepared to discuss issues relating to Judge Rakoff's December 13, 2024 sealed order in *Doe 1 v. JP Morgan*, No. 22-cv-10019 ("*JPMorgan*") regarding Defendant's request to intervene in that action and access certain sealed documents (*JPMorgan*, ECF Nos. 307–313). Given the particular sensitivity of subjects discussed in the *JP Morgan* proceedings and the fact that Judge Rakoff's decision was filed under seal, Plaintiff believes it would be appropriate for tomorrow's hearing to also remain under seal so as not to reveal any information that was disclosed under seal in the *JP Morgan* proceedings. The subject matter in Defendant's letter filed today contained multiple references to traumatic experiences of Plaintiff as a minor.

Although there is a general right to public access to the courts, Your Honor has discretion to close the courtroom when circumstances dictate. *Lynch v. Southampton Animal Shelter Found., Inc.*, No. CV 10-297 (ETB), 2012 WL 13109966, at *3 (E.D.N.Y. July 10, 2012) (closing the courtroom for evidentiary hearing on whether plaintiff violated confidentiality order); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (finding that where "the danger of impairing law enforcement or judicial efficiency" and/or "the privacy interests of those resisting disclosure" outweigh the presumption of access, closure of the courtroom during certain types of proceedings may be appropriate). Here, allowing the courtroom to remain open while the Parties discuss Judge Rakoff's sealed opinion and the various evidence submitted would undermine his decision to seal the opinion in the first place.

Further, the matter to be discussed at tomorrow's hearing will only temporarily delay the public's right of public access. *Westchester Rockland Newspapers, Inc. v. Marbach*, 66 A.D.2d 335, 336,



413 N.Y.S.2d 411, 412 (1979) (upholding enforcement of judge's courtroom closure and stating that the "public's 'right to know' … is not being subverted, but is merely being delayed until the trial begins"). Here, as in *Marbach*, "press coverage of [pretrial proceedings] may well hinder the fair conduct of this litigation." For the above-stated reasons, Plaintiff respectfully requests that Your Honor close the courtroom for the hearing scheduled for January 16, 2025.

Counsel for Plaintiff sent a copy of this letter to counsel for Defendant Leon Black ("Defendant"). Defendant objects to the instant request and has indicated to counsel for Plaintiff his intent to respond in a separate letter.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Jeanne M. Christensen