

January 15, 2025

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007-1312

**Re:** *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC: Response to Plaintiff's Letter dated January 15, 2025 (ECF No. 199).

Dear Judge Clarke:

We write in opposition to Plaintiff's letter to the Court dated January 15, 2025 (ECF No. 199) (the "Letter") advancing the extraordinary request that the entirety of tomorrow's conference before Your Honor be sealed from the public. Plaintiff's request is incompatible with the First Amendment and the public right of access, and Plaintiff provides no credible justification for overriding or disregarding these fundamental principles. To the contrary, Plaintiff's request is nothing more than a thinly-veiled attempt to shield her and her counsel's misconduct from the public and should not be countenanced. Plaintiff's counsel, since the inception of this action, has publicly put forth patently false and heinous allegations against Defendant through an anonymous plaintiff, and has eagerly shared those allegations with the public and press. Plaintiff's counsel's transparent interest in protecting her own lies and unethical behavior from scrutiny does not and cannot trump the public's Constitutionally conferred right of access.[1]

The legal framework applicable to Plaintiff's request is well established in the Second Circuit. The First Amendment secures a right of access to civil proceedings for the public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (citing *Westmoreland v. Columbia Board Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984)). To overcome the strong presumption in favor of public access, "the party seeking closure must demonstrate 'a substantial probability of prejudice to a compelling interest' of one of the parties or of a third party, which closure would prevent." *Barr Lab'ys, Inc. v. KOS Pharms., Inc.*, 362 F. Supp. 2d 421, 422 (S.D.N.Y. 2005) (quoting *United States v. Doe*, 63 F.3d 121, 128 (2d Cir.1995)). And to justify total closure, like Doe seeks, the prejudice muse be "overriding." *Id.* at 423. Indeed, the Second Circuit has instructed that closure must be "essential to preserve higher values" and "narrowly tailored to serve that interest," and cautioned that "the power to close a courtroom where proceedings are being conducted … is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons." *In re Demetriades*, 58 F.4th 37, 47-48 (2d Cir. 2023) (ellipsis in original) (quoting *United States v. Alcantara*, 396 F.3d 189, 192 (2d Cir. 2005)).

---

[1] Given that the proceedings before Judge Rakoff in *Doe 1 v. JP Morgan*, No. 22-cv-10019 were conducted and remain under seal, Defendant would not object to Your Honor's decision to seal the courtroom while the substance of those proceedings is discussed.

The Honorable Jessica G. L. Clarke
January 15, 2025

Plaintiff offers no credible support to justify her request to seal the conference under these longstanding and binding standards. To start, Plaintiff fails to identify *any* compelling interest that could suffer prejudice from public access. The fact that Doe professes herself to be a victim of sexual abuse is, under established law, insufficient alone to justify total closure. *See, e.g.*, *Barr Lab'ys*, 362 F. Supp. 2d at 424 (acknowledging that although cases involving "the identity of persons charged with sexual misconduct" may lead the individuals involved to "face real dangers … that may place personal life and liberty interests on the line," they are nevertheless "***routinely litigated in open court***" (emphasis added)); *S.B. v. U.B.*, 953 N.Y.S.2d 831, 837 (Sup. Ct., Kings Cty. 2012) ("There is no blanket exception to the right of the public to an open courtroom that allows an alleged victim of sexual abuse to testify in a closed courtroom. Rather, there is a strong presumption that the courtroom should be open to the public.").

In a futile attempt to meet her heavy burden here, all Plaintiff does is point to the foreseeable and typical consequences of litigation in *any* action—that certain details relating to the parties' dispute could be made public. But there is not a shred of legal authority suggesting that that concern—which is, of course, always a distinct possibility when litigation ensues—is a cognizable ground for courtroom closure. To the contrary, the law is clear that the opposite is true. *See Barr Lab'ys*, 362 F. Supp.2d at 424 ("It would render the courthouse into a private secret chamber, and make a travesty of the public's right to open judicial proceedings, if the potential ill-effects associated with all of these common litigation risks were deemed reason enough to close the courtroom."); *Strike 3 Holdings, LLC v. Doe*, 2022 WL 17623941, at *2 (E.D.N.Y. Dec. 13, 2022) ("Lawsuits are public events and the risk that a party may suffer some embarrassment is not enough to justify anonymity.").

Unable to shoehorn her novel request into the Second Circuit's governing framework for closure, Plaintiff instead resorts to three cases, one of which is a criminal case, another of which is a 45-year-old state court case, and none of which in any event is remotely similar to this matter or otherwise supports her position.

In *Lynch v. Southampton Animal Shelter Found, Inc.*, the district court closed an evidentiary hearing concerning the plaintiff's violation of a confidentiality order because the plaintiff would otherwise use the hearing as a vehicle to introduce confidential information into the public record, and thereby undermine the court's ability to enforce the order that was the subject of the hearing itself. 2012 WL 13109966, at *3 (E.D.N.Y. July 10, 2012). Here, there are no allegations of Defendant violating any confidentiality order (nor has any such thing in fact happened). *United States v. Amodeo* is also distinguishable, as that decision concerned a non-party law firm's interest in sealing an investigative report (not entire judicial proceedings) and law-enforcement considerations, including information relating to a Court Officer's access to confidential informants. 71 F.3d 1044, 1052 (2d Cir. 1995). Finally, in *Westchester Rockland Newspapers, Inc. v. Marbach*, the Second Department only enforced a closure order prohibiting public access to depositions and deposition transcripts, noting that depositions "are not usually open to the public and press" and are "private matters between the parties. 66 A.D.2d 335, 337-38 (2d Dep't 1979). There is nothing novel about that circumstance or the court's observation; to the contrary; that is what happens in practically every civil litigation involving discovery. In short, none of Plaintiff's proffered authorities have any application here.

The Honorable Jessica G. L. Clarke
January 15, 2025

    For these reasons, the Court should deny Plaintiff's request to seal the conference.


                          Respectfully submitted,

                          */s/ Susan Estrich*
                            Susan Estrich