```
P1gWdoeC
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JANE DOE,

                Plaintiff,

           v.                            23 Civ. 6418 (JGLC)

LEON BLACK,

                Defendant.
                                         Conference
------------------------------x
                                         New York, N.Y.
                                         January 16, 2025
                                         12:00 p.m.
Before:

                   HON. JENNIFER G.L. CLARKE,

                                         District Judge


                         APPEARANCES

WIGDOR LLP
     Attorneys for Plaintiff
BY:  DOUGLAS H. WIGDOR
     JEANNE M. CHRISTENSEN
     JOHN S. CRAIN

QUINN EMANUEL URQUHART & SULLIVAN LLP
     Attorneys for Defendant
BY:  MICHAEL B. CARLINSKY
     -and-
E. DANYA PERRY
PETER A. GWYNNE



Also Present:  Noah Jacobs, Esq.
               Jacqueline M. Stykes, Esq.
               Logan Ledman, Paralegal
```

1            THE COURT:  Please be seated.

2            Good afternoon.  We are here in Doe v. Black.

3            Who do we have for the plaintiff?

4            MS. CHRISTENSEN:  Good afternoon, your Honor.  Jeanne
5    Christensen, from Wigdor LLP, and I'm here with Douglas Wigdor,
6    John Crain, Noah Jacobs and our paralegal, Logan Ledman.

7            THE COURT:  Good afternoon.

8            And for the defendant.

9            MR. CARLINSKY:  Good morning, or I guess it's good
10   afternoon, your Honor.  Michael Carlinsky, from Quinn Emanuel.
11   I'm here with Danya Perry, of the Perry Law Firm; Jacqueline
12   Stykes, from my firm; and Peter Gwynne, from Ms. Perry's firm.

13           THE COURT:  Good afternoon to you all as well.

14           All right.  I initially set this conference over a
15   month ago to rule on defendant's motion to unseal plaintiff's
16   name and to address the parties' discovery dispute at ECF No.
17   166, but the landscape has shifted quite a bit from where we
18   last were.  So what I initially expected to be a lengthier
19   conference I anticipate will be much shorter.

20           Today, I intend to simply rule on defendant's most
21   recent request, at ECF No. 198, as well as defendant's motion
22   to amend the case caption to unseal plaintiff's name.

23           I will note at the outset that almost all of what is
24   underlying defendant's request is under seal, and although
25   there was a request to seal the courtroom, I found that to be

1  inappropriate here.  But I will be circumspect in my remarks,
2  and I expect counsel not to reveal sealed information as well.
3         In defendant's most recent application, he seeks,
4  first, leave to file a motion for sanctions; second, the
5  production of documents related to plaintiff from the J.P.
6  Morgan case; and to stay discovery.
7         I've reviewed plaintiff's opposition as well, and in
8  considering what the parties submitted, I find good cause to
9  grant all three of defendant's requests.
10        First, defendant is permitted to file his requested
11 motion.  Leave wasn't required here, and I will set a schedule
12 in a moment.
13        Second, based on the likely underlying allegations of
14 defendant's upcoming motion, my review of the records from the
15 J.P. Morgan case and in order for defendant's counsel to submit
16 a fully informed motion, I will give defendant's counsel access
17 to the relevant sealed materials from Judge Rakoff.
18        This will include both documents defense counsel
19 already has along with those not yet disclosed.  The documents
20 that Judge Rakoff ordered disclosed shall be treated as
21 confidential under the parties' stipulated protective order and
22 shall be used solely in connection with this action, pursuant
23 to the parties' stipulation and protective order at ECF No.
24 170.  The other documents that I will give counsel access to
25 that were not previously ordered are for attorney's eyes only.

1    That does not include investigators, and those documents must
2    be used solely for purposes of defendant's forthcoming motion
3    and for no other purposes until further order of the Court.
4    And I will contact counsel right after this conference and
5    coordinate the production of those materials.
6             Third, I find that there's good cause to stay
7    discovery until I have an opportunity to address defendant's
8    upcoming motion.
9             Neither party should interpret this decision to mean
10   that I have determined that sanctions are warranted or that any
11   particular relief will be awarded.  But I do think it is
12   appropriate for us to pause discovery, allow both sides to have
13   the relevant facts and allow both sides to be heard before any
14   decision is made that could impact this case.
15            Plaintiff has identified no prejudice in a brief stay,
16   and I don't see any here.  So discovery is stayed until after
17   resolution of defendant's motion.
18            The parties' discovery dispute at ECF-166 is denied as
19   moot.  Those applications can be renewed when discovery is
20   unstayed.
21            I also have a number of things that are sealed here in
22   this case before me that I'm not certain should remain sealed
23   based on their relevance to this case.  In defendant's
24   forthcoming motion and plaintiff's opposition, the parties
25   should set forth their positions with respect to what should

1   remain sealed or should be unsealed in this case other than

2   plaintiff's name and identity, which I will get to in a moment.

3            For now, defendant's motion for sanctions and any

4   opposition and reply should be filed under seal, but again, the

5   parties must include their positions on what, if anything, the

6   parties believe should be unsealed with respect to defendant's

7   upcoming motion papers, opposition, reply and exhibits; Judge

8   Rakoff's December 13, 2024, decision; and the documents

9   currently under seal in this case at ECF Nos. 178, 180, 184,

10  186, 194, 198 and 202, including any exhibits.

11           For now, those filings that I just mentioned will

12  remain under seal, and I will address what should be unsealed,

13  if anything, after I've heard from the parties.

14           In terms of a briefing schedule for the defendant's

15  motion, I'm going to propose -- and I'll hear from the parties

16  if there's any strong objection to this schedule -- defendant's

17  opening brief will be due February 21; any opposition from

18  plaintiff, March 21; and the defendant's reply, April 4.

19           Ms. Christensen, any opposition to that schedule?

20           MS. CHRISTENSEN:  No, your Honor.

21           THE COURT:  Mr. Carlinsky.

22           MR. CARLINSKY:  None at all, your Honor.

23           THE COURT:  All right.

24           I'm just going to remind counsel that we have word

25  limits instead of page limits under the local rules, so please

1    make sure to follow those as well.
2        In terms of defendant's motion to unseal plaintiff's
3    name, based on where we now are in the case, based on discovery
4    being currently stayed and for the reasons stated in my prior
5    decision in this case, the sealed factors continue to weigh in
6    favor of plaintiff's name remaining sealed at this time.  Those
7    factors include that the litigation involves allegations that
8    are highly sensitive and of a personal nature.  I also continue
9    to consider plaintiff's vulnerabilities and the lack of
10   prejudice to defendant now that discovery is stayed.  So I deny
11   defendant's motion to amend the case caption.
12       Ms. Christensen, is there anything else for us to take
13   up today?
14       MS. CHRISTENSEN:  I don't believe so, your Honor,
15   although you mentioned that you're going to be giving
16   defendants certain exhibits.
17       We're not entirely clear what you received from Judge
18   Rakoff, so I would ask that we be told.
19       THE COURT:  You will also receive it simultaneously.
20       MS. CHRISTENSEN:  OK.  Thank you.
21       THE COURT:  Mr. Carlinsky.
22       MR. CARLINSKY:  Yes.  Thank you, your Honor.
23       And obviously with the Court's ruling, most of my
24   remarks have become academic, but there are two points I would
25   like to raise.  One of them is a request that I believe we made

1    in our submission to the Court.
2            As your Honor is aware, separately pending in state
3    court, there was an action filed by the Wigdor firm on behalf
4    of another plaintiff.  That case was dismissed with prejudice.
5            THE COURT:  I understand, and I reviewed what you
6    submitted with respect to that.  To be clear, anything provided
7    here is used solely in this case.
8            MR. CARLINSKY:  OK.  Thank you.
9            I think I may have addressed it, but just so I can
10   make sure I have it on the record, just this morning, we
11   received an opinion from the First Department, Appellate
12   Division, affirming the court's dismissal of that action.  We
13   have pending on behalf of Mr. Black a malicious prosecution
14   action in that case that includes allegations of malicious
15   prosecution against the Wigdor firm.
16           We ask your Honor for permission -- and if you want us
17   to go to Judge Rakoff, we're happy to do that, but Judge
18   Rakoff's letter to your Honor on the issues here, given what is
19   at issue in that malicious prosecution case, including, of
20   course, allegations that we've made that the Wigdor firm acted
21   with malice, we think Judge Rakoff's letter, at a minimum, of
22   December 30, is a critical document for the court's
23   consideration.  And we'd also like to have that document shared
24   with the First Department because there's an appeal that was
25   taken from Justice Cohen's denial of the Wigdor motion to

1   dismiss the malicious prosecution case.

2           So we have a First Department appeal, and just last
3   week, the Wigdor firm -- and I'm sure they'll disagree with me,
4   but they somehow managed to get an amicus submission from a
5   firm that they're using to say we're champions here of victims,
6   and that's how they're portraying themselves in front of the
7   First Department, and we have Justice Cohen, who is proceeding
8   with the malicious prosecution case.  And we think Judge
9   Rakoff's letter is highly probative and relevant, and we would
10  ask the Court to consider it or at least allow us to ask Judge
11  Rakoff for such permission.

12          THE COURT:  You all can brief this issue in a motion
13  for sanctions, unless -- is there any time constraint with
14  respect to this?

15          MR. CARLINSKY:  Yes.  The appeal in the First
16  Department is scheduled to be heard next month.  There was this
17  amicus brief, which I found a little bit curious, but it is
18  what it is, that was submitted a week or so ago.  And so there
19  is a time sensitivity here both at the First Department and in
20  front of Justice Cohen, because we want to move forward in that
21  case for discovery, with discovery.  And so I'm happy -- again,
22  I don't mean to put the Court on the spot, and I'm happy if
23  your Honor wants us to follow up with some letter briefing, but
24  this is a serious issue.

25          That letter from the court -- I've never seen a letter

1  quite like it in 35 years, and it's highly relevant to the
2  issues that we have going on in state court and in front of the
3  First Department.
4           THE COURT:  For now, my prior order that everything,
5  that the documents apply only in this case, I think Judge
6  Rakoff was very clear that future requests with respect to this
7  come to me.  I'll allow you all to submit briefing with respect
8  to it after this conference, so I'll set a schedule with
9  respect to that.  I'll hear both sides, but for now, it's not
10 to be used beyond this case.
11          MR. CARLINSKY:  And just because, if I weren't clear,
12 and we'll put this in this briefing, we would, of course,
13 provide it to those two courts under seal.  We don't intend to
14 somehow violate the court's, Judge Rakoff's desire that it be
15 kept under seal.  But again, just because of the importance of
16 it, so I don't know whether that will help your Honor in
17 getting to the conclusion, but we will brief that issue.
18          I was remiss in not pointing out we're not intending
19 to go publicize it, but we think it's relevant to those courts,
20 and we would submit it, if the Court allowed us to, under seal
21 with respect to each of those two courts.
22          THE COURT:  OK.
23          MR. CARLINSKY:  That's all I wanted to comment on.
24          THE COURT:  All right.
25          Ms. Christensen, I'll give you an opportunity to

1  respond if you want to now.  Otherwise --
2           MR. WIGDOR:  May I, your Honor?
3           THE COURT:  Yes, Mr. Wigdor.
4           MR. WIGDOR:  I'm not really sure what the appeal at
5  the First Department has to do with anything because that's on
6  a record that has nothing to do, our appeal, with the letter by
7  Judge Rakoff.  So I'm not understanding, frankly, what the
8  appeal, the First Department pending appeal, how that would
9  opine on any issues there.  Also unclear what the amicus brief
10 that was filed by amici would have anything to do with that
11 either.  And I would object strenuously to the characterization
12 that Mr. Carlinsky just made about Judge Rakoff's letter,
13 which, as your Honor pointed out at the beginning of this
14 hearing and cautioned counsel to be very careful not to reveal
15 in the sealed information, his characterization of that, I
16 think, is inappropriate and improper.
17          THE COURT:  Thank you, Mr. Wigdor.
18          All right.  I'm just going to set a briefing schedule
19 with respect to it.
20          MR. CARLINSKY:  Thank you.
21          THE COURT:  It sounds like you need a decision within
22 30 days.
23          With that in mind, Mr. Carlinsky, why don't you all
24 submit a letter with respect to this by Monday, and any
25 opposition -- Monday's a holiday -- January 21, and any

P1gWdoeC

1   opposition from plaintiff by the 24th.
2            MR. CARLINSKY:  Thank you, your Honor.
3            And there will be no reply?
4            THE COURT:  No reply.
5            MR. CARLINSKY:  Thank you, your Honor.
6            THE COURT:  I just want your opening letter and the
7   opposition.
8            Was there another matter, Mr. Carlinsky?
9            MR. CARLINSKY:  No, your Honor.  Thank you.
10           THE COURT:  All right.  We are adjourned.
11           (Adjourned)