UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                              Plaintiff,<br><br>           -against-<br><br>LEON BLACK,<br><br>                              Defendant. | 23-CV-6418 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

By order dated January 16, 2025, this Court stayed discovery to permit Defendant Leon Black to file a motion for sanctions, which he filed on March 3, 2025. ECF Nos. 205, 224 (the "Sanctions Motion"). Subsequently, the Court, in ruling on a request by Defendant to inspect certain of Plaintiff's records, extended the briefing schedule for the Sanctions Motion given the relative importance of the inspection to the issues implicated by the Sanctions Motion. ECF No. 223.

On April 4, 2025, Wigdor LLP ("Wigdor"), who has served as Plaintiff's counsel from the outset of this litigation, filed a motion to withdraw pursuant to Local Rule 1.4. ECF No. 238. Wigdor contends that withdrawal is appropriate under Rule 1.16(c) of the New York Rules of Professional Conduct. ECF No. 238 at 2. Wigdor also requests additional time to respond to the Sanctions Motion, and for the Court to permit Plaintiff 60 days to retain new counsel. *Id.* at 3. Defendant Black promptly filed a letter response to the withdrawal motion, and Wigdor filed a reply. ECF Nos. 239, 240.

Having carefully reviewed the parties' submissions, the Court grants Wigdor's request to withdraw as counsel. Pursuant to Local Rule 1.4, attorneys may be relieved of, or displaced as, counsel in a matter upon "showing by affidavit or otherwise" satisfactory reasons for withdrawal,

which shall include the attorney's position on whether they are "asserting a retaining or charging lien." S.D.N.Y. LOC. CIV. R. 1.4. Wigdor has not asserted any liens, and while Wigdor did not submit an affidavit with the motion, the Court nonetheless finds that Wigdor has shown "satisfactory reasons" for withdrawal. However, while the Court permits Wigdor to withdraw as Plaintiff's counsel, Wigdor shall remain in this case in light of the Sanctions Motion.

In order to ensure Plaintiff, who is now *pro se*, continues to receive all filings, and to ensure Plaintiff's identity and personal information remain sealed and confidential, Wigdor shall remain responsible for serving any and all filings and orders in this case on Plaintiff until she retains new counsel. In each instance, Wigdor must file a certificate of service with this Court confirming service to Plaintiff. If Plaintiff secures new counsel, new counsel shall file a notice of appearance on or before **May 16, 2025**.

Regarding the briefing schedule for the Sanctions Motion, the schedule is modified as follows: (1) Plaintiff has until **May 23, 2025** to respond to Defendant's Sanctions Motion. Should Plaintiff fail to file an opposition by that date (either with or without counsel), the Court will deem the Sanctions Motion as unopposed with respect to her, and may dismiss her complaint for failure to prosecute; (2) Wigdor shall file an opposition to the Sanctions Motion on or before the same date; and (3) any reply briefs from Defendant Black are due by **June 6, 2025**.

The Court further notes that it does not believe a conference is necessary at this time, and that Defendant Black's request for an evidentiary hearing will be considered after the Sanctions Motion is fully briefed. In addition, the Court denies Defendant's request to unseal the Sanctions Motion and accompanying documents—as stated in the Court's prior order (ECF No. 205), the Court will address the issue of sealing when ruling on the Sanctions Motion. The Court also denies Defendant's renewed request to have Plaintiff's name unsealed at this juncture.

Wigdor must serve their motion to withdraw, along with this Order, on Plaintiff by **April 10, 2025** and shall promptly file proof of service by **April 11, 2025**. And as ordered above, Wigdor shall retain responsibility for serving any future filings and orders in this case, as instructed by this Court, on Plaintiff.

The Clerk of Court is respectfully directed to terminate ECF No. 238, list Plaintiff Jane Doe as "Pro Se" and leave counsel from Wigdor LLP on the docket, but reflect they no longer represent Plaintiff in this matter.

Dated: April 9, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge