UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
Jane Doe,

    Plaintiff,

                      Case No.: Doe v. Black, Case No.:23-cv-06418 (JGLC)

  - against -

Leon Black,

    Defendant.
-----------------------------------------------------------------

Jane Doe
P.O. Box 286
Haymarket, VA 20168
202-407-6947
jane.doe06418@gmail.com

April 23, 2025

**Via Email to: Temporary_Pro_Se_Filing@nysd.uscourts.gov**

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11B
New York, NY 10007

      Re:    *Doe v. Black,* Case No.: 23-cv-06418 (JGLC)

Dear Judge Clarke:

I am the pro se Plaintiff in the above-captioned matter. I respectfully write to raise serious concerns regarding the conduct of my former counsel, Wigdor LLP; to request relief necessary to protect my rights and the integrity of these proceedings; and to ask the Court for a temporary stay of proceedings, or an extension of time to oppose Defendant's motion to dismiss, which is currently due on May 23, 2025.

I am autistic and have post-traumatic stress disorder (PTSD), which make communication and trust-building difficult. Wigdor LLP, my former attorneys, were fully aware of my disabilities and of the fact that I relied on an advocate (my adoptive mother) to assist with communication and navigating legal matters. Despite this, they withdrew from representation—after nearly two years—knowing that it would be extraordinarily difficult for me to secure new representation due to both my disabilities and the Defendant's socioeconomic position and access to unlimited resources. Their withdrawal has severely prejudiced my case and placed me in an extremely vulnerable position.

In their motion to withdraw, Wigdor LLP cited Rule 1.16(c) of the New York Rules of Professional Conduct, alleging that I failed to cooperate. They also stated that additional grounds might be submitted in camera and ex parte. I am deeply concerned about the possibility that they may reveal confidential or privileged communications without my knowledge or consent. I respectfully assert that I do not waive attorney-client privilege and ask the Court to prohibit any such submissions without prior notice to me and the opportunity to respond.

I also bring to the Court's attention the following examples of disturbing conduct by Wigdor LLP and its attorneys, which I believe reflects serious ethical violations and a pattern of manipulation and coercion that exploited my disabilities:

- In March 2024, I was driven to New York by two partners of the firm under false pretenses and misled into attending what I was told was a brief meeting with a judge, only to discover it was an evidentiary hearing. I had no prior knowledge or preparation and did not understand I would be testifying under oath until I was already on the stand. This event was deeply distressing and left me confused and disoriented;
- In July 2024, while I was out of town, my attorneys again contacted me, claiming they had an "ethical obligation" to check on my safety. Despite their repeated demands, I declined to meet with them and did not provide my location out of fear they would show up against my wishes. Nevertheless, they found my location, appeared at my hotel without my consent, and texted me from the lobby. The real reason for their appearance was to pressure me into participating in a Zoom hearing with the same judge, which I had not been informed of until less than 24 hours before. They gave me less than an hour to prepare. During this hour, one attorney called another attorney who "had the judge's ear" to find out what they believed the judge wanted to hear from me. I still do not understand the nature or purpose of that proceeding, nor do I have clarity regarding the trajectory of the proceedings before Judge Rakoff or the reasons for the actions and decisions of his Court or my former attorneys;
- I was pressured to waive my right to counsel for that meeting, was not provided an advocate, and was told I would not be put under oath—but I was. On other occasions, I was pressured to waive my right to appeal Judge Rakoff's decision by signing a stipulation, which I was told would ensure strict confidentiality of all proceedings; to agree to unsealing records of those proceedings; and to release my name to the public despite health and safety concerns;
- A partner at the firm manipulated my emotional vulnerability and disability to gain my trust, encouraging me to disclose private information under promises of psychological and

- emotional support, which she used to extract deeply personal disclosures, stating that she would keep what I told her private and not share certain materials. She then submitted these materials into evidence without my consent.
- She also misrepresented a professional trip to New England as a "fun" trip despite my adoptive mother's clear concern that such a trip was inappropriate during litigation. The partner lied about the purpose of the trip in order to isolate me further and use that time to gain more sensitive disclosures;
- Throughout their representation, the firm limited my ability to make informed decisions by deliberately failing to consistently and regularly inform me of critical developments in this case and the proceedings before Judge Rakoff, withheld key information, and submitted filings and evidence without my knowledge or approval;
- The alleged "lack of cooperation" cited in their motion was not due to obstruction, nor bad faith but rather to my disabilities, which required time, clarity, and support that Wigdor LLP repeatedly failed to provide. Instead, they exploited those very disabilities to manipulate and control me, using coercion rather than informed consent.

In light of these issues, I respectfully request the following:

- That the Court acknowledge the serious and prejudicial impact of my former counsel's conduct on my ability to litigate this matter;
- That the Court preserve all attorney-client privilege and prohibit any in camera or ex parte submissions by Wigdor LLP that rely on confidential communications without prior notice to me;
- That the Court stay the proceedings temporarily so I may attempt to secure new representation or transition to pro se status while recovering from the disruption caused by their withdrawal, or, grant a 30-day extension to respond to Defendant's motion to dismiss, currently due May 23, 2025, extending the deadline to June 22, 2025;
- That the Court appoint pro bono counsel or refer this case to the SDNY pro bono panel pursuant to 28 U.S.C. § 1915(e)(1), in light of my disabilities and the complexity of the case;
- That the Court consider referring Wigdor LLP and the attorneys involved to the appropriate disciplinary authorities for further review of their conduct;
- That the Court consider any additional relief it deems just and proper.

Supporting documentation is available upon request. I appreciate the Court's time**,** understanding**,** and attention to these serious matters.

Respectfully submitted,

S/ Jane Doe
Jane Doe
Pro Se Plaintiff