UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                    Plaintiff,

        -against-

LEON BLACK,

                    Defendant.

23-CV-6418 (JGLC)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

The Court has received letters from Plaintiff Jane Doe, who is now proceeding *pro se*, requesting that the Court, among other things, temporarily stay the case or extend the time for her to respond to Defendant's motion for case terminating sanctions, appoint her pro bono counsel, refer her former counsel (Wigdor LLP) to disciplinary authorities, and schedule an emergency conference related to safety concerns Plaintiff has. *See* ECF Nos. 249, 255. As set forth below, Plaintiff's requests are GRANTED IN PART and DENIED IN PART.

I. **Plaintiff's Requests for an Extension or Temporary Stay and Appointment of Pro Bono Counsel**

The Court denies Plaintiff's request for a temporary stay of this action. Discovery has already been stayed, and Plaintiff has not identified good cause to stay the briefing schedule on Defendant's pending motion. However, the Court grants Plaintiff's request for additional time to file her opposition. Plaintiff and Wigdor LLP will have until **June 23, 2025** to oppose Defendant's motion. Defendant's reply is due by **July 7, 2025**.

Next, the Court denies, at this juncture, Plaintiff's request that the Court appoint her pro bono counsel. Courts typically consider several factors when determining whether to appoint pro bono counsel. These factors include whether the plaintiff's position appears likely to be of substance, the plaintiff's ability to deal with issues unassisted by counsel, and the plaintiff's

efforts to obtain a lawyer. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986); *accord Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). These factors weigh against appointing counsel here.

First, while the Court makes no conclusive determination about the merits of Plaintiff's claim, Defendant's motion raises serious questions about the validity of this action. The sanctions motion calls into question the veracity of key evidence cited in the operative Amended Complaint and raises questions about the plausibility of the allegations raised here. Therefore, the Court cannot conclude now that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d at 62.

Second, Plaintiff appears to have the ability to deal with the matters presently before the Court. Discovery in this action is stayed, and the only matter before the Court is a motion for case terminating sanctions against Wigdor LLP and Plaintiff. The motion requires Plaintiff to respond simply about her conduct and allegations in this case. Her response does not necessarily require legal expertise or the need to confront complex legal issues. Although Plaintiff cites her disabilities as a reason to appoint counsel, her recent submissions suggest she is more than capable of responding. Her letters to date have been clear and coherent, demonstrate that she understands certain legal issues, and are otherwise not indicative of a person who cannot respond to the arguments raised against her. As such, it appears likely that Plaintiff can sufficiently address these issues without the assistance of counsel.

Third, Plaintiff has only been *pro se* for three weeks or so, and her submission does not indicate any efforts she has undertaken to locate counsel. A delay will give her the chance to make those efforts.

In sum, the Court is mindful of the Second Circuit's admonition that counsel should not

be appointed "indiscriminately." *Hendricks*, 114 F.3d at 393. The request is therefore denied at this time. After the Court has ruled on Defendant's motion, and assuming the case proceeds, Plaintiff will be permitted to renew her motion for appointed counsel, if necessary.

## II. Alleged Misconduct by Wigdor LLP

With respect to the conduct of Plaintiff's former counsel, the Court is aware of its ability and authority to refer matters to the Court's Grievance Committee. The Court will do so as it sees fit. The Court will also address allegations of misconduct as part of Defendant's motion.

Plaintiff also raised concerns about the Court receiving an *in camera* or *ex parte* submission from Wigdor LLP. To address this concern, Wigdor LLP is directed to file under seal and serve on Plaintiff the April 4, 2025 correspondence that counsel sent by electronic mail to the Court and opposing counsel.

## III. Emergency Hearing Request

Plaintiff requests an emergency hearing or the opportunity to appear *ex parte* or to submit materials *in camera* to raise "safety and confidentiality concerns." She claims that her former counsel subpoenaed numerous third parties without her knowledge and that in doing so, they created safety concerns for her. However, Plaintiff provides no information about any specific or credible threats to her safety. Indeed, the only subpoenas the Court is aware of were never actually issued by her former counsel given that discovery was stayed in the midst of the parties' dispute regarding those subpoenas. ECF No. 205. Also, this case has been stayed since January 2025, and Plaintiff has remained anonymous through the entirety of this action, making any safety issues unlikely.

## CONCLUSION

For the reasons set forth above, Plaintiff's requests are GRANTED in part and DENIED

in part. Both Plaintiff, either through newly appointed counsel or in her own capacity as a *pro se* litigant, and Wigdor LLP shall file an opposition to Defendant's pending sanctions motion by **June 23, 2025**, and Defendant shall file a reply by **July 7, 2025.**

In addition, in light of Plaintiff's recent filings (which include an email address and physical address), the Court is satisfied that Plaintiff can now personally receive service from the Court. Accordingly, unless otherwise instructed, Wigdor need not continue to serve Plaintiff with filings in this case. Plaintiff is further reminded that she may opt-in to receive service through the Court's CM/ECF system by completing the "Motion for Permission for Electronic Case Filing" form which can be found on the Court's website at https://www.nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases.

The Clerk of Court is respectfully directed to update the docket with the below information for Plaintiff, and to serve a copy of this Order on Plaintiff by email and at the physical address listed.

Jane Doe
P.O. Box 286
Haymarket, VA 20168
202-407-6947
jane.doe06418@gmail.com

Dated: May 5, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge