UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                    Plaintiff,

    -against-                            23-CV-6418 (JGLC)

LEON BLACK,                                    **ORDER**

                    Defendant.

JESSICA G. L. CLARKE, United States District Judge:

      By order dated June 18, 2025 (ECF No. 270), this Court stated that Plaintiff Jane Doe, who is now proceeding *pro se*, would be permitted to file her opposition to Defendant's pending sanctions motion under seal. It has come to the Court's attention that these materials were publicly filed before they were eventually sealed and restricted. In the submissions, Plaintiff discusses communications with her former attorneys, Wigdor LLP, in addition to other material previously ordered to be treated as confidential in this case. Plaintiff also stated her intention to submit additional material to support her opposition to Defendant's motion.

      First, to ensure confidential and privileged information remains properly sealed in a manner consistent with this Court's prior orders, the Court will restrict access to these filings to Wigdor LLP, Plaintiff, Defendant, and the Court. To the extent any individuals or non-parties have accessed, downloaded, or received these materials and presently has them in their possession, they shall immediately take steps to relinquish or destroy such documents and materials.

      Second, Plaintiff has requested instruction, by email to this Court and a letter filed on the docket, on how to submit exhibits and other materials under seal in further support of her opposition to Defendant's pending motion. *See* attached; *see also* ECF No. 279. Plaintiff is

HEREBY ORDERED to submit the referenced exhibits and materials with respect to Defendant's pending motion by email to this Court at the following email address: ClarkeNYSDChambers@nysd.uscourts.gov. The Court will not accept links to Google Drive or any other external transfer website. Instead, the exhibits and materials must be sent as attachments (either PDFs or zip files) in an email to the Court. Upon receipt of any such submissions, the Court will docket them, restricting access as described above. Plaintiff shall submit this email by **June 30, 2025.**

Lastly, Plaintiff is again warned that these documents will be seen by Defendant and his counsel, given they are in response to Defendant's pending motion. *See* ECF No. 262. As such, any attorney-client privilege attached to any communications or documents that Plaintiff discloses in her submission is waived.

The Clerk of Court is respectfully directed to serve a copy of this Order, along with ECF Nos. 278 and 280, on Plaintiff by email and at the physical address listed on the docket, and to update the viewing restrictions for ECF Nos. 274–277 to only be viewable by the parties, Wigdor LLP, and Court personnel.

Dated: June 26, 2025
      New York, New York

                                    SO ORDERED.

                                    *Jessica Clarke*

                                    JESSICA G. L. CLARKE
                                    United States District Judge

| | |
|---|---|
| **From:** | Jane Doe <jane.doe06418@gmail.com> |
| **Sent:** | Wednesday, June 25, 2025 7:29 PM |
| **To:** | Clarke NYSD Chambers |
| **Subject:** | Urgent Clarification Re: Sealing and Exhibit Submission — Jane Doe v. Leon Black, 22-cv-10019 |

**CAUTION - EXTERNAL:**

Dear Chambers of Honorable Judge Clarke,

I hope this message finds you well. I apologize for reaching out directly to chambers — I do so respectfully, in good faith and only because of unforeseen complications with the Pro Se Office that may delay your receipt of my filings and raise serious safety concerns.

On June 23, I submitted my opposition motion and two supporting declarations to the Pro Se Office by email, clearly marked as "Filed Under Seal" and citing the relevant protective order (ECF No. 58). I also labeled the PDF file names accordingly, following guidance previously given to me. Despite these precautions, I learned that those documents were publicly posted to the docket on the morning of June 24. I spent several hours making calls to court departments, and was eventually told by the ECF Help Desk that the filings had been sealed — but as of this writing, they remain accessible through public platforms such as CourtListener. This is deeply distressing, given the sensitive and personal nature of the filings and the risks involved.

In a letter filed the same day (June 23), I also requested the Court's permission to submit my exhibits by June 25, due to formatting delays. I emailed the exhibits to the Pro Se Office yesterday, June 25, before the end of business but they were rejected due to formatting issues. However, earlier today, I was informed that the Pro Se Office is no longer permitted to accept any sealed filings by email, and that all sealed materials must now be submitted in hard copy in person. I live out of state and am unable to appear in person, which makes it impossible for me to comply with this sudden change in procedure. The exhibits that are integral to my motion but I cannot file them publicly, so I am unsure as to handle such.

This afternoon, I submitted a follow-up letter to the Court (via the Pro Se Office) explaining the situation and respectfully asking for guidance on how I may submit these exhibits under seal moving forward. However, I understand that it may take some time before that letter is processed and reaches Your Honor. In the meantime, I can see that both Defendant's counsel and Wigdor LLP have filed responses that appear to reference my filings, but I am unable to view those documents as a pro se litigant without ECF access, and as of right now, Wigdor has not forwarded their sealed submission, nor that of the Defendant.

I am doing my best to follow all procedures, meet deadlines, and communicate transparently — despite the limitations and delays I face as an out-of-state pro se survivor litigant. I did not intend for any of my filings to be made public, and I hope to prevent further exposure of sensitive materials. I am happy to provide a copy of the letter I filed today, as well as screenshots of my submission emails to the Pro Se Office on June 23 and 25, if that would be helpful.

Thank you for your time and for your consideration of these challenges. I am extremely grateful for the Court's attention to this matter.

Respectfully,
Jane Doe, Plaintiff, pro se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.