UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

Jane Doe,

    Plaintiff,

                    Case No.: Doe v. Black, Case No.1:23-cv-06418 (JGLC)

  - against -


Leon Black,

    Defendant.

-----------------------------------------------------------------

Jane Doe
P.O. Box 286
Haymarket, VA 20168
jane.doe06418@gmail.com

July 18, 2025

Via Email To: Temporary_Pro_Se_Filing@nysd.uscourts.gov and all counsel of record

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11B
New York, NY 10007

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC
Emergency Request for Stay

Dear Chambers of Judge Clarke,

Plaintiff Jane Doe, proceeding pro se and pseudonymously, this email serves as an emergency motion to stay proceedings temporarily in the above-captioned matter. The request is submitted concurrently to the Pro Se Office and Chambers due to the urgent circumstances at issue.

# EMERGENCY MOTION TO STAY PROCEEDINGS

Plaintiff Jane Doe respectfully moves this Court for an immediate stay of all proceedings in this matter, based on the following grounds:

## I. ACUTE MENTAL AND PHYSICAL HEALTH EMERGENCY

Plaintiff is currently experiencing an acute medical and psychological crisis, and is unable to participate in ongoing litigation at this time. This is not a voluntary delay or tactical decision, but a documented state of cognitive and emotional collapse, directly caused by cumulative trauma and escalating procedural pressures in the litigation.

This deterioration has reached a point where Plaintiff is unable to currently participate. A temporary stay is therefore urgently necessary to allow time for medical stabilization and recovery.

## II. PROCEDURAL IRREGULARITIES AND PREJUDICIAL IMBALANCE

A stay is also warranted based on substantial procedural irregularities that have created an uneven and prejudicial litigation landscape:

- Defendant continues to exploit procedural channels by submitting consequential discovery requests through letter-motions, circumventing the formal rules that would otherwise apply. These tactics are consistent with earlier use of private investigators—prior to the opening of discovery—to obtain defamatory information about Plaintiff that was later debunked, yet still strategically deployed to discredit her. These efforts occurred outside the bounds of court supervision and reciprocal discovery obligations.

- In recent months, there have also been at least six documented incidents of apparent witness intimidation or attempted interference, which have directly impacted Plaintiff's sense of safety and ability to proceed. These incidents have been reported and are part of a broader pattern of coercive pressure and destabilization. Plaintiff cannot be expected to address these recurring safety threats alone. She urgently needs legal assistance to evaluate and respond to these incidents. The ongoing nature of these events places an unfair and dangerous burden on a pro se litigant, particularly one with known trauma-related vulnerabilities which are being targeted.

- In parallel, defense filings continue to include harassing and inflammatory language that crosses the line from legal advocacy into personal attack. These repeated tactics have compounded the psychological harm Plaintiff is experiencing and underscore the urgent need for protective relief and a temporary stay.

- Plaintiff's opposition to Defendant's motion to compel, along with supplemental materials in opposition to the motion for sanctions, have been docketed only as

- attachments to court orders (e.g., ECF Nos. 283 and 292), rather than as standalone docket entries. This creates the false appearance that Plaintiff has not actively participated in the litigation and risks serious misinterpretation by the Second Circuit, where an interlocutory appeal is pending.

- Plaintiff, as a pro se litigant with documented disability-related limitations, has no comparable access or resources, resulting in a deeply uneven playing field. These patterns reflect a broader campaign of coercive litigation strategy that directly contributes to Plaintiff's current inability to proceed.

## III. PLAINTIFF'S NEED TO OBTAIN COUNSEL IN LIGHT OF CHILLING TACTICS

Plaintiff further seeks a temporary stay to allow time to identify and retain counsel capable of navigating the current legal and procedural complexities. While Plaintiff previously requested appointment of counsel, the Court denied that request in part on the grounds that Plaintiff appeared capable of responding to Defendant's motion for sanctions. However, since that time:

- The procedural landscape has changed significantly;

- Plaintiff's medical condition has deteriorated; and

- The power imbalance has intensified.

Moreover, Plaintiff has faced substantial chilling effects in her efforts to secure representation. As noted in prior filings, Defendant's counsel—specifically Ms. Susan Estrich—threatened to seek sanctions against any attorney who might represent Plaintiff (see ECF No. 252, fn. 1). In light of this, Plaintiff respectfully requests not only a stay, but also the Court's support and protection should an attorney be willing to step forward, to ensure that defense threats do not interfere with her ability to seek assistance.

If Plaintiff is unable to secure legal representation despite good faith efforts, she fully intends to resume litigating the case *pro se* once she is medically and psychologically stabilized. This request for a temporary stay is not an abandonment of the case, but a necessary and time-limited reprieve to ensure basic fairness and safety.

## CONCLUSION

This motion is submitted in good faith and under medical necessity—not to delay proceedings, but because Plaintiff is currently unable to proceed without serious risk to her health and fundamental fairness. She respectfully requests a brief stay to allow for stabilization and meaningful attempts to obtain legal support without intimidation or procedural disadvantage.

Respectfully submitted,
/s/ *Jane Doe*
Jane Doe
Plaintiff, Pro Se