UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

    -against-

LEON BLACK,

                Defendant.

23-CV-6418 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      The Court has received Plaintiff's July 18, 2025 letter reflecting an "emergency" request to stay all proceedings temporarily. ECF No. 295. Defendant filed a response and opposition to this request on July 21, 2025. ECF No. 297. Plaintiff's stay motion is taken under advisement, and the Court will shortly issue a ruling on this request.

      The Court has also received Plaintiff's July 22, 2025 letter, sent by electronic mail (and attached to this Order), renewing her request for leave to file a sur-reply in further response to Defendant's pending motion to compel. The Court previously denied this request (*see* ECF No. 293) and does not see good cause to alter that prior determination. Plaintiff primarily takes issue with Defendant's stray suggestion that she used ChatGPT or other AI tools in filing her opposition. But this has no bearing on the underlying subject matter of the motion to compel. Ultimately, the Court can ascertain, for itself, whether cited authority is real or fake. The Court makes determinations based solely upon the facts properly before it and established law that relates to the underlying issues.

      Finally, as the Court considers these motions and related issues, the parties are directed to cease any further filings with respect to the pending motions to compel (ECF No. 284) and for a temporary stay (ECF No. 295) unless and until this Court orders or instructs otherwise.

2

Dated: July 23, 2025
       New York, New York

                                             SO ORDERED.

                                             *Jessica Clarke*
                                             JESSICA G. L. CLARKE
                                             United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

Jane Doe,

      Plaintiff,

                    Case No.: Doe v. Black, Case No.1:23-cv-06418 (JGLC)

  - against -

Leon Black,

      Defendant.

-----------------------------------------------------------------

Jane Doe
P.O. Box 286
Haymarket, VA 20168
jane.doe06418@gmail.com

July 22, 2025

Via Email To: Chambers and all Counsel of Record

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11B
New York, NY 10007

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC

Dear Chambers of Judge Clarke,

I respectfully request leave to file a brief sur-reply to address a new and highly prejudicial accusation raised for the first time in Defendant's July 22, 2025 reply letter. Specifically, Defendant's counsel accuses me of "wildly misrepresenting case law" and speculates that I relied on artificial intelligence tools such as ChatGPT to prepare my legal arguments.

This accusation is both false and deeply offensive. I did not use ChatGPT or any AI tool to generate legal analysis or citations. Every case I cited was identified and reviewed through my own research and cross-checked with publicly available legal resources such as <u>law.justia.com</u> and my own textbooks. Prior to the events that gave rise to this case, I had been preparing to attend law school and was enrolled in related coursework. I still retain multiple legal textbooks from those classes, as well as training in the use of legal research platforms like Westlaw, which was mandatory for that curriculum. I take pride in my legal arguments, and I do not fabricate or outsource them.

I am a pro se litigant with diagnosed Autism Spectrum Disorder and PTSD, amongst other medical issues. These records and documentation have been given over and made by several <u>*medical doctors*</u>, who went to <u>*medical school*</u>, not a hostile family member with a criminal history due to dishonesty, whose biological mother stated nothing she said in her interviews with Defendant's private investigator should be taken as fact, or others in firms that did **not** attend medical school or a residency. These disabilities affect communication and sensory processing, not intellectual capacity. Defendant's insinuation that I am incapable of conducting legal research on my own is not only inaccurate, but stigmatizing and insulting.

None of the cases I cited are "fake" or fabricated. They are real decisions with valid reasoning that support my understanding of the law—even if Defendant disagrees with how I've interpreted them. That is the purpose of legal argument. Differing interpretations are why courts issue dissents and why legal questions evolve. Such can be said for the Talmud. To equate disagreement with dishonesty is an intimidation tactic, not legal analysis.

I recognize the Court previously denied my request to file a sur-reply. However, this new accusation—asserting misconduct—was made only after that ruling. Courts routinely permit sur-replies where a reply brief raises new factual assertions or legal theories that could unfairly prejudice a party without a chance to respond. See, e.g., *Bayway Refining Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000).

If the Court denies this request, I respectfully ask that it disregard Defendant's new accusation as unsupported and procedurally improper.

Thank you for your time and consideration.

Respectfully submitted,
**/s/** *Jane Doe*
Plaintiff, Pro Se