UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

-against-

LEON BLACK,

                Defendant.

23-CV-6418 (JGLC)

**ORDER ON DEFENDANT'S MOTION TO COMPEL AND PLAINTIFF'S STAY REQUEST**

JESSICA G. L. CLARKE, United States District Judge:

        Presently before the Court are (1) Defendant's motion to compel (ECF No. 284) the production of documents and communications cited by *pro se* Plaintiff in her opposition to Defendant's case terminating sanctions motion; (2) Plaintiff's "emergency" request for a temporary stay of this action (ECF No. 295); (3) a July 24, 2025 letter (sent by electronic mail, and attached to this Order under seal) by Plaintiff seeking "emergency appellate relief" due to an alleged "absence of a protective response" by the Court; (4) an August 6, 2025 letter from Plaintiff which further addresses her July 24, 2025 letter (ECF No. 304)); and (5) various communications received by Plaintiff (including a phone call from her adoptive mother to the District Executive's office) regarding ongoing safety concerns. The Court addresses these issues below, and denies both parties' motions.

        **I.    Defendant's Motion to Compel Is Denied**

        Defendant seeks to compel the production of all documents and communications cited by Plaintiff in her opposition to his case-terminating sanctions motion (the "CTS Mot." or "CTS Motion"), as well as *all* communications exchanged between Plaintiff and Wigdor relating to this action. ECF No. 284. Defendant argues that Plaintiff waived privilege as to these communications given her selective disclosure in various submissions and declarations. *Id.*

Defendant's motion to compel is denied. Defendant has requested discovery on *over 21 topics* that would ostensibly relate to the pending CTS Motion. ECF No. 284 at 3–4. To be sure, Plaintiff's opposition and accompanying documents describe and quote a myriad of communications between herself and Wigdor. But the vast majority of Plaintiff's opposition discusses material that has little, if any, relevance to the specific arguments raised by Defendant in the CTS Motion or any relevance to whether the sanction Defendant seeks should be imposed here. Furthermore, Defendant filed the CTS Motion based on evidence and information already available to him, and counsel specifically sought a *stay* of discovery to first adjudicate the CTS Motion. And, the Court stayed discovery at Defendant's request. Defendant cannot now obtain such broad and sweeping discovery through the back door, particularly where Plaintiff would be unable to request and receive any discovery of her own. Because Defendant seeks to compel overbroad and likely irrelevant material to this motion, the motion to compel is denied.[1]

## II. Plaintiff's Motion for a Temporary Stay Is Denied

On April 18, 2025, the Court received a letter by electronic mail (now docketed at ECF No. 295) from Plaintiff requesting to stay all proceedings temporarily based on: (1) a personal "acute medical and psychological crisis"; (2) claimed procedural "irregularities" and "imbalance" caused by Defendant's alleged bad faith litigation conduct; and (3) her desire to retain counsel capable of "navigating the current legal and procedural complexities" of the case. ECF No. 295. Plaintiff also raises concerns about certain of her submissions being docketed as attachments to this Court's orders rather than as individual filings. *Id.* Plaintiff asserts she is prejudiced by this approach because she may appear non-participatory. The Court denies her

---

[1] In light of this decision, the Court does not address, or take a position on, the question of whether Plaintiff has waived privilege with respect to certain communications (or communications between her and Wigdor generally).

request.

As an initial matter, the Court reminds Plaintiff that the case is *already* largely stayed. The Court previously stayed all discovery pending resolution of Defendant's case-terminating sanctions motion. ECF No. 205. Plaintiff has already filed her opposition to that motion and Defendant's recent motion to compel, which has now been adjudicated. ECF Nos. 274–77, 292. Nonetheless, Plaintiff is permitted, and encouraged, to continue seeking counsel while the Court considers the CTS Motion.

Regarding Plaintiff's stated concern about appearing non-participatory and suffering prejudice as a result, the Court reiterates that Plaintiff's recent filings have been docketed as attachments to its orders because she is submitting sealed materials as a *pro se* litigant. The Court has taken this approach to protect against any inadvertent docketing of sensitive, sealed, or privileged material. This approach is also required to protect Plaintiff's anonymity.

In addition, the Court further clarifies that the interlocutory appeal which Plaintiff references relates solely to a question of law: namely, whether New York City's Victims of Gender-Motivated Violence Protection Law's Revival Statute (the VGMVPL) is preempted by New York State's Child Victims Act (the CVA). That legal question does not implicate any of the issues raised by the CTS Motion, and so the Court sees no risk of prejudice.

The Court also does not find that Defendant Black or his counsel has thus far engaged in conduct that would itself warrant a further stay of the proceedings. Defendant is entitled to defend this action, and the Court has not perceived the conduct Plaintiff points to as sanctionable or evidence of bad faith. As such, Plaintiff's application for a further, temporary stay is denied.

### III. Plaintiff's Intent to Seek "Appellate Relief" and Her Related Safety Concerns

On July 24, 2025, Plaintiff submitted, by electronic mail, a letter "notif[ying] the Court of

her intent to seek emergency appellate relief if necessary, in light of the Court's absence of a protective response thus far to address an escalating and deeply traumatic pattern of witness intimidation, retaliation, and privacy violations."[2] The letter (the "July 24 Ltr.") raises several complaints, each of which the Court addresses to clarify the record. Plaintiff has raised additional, but substantively similar, concerns in her August 6, 2025 letter. *See* ECF No. 304.

First, Plaintiff asserts that more inmates have attempted to contact her, and claims that because the Court previously instructed the parties to refrain from submitting additional filings as to Defendant's pending motions (ECF No. 302), she is "unable to formally report these new incidents through proper channels." July 24 Ltr. at 3. That is incorrect. The Court only instructed that the parties cease further filings with respect *to the pending motions*. The Court did not issue a general injunction against any filings whatsoever. Nor would any such directive prevent Plaintiff, as this Court has consistently advised (*see, e.g.,* attached July 7, 2025 correspondence from the Court to all parties), from contacting local law enforcement. The Court also confirms that it relayed Plaintiff's complaint to the U.S. Marshals, and will continue to do so, but advises Plaintiff that this Court finds no legal basis to take further action regarding those communications. For instance, the Court cannot restrain individuals from sending unsolicited communications to Plaintiff where these individuals are not agents of or in active participation with any party in this action. *See* FED. R. CIV. P. 65(d). Nor does the Court see a basis to issue an injunction against these inmates pursuant to the All Writs Act, 28 U.S.C. § 1651(a), because doing so would not be "necessary or appropriate to effectuate or prevent the frustration of orders it has previously issued," particularly given, as Plaintiff concedes, these inmates do not appear to

---

[2] As clarified further below in Section IV, this correspondence from Plaintiff is attached to this Order under seal because it discusses sealed matters from other filings.

4

be acting at Defendant's direction or instruction. *See Rsrv. Int'l Liquidity Fund, Ltd. v. Caxton Int'l Ltd.*, 721 F. Supp. 2d 253, 257 (S.D.N.Y. 2010) (cleaned up and internal citation omitted). Instead, because Plaintiff's litigation-specific email will remain public, the Court reiterates that Plaintiff should continue to contact local law enforcement, the FBI, or the U.S. Marshals regarding any safety concerns or in the event of an emergency. The Court also encourages Plaintiff to continue seeking counsel, and to take steps to filter or block communications that do not come from this Court or counsel in this case.

Second, Plaintiff continues to take issue with Defendant's assertions in his submissions that challenge her credibility and the truth of her allegations. Plaintiff also suggests that the Court "has allowed defense counsel to cite" certain filings "to mock Plaintiff." July 24 Ltr. at 4. As stated previously, Defendant remains entitled to challenge the adequacy, accuracy, and sufficiency of the allegations against him, which appears to be what counsel has done thus far. This conduct remains in bounds.

Third, Plaintiff complains of "procedural bias, denial of voice, unconstitutional failures and systemic imbalance" without further clarification of how any such rights have been violated. July 24 Ltr. at 4. For instance, she states that the Court "has not sealed or redacted" certain filings "even after specific requests." *Id.* But all of Plaintiff's filings to date which discuss confidential matters have been sealed.[3] And in fact, the Court has taken steps when necessary to ensure such matters remain properly sealed and to restrict access to certain filings. In addition, in its July 7, 2025 correspondence to the parties, the Court further instructed that to the extent

---

[3] To the extent Plaintiff suggests that ECF No. 295 (her emergency stay application) was intended to be sealed, the Court notes that nowhere in the letter itself, or in Plaintiff's distribution email, did she indicate an intention to seal the letter. Indeed, in her email regarding the same, Plaintiff made clear she contemporaneously submitted the letter to the Pro Se Office for docketing, and only distributed the letter to the Court by electronic mail for the sake of efficiency.

Plaintiff sought to seal a document or filing that she believed revealed personal information, she should identify any such documents for the Court. *See* July 7, 2025 email. Plaintiff appeared to only identify a prior order of this Court, which the Court did not seal because that order does not discuss or reflect any sealed or confidential material. It merely reflects what the Court understands to be Plaintiff's litigation-specific contact information, which does not reveal her true identity or location.

Fourth, to the extent Plaintiff contends she has not been given an opportunity to respond to certain claims, the Court reiterates the substance of its prior order regarding sur-replies and ordinary motion practice. *See* ECF No. 293. Plaintiff was given ample opportunity to file oversized opposition briefs to Defendant's CTS Motion and motion to compel, which are the only matters presently before the Court. In short, the Court has taken great strides to protect Plaintiff's ability to participate in this action.

Finally, Plaintiff states that despite the Court's awareness of Plaintiff's vulnerabilities and history, "the Court has never once met Plaintiff and has never heard her voice." July 24 Ltr. at 4. The Court notes that the CTS Motion currently pending before the Court is not fully briefed. As such, any oral argument or conference related to that motion is premature, and the Court reminds Plaintiff that any oral argument or conference is at the Court's discretion and Plaintiff is not entitled to a conference at any point merely because she wants one. Furthermore, Plaintiff's request for a conference "in open court" is inconsistent with her request to remain anonymous and her request to stay this action. Nevertheless, after the motion is fully briefed, the Court will consider whether an in-person or remote appearance for argument on Defendant's motion is necessary or appropriate.

### IV.     Clarification on Sealing

Lastly, the Court clarifies its approach (and expectations) with respect to sealing. When

6

the Court originally permitted Defendant to file the CTS Motion, it instructed the parties to explain their positions regarding what, if any categories of documents, should remain sealed thereafter. ECF No. 205. Because the CTS Motion is not fully briefed, the Court has treated, and will continue to treat, the following categories of documents as confidential: (1) any documents relating to, or discussing, the previous sealed proceedings before Judge Rakoff; (2) any documents which discuss, or reveal, Plaintiff's true name and identity; and (3) any documents discussing or revealing the contents of the parties' CTS Motion briefing.

Only these categories of documents shall be sealed. Other information, such as information that is personal, sensitive, or potentially embarrassing, is not itself entitled to sealed treatment absent further Order from this Court. Consistent with this approach, the Court is filing, along with this Order, Plaintiff's July 24 letter *under seal*, but will publicly file its July 7, 2025 email to the parties as well as Plaintiff's July 18, 2025 email which attached her request for a temporary stay. The Court does not docket, at this time, the subsequent information Plaintiff forwarded regarding communications from certain inmates, which the Court has referred to the U. S. Marshals.

## CONCLUSION

Based on the foregoing, Defendant's motion to compel and Plaintiff's motion for a temporary stay are DENIED. Defendant shall file a reply in further support of the CTS Motion by **August 22, 2025**. The Clerk of Court is respectfully directed to terminate ECF Nos. 284 and 295, and to docket the accompanying exhibit under seal, restricting access to only the parties, Wigdor LLP, and Court personnel.

Dated: August 8, 2025　　　　　　　　　　　　　　SO ORDERED.
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　*Jessica Clarke*

　　　　　　　　　　　　　　　　　　　　　　　　JESSICA G. L. CLARKE
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

# Clarke NYSD Chambers

| | |
|---|---|
| **From:** | Clarke NYSD Chambers |
| **Sent:** | Monday, July 7, 2025 3:01 PM |
| **To:** | Jane Doe |
| **Cc:** | Jacqueline Stykes; Alexander Parachini; E. Danya Perry; Jennifer Barrett; Michael Carlinsky; Peter Gwynne; Ryan Rakower; Susan Estrich; mfiretog@wigdor.com; jcrain@wigdor.com; Jeanne M. Christensen; brittany@cvlf.com; cassellp@law.utah.edu |
| **Subject:** | RE: Sealed Submission Regarding Safety Concerns and Intimidation – Jane Doe v. Leon Black, 1:23-cv-06418 (JGLC) |

To the parties and counsel,

The Court has received Plaintiff Jane Doe's correspondence raising concerns about threatening communications she has received from inmates. In order for the Court to further assess the situation, Plaintiff may provide to the Court, by email, a copy of the voicemail she references, and any other documents, letters, or recordings received from any of these individuals. If necessary (due, e.g., to file size), the Court can provide a secure transfer link to allow Plaintiff to upload the documents. In the meantime, Plaintiff should continue to contact local law enforcement in case of any emergency.

Plaintiff has also referenced a "confidential pro se phone number, which is not publicly listed except in one obscure docket reference on CourtListener." To the extent Plaintiff seeks to have the Court seal this document or otherwise remove that information from public access, Plaintiff should identify the date and ECF No. (along with any other identifying information) of the filing to facilitate that effort.

Finally, the Court reminds Plaintiff that although her identity is not public in this action, the email address and physical address listed on the docket (which, as the Court understands, does not reference her actual identity or physical location) remains publicly available.

Regards,



**Chambers of the Honorable Jessica G. L. Clarke**
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-0246
ClarkeNYSDChambers@nysd.uscourts.gov

---

**From:** Jane Doe <jane.doe06418@gmail.com>
**Sent:** Saturday, July 5, 2025 3:09 PM
**To:** Clarke NYSD Chambers <ClarkeNYSDChambers@nysd.uscourts.gov>
**Cc:** Jacqueline Stykes <Jacquelinestykes@quinnemanuel.com>; Alexander Parachini <aparachini@danyaperrylaw.com>; E. Danya Perry <dperry@danyaperrylaw.com>; Jennifer Barrett <jenniferbarrett@quinnemanuel.com>; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Peter Gwynne <pgwynne@danyaperrylaw.com>; Ryan Rakower <ryanrakower@quinnemanuel.com>; Susan Estrich <susan@estrichgoldin.com>; mfiretog@wigdor.com;

jcrain@wigdor.com; Jeanne M. Christensen <jchristensen@wigdorlaw.com>; brittany@cvlf.com; cassellp@law.utah.edu
**Subject:** Sealed Submission Regarding Safety Concerns and Intimidation – Jane Doe v. Leon Black, 1:23-cv-06418 (JGLC)

**CAUTION - EXTERNAL:**

Dear Chambers of Judge Clarke,

I hope this message finds you well. I write with great respect and caution. I do not wish to burden or overwhelm the Court, and I understand the need for restraint in filings. However, due to the Pro Se Office no longer accepting sealed submissions, I am left with no alternative but to submit the attached letter directly to chambers—while also copying all counsel of record to avoid any appearance of ex parte communication.

The attached letter contains an urgent update regarding witness intimidation and personal safety concerns. It involves new conduct that appears to be connected to prior incidents I disclosed to the Court in earlier filings—conduct that ceased for some time, but has now resumed following my recent opposition filing. The situation has escalated with a phone call on July 5, 2025, from an inmate located very close to my home and charged with disturbing offenses.

Because of the sensitivity and potential implications, I have included full details in the attached sealed letter. I am also willing to provide the voicemail recording upon request, should the Court wish to review it.

Thank you very much for your time, understanding, and protection of my safety during this process.

Respectfully,
Jane Doe

Plaintiff, Pro Se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Jane Doe <jane.doe06418@gmail.com> |
| **Sent:** | Friday, July 18, 2025 3:58 PM |
| **To:** | Clarke NYSD Chambers |
| **Cc:** | Jeanne M. Christensen; mfiretog@wigdorlaw.com; Jacqueline Stykes; brittany@cvlf.com; Alexander Parachini; cassellp@law.utah.edu; E. Danya Perry; Jennifer Barrett; Michael Carlinsky; Ryan Rakower; Peter Gwynne; Susan Estrich; jcrain@wigdorlaw.com |
| **Subject:** | July 18, 2025 letter 23-cv-06418-JGLC |
| **Attachments:** | July 18, 2025 letter 23-cv-06418-JGLC.pdf |

**CAUTION - EXTERNAL:**

Dear Chambers of Judge Clarke,

I am respectfully submitting this letter simultaneously to Your Honor's chambers and to the Pro Se Office (via TemporaryProSeFiling@nysd.uscourts.gov) for docketing as I know it may take 48 hours for this to appear on the docket and is an emergency. I have also copied all counsel of record to ensure transparency and avoid any appearance of ex parte communication.

I write respectfully as Plaintiff Jane Doe, (Doe v. Black 1:23-cv-06418-JGLC) submitting the attached emergency letter for a temporary stay due to an urgent and acute mental and physical health situation.

Thank you for your attention to this urgent matter. I respectfully request that the Court consider the attached letter as soon as practicable given the emergency circumstances.

Respectfully,
Jane Doe

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

Jane Doe,

    Plaintiff,

                          Case No.: Doe v. Black, Case No.1:23-cv-06418 (JGLC)

  - against -


Leon Black,

    Defendant.
----------------------------------------------------------------

Jane Doe
P.O. Box 286
Haymarket, VA 20168
jane.doe06418@gmail.com

July 18, 2025

Via Email To: Temporary_Pro_Se_Filing@nysd.uscourts.gov and all counsel of record

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11B
New York, NY 10007

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC
Emergency Request for Stay

Dear Chambers of Judge Clarke,

Plaintiff Jane Doe, proceeding pro se and pseudonymously, this email serves as an emergency motion to stay proceedings temporarily in the above-captioned matter. The request is submitted concurrently to the Pro Se Office and Chambers due to the urgent circumstances at issue.

# EMERGENCY MOTION TO STAY PROCEEDINGS

Plaintiff Jane Doe respectfully moves this Court for an immediate stay of all proceedings in this matter, based on the following grounds:

## I. ACUTE MENTAL AND PHYSICAL HEALTH EMERGENCY

Plaintiff is currently experiencing an acute medical and psychological crisis, and is unable to participate in ongoing litigation at this time. This is not a voluntary delay or tactical decision, but a documented state of cognitive and emotional collapse, directly caused by cumulative trauma and escalating procedural pressures in the litigation.

This deterioration has reached a point where Plaintiff is unable to currently participate. A temporary stay is therefore urgently necessary to allow time for medical stabilization and recovery.

## II. PROCEDURAL IRREGULARITIES AND PREJUDICIAL IMBALANCE

A stay is also warranted based on substantial procedural irregularities that have created an uneven and prejudicial litigation landscape:

- Defendant continues to exploit procedural channels by submitting consequential discovery requests through letter-motions, circumventing the formal rules that would otherwise apply. These tactics are consistent with earlier use of private investigators—prior to the opening of discovery—to obtain defamatory information about Plaintiff that was later debunked, yet still strategically deployed to discredit her. These efforts occurred outside the bounds of court supervision and reciprocal discovery obligations.

- In recent months, there have also been at least six documented incidents of apparent witness intimidation or attempted interference, which have directly impacted Plaintiff's sense of safety and ability to proceed. These incidents have been reported and are part of a broader pattern of coercive pressure and destabilization. Plaintiff cannot be expected to address these recurring safety threats alone. She urgently needs legal assistance to evaluate and respond to these incidents. The ongoing nature of these events places an unfair and dangerous burden on a pro se litigant, particularly one with known trauma-related vulnerabilities which are being targeted.

- In parallel, defense filings continue to include harassing and inflammatory language that crosses the line from legal advocacy into personal attack. These repeated tactics have compounded the psychological harm Plaintiff is experiencing and underscore the urgent need for protective relief and a temporary stay.

- Plaintiff's opposition to Defendant's motion to compel, along with supplemental materials in opposition to the motion for sanctions, have been docketed only as

- attachments to court orders (e.g., ECF Nos. 283 and 292), rather than as standalone docket entries. This creates the false appearance that Plaintiff has not actively participated in the litigation and risks serious misinterpretation by the Second Circuit, where an interlocutory appeal is pending.

- Plaintiff, as a pro se litigant with documented disability-related limitations, has no comparable access or resources, resulting in a deeply uneven playing field. These patterns reflect a broader campaign of coercive litigation strategy that directly contributes to Plaintiff's current inability to proceed.

## III. PLAINTIFF'S NEED TO OBTAIN COUNSEL IN LIGHT OF CHILLING TACTICS

Plaintiff further seeks a temporary stay to allow time to identify and retain counsel capable of navigating the current legal and procedural complexities. While Plaintiff previously requested appointment of counsel, the Court denied that request in part on the grounds that Plaintiff appeared capable of responding to Defendant's motion for sanctions. However, since that time:

- The procedural landscape has changed significantly;

- Plaintiff's medical condition has deteriorated; and

- The power imbalance has intensified.

Moreover, Plaintiff has faced substantial chilling effects in her efforts to secure representation. As noted in prior filings, Defendant's counsel—specifically Ms. Susan Estrich—threatened to seek sanctions against any attorney who might represent Plaintiff (see ECF No. 252, fn. 1). In light of this, Plaintiff respectfully requests not only a stay, but also the Court's support and protection should an attorney be willing to step forward, to ensure that defense threats do not interfere with her ability to seek assistance.

If Plaintiff is unable to secure legal representation despite good faith efforts, she fully intends to resume litigating the case *pro se* once she is medically and psychologically stabilized. This request for a temporary stay is not an abandonment of the case, but a necessary and time-limited reprieve to ensure basic fairness and safety.

## CONCLUSION

This motion is submitted in good faith and under medical necessity—not to delay proceedings, but because Plaintiff is currently unable to proceed without serious risk to her health and fundamental fairness. She respectfully requests a brief stay to allow for stabilization and meaningful attempts to obtain legal support without intimidation or procedural disadvantage.

Respectfully submitted,
/s/ *Jane Doe*
Jane Doe
Plaintiff, Pro Se