UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> -against- <br><br> LEON BLACK, <br><br> Defendant. | 23-CV-6418 (JGLC) <br><br> **ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

      By order dated August 15, 2025, this Court instructed Wigdor to file a letter responding to Plaintiff's assertion that she has not yet received all documents the Court previously instructed that Wigdor provide to her. ECF No. 315. On August 19, 2025, Wigdor filed its response letter representing that they have provided Plaintiff with "all client materials" except for certain documents the Court previously ordered Wigdor to safeguard and retain possession of (ECF No. 247). Based on Wigdor's representations, it appears all client documents have been provided to Plaintiff.

      However, Plaintiff submitted, under seal to this Court, a letter[1] in response to Wigdor's letter explaining that she seeks communications between Wigdor and third parties relating to her case. Plaintiff and Wigdor are directed to confer regarding the production of these documents. To the extent any disputes remain, Plaintiff and Wigdor shall file a joint letter by **September 19, 2025** articulating what, if any, disagreements remain between them. Should any disputes remain, the parties should clearly indicate their positions with respect to those issues.

      The Court also addresses Plaintiff's separate request regarding custody of her journals. In

---

[1] This letter will be docketed, under seal, as an attachment to this Order.

a separate letter[2] from Plaintiff (submitted under seal to this Court) on August 19, 2025, she asserts that she would have objected to Wigdor continuing to maintain custody of her journals. Plaintiff asks that the journals be returned to her, or at a minimum, transferred to the custody of this Court. Plaintiff also ambiguously asserts she has "no idea where [her] property has been since February 2024." To the extent there is "property" that Plaintiff seeks aside from the journals which the Court ordered Wigdor to maintain possession of (*see* ECF Nos. 223, 247), she shall similarly discuss the return of any such materials with Wigdor directly. The Court also does not see good cause to revisit its prior ruling instructing Wigdor to maintain possession of the journals until adjudication of the CTS Motion. However, as the Court previously ordered, Wigdor must allow Plaintiff to review or inspect them upon request.

    The Clerk of Court is respectfully direct to file this Order publicly, but the accompanying attachments (Plaintiff's August 19, 2025 response letters) under seal.

Dated: August 27, 2025
        New York, New York

                              SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

---

[2] This letter will similarly be docketed under seal as an attachment to this Order. The Court also notes that this letter references further instances of phone calls from inmates. That information has been passed along to the U.S. Marshals.