UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
Jane Doe,

      Plaintiff,

                     Case No.: Doe v. Black, 1:23-cv-06418 (JGLC)

  - against -


Leon Black,

      Defendant.
-----------------------------------------------------------------

Jane Doe
P.O. Box 286
Haymarket, VA 20168
Jane.doe06418@gmail.com
202-407-6947

May 4, 2026

Via Email To: Pro Se Intake

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

Plaintiff Jane Doe, proceeding pro se, respectfully submits this emergency letter motion to preserve her Court-approved pseudonym and to prevent imminent public disclosure of identifying information.

Plaintiff has been granted leave to proceed under a pseudonym, and the Court has recognized the need to protect her identity in light of the sensitive nature of the allegations and her particular circumstances.

On May 3, 2026, Plaintiff received an unsolicited email from a journalist stating an intent to publish an article identifying Plaintiff by name. A copy of the email is attached as Exhibit A.

The email includes multiple specific identifying details, including prior identity information, current legal identifying information, references to names of other individuals the journalist asserts Plaintiff is associated with, and geographic information. The aggregation of these details creates a substantial and imminent risk of identification despite the Court's pseudonym order. The email further indicates that publication may proceed unless Plaintiff provides a response deemed sufficient by the journalist.

Plaintiff does not publicly use certain identifying information referenced in the email. The inclusion of both prior and current identifying details, together with references to third parties and location-related information, significantly increases the risk of mosaic identification, effectively undermining the protections afforded by proceeding under a pseudonym.

Plaintiff resides in a household with minor children. Public identification in connection with allegations of this nature would create serious and irreparable risks to their safety, privacy, and well-being, as well as to Plaintiff. Once identifying information is published, the resulting harm cannot be undone.

Plaintiff further notes that the characterizations referenced in the journalist's email concern matters that remain subject to ongoing proceedings. The Court has expressly stated that it has not made a determination on the merits of Plaintiff's underlying claims, and many of the referenced assertions remain disputed. Plaintiff also intends to seek reconsideration and/or clarification of portions of the Court's recent Order to address factual inaccuracies and incomplete context reflected in the current record.

Plaintiff recognizes that the journalist is a non-party. However, Plaintiff respectfully submits that the Court retains authority to protect the integrity of its orders, including its pseudonym determination, and to prevent circumvention of those protections through the disclosure of identifying information derived from materials and proceedings in this action, particularly where such disclosure would effectively nullify the Court's grant of anonymity.

The communication indicates that publication may proceed irrespective of Plaintiff's response and appears to condition the withholding of identifying information on Plaintiff providing a response deemed satisfactory by the journalist. This creates an immediate and substantial risk that the Court's pseudonym protections will be nullified through disclosure of aggregated identifying details.

Plaintiff is prepared to provide the Court with an unredacted version of the journalist's communication, including full identifying details, if the Court wishes to review such material, and can do so in a manner that avoids public disclosure.

In light of the imminent risk of publication and resulting irreparable harm, Plaintiff respectfully requests that the Court:

1.  Reaffirm that Plaintiff's pseudonym status remains in full effect;
2.  Order that the parties, their counsel, and any persons acting in concert with them refrain from disclosing, directly or indirectly, any information that could reasonably lead to Plaintiff's identification; and
3.  Grant such further relief as the Court deems necessary to protect Plaintiff, minor children, and the integrity of the Court's prior orders.

Given the stated intent to publish imminently, Plaintiff respectfully requests expedited consideration.

Respectfully submitted,
/s/ *Jane Doe*
Jane Doe
Plaintiff, *Pro Se*