**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE,

       *Plaintiff,*

                              Case No. 1:23-cv-06418-JGLC

   v.

LEON BLACK,

       *Defendant.*

PLAINTIFF JANE DOE'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
OF THE APRIL 23, 2026 OPINION AND ORDER

Jane Doe
Plaintiff, *Pro Se*
P.O. Box 286
Haymarket, VA 20168
202-407-6947
jane.doe06418@gmail.com

PRELIMINARY STATEMENT

Plaintiff Jane Doe, proceeding pro se, respectfully moves for reconsideration and/or clarification of limited portions of the Court's April 23, 2026 Opinion and Order.

Plaintiff does not seek reconsideration of the sanctions imposed against former counsel, Wigdor LLP or Ms. Jeanne Christensen, for their own conduct. Rather, Plaintiff respectfully seeks narrow reconsideration and clarification of those portions of the Order that attribute bad faith and falsification directly to Plaintiff on an incomplete and disputed record, contemplate highly prejudicial jury-related sanctions before discovery or an evidentiary hearing, rely heavily on disputed materials generated in the separate JPMC proceedings, and broadly unseal highly sensitive materials despite Plaintiff's pseudonymous status, documented disabilities, safety concerns, and the presence of vulnerable minor children and non-parties.

The Court repeatedly recognized that this case remains in an early procedural posture, that relatively little discovery has taken place, that no evidentiary hearing occurred, and that the Court was not making a determination on the merits of Plaintiff's underlying claims against Defendant Leon Black. Plaintiff nevertheless respectfully submits that portions of the Order may exceed the presently developed record, insufficiently distinguish between counsel-directed conduct and Plaintiff's own intent, and create substantial prejudice concerning unresolved merits issues.

Plaintiff does not seek to relitigate every aspect of the sanctions ruling. Rather, Plaintiff respectfully seeks limited reconsideration and clarification directed at ensuring that findings against Plaintiff personally do not extend beyond what the present record can fairly support.

1

ARGUMENT

I. THE COURT'S FINDINGS AGAINST PLAINTIFF EXCEEDED THE DEVELOPED
RECORD

The Court expressly acknowledged that this matter remains pre-discovery; no evidentiary

hearing occurred; and the Court was not rendering a merits determination.

Despite those acknowledgments, the Order makes severe findings directly against Plaintiff,

including findings that Plaintiff acted in bad faith and falsified evidence. Plaintiff respectfully

submits that these findings exceed the presently developed record.

Most significantly, no evidentiary hearing was conducted regarding the chain-of-custody

issues relating to the journals and sonograms, whether Plaintiff personally altered or manipulated

any materials, the extent to which counsel controlled, handled, excerpted, copied, or presented

journal materials, or Plaintiff's knowledge and intent regarding disputed materials.

The neutral expert appointed during the JPMC proceedings did not conclude that Plaintiff

recently fabricated the journals. To the contrary, the neutral expert concluded there was no

evidence the journals had been recently purchased and entirely fabricated. The neutral expert

further acknowledged substantial limitations in forensic dating methodologies, explaining that

many entries and materials could not be reliably dated.

Plaintiff further respectfully submits that the Court's use of the term "falsified" risks

implying intentional fabrication or deceptive manipulation by Plaintiff herself, despite the Court

simultaneously acknowledging that the sonogram materials at issue related to Plaintiff's own

pregnancies.

2

Plaintiff does not seek to rely upon the journals affirmatively in this litigation and acknowledges the Court's authority to determine that certain materials are unreliable or inadmissible. However, Plaintiff respectfully submits that the terminology used in the Order may extend beyond what the present record establishes regarding Plaintiff's personal intent.

Plaintiff explained that the journals were decades-old, intensely private materials created in a scrapbook-like and fully coded format, with names and identifying information intentionally obscured for privacy and safety reasons. Plaintiff further explained to former counsel that the journals had been structured in that manner intentionally and long before any litigation.

Under those circumstances, Plaintiff respectfully submits that physical characteristics such as cutting, collage formatting, coded references, or removed identifiers should not automatically support broad conclusions regarding intentional manipulation or fabrication by Plaintiff herself.

Plaintiff further respectfully notes that the journals later emphasized in sanctions-related disputes were not the primary basis for the original JPMC allocation determination.

Nevertheless, the Court ultimately credited conclusions from a defense-retained expert and attributed intentional falsification directly to Plaintiff.

Plaintiff respectfully submits that a finding that certain materials are unreliable is not equivalent to a finding that Plaintiff personally falsified evidence in bad faith, particularly where the present record does not resolve disputed chain-of-custody and handling issues, no evidentiary hearing tested credibility, authorship, handling, or intent, and Plaintiff's pro se status during critical portions of the sanctions proceedings further limited development of the record.

3

## II. THE COURT DID NOT FULLY DISTINGUISH BETWEEN COUNSEL-DIRECTED CONDUCT AND PLAINTIFF'S OWN INTENT

The Order repeatedly acknowledges that significant conduct at issue was directed or controlled by counsel.

Most notably, the Court found that deletion of Plaintiff's Twitter account occurred at Ms. Christensen's direction. The Court also acknowledged disputes concerning counsel's drafting of pleadings, counsel's characterization of Plaintiff's claims, counsel's handling and use of journal materials, and counsel's representations to courts and opposing parties.

Plaintiff respectfully submits that the Order does not sufficiently distinguish between conduct initiated or directed by counsel, Plaintiff's own understanding of those actions, and Plaintiff's intent.

This distinction is particularly important in light of Plaintiff's documented autism spectrum disorder, PTSD, ADHD, and generalized anxiety disorder.

Plaintiff submitted unrebutted medical evidence explaining that Plaintiff experiences difficulty interpreting social cues, relies heavily on authority figures, struggles in unfamiliar and high-stress environments, and requires lifelong support due to the combined impact of autism and trauma-related conditions.

Those conditions directly bear on Plaintiff's understanding of counsel's instructions; Plaintiff's review of pleadings; Plaintiff's understanding of confidentiality and disclosure; and Plaintiff's ability to navigate complex litigation decisions.

Plaintiff further explained that portions of pleadings were read to her due to the traumatic nature of the content; she relied heavily on counsel's framing of allegations; and she understood

4

certain instructions — including social media deletion — as protective measures directed by counsel.

Plaintiff respectfully submits that the Court did not meaningfully integrate these considerations into its intent analysis. Plaintiff further respectfully submits that her reliance on counsel must also be viewed in light of the abrupt withdrawal of counsel during a critical stage of the sanctions proceedings.

Following counsel's withdrawal, Plaintiff was left to proceed pro se in extraordinarily complex sanctions litigation involving multiple proceedings, extensive sealed records, disputed evidentiary materials, and substantial allegations concerning fraud and falsification.

Although the Court granted Plaintiff additional time to oppose the sanctions motion, Plaintiff was nevertheless left to review and organize an enormous volume of materials and communications that Plaintiff had not previously seen or fully understood. Plaintiff has repeatedly informed the Court that former counsel did not provide Plaintiff with many third-party communications or contextual materials during the representation itself.

As a result, Plaintiff was effectively required to reconstruct significant portions of the factual and procedural history of the case while simultaneously responding pro se to a motion seeking severe sanctions.

Plaintiff acknowledges that her initial opposition may not have addressed every issue later identified. However, Plaintiff respectfully submits that this was a function of the extraordinary procedural posture in which Plaintiff found herself — autistic, newly abandoned by counsel, unfamiliar with federal litigation practice, and attempting to piece together a large and fragmented record without meaningful transitional assistance.

Plaintiff further respectfully notes that several issues later raised in Plaintiff's motion in limine and sanctions-related filings reflected Plaintiff's continuing efforts to understand and reconstruct the underlying process and record after counsel's withdrawal.

While Plaintiff understands that certain attorney-conduct issues may ultimately be directed to grievance or disciplinary processes, Plaintiff respectfully submits that her sanctions-related filings were not merely attorney grievances. Rather, Plaintiff sought to explain why aspects of the underlying process and evidentiary record were unreliable, incomplete, or improperly attributed to Plaintiff personally.

Plaintiff respectfully requests that the Court consider these circumstances in evaluating the completeness of Plaintiff's prior pro se submissions and the extent to which Plaintiff was realistically able to fully address every aspect of the sanctions record without access to the same information previously available to counsel.

## III. THE COURT'S RELIANCE ON JPMC MATERIALS WARRANTS RECONSIDERATION OR CLARIFICATION

The Court expressly relied upon the extensive record generated in the JPMC proceedings. At the same time, however, the Order declined to meaningfully address Plaintiff's challenges to the procedural reliability and fairness of that process.

The record reflects that the inquiry into Plaintiff's JPMC claim was initiated following submissions from counsel for Leon Black, and that additional materials were subsequently transmitted through sealed or ex parte channels outside ordinary adversarial discovery processes. Plaintiff further contends that portions of those proceedings were partially undocketed and involved submissions Plaintiff was not contemporaneously permitted to meaningfully challenge.

6

Plaintiff respectfully submits that the Court could not fairly rely so heavily on the JPMC record while declining to address Plaintiff's objections concerning how that record was created; the extent to which proceedings occurred outside ordinary adversarial processes; and the reliability of materials imported from those proceedings into this action.

Plaintiff respectfully submits that the Court's reliance on those materials should have been accompanied by fuller consideration of Plaintiff's procedural and reliability objections. At minimum, Plaintiff respectfully requests clarification that the Court's sanctions findings do not constitute a definitive adjudication of Plaintiff's overall credibility or the merits of Plaintiff's underlying claims.

## IV. THE PROPOSED JURY-RELATED SANCTIONS ARE UNDULY PREJUDICIAL

The Order states that the central issue in this case remains whether Defendant Leon Black sexually assaulted Plaintiff, that the Court was not making a merits determination, and that relatively little discovery has taken place.

Plaintiff respectfully submits that certain contemplated jury-related sanctions nevertheless risk creating substantial prejudice before the factual record has been fully developed. This concern is particularly significant where no evidentiary hearing occurred, disputed factual and authorship issues remain unresolved, and the Court expressly stated it was not making a merits determination.

Similarly, the Court found no intent to deprive regarding deletion of Plaintiff's Twitter account. Yet the contemplated Twitter-related sanctions risk inviting a future jury to infer

7

intentional bad faith despite the Court's explicit finding that intent to deprive was not established.

Plaintiff also respectfully submits that the Order's characterization of Twitter as a platform created primarily to speak out as an Epstein survivor does not fully reflect the record. Plaintiff advised counsel that the account predated any public discussion of Epstein-related issues, nor was Defendant ever publicly mentioned. Plaintiff further retains screenshots reflecting that the account was used primarily for political, social justice, and advocacy-related content rather than for litigation-related purposes.

Under these circumstances, Plaintiff respectfully submits that the relevance and characterization of the Twitter account should be more narrowly framed and should not support adverse inferences suggesting intentional concealment or litigation-focused destruction of evidence.

Accordingly, Plaintiff respectfully requests reconsideration or clarification of any contemplated jury instructions so that they accurately reflect the Court's findings, including that Twitter deletion was counsel-directed and that the Court found no intent to deprive.

## V. THE COURT SHOULD RECONSIDER OR NARROW THE SCOPE OF UNSEALING

Plaintiff respectfully requests reconsideration or narrowing of the Court's unsealing determinations.

Plaintiff recognizes the public's legitimate interest in access to judicial proceedings. However, Plaintiff respectfully submits that broader redactions remain necessary to protect Plaintiff's anonymity; vulnerable minor children; non-party family members; highly sensitive

8

reproductive and medical information; and confidential materials originating from the sealed JPMC proceedings. This concern is not hypothetical.

Plaintiff has experienced escalating unwanted contact and apparent identification efforts during the pendency of these proceedings, including contact directed toward Plaintiff's family members, including contact with private, unlisted mobile phone numbers.

Plaintiff respectfully submits that anonymity alone may be insufficient where extensive contextual details remain publicly available.

Plaintiff further respectfully submits that the unusual procedural overlap between the JPMC proceedings and this civil action heightens these concerns. Plaintiff repeatedly raised concerns that highly sensitive materials originating in the confidential JPMC process — including journals, medical materials, sealed submissions, and intensely personal trauma-related information — were transferred between proceedings and later reintroduced into this action despite substantial disputes concerning the procedural fairness, scope, and reliability of those proceedings.

Plaintiff respectfully notes that the JPMC process was presented to participants as highly confidential in nature and involved extraordinarily sensitive disclosures by individuals concerning sexual abuse, trafficking, reproductive trauma, medical history, and related matters. Plaintiff respectfully submits that the broad public dissemination of such materials, particularly where many were never central to adjudication of Plaintiff's underlying civil claims, risks undermining confidence in the confidentiality protections survivors are often told accompany such proceedings.

9

Plaintiff further respectfully submits that survivors may reasonably fear participating in future confidential or class-action processes if intensely private and collateral materials — including materials never intended for public dissemination and not necessary to resolution of the underlying claims — may later become part of public sanctions litigation in separate proceedings.

Even absent disclosure of Plaintiff's formal name, cumulative narrative details including family structure, adoption history, reproductive history, geographic references, social media references, and other contextual information may permit "mosaic identification."

Accordingly, Plaintiff respectfully requests broader redactions relating to minor children; adoption and custody information; reproductive trauma and pregnancy-related details; family structure; identifying contextual details; and confidential JPMC materials not necessary to public understanding of the Court's legal reasoning.

Plaintiff does not seek concealment of the existence of the sanctions order itself. Rather, Plaintiff respectfully requests narrowly tailored protections to prevent unnecessary harm to Plaintiff and vulnerable non-parties.

## VI. THE ORDER SHOULD BE CLARIFIED TO CONFIRM THAT IT DOES NOT ADJUDICATE THE MERITS OF PLAINTIFF'S UNDERLYING CLAIMS

Although the Order expressly states that it is not a merits determination, the Order also contains language characterizing aspects of Plaintiff's account as "far-fetched."

Plaintiff respectfully submits that such language creates substantial prejudice and tension with the Court's acknowledgment that the merits remain unresolved.

10

Plaintiff further notes that Defendant has previously indicated an intent to seek sanctions against any attorney who agrees to represent Plaintiff.

Under those circumstances, broad credibility findings and strong language risk materially impairing Plaintiff's ability to secure counsel and proceed with her claims.

Accordingly, Plaintiff respectfully requests clarification that the Court has not adjudicated the truth or falsity of Plaintiff's underlying allegations against Defendant Leon Black; the Order is limited to sanctions-related determinations on the present record; and the Order should not be construed as a merits determination regarding Plaintiff's core claims.

<u>REQUEST FOR RELIEF</u>

For the foregoing reasons, Plaintiff respectfully requests reconsideration and/or clarification of limited portions of the Court's April 23, 2026 Order, including clarification regarding findings attributing intentional falsification or bad faith directly to Plaintiff, clarification concerning the Court's contemplated jury-related sanctions and Twitter-related findings, reconsideration or narrowing of certain unsealing determinations, and clarification that the Order does not adjudicate the merits of Plaintiff's underlying claims against Defendant Leon Black.

Plaintiff further respectfully submits that this Motion is made in substantial part to preserve and clarify issues for the record and for any future appellate review. Plaintiff recognizes the difficult procedural posture of this case and respectfully acknowledges that she is proceeding entirely pro se following the withdrawal of counsel during complex sanctions proceedings.

11

12

Plaintiff does not seek to relitigate every aspect of the sanctions decision, but rather respectfully requests a fair opportunity to clarify portions of the record that Plaintiff believes may overstate Plaintiff's personal intent, conflate counsel-directed conduct with Plaintiff's own actions, or create unnecessary prejudice concerning unresolved merits issues.

Plaintiff further respectfully requests such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ *Jane Doe*
Jane Doe
Plaintiff, *Pro Se*

12