
www.estrichgoldin.com

May 6, 2026

**VIA ECF**

| MEMO ENDORSED |

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007
Email: ClarkeNYSDChambers@nysd.uscourts.gov

Re:  *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC

Dear Judge Clarke:

We write to inform the Court of serious and prejudicial violations of the Court's orders governing sealing and Plaintiff's continued anonymity. ECF Nos. 388, 396. An article published today in The Guardian (the "Article," attached hereto as Exhibit A) confirms that Plaintiff and/or Wigdor have been disseminating sealed materials to the press while Defendant remains restricted by those same orders and cannot publicly use any of the same materials to correct the record. That asymmetry will likely persist until at least May 21, 2026 (when Wigdor is required to publicly file redacted versions of the sealed materials) and beyond, as long as Jane Doe remains anonymous. ECF No. 388 at 75. In the interim, Plaintiff and Wigdor are selectively feeding their preferred narrative to preferred members of the press while Defendant is barred from responding in kind. The Article states that The Guardian was granted "access to extensive court records, ***many of which are still under seal***"; it also includes a lengthy and self-serving statement by the Plaintiff herself and her adoptive mother, and presents a grossly distorted and one-sided perspective that favors Plaintiff and impugns Defendant, his attorneys, class counsel in JPMC, and Judge Rakoff.

Defendant therefore respectfully requests that the Court require Doug Wigdor, Jeanne Christensen and anyone acting under their authority, and Doe, her adoptive mother, and anyone acting under Doe's authority, to provide sworn statements regarding the extent of their contact with reporters and any disclosure of sealed materials. If they are found to have violated the Court's sealing orders, the Court should renew its consideration of case-terminating sanctions.

The facts giving rise to this concern are as follows. On May 4, 2026, a reporter, Johanna Berkman, who has long negatively covered Defendant and who physically accompanied Plaintiff to and from the Second Circuit appeal, *see* ECF No. 351 at 2, contacted Defendant's counsel seeking comment on a number of issues ostensibly related to Your Honor's decision imposing sanctions on Plaintiff and Wigdor in advance of an article that she indicated would run imminently. Months ago, Plaintiff and Ms. Berkman arrived at the Second Circuit in a car together, were observed in conversation before argument, and left together after Doe made her presentation. Ms.

The Honorable Jessica G. L. Clarke
May 6, 2026

Berkman was also observed in conversation with Doug Wigdor on the same occasion. Troublingly, the questions Ms. Berkman sent to Defendant's counsel on Monday were extremely slanted and strongly implied some type of impropriety by Defendant and Judge Rakoff, notwithstanding this Court's findings in its sanctions decision. Worse, the reporter made detailed reference to materials that are currently under seal. Following this contact, Ms. Berkman published an article on May 6, 2026 for The Guardian, titled "Epstein-linked billionaire accused of rape privately reached out to federal judge to defend his 'good name.'" *See* Exhibit A.  The Article contains "exclusive" on-the-record statements from Doe, including that this lawsuit has "become about what happens when a system meant to provide justice instead becomes another source of harm." Again, perhaps most troublingly, the Article states that The Guardian was granted "access to extensive court records, *many of which are still under seal*."

For example, in the Article, Ms. Berkman refers to a sealed letter submitted by Defendant on July 19, 2024, in the proceedings before Judge Rakoff, and admits that a copy of this letter was "obtained by the Guardian." That letter was referenced and included as an exhibit in Plaintiff's sanctions opposition papers, which remain under seal. ECF No. 274 ¶¶ 58, 83; ECF No. 283-4 at 42 (Ex. 14A). But it was not anywhere mentioned in Your Honor's public sanctions decision, ECF No. 388, and is not otherwise publicly available (and certainly neither Defendant nor any of his attorneys disclosed it). The production of this letter to Ms. Berkman was unauthorized.

The Article also references the June 8, 2025 Declaration of Jane Doe, which was filed under seal, and references specific excerpts from the declaration, including Plaintiff's claims that class counsel in the Epstein victim's lawsuit against JP Morgan, had "dismissed 'physical evidence' that supported [Plaintiff's] 'connection to Epstein.'" ECF No. 274. The Article states that this "sealed declaration" "*was seen by the Guardian*." The Article also provides details related to a sealed settlement stipulation signed by Judge Rakoff on August 21, 2024, noting that the information was sourced from "*a court filing seen by the Guardian*."

Neither Defendant nor his attorneys are the source of these leaks of sealed materials, and we have at all times abided by the Court's orders concerning sealing and Plaintiff's anonymity. We have every reason to suspect that Plaintiff, Wigdor, or both are the sources of these disclosed materials to the press, particularly given Plaintiff's and Wigdor's public association with Ms. Berkman just a few months ago, the "exclusive" on-the-record quotes from Plaintiff and her adoptive mother provided to Ms. Berkman for the Article, and the fact that the article presents Plaintiff's self-serving (and now thoroughly debunked) narrative. Plaintiff's apparent disclosure is especially prejudicial for this latter reason, because Defendant cannot yet disclose any of the currently sealed materials that refute Plaintiff's heinous allegations, completely undermine her credibility, and provide ample support for Your Honor's decision to impose significant sanctions on Plaintiff and Wigdor for their misconduct in this case. Should the Court determine that Wigdor or Doe was the source, it should consider additional sanctions for their contempt of the Court's rulings, including renewing its consideration of case-terminating sanctions.

The Article is also remarkable because it seeks to impugn Judge Rakoff's impartiality and the propriety of his decision to permit Mr. Black's intervention. Specifically, the Article implies that Defendant's July 19, 2024 letter to Judge Rakoff contained a personal appeal by invoking Mr. Black's late father, whose name had been associated with a federal bribery prosecution brought by Judge Rakoff when he was a prosecutor. The Article also cites a "legal expert" who questioned

2

The Honorable Jessica G. L. Clarke
May 6, 2026

Mr. Black's standing to intervene in the JPMorgan litigation and by implication Judge Rakoff's decision to grant Mr. Black leave to intervene. These questions, framed in the context of a story examining how Mr. Black's intervention "ultimately led" to Judge Rakoff's decisions adverse to Doe, seek to portray Judge Rakoff as conflicted or biased. Moreover, the entire thrust of the article is the implication that there was something inappropriate in the fact that the proceedings were "conducted outside public view," when in reality, the proceedings were sealed only because both the real victims and Doe wished them to be. Finally, the Article includes statements by Plaintiff that Plaintiff had "***serious concerns about inappropriate influence and access***" and "[t]hat Defendant's team had such access underscores the systemic imbalance that plagued these proceedings." These incendiary quotes and apparent selective and unauthorized disclosure of sealed materials appear designed to advance this (clearly false) narrative.

In light of the foregoing, Defendant respectfully requests the Court issue an Order, or an Order to Show Cause why contempt proceedings should not be brought, requiring Doug Wigdor, Jeanne Christensen, and anyone acting under their authority, and Doe, her adoptive mother, and anyone acting under Doe's authority, to provide sworn statements regarding the extent of their contact with Ms. Berkman and any other journalists or third parties, including whether or not they provided any materials to Ms. Berkman that are presently under seal. If they are found to have violated this Court's sealing orders, the Court should renew its consideration of case-terminating sanctions. We thank the Court for its attention to this matter.

Respectfully submitted,

*Susan Estrich*

Susan Estrich

By **May 20, 2026**, Plaintiff is directed to respond to the allegations contained herein. Specifically, Ms. Doe shall address whether she or her adoptive parents provided filings in this case that are or were previously under seal to Johanna Berkman or any other parties at the Guardian in connection with this reporting. If such materials were provided, Ms. Doe is directed to inform the Court which documents were provided and when they were provided. The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: May 7, 2026
       White Plains, New York

Estrich Goldin LLP
susan@estrichgoldin.com
www.estrichgoldin.com