

**Michael J. Willemin**
dwigdor@wigdorlaw.com

May 11, 2026

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: *Doe v. Black*, Case No.: 23-cv-06418 (JGLC)

Dear Judge Clarke:

We write in connection with Your Honor's April 23, 2026 Order, which, among other things, directed Defendants as follows: "by May 7, 2026, counsel for Defendant shall submit to Wigdor **an accounting** of their reasonable attorneys' fees and costs related to bring the [motion for case terminating sanctions] between January 15, 2025, and August 22, 2025." (emphasis added). We believe that the purpose of the directive and the submission of "an accounting" was to permit the parties to "meet and confer in good faith" about the amount of fees sought by Defendant in connection with the Court's April 23, 2026 determinations.

Instead of complying with the Court's Order, on May 7, 2026, at 10:31 p.m., Alexander Parachini, Esq., a lawyer with Perry Law, one of at least three firms representing Defendant in this matter, sent us the following email:

> Pursuant to the Court's April 23, 2026 Order, we have calculated our reasonable attorneys' fees and costs related to bringing the Case-Terminating Sanctions Motion between January 15, 2025 and August 22, 2025 to be $1,759,704.11. Please let us know if you will agree to pay that amount pursuant to the Court's sanctions order or, if not, if you are available to meet and confer next week in an effort to avoid unnecessary motion practice. Please be aware that we are not willing to share the underlying billing entries with you, which contain privileged, highly sensitive, and/or confidential attorney and client information. Should this issue proceed to motion practice, we intend to submit our bills *in camera* with the Court or a Special Master in support of our fee application.



It is our view that Mr. Parachini's email does not comply with Your Honor's Order that Defendant provide "an accounting," and makes it impossible to "meet and confer in good faith." The email sent by Mr. Parachini also demonstrates an intent to submit a fee application that would be non-compliant with prevailing caselaw.

As such, on April 8, 2026, we responded as follows:

> The Court's order required you to provide to us "an accounting" of your fees and costs in bringing the motion between the specified dates of January 15, 2025 and August 22, 2025 and to then meet and confer in good faith. You have not provided us with "an accounting," and it would be impossible for us to consider your request of approximately $1.76 million and to meet and confer in good faith without any further information. Are you willing to provide us with any information or documentation on how this figure was derived?

As of the filing of this letter, we have received no response to our email. There is simply no way to assess Defendant's request without the accounting ordered by the Court (other than to point out the obvious; namely, that the request is wildly excessive).

As Defendant and his (at least) three law firms know, a party cannot be awarded fees without providing detailed records to his adversary. The decision in Blonder v. Indep. Cap. Recovery, LLC, No. CV21-0912 (ARR) (AYS), 2022 WL 18999834, at *1 (E.D.N.Y. Sept. 28, 2022), report and recommendation adopted as modified, No. 21CV912 (ARR) (AYS), 2023 WL 2236908 (E.D.N.Y. Feb. 27, 2023) is instructive. In Blonder, the plaintiff filed an application for fees following the acceptance of an offer of judgment and the unsuccessful negotiation of the amount with defense counsel. The court determined that the application contained a substantial number of redactions that made it difficult to assess the fee application. The court ordered the plaintiff's counsel to either file and serve unredacted records, or submit the unredacted records for *in camera* review. The plaintiff's counsel chose the latter path, and, after review, the court determined that the plaintiff's records were improperly redacted in many respects – *i.e.*, information was redacted even though it did not contain attorney-client communications or the attorneys' mental impressions – and ordered the plaintiff's counsel to produce versions with fewer redactions to the defendant.

Likewise, in Dakus v. Koninklijke Luchtvaart Maatschappij, N.V., No. 22-CV-7962 (RA) (RWL), 2025 WL 1183676, at *2 (S.D.N.Y. Apr. 4, 2025), report and recommendation adopted, No. 22-CV-7962 (RA), 2025 WL 1184012 (S.D.N.Y. Apr. 23, 2025), the defendant was successful on a motion for sanctions, but initially filed its fee application without contemporaneous billing records. The plaintiff argued, among other things, that he did not have a meaningful opportunity to review and respond to the application. "The Court asked for and reviewed the unredacted records *in camera*, determined that most of the descriptions did not



reveal information protected by attorney-client privilege or the work product doctrine, and ordered that KLM provide Sheehan [who was the sanctioned counsel] with revised copies." Id. at *2, n. 1.

The need for a party to review the records supporting an adversary's fee application is obvious. Without reviewing the underlying records, an opponent is unable to meaningfully analyze and address a variety of issues relevant to determination of whether the request for fees is appropriate.  These issues include, but are not limited to: (i) whether the work for which the party seeks reimbursement is within the scope of the party's entitlement to reimbursement, or, alternatively, for unsuccessful aspects of its motion (a concern here given the relatively narrow scope of work for which Defendant is potentially entitled to reimbursement); (ii) whether the request seeks reimbursement for work that is excessive, redundant or otherwise unnecessary (a concern that is particularly acute here given that Defendant is apparently seeking recovery for fees and costs paid to at least three firms, countless attorneys and an unknown number of third party consultants); (iii) whether Defendant was overstaffed with respect to the work for which he is entitled to reimbursement (a concern for the same reason); (iv) whether the sought-after billing rates are reasonable or consistent with the amounts outlined in Defendant's retention agreements (a concern here because we have not even been provided with said billing rates or retention agreements); (v) whether the time records are contemporaneous (we do not know because we do not have any information about them); (vi) whether the time records are sufficiently detailed (we do not know because we do not have them); (vii) whether the time records contain impermissible block billing (we do not know because we do not have them); (viii) whether Defendant is seeking reimbursement for any travel time, which is often rejected or substantially reduced by courts; among many other foreseeable and unforeseeable potential bases to oppose Defendant's application.

To be clear, this letter does not purport to list all of the potential challenges to Defendant's forthcoming application, nor does it address the myriad cases that hold generally that it is completely improper to heavily redact (much less withhold) billing records submitted in connection with fee applications.  We specifically reserve the right to make any and all arguments in opposition to Defendant's eventual fee application, if one is filed.  Rather, the sole purpose of this letter is to respectfully request that the Court order Defendant – again – to immediately produce an "accounting of their reasonable attorneys' fees and costs related to bring the [motion for case terminating sanctions] between January 15, 2025, and August 22, 2025." The accounting, at a minimum, should include complete billing records (including justification for hourly rates as well as any invoices for costs) sufficient to support whatever figure Defendant ends up seeking in fees and costs.  We also respectfully request that Defendant be cautioned that any further disregard for this Court's Orders will result in forfeiture of his entitlement to reimbursement, if any.[1]

---

[1]    To that end, we have filed a motion for reconsideration in connection with the Court's decision to issue sanctions against Jeanne M. Christensen, Esq., and the Wigdor firm.  To the extent the Court believes it to be appropriate, we are amenable to a stay of the obligation to meet



We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin

---

and confer (and the related briefing schedule for Defendant's fee application) until after the motion for reconsideration is decided.