

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

May 11, 2026

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150



**Re:   *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC**

Dear Judge Clarke:

We write to respond briefly to Wigdor's premature letter, ECF Doc. No. 414, which disregards the Court's directive that the parties "meet and confer in good faith." ECF Doc. No. 388 at 75. Wigdor's letter represents yet another attempt to escape accountability for its misconduct and avoid paying Court-imposed sanctions.

Wigdor obfuscates the relevant timeline. On the evening of May 7, 2026, Defendant's counsel provided Wigdor with a calculation of their reasonable attorneys' fees incurred in connection with Defendant's sanctions motion and a request to meet and confer. On May 8, 2026, at 12:00 p.m., Wigdor responded, asking whether Defendant's counsel would provide more information or documentation concerning their fees. On May 11, 2026—the next business day— at 11:10 a.m., Defendant's counsel responded with additional information concerning their fees and reiterated their invitation to meet and confer. *See* ECF Doc. No. 415-1.

Wigdor did not wait even a single business day for that timely response, instead unnecessarily burdening the Court with matters that could have and should have been addressed through the mandated meet-and-confer process. Indeed, shortly after receiving Defendant's counsel's response, Wigdor filed another unnecessary letter to the Court, ECF Doc. No. 415, rather than responding directly to Defendant's counsel or even acknowledging the repeated offers to meet and confer.

To be clear, Defendants' counsel remains more than willing to meet and confer concerning what information Wigdor requires and any specific objections to Defendant's fee calculations. Because Defendant and Wigdor have both sued the other in separate, currently pending cases in New York state court, Defendant is not willing to provide Wigdor with its unredacted time entries, which contain privileged, confidential, and/or highly sensitive information. Defendant's counsel was transparent about that from the outset, and offered to discuss what information we could provide that would satisfy both sides, but Wigdor apparently did not want to engage in those discussions. If Wigdor continues to refuse to participate in good faith, we respectfully ask the Court to consider appointing a Special Master to determine the measure of attorneys' fees that Wigdor must pay as sanction for its repeated misconduct.

The Honorable Jessica G. L. Clarke
May 11, 2026

        We thank the Court for its attention to this matter.

                        Respectfully submitted,

                        */s/ E. Danya Perry*

Counsel for Defendant shall provide redacted time entries supporting their fee calculation by May 19, 2026. The parties shall continue to meet and confer in good faith regarding any disputes that arise with respect to the time entries and the amount of fees owed. If the parties are unable to resolve the disputes, Defendant shall file his motion supporting the fees requested by June 4, 2026. Any opposition from Wigdor is due June 18, 2026, and any reply is due June 25, 2026. If the parties need additional time in order to confer in good faith regarding the fees owed, the parties shall comply with the Court's Individual Rules regarding extension requests.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: May 12, 2026
       White Plains, New York

2