UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

               Plaintiff,

         -against-

LEON BLACK,

               Defendant.

23-CV-6418 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On May 11, 2026, Plaintiff (proceeding pro se) submitted, by electronic mail, a courtesy copy of an emergency stay request that she stated was not processed and docketed by the Pro Se Office. The Court hereby dockets Plaintiff's May 11 Motion ("Stay Motion") as an attachment to this Order. The Stay Motion requests a stay of the Court's unsealing orders. *See* ECF No. 388 ("CTS Opinion and Order") at 74–75. To the extent Plaintiff's Motion is directed to this Court, it is denied. The Court also denies the portion of Plaintiff's Motion for Reconsideration that addresses the Court's unsealing orders. *See* ECF No. 410 ("Reconsideration Motion") at 8–10.

"In deciding whether to issue a stay pending appeal, a court must consider four factors: (1) whether the movant has 'made a strong showing' that it 'is likely to succeed on the merits'; (2) whether the movant 'will be irreparably injured absent a stay'; (3) whether a stay 'will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'" *New York v. Trump*, 490 F. Supp. 3d 736, 741 (S.D.N.Y. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "A stay is not a matter of right, even when irreparable harm may result." *Nken v. Holder*, 556 U.S. at 433 (citation omitted). Rather, "the party or parties seeking the stay bear 'the heavy burden of demonstrating that a stay is warranted.'" *New York v.*

*Trump*, 490 F. Supp. 3d at 741 (quoting *U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC*, 2020 WL 2216660, at *2 (S.D.N.Y. May 7, 2020)).

Plaintiff has not met her heavy burden to demonstrate that a stay is warranted here. First, Plaintiff has not made any showing that she is likely to succeed on the merits. The presumption of public access to judicial documents is strong for documents that have the tendency to influence a court's ruling. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Court found that the materials it relied on in rendering its decision—some of which have already been made public for reasons unrelated to this proceeding—should properly be unsealed. CTS Opinion and Order at 74. The Court also ordered several categories of redactions to maintain Plaintiff's anonymity and protect the relevant privacy interests at stake. *See id.* at 72. In doing so, the Court carefully weighed the confidentiality promises made to claimants in the JPMC Action. *See* CTS Opinion and Order at 72. Plaintiff does not provide any narrow categories in her Reconsideration or Stay Motions that the Court can readily offer sealing for; instead, she raises broad categories like "family structure, adoption history, reproductive history, geographic references, social media references, and other contextual information." Reconsideration Motion at 10. Plaintiff also does not offer any reason why any of these categories of information should be confidential, particularly when much of it is now public through the Court's Order. *See, e.g.*, CTS Opinion and Order at 12 (describing Plaintiff's adoption); *id.* at 14, 43–51 (discussing, as relevant to this motion, Plaintiff's reproductive history); *id.* at 1, 6–8, 13–14, 35, 50 (making various geographic references to places visited by Plaintiff); *id.* at 5, 41–43 (discussing Plaintiff's now-deleted Twitter account). Finally, Plaintiff's Stay Motion notes that she is not challenging "the underlying merits of the

Court's ruling" even though "serious questions" remain. Stay Motion at 4. The Court accordingly does not see a basis for an appeal's *likely* success.

Second, Plaintiff focuses on the irreparable harm she will experience if no stay is granted. It is true that no appellate decision in her favor can unwind the clock of unsealed documents in this case—and that some of the newly unsealed documents contain "intensely personal and sensitive information" about Plaintiff. But Plaintiff's choice to bring this case involving "personal and sensitive" claims does not also entitle her to broad-based sealing of those proceedings. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (requiring a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection" of information to which the common law presumption of access has attached).

The harms Plaintiff identifies mainly trace to her anonymity and that of her family members, including minor children. *See* Stay Motion at 3. The Court's unsealing orders direct the redaction of any identifying information, which includes the names of Plaintiff's family members, and Plaintiff remains anonymous in this action. CTS Opinion and Order at 72 ("[A]ny information tending to reveal Plaintiff's identity (such as her name, current and former addresses, schools she attended, names of family members and adoptive parents, and social media handles) shall continue to be redacted on the public docket."); *see also id.* (redacting the names of third parties). Furthermore, the Federal Rules of Civil Procedure independently require parties to redact the names of minor children. *See* Fed. R. Civ. P. 5.2(a). And, the unsealed documents, with specified redactions, will not disclose any private medical information that is not already in the public record. *See id.* ("Plaintiff's medical records, medical diagnoses (other than those previously made public in this action), and other information tending to reveal non-

public, medical diagnoses or treatment shall also be redacted."); *cf.* ECF No. 152 ¶ 16 (attributing two diagnoses to Plaintiff in her publicly filed First Amended Complaint).

Finally, the Court notes that Plaintiff's Stay Motion attributes much of the current and prospective harm to "prior public dissemination, online harassment, unwanted contact, and doxxing." Stay Motion at 3. The harm that Plaintiff may well experience related to this case, then, is not the result of the Court's unsealing orders. And, even if Plaintiff had met the high bar of demonstrating irreparable harm from the Court's unsealing orders, irreparable harm alone would not be sufficient to merit a stay. *See Nken v. Holder*, 556 U.S. at 433 (citation omitted).

The third and fourth factors both disfavor a stay in this case, as well. Defendant has repeatedly cited prejudice to his ability to defend himself publicly after the release of some of Plaintiff's materials by the United States Department of Justice ("DOJ"). *See, e.g.*, ECF Nos. 357, 360. The public also has an "immediate" interest in "access to judicial documents under the common law and the First Amendment[,] and that access trumps a blanket assertion of . . . confidentiality." *Lohnn v. Int'l Bus. Machines Corp.*, No. 21-CV-6379 (LJL), 2022 WL 36420, at *18 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch*, 435 F.3d at 113). The public's interest is particularly acute where, as here, other parties have been publicly implicated in Plaintiff's claims and public trust in the judiciary is at stake. *See* ECF No. 380 at 1–2 (describing a third party's interest in the record following the DOJ publication of his name in Plaintiff's journals); ECF No. 390-2 at 2 (suggesting that Defendant exercises special influence over the judiciary); *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69 (2d Cir. 2023) (quoting *Lugosch*, 435 F.3d at 119) ("The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.").

For the foregoing reasons, the Court denies Plaintiff's Stay Motion. For the same reasons, the Court denies the portion of Plaintiff's Reconsideration Motion that addresses the Court's unsealing orders and instructs Defendant that he need not respond to those arguments in his forthcoming opposition.

Dated: May 13, 2026                                          SO ORDERED.
       White Plains, New York

_Jessica Clarke_

JESSICA G. L. CLARKE
United States District Judge