

**Michael J. Willemin**
mwillemin@wigdorlaw.com

May 14, 2026

<u>**VIA ECF**</u>

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: *Doe v. Black*, Case No.: 23-cv-06418 (JGLC)

Dear Judge Clarke,

We write in connection with Defendant's motion, filed last night, for an Order compelling production and appointing an independent examiner pursuant to Fed. R. Civ. P. 53. To be clear, if and when the Court deems a response from Wigdor LLP ("Wigdor") appropriate and necessary, we are more than prepared to demonstrate that Defendant's motion is meritless as it relates to Wigdor. However, we respectfully submit that at this stage it would be more appropriate to simply deny Defendant's motion without opposition for at least three reasons.

First, there is a pending interlocutory appeal and jurisdiction over this matter rests with the Second Circuit Court of Appeals. To that end, the Second Circuit had to remand this case to the District Court to decide Defendant's motion for case terminating sanctions ("MCTS"), and its remand was limited: "IT IS HEREBY ORDERED that the case is REMANDED to the district court for the purpose of determining the motion. The panel retains jurisdiction of the case." <u>See</u> Dkt. No. 376. Defendant even acknowledged this in its letter to the Second Circuit notifying it of Your Honor's decision on the MCTS: "On February 23, 2026, the Court remanded this case to the district court pursuant to Federal Rule of Appellate Procedure 12.1 for the limited purpose of resolving a pending motion for case terminating sanctions." <u>See</u> No. 25-564, Dkt. No. 81.1 at p. 1.

Second, Defendant's motion is aimed at obtaining a referral to the United States Attorneys' Office based largely upon the exact same allegations of wrongdoing that he advanced in his MCTS; *e.g.*, that Wigdor advanced Plaintiff's claims in this case without an adequate basis to do so and by providing materials to the United States Attorneys' Office. However, Defendant already called for the Court to refer this matter to the United States Attorneys' Office in his MCTS. <u>See</u> Dkt. No. 225 at p. 1. In deciding that motion, the Court made no referral. Moreover, the Court decided that there was no evidence that Wigdor failed to adequately



investigate the Complaint *or* that Wigdor acted improperly in relying on Plaintiff's journals in advancing the First Amended Complaint.  Dkt. No. 388 at pp. 52-55.  In addition, the Court previously held that, "[c]ontrary to Defendant's argument, ECF No. 364 at 2–3, the Court also finds no evidence that Wigdor acted improperly in their selection of materials to share with law enforcement."  Dkt. No. 378.  Accordingly, the present motion ultimately is nothing more than an untimely motion for reconsideration of various prior decisions.  See Local Rule 6.3 (setting a 14-day deadline for motions for reconsideration).

Third, given the pending appeal, the Court's Order on the MCTS states, "discovery shall remain stayed until the Second Circuit resolves the issue of the timeliness of Plaintiff's claim."  Dkt. No. 388 at pp. 75-76.  As such, even if the Court had jurisdiction to hear Defendant's motion, and the motion was not an untimely motion for reconsideration, the motion is a blatant attempt to do a one-way (*i.e.*, he wants to take discovery, but not provide discovery) end-run around the Court's Order staying discovery while the Second Circuit retains jurisdiction over this matter.  It should be denied, and discovery should take place in the ordinary course after the disposition of Defendant's appeal.  If the case is ultimately remanded back to this Court, Defendant can serve discovery requests and subpoenas, and, if appropriate, a motion to compel.

If the Court nonetheless believes it appropriate for Wigdor to oppose Defendant's motion at this time, we respectfully request that Wigdor's deadline to do so be set for June 29, 2026.

Respectfully submitted,

Michael J. Willemin