**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
**michaelcarlinsky@quinnemanuel.com**

May 14, 2026



The Honorable Jessica G. L. Clarke
United States District Judge
Federal Building and United States Courthouse
Courtroom 320
300 Quarropas St.
White Plains, NY 10601-4150

Re:     *Jane Doe v. Leon Black*, 1:23-cv-06418-JGLC

Dear Judge Clarke:

We write on behalf of Defendant Leon Black in opposition to the letter submitted today by Wigdor LLP ("Wigdor"), ECF No. 425 ("Letter"), which requests that Defendant's Motion to Compel Documents and Appoint an Independent Examiner ("Motion") be denied without briefing or, alternatively, that Wigdor's response be deferred until June 29, 2026.  Both requests should be denied.

First, this Court has jurisdiction over Defendant's Motion.  The filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal.  *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  As the Second Circuit has explained, this divesture of jurisdiction is not a "per se rule" but is "a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time," and "its application is guided by concerns of efficiency and is not automatic." *Id.* (cleaned up).  Efficiency strongly favors this Court exercising its jurisdiction here. The Motion raises entirely different issues from the pending interlocutory appeal, which concerns timeliness, and is a direct result of this Court's sanctions opinion.  There is nothing inefficient about this Court resolving a discrete, self-contained motion that arises directly from its own sanctions findings and that could moot the very appeal Wigdor invokes as a bar.  To hold otherwise would be illogical and deeply unfair to Black, who is being asked to await the results of a pending appeal while simultaneously being denied the evidence that could potentially render that appeal unnecessary.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Second, Black's Motion is not "an untimely motion for reconsideration." Letter at 2. The Court's prior orders addressed whether Wigdor's investigation was adequate and whether Wigdor and Doe falsified evidence. The Motion concerns the crime-fraud exception and Defendant's request for the appointment of an independent examiner to prepare a public report. To be clear, the Motion does not request this Court to make a criminal referral. It asks this Court to appoint an independent examiner to investigate the full scope of the fraud, prepare a report that will provide the public the accounting the public is owed, and which may, depending on its findings, serve as a predicate for referral to the appropriate authorities at a later stage. This Court's findings of fraud create the predicate for the Motion, and a motion premised on findings that did not exist until last month cannot be an untimely motion for reconsideration of anything. Treating it as such would allow Wigdor to use the timing of the Court's own sanctions ruling as a shield against the very accountability that ruling demands.

Third, this Court's discovery stay does not bar Defendant's Motion. The discovery stay was entered to hold ordinary party discovery in abeyance pending the Second Circuit's resolution of the timeliness issue. ECF No. 388 at 75-76. It was not intended to immunize Wigdor and Doe from a targeted, threshold determination about whether privilege attaches at all to communications made in furtherance of fraud. Granting Wigdor's position would allow the stay to function as a blanket shield against accountability for conduct this Court has already sanctioned, leaving Black unable to obtain the evidence that is potentially case-dispositive and that would render the appeal moot.

Finally, Wigdor's extension request should be denied. Wigdor has been immersed in this litigation for years and is intimately familiar with the factual and legal issues raised in Defendant's Motion. Wigdor's request for nearly seven weeks to respond to the Motion serves only to delay the production of case-dispositive materials. Wigdor should not be permitted to use procedural delay as a substitute for the substantive response to the serious findings of fraud that this Court and the public are owed.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky

The Court interprets the Second Circuit's Order at ECF No. 376 to only give this Court jurisdiction to rule on the Motion for Case-Terminating Sanctions and not any other potentially dispositive motions. Here, Defendant argues that his Motion at ECF No. 421 may "moot the very appeal Wigdor invokes as a bar." ECF No. 426. Accordingly, the Court lacks jurisdiction to consider it. Even if the Court had jurisdiction to consider it, the Court has stayed discovery in this case (ECF No. 388), and Defendant's Motion effectively seeks one-sided discovery. Thus, Defendant's Motion at ECF No. 421 is DENIED without prejudice to renew at the appropriate time. The Clerk of Court is directed to terminated ECF No. 421.

SO ORDERED.

JESSICA G. L. CLARKE, United States District Judge    2

Dated: May 15, 2026
       White Plains, New York