

www.estrichgoldin.com

May 20, 2026

The Honorable Jessica G. L. Clarke
United States District Judge
Federal Building and United States Courthouse
Courtroom 320
300 Quarropas St.
White Plains, NY 10601-4150

Re:    *Jane Doe v. Leon Black*, 1:23-cv-06418-JGLC

Dear Judge Clarke,

We write on behalf of Defendant Leon Black in response to Plaintiff Jane Doe's letter, dated May 18, 2026, and docketed May 20, 2026 (ECF No. 430).  In her latest letter, Doe admits that she personally leaked sealed materials to a sympathetic reporter—materials she had insisted on sealing—by meeting the reporter for lunch, bringing cherry-picked excerpts from a sealed transcript, and watching as the reporter published a hit piece based entirely on Doe's one-sided account.  All the while, Defendant was prohibited from pointing that same reporter to the parts of the sealed transcript that would vindicate him.  Up to this point, Doe has tried to blame her wrongdoing on her attorneys.  Now she attempts to blame reporters by claiming she provided the sealed documents "off the record."  Doe's ruse has gone on far too long, Doe is in contempt of this Court's sealing order, and she is making a mockery of the federal courts.  Her case should be dismissed immediately, with prejudice.

In this action and the parallel JPMC proceeding, Doe has been caught lying repeatedly.  The examples are too legion to repeat here, but to take just a few:  She lied in her initial complaint that she had missed "countless" Mondays and Fridays during high school because she was being trafficked by her cheerleading coach and Jeffrey Epstein "[m]ost weekends" to Palm Beach and the USVI.  Compl. (ECF No. 1) ¶ 44.  Her school records show that did not happen, and there is no evidence that she was ever on Epstein's planes, in his homes, or had met any real Epstein victims.  Doe then contradicted herself in her amended complaint, claiming it was actually her own biological mother who was responsible for trafficking Doe, after her biological mother had come forward and debunked the allegations in the original complaint.  Am. Compl. (ECF No. 152) ¶ 37. Doe further lied in her amended complaint that she kept "contemporaneous" journals that documented her purported abuse as a teenager.  *Id.* ¶¶ 48, 98.  Those journals were fraudulent: among many other indicia of fraud, they included sonogram images that were *not* contemporaneous, but instead taken years after the fact, and that were intentionally cut and altered to obscure the date and location at which they were taken.  *See* Apr. 23, 2026 Opinion & Order On Motion For Sanctions (ECF No. 388) at 43-50.  Doe lied under oath at the JPMC hearing, testifying

1

that the sonograms in the journals were taken when she was a teenager in Palm Beach, and that she had taken the sonograms from Ghislaine Maxwell. *Id.* at 14. And she has told so many more lies, including that she birthed four of Epstein's children (he has no known children at all), that she flew on Dana Chasin's plane (he has never had one, and never met Epstein), and that she was impregnated repeatedly during her teenage years (even though nobody around her noticed any pregnancies and she regularly attended high school, did cheerleading, and stayed on the honor roll).

There need to be consequences when litigants like Doe make a mockery of sworn oaths and their Rule 11 obligations. The same should go for this Court's sealing orders. ***At Doe's request***, the Court sealed the underlying documents that show that Doe is a fraud. Defendant repeatedly requested that they be unsealed and that Doe be de-anonymized so that he could defend himself against Doe's horrific allegations, and Doe repeatedly begged the Court to preserve her anonymity. Meanwhile, Doe has now admitted that she had a private meeting and ate lunch with a reporter and showed her cherry-picked "highlighted excerpts" from a ***sealed transcript***, among other sealed materials. Doe Ltr. at 2. That reporter then published a hit piece about Doe's allegations, rife with on-the-record quotes from Doe and her adopted mother. All while Defendant was powerless to defend himself by pointing that reporter and others to other parts of that same transcript that would vindicate his claims, because the transcript was, ***at Doe's request***, under seal. To add insult to injury, Doe has sought and obtained (for now) from the Second Circuit an administrative stay of the Court's order to unseal that transcript and other documents, arguing that she would suffer irreparable harm if the materials were disclosed. ***Doe is in contempt of this Court's sealing order***, and is once again misusing the federal courts—weaponizing sealing orders to keep her misconduct hidden from the public, while acting as if those same sealing orders do not apply to her.

Moreover, there is no reason to take Doe at her word that the one transcript and "redacted medical documentation and redacted educational records" are the only sealed documents she showed to the reporter. Doe Ltr. at 2. The Guardian's May 6, 2026 article quoted from other sealed documents, including a June 8, 2025 Declaration of Jane Doe (ECF No. 274), and a July 19, 2024 letter that was included as a sealed exhibit to Doe's sanctions opposition papers (ECF No. 283-4 at Ex. 14A). *See* ECF No. 408-1 at 18, 20. Those documents clearly came from Doe, and her denials that neither she nor her adoptive parents provided any other sealed documents to the reporter are just more lies.[1]

---

[1] Doe vaguely "notes" that Defendant's counsel, Danya Perry, spoke with the reporter in open court. It would be unimaginable for Doe to make any insinuations here, given Doe's admissions that Doe herself met privately with the reporter and shared sealed filings with her, and that Doe observed the brief courtroom interaction (as did many others). But to make it perfectly clear: Ms. Perry and the reporter graduated from the same college more than 30 years ago, had not seen each other in many years, and exchanged brief pleasantries in open court, in eyeshot and earshot of numerous others. Doe also fails to mention that Doug Wigdor was likewise observed speaking with the reporter at the hearing. All of Defendant's lawyers have stated that they were not the source of any leaked information, but for the avoidance of any doubt: Ms. Perry certainly did not discuss any sealed information with the reporter, nor, of course, did Ms. Perry provide any sealed documents to the reporter.

2

Clearly, Doe engaged the Guardian reporter because she believed (entirely correctly) that the reporter would publish another hit piece against Defendant (and Judge Rakoff, for good measure). She purposefully took from her home and brought to New York her medical files and sealed filings—none of which related in any way to the Second Circuit argument—for the sole purpose of selectively revealing them to the reporter to advance the prosecution of her case, while blocking Defendant from defending himself.  There is simply no world in which Doe did not understand this flagrant violation of the Court's order to be exactly what it was.  She fought tooth and nail for sealing; moved this Court to reconsider its sealing order; and has appealed that order to the Second Circuit.  She understands the Court's order—which, again, was at *her* behest—very well; she simply chose to flout it and, once again, simply believed she could get away with it.

It strains credulity for Doe to claim that she "understood substantial aspects of the surrounding proceedings and related litigation history to already be publicly known or otherwise publicly accessible."  Doe Ltr. at 2.  The two specific filings she cites disclose nothing more than the existence of proceedings before Judge Rakoff, Defendant's outreach to Judge Rakoff regarding his (justified) concerns about the veracity of Doe's allegations, and the fact that Judge Rakoff subsequently received evidence and reviewed Doe's claim.  Those filings did not disclose the details of those proceedings or the specifics of any submissions to Judge Rakoff or Doe's testimony—information that Doe has fought and continues to fight to keep under seal.

Enough is enough.  Doe has shown no respect for the Court system, which she told the Guardian was "meant to provide justice" but "instead [has] become[] another source of harm."  ECF No. 408-1 at 22.  She has insulted federal judges, told lie after lie, fabricated evidence, flouted her Rule 11 obligations and sworn oaths, and violated sealing orders that *she requested*—all while hiding behind a pseudonym, other than to reporters she perceives as friendly.  An example needs to be set for litigants and attorneys that flagrantly contemptuous behavior is not acceptable.  Defendant accordingly requests that the Court put this charade to an end and finally dismiss the matter with prejudice.

Respectfully submitted,

Susan Estrich

_____

Susan Estrich
*Counsel for Defendant*

Cc: All Counsel of Record (by ECF)

_____

Estrich Goldin LLP
susan@estrichgoldin.com
www.estrichgoldin.com

3