UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
Jane Doe,

      Plaintiff,

                Case No. 1:23-cv-06418-JGLC

  - against -

Leon Black,

      Defendant.
-----------------------------------------------------------------

Jane Doe
P.O. Box 286
Haymarket, VA 20168
Jane.doe06418@gmail.com
202-407-6947

May 26, 2026

Via Email To: Pro Se Intake

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC
    Letter regarding docket and notice status

Dear Judge Clarke:

Plaintiff respectfully writes solely to seek clarification regarding certain docket and electronic notice issues that Plaintiff has been unable to independently address due to Plaintiff's lack of direct CM/ECF access.

1

As reflected in ECF No. 241, Wigdor LLP withdrew as counsel for Plaintiff on April 9, 2025 — now more than thirteen months ago. Plaintiff thereafter proceeded *pro se*, including through Plaintiff's first *pro se* filing at ECF No. 249. Subsequently, in ECF No. 258, the Court updated Plaintiff's direct contact information and noted that Plaintiff could personally receive service from the Court.

However, Plaintiff respectfully notes that the docket presently appears to reflect differing withdrawal and/or termination statuses among former Wigdor counsel. For example, Mr. Wigdor appears terminated effective April 9, 2025, while Ms. Christensen's termination as counsel for Plaintiff appears reflected only following the Court's recent May 21, 2026 endorsement, and Ms. Firetog continues to appear as "Attorney to be Noticed." This appears to create some confusion regarding Plaintiff's *pro se* status and the procedural history of counsel withdrawal, as all counsel of record withdrew pursuant to ECF No. 241.

Whereas Plaintiff had previously appeared on the docket as proceeding *pro se* for over a year, including with Plaintiff's direct *pro se* contact information reflected, Plaintiff no longer appears reflected in the same manner and instead appears only under former counsel representation listings despite counsel having withdrawn pursuant to ECF No. 241.

In addition, approximately one year after Plaintiff began proceeding *pro se*, Plaintiff's electronic notice/service status appears to have changed despite Plaintiff lacking the ability to independently modify CM/ECF settings due to system limitations.

For example, at ECF No. 404, filed May 6, 2026 at 7:31 AM, Plaintiff received the Notice of Electronic Filing reflecting Plaintiff on the electronic service list. However, later that same day, at ECF No. 405, filed at 3:29 PM, Plaintiff no longer appeared on the service list and does not appear to have been restored thereafter.

Because Plaintiff does not possess the same CM/ECF permissions, Plaintiff has been unable to independently verify or correct the notice configuration. This has also created some confusion in connection with filings submitted through the Pro Se Office.

For example, at ECF No. 420, the Court stated: "On May 11, 2026, Plaintiff (proceeding pro se) submitted, by electronic mail, a courtesy copy of an emergency stay request that she stated was not processed and docketed by the Pro Se Office." The Pro Se Office later confirmed that the filing had in fact been submitted, and the motion was ultimately docketed at ECF No. 419. Because filings submitted through the Pro Se Office can at times require additional processing time, and because Plaintiff is unable to independently confirm CM/ECF processing status, Plaintiff has often attempted to provide courtesy copies to opposing counsel and Chambers when approaching filing deadlines in order to avoid any inadvertent filing or technical issues. Plaintiff has done so solely in an effort to comply with all applicable deadlines, avoid any inadvertent delay or missed filing, and ensure that no disrespect to the Court or procedural obligations was intended.

Plaintiff respectfully seeks only to ensure that the docket and notice structure accurately reflect Plaintiff's *pro se* status and the procedural history of counsel withdrawal in this matter. Plaintiff is not alleging misconduct and raises this issue solely because Plaintiff has been unable to independently correct or verify the CM/ECF configuration.

Plaintiff respectfully thanks the Court for its time and consideration.

Respectfully submitted,

/s/ *Jane Doe*
Jane Doe
Plaintiff, *Pro Se*

3