

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

May 29, 2026

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007
Email: ClarkeNYSDChambers@nysd.uscourts.gov

> **Re:    Motion to Strike Reply Brief**
> ***Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC**

Dear Judge Clarke:

We write in response to Plaintiff's reply (ECF No. 434) ("Reply") in support of her motion for reconsideration. We respectfully ask the Court to strike Plaintiff's Reply, which is both procedurally improper and substantively outrageous.

For starters, the brief violates SDNY Local Rule 6.3, which provides that reply briefs in support of motions for reconsideration "may not exceed 1,750 words." Plaintiff's Reply exceeds 3,000 words. Even if the Court were to apply the standard for handwritten or typewriter-prepared filings by unrepresented parties, it would not cure the defect. The limit for such replies is five pages; Plaintiff's Reply is fourteen. The Court has repeatedly extended Plaintiff significant solicitude in her filings, but her pro se status does not permit her to simply disregard the rules. *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them") (quotation omitted); *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) ("Pro se litigants must nonetheless abide by the same rules that apply to all other litigants.").

Worse, Plaintiff uses her overlong Reply to inject false and irrelevant accusations about my interactions with Johanna Berkman and impliedly threaten to reveal purported "embarrassing" and "highly personal matters" about me and "other non-parties," which she admits have "no relevance to this case":

> The broader conversation then shifted into discussions concerning Ms. Perry . . . . Plaintiff initially refrained from publicly describing the actual substance of those discussions precisely out of an effort to avoid unnecessarily embarrassing Ms. Perry . . . . Unfortunately, Defendant's repeated decision to publicly litigate the interaction in increasingly inflammatory and distorted terms has now substantially diminished Plaintiff's ability to preserve that restraint while still correcting the record.

The Honorable Jessica G. L. Clarke
May 29, 2026

Reply at 8-9. Nowhere does Plaintiff even bother to allege how my brief, public conversation with Ms. Berkman could be remotely relevant to any issues in this matter. Plaintiff does not even allege that I was the party who passed along sealed information to Ms. Berkman. Nor could she, since it was Plaintiff herself. And she has injected this purportedly "intensely personal" and "embarrassing" but admittedly irrelevant information all while praising herself for her restraint in not having yet revealed it.

The Court has inherent authority to strike filings that are abusive, improper, and impertinent, and it should strike this one. *See, e.g.*, *Azzarmi v. Sedgwick Claims Mgmt. Servs., Inc.*, 2025 WL 35003, at *10 (S.D.N.Y. Jan. 6, 2025) ("a district court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances") (quotation omitted); *Penzo v. Consol. Edison Co. of N.Y., Inc.,* 2024 WL 3824072, at *16 (S.D.N.Y. Aug. 15, 2024) (same); *Nat. Res. Def. Council, Inc. v. U.S. FDA,* 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012) (same); *see also Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) ("[T]he district court may strike such material from the filings on the grounds that it is 'redundant, immaterial, impertinent, or scandalous.'").

In the first place, Plaintiff's accusations about my conversation with Ms. Berkman are completely false. To reiterate: I graduated from the same college as Ms. Berkman more than 30 years ago, and we spoke briefly in open court, in public, in eyeshot and earshot of numerous others. *See* ECF No. 431 at 2 n.1. I do not have a "longstanding relationship" with Ms. Berkman, as Plaintiff asserts, *see* Reply at 8—indeed, I had not seen her in a number of years—and certainly did not disclose any "highly personal" matters to Ms. Berkman. *See id.*

Even if I *had* talked about purely personal matters with a longstanding acquaintance (and, to be perfectly clear, that certainly was not the case): Plaintiff's barely-disguised threats to reveal non-relevant but purportedly "highly personal" and "embarrassing" information about me would be beyond the pale, and possibly extortionate, under any circumstances. But doubly so here, coming from an anonymous litigant who has repeatedly invoked concerns about anonymity, confidentiality, and public disclosure of "intensely personal" matters. *See, e.g.*, ECF No. 419. The hypocrisy is staggering.

Of course, this is not the first time Plaintiff has weaponized selective disclosures while wielding confidentiality as a shield. In her submissions opposing Defendant's motion for sanctions, Plaintiff was more than happy to quote from and refer to purportedly privileged communications with her then-attorneys when she thought it useful to excuse her conduct and shift blame to them, all the while blithely asserting that she had not waived privilege. *See, e.g.*, ECF No. 292-1 at 8-10. Now, Plaintiff hurls veiled accusations and threats based on her conversations with Ms. Berkman, while avoiding giving a full and accurate accounting of those conversations, even in response to this Court's order. *See* ECF No. 431. The Court can and should stop her blatant gamesmanship.

Finally: if the Court feels that my conversation with Ms. Berkman is somehow relevant, this Court should order a contested hearing, with cross-examination, to get to the bottom of Plaintiff's outrageous allegations. Throughout her motion to reconsider, Plaintiff complains that she has not been given an evidentiary hearing. We certainly would welcome one. In all events, the Court should strike Plaintiff's over-long, highly inappropriate Reply.

The Honorable Jessica G. L. Clarke
May 29, 2026

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ E. Danya Perry