UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

LEON BLACK,

Defendant.

23-CV-6418 (JGLC)

**<u>ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

The Court has reviewed the parties' briefing on the motions for reconsideration filed by Plaintiff Jane Doe and non-parties Wigdor LLP ("Wigdor") and Jeanne M. Christensen. Largely for the reasons stated in Defendant's opposition, these motions are denied. The standard for reconsideration is strict, and neither motion meets this strict standard. *See Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010) ("The threshold for prevailing on a motion for reconsideration is high."); *Iowa Pub. Employees' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013), *aff'd*, 558 F. App'x 138 (2d Cir. 2014) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (citation omitted)).

First, counsel for Ms. Christensen accuses the Court of overlooking a letter by Wigdor's professional responsibility counsel, and claims the Court inaccurately stated that Ms. Christensen failed to counter Defendant's arguments that she misled the Court. ECF No. 406 ("Wigdor Recons. Mot.") at 9–11. The Court did review that letter, but, as Defendant points out, the letter was never incorporated into briefing on the Motion for Case-Terminating Sanctions. And indeed, none of the arguments raised in that letter were included in briefing or in Ms. Christensen's declaration to the Court on the Motion. Therefore, the Court's statement that Ms. Christensen

never countered Defendant's arguments that she misled the Court was accurate. The failure to include any of these arguments appeared intentional, and in any event, their omission from the briefing also prevented Defendant from having an opportunity to respond to those claims when addressing the Motion. Furthermore, for the reasons stated in Defendant's opposition to the present motion and in the Court's April 23, 2026 Opinion, that letter does not change any of the Court's conclusions about Ms. Christensen's lies. *See* ECF No. 433 ("Opp.") at 7–13; ECF No. 388 ("CTS Opinion") at 36–41.

Second, the Court's April 23, 2026 Opinion is not internally inconsistent regarding Ms. Christensen's lies about Plaintiff's prior testimony. Counsel for Ms. Christensen claims that the Court's "own account of the record" shows that Ms. Christensen did not lie. Wigdor Recons. Mot. at 2–5. In December 2024, when Ms. Christensen made the relevant statement, this Court did not have the benefit of the full sealed JPMC record, including the underlying transcripts, in front of it. Rather, it only had Ms. Christensen's letter, which stated that "it is completely false that Plaintiff said she was the mother of Epstein's children." ECF No. 184 at 8. Accordingly, it was appropriate for the Court to consider whether Ms. Christensen's statement was a lie or misleading in the context it appeared. Even considering the full record, in which Ms. Christensen argues to Judge Rakoff that there is a difference between Ms. Doe stating what she was told and what she claims is true, it is clear that Ms. Christensen did in fact misrepresent Ms. Doe's testimony for the reasons stated in the Court's April 23, 2026 Opinion. *See* CTS Opinion at 39–40 (recounting Ms. Doe's answer of "[f]our, your Honor," in response to Judge Rakoff's question of how many of her children Jeffrey Epstein fathered); ECF No. 233-7 at 55:7–8 (Ms. Doe saying "[y]es, your Honor" when asked if Jeffrey Epstein was the father of one of her children). Ms. Christensen's arguments about how a court should interpret Ms. Doe's testimony do not

2

excuse her from misrepresenting the testimony itself, which she did to this Court. And, Ms. Christensen's arguments to a different judge about a distinction in that testimony do not bear on her duty of candor to this Court.

Third, counsel for Ms. Christensen mistakenly claims that the Court based its finding that Ms. Christensen consented to Judge Rakoff's proposed JPMC procedure on a March 1, 2024 letter. Wigdor Recons. Mot. at 6. This was not so. Rather, the Court was clear: Both Wigdor and Ms. Doe verbally consented to the process Judge Rakoff employed—a fact that was confirmed on the record at the beginning of the relevant hearing. CTS Opinion at 38 (citing ECF No. 233-28 at 2:20–3:19). Therefore, the Court accurately described Ms. Christensen's statement that Judge Rakoff "question[ed] Plaintiff under oath without permitting her counsel to be present, knowing of her developmental disabilities and autism but nevertheless subjecting her to his private cross-examination for over an hour" as a lie. *Id.* at 37 (quoting ECF No. 184 at 4). Ms. Christensen expressly stated that Judge Rakoff prohibited her from being present during the examination, when she in fact consented to this very process. Thus the Court's finding that Ms. Christensen lied to the Court is accurate. Any argument to the contrary is mere semantics.

As for the allegations that Judge Rakoff's questions had nothing to do with Plaintiff's Claim Submission, counsel for Ms. Christensen fails to raise any point that the Court did not already consider. Counsel only claims that questions about Ms. Doe's *adoption* had "zero connection" to "Epstein, Ghislaine Maxwell[,] or what the Claims Administrator had reviewed to render her allocation award." Wigdor Recons. Mot. at 8. However, per Ms. Doe's own declaration, her adoptive mother "frequently assist[ed]" her in communicating for her legal matters and was present for "nearly all" phone conversations. ECF No. 274 ¶ 12; *see also id.* ¶ 33. Plaintiff's adoptive mother even participated in Plaintiff's interview with the Claims

3

Administrator. ECF No. 283-2 ¶ 91. The Court thus still finds that Ms. Christensen's statement was baseless and does not revisit its finding that it was a lie.

Finally, none of Plaintiff's arguments warrant reconsideration either. The Court previously denied Ms. Doe's bid to reconsider its unsealing orders. ECF No. 420. And, the Court already considered and addressed in the April 23, 2026 Opinion itself the arguments she makes in support of reconsideration. For example, Plaintiff argues that the Court's findings regarding the journals being falsified were improper without an evidentiary hearing or full discovery. *See* ECF No. 410 ("Pl. Recons. Mot.") at 1–3, 7. However, the Court addressed this in the Opinion. *See* CTS Opinion at 24, 32 ("No party requested an evidentiary hearing on this Motion."); *id.* at 67 (citing the lack of "significant discovery or other fact finding" as a factor in the Court's declination of case-terminating sanctions). Indeed, the Court did not wholesale reject the journals as Plaintiff contends, instead finding fabricated sonograms in certain journals and excluding only those journals with the fabricated evidence. *Id.* at 51, 64–65. The Court also did distinguish between Plaintiff's conduct and her former counsel's conduct in reaching conclusions and fashioning sanctions. The fact that Plaintiff has to bear some consequences from her counsel's bad acts—in particular, the deletion of her Twitter account—is not improper or unfair. The deletion of this evidence prejudices Defendant, and as such, the sanction imposed to address that prejudice is warranted even if Plaintiff does not bear full responsibility for this conduct. *See* Fed. R. Civ. P. 37(e)(1) (permitting courts, upon a spoliation finding, to "order measures no greater than necessary to cure the prejudice"). The Court has also reviewed the other arguments by Plaintiff on reconsideration and none have merit.

For these reasons, the motions for reconsideration are DENIED. Additionally, the Court sees no reason for the filings by counsel for Ms. Christensen and Wigdor to be under seal. The

motion to seal at ECF No. 400 is thus DENIED. However, the Second Circuit has administratively stayed implementation of the Court's unsealing orders pending its review of Ms. Doe's appeal. *See* ECF No. 428. Accordingly, counsel for Ms. Christensen and Wigdor is directed to file redacted, unsealed versions of ECF Nos. 405, 406, and 436, no later than one week after the Second Circuit lifts the stay. Finally, the Court DENIES Defendant's motion to strike. *See* ECF No. 438. The Court did not consider any of the seemingly baseless arguments regarding Defendant's counsel presented in Ms. Doe's reply and sees no reason to strike the entire filing from the record. The Clerk of Court is respectfully directed to terminate ECF Nos. 400, 405, and 410.

Dated:  June 2, 2026
         White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge