**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE,

          *Plaintiff,*

        v.

LEON BLACK,

          *Defendant.*

Case No. 1:23-cv-06418-JGLC

## DECLARATION OF E. DANYA PERRY

I, E. DANYA PERRY, do hereby declare under penalty of perjury that the following is true and correct:

1.      My name is E. Danya Perry. I am the Founding Partner at E. Danya Perry PLLC ("Perry Law"), counsel for Defendant Leon Black in the above-captioned action. I am admitted to practice before this Court. I respectfully submit this declaration in support of Defendant's Application for Attorneys' Fees. The statements set forth herein are based on my personal knowledge and on Perry Law's business records, which I reviewed and which are maintained in the ordinary course of business.

2.      I am a former Assistant United States Attorney for the Southern District of New York, where I served from 2002 to 2013, including as Senior Trial Counsel and Deputy Chief of the Criminal Division. In 2013, I was appointed by the Governor and the Attorney General to serve as a Deputy Attorney General for the State of New York and Chief of Investigations for the Moreland Commission to Investigate Public Corruption, where I led a sweeping investigation into public corruption in New York State, recommended policies for systemic reform, and referred numerous matters for criminal prosecution. I also have worked in BigLaw, as an in-house lawyer,

and as founder of two law firms. I have long taught at NYU Law School, where I presently teach Professional Responsibility. I also sit on several nonprofit boards, including the Vera Institute of Justice and NYC Kids Rise.

3. Perry Law is an elite litigation boutique built by lawyers with deep government, public interest, and private sector experience, whose lean teams go toe-to-toe with New York's biggest and most prestigious law firms. I founded Perry Law in 2023 after four years successfully directing a boutique litigation firm. Perry Law and I have been recognized with the country's most prestigious legal awards, including out-of-the gate and current Chambers rankings in three distinct practice areas, and recognition from leading legal publications. As a few examples, I have been: honored with the National Law Journal's Elite Boutique Trailblazer award; twice named City & State's New York Trailblazer in Law and one of their "Power 100" ranked attorneys; twice featured as one of Crain's New York Business's Notable Women in Law; twice awarded New York Law Journal's Distinguished Leader Award; recognized as a Benchmark Litigation Labor & Employment Star; featured across multiple years on Lawdragon's 500 lists of Leading Litigators in America, Leading Civil Rights & Plaintiff Employment Lawyers, and Leading Corporate Employment Lawyers; and featured as one of Law360's White Collar Crime MVPs.

4. Perry Law served as counsel for Defendant in connection with his Motion for Sanctions (the "Motion") and performed substantial work to investigate, prepare, brief, and reply in support of the Motion.

5. As reflected in Perry Law's contemporaneous time records, and as detailed below, Perry Law billed at least 421.1 recoverable hours in connection with the Motion during the fee period of January 15, 2025, through August 22, 2025 (the "Fee Period"), resulting in $519,705.00 in attorneys' fees.

6. The following table sets forth, for each Perry Law timekeeper who performed work in connection with the Motion for which Perry Law is seeking recovery, the timekeeper's role, hourly billing rate during the Fee Period, recoverable hours, and resulting fees.

| Timekeeper | Role | Rate | Hours | Fees |
|---|---|---|---|---|
| E. Danya Perry | Founding Partner | $1,650 | 48.90 | $80,685.00 |
| Peter Gwynne | Partner | $1,400 | 83.10 | $116,340.00 |
| Alexander K. Parachini | Counsel | $1,200 | 190.70 | $228,840.00 |
| David Russell | Associate | $1,100 | 26.40 | $29,040.00 |
| Brittany Hanke | Associate | $900 | 72.00 | $64,800.00 |
| | TOTAL | | 421.10 | $519,705.00 |

7. Out of an abundance of caution and to avoid unnecessary motion practice, Perry Law excluded from this calculation time billed by non-attorney (i.e., analyst or paralegal) timekeepers and certain associates who worked only a small number of hours on the Motion.

8. The hourly rates charged by Perry Law's timekeepers on this matter during the Fee Period ranged from $900 to $1,650, as set forth in the table above, and they reflect each timekeeper's experience, seniority, and role, as set forth in the Application. These rates are significantly lower than the billing rates Perry Law regularly charges clients. As an example, I regularly bill clients over $2,000 per hour, but my rates in this case were discounted to $1,650 per hour. Other attorneys are discounted proportionately.

9. Attached as **Exhibit A** are true and correct copies of Perry Law's contemporaneous time records reflecting the time it billed in connection with the Motion. Those records have been redacted to protect privileged and confidential information as well as exclude work unrelated to the Motion; the redactions do not obscure the date of any entry, the timekeeper, or the nature of the work performed in connection with the Motion.

10.     Perry Law has excluded from this request all time devoted to matters other than the Motion. The recoverable hours and fees set forth above were determined from Perry Law's contemporaneous time records.

11.     Where a time entry related solely to the Motion, the full entry was included. Where a time entry related solely to work other than the Motion, the entry was excluded. Where a single entry reflected both work related to the Motion and work unrelated to it, Perry Law conservatively allocated to this request only the portion of the time reasonably attributable to the Motion, based on a qualitative assessment of the work described in the entry. Those allocations, and the resulting recoverable hours and fees for each entry, are set forth in the spreadsheet of relevant time entries that Perry Law provided to Wigdor LLP ("Wigdor") on May 28, 2026. In addition, Perry Law exercised billing judgment to exclude or reduce time, and the hours and fees set forth above reflect those reductions.

12.     Attached as **Exhibit B** is a true and correct copy of the spreadsheet of relevant time entries that Perry Law provided to Wigdor on May 28, 2026.

13.     The topline calculation Perry Law initially provided to Wigdor on May 11, 2026, *see* ECF No. 415-1, included all timekeepers (attorney and non-attorney) who worked on the motion for sanctions, and did not reflect certain reductions that Perry Law subsequently applied in a good faith effort to resolve the attorneys' fees issue and avoid unnecessary motion practice.

14.     As a result of an inadvertent data entry error, the calculation Perry Law provided to Wigdor on May 19, 2026, differed slightly from the amount Perry Law subsequently provided to Wigdor on May 28, 2026, following the parties' meet-and-confer, which is the amount sought in the Application.

15. I have read both the redacted and unredacted invoices for January 2025, February 2025, March 2025, June 2025, July 2025, and August 2025 (the months for which I billed time on the sanctions motion), as well as the spreadsheet of each relevant time entry that Perry Law provided to Wigdor LLP on May 28, 2026.

16. Where there is a block entry with only a portion of the entry allocated to the motion for case-terminating sanctions, I have confirmed that the spreadsheet Perry Law provided to Wigdor LLP accurately reflects the amount of time I spent related to bringing the motion for case-terminating sanctions.

17. To the best of my knowledge, I agree that each time entry of mine accurately reflects the amount of time I billed related to bringing the motion for case-terminating sanctions.

18. I personally billed at least 48.9 hours from January 2025 through August 2025 related to bringing the motion for case-terminating sanctions.

19. Based on my review of Perry Law's contemporaneous time records and my personal knowledge of the work performed, it is my professional judgment that the hours set forth above were reasonably and necessarily expended in connection with the Motion, and that the resulting fees are reasonable in light of the scope and complexity of the work and the volume of filings generated by Wigdor's and Plaintiff's opposition practice.

*[signature page follows]*

5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York, on June 4, 2026.

By:    E. Danya Perry
       E. DANYA PERRY PLLC
       445 Park Avenue, 7th Floor
       New York, NY 10022
       (212) 213-3070

       *Counsel for Defendant Leon Black*