UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JANE DOE,

                  Plaintiff,                             23-CV-6418 (JGLC)

        v.

LEON BLACK,

                  Defendant.

-------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF NON-PARTIES WIGDOR LLP AND
## JEANNE M. CHRISTENSEN'S MOTION FOR RECONSIDERATION

**LAW OFFICES OF MICHAEL S. ROSS**
**ONE GRAND CENTRAL PLACE**
**60 EAST 42ND STREET**
**FORTY-SEVENTH FLOOR**
**NEW YORK, NEW YORK 10165**

*Counsel to Non-Parties Wigdor LLP &*
*Jeanne M. Christensen*

1

**PRELIMINARY STATEMENT**

Defendant's Consolidated Response (ECF No. 433) ("Response") fails to acknowledge the full documentary record on which our motion turns. It advances several flawed arguments – including that the record materials were not before the Court on the underlying motion, and that our motion improperly invokes a literal truth defense. For the reasons set forth below, these arguments lack merit.

## I.    THE DOCUMENTARY RECORD WAS BEFORE THE COURT.

Defendant argues that the Ross Letter and its accompanying documents cannot support reconsideration because they were filed at ECF No. 202 in January 2025, while the sanctions motion was filed at ECF No. 224 in March 2025. Response at 6. That elevates form over substance. This Court should have (and could have) considered, out of fundamental fairness, the Ross Letter, which was docketed in this case. See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice").

By December 17, 2024, this Court had received the underlying JPMC record from Judge Rakoff and had rescheduled the discovery conference to permit review of "the record relating to and underlying Judge Rakoff's sealed decision." ECF No. 182. Defendant's January 15, 2025 pre-motion letter (ECF No. 198) then previewed the sanctions motion. Wigdor filed ECF No. 202 the same day, identifying the Ross Letter (ECF No. 202-2) as the firm's substantive response. The Ross Letter attached the May 20, 2024 letter to Judge Rakoff, the March 1, 2024 letter, and contemporaneous transcript excerpts. The context of Ms. Christensen's statements was reflected in those documents.

Defendant's effort to distinguish Int'l Cargo Loss Prevention, Inc. v. Mediterranean Shipping Co. (USA) Inc., 2024 U.S. Dist. LEXIS 101952 (S.D.N.Y. 2024) (Response at 7), is unavailing. International Cargo and Dubose v. Jiminez, 2023 U.S. Dist. LEXIS 153144 (S.D.N.Y.

Aug. 30, 2023) – confirm that reconsideration is appropriate where docketed materials bearing directly on the issue decided were not considered.    Here, we respectfully submit that reconsideration is warranted given that a fair reading of the documents available to the Court, including the Ross Letter, the December 18 letter and the July 8 hearing transcript, "might reasonably be expected to alter the conclusion reached." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Defendant's related arguments – that the Ross Letter is mere "unsworn, post-hoc advocacy," that the Court did not "overlook" it, and that it "changes nothing" (Response at 6-7) – is mere rhetoric.  The Order found that Ms. Christensen failed to counter Defendant's arguments that she misled the Court.  Op. at 56.  But the Ross Letter addressed those arguments, meaning it was overlooked.  Defendant's contention that the Ross Letter is unsworn advocacy that "changes nothing" (id.) makes no sense – it is the very rebuttal the Order itself found wanting.  Significantly, neither the Court nor Defendant ever objected to the Ross Letter in the form presented to the Court.

## II.    THE DECEMBER 18 SENTENCE WAS NOT A MISREPRESENTATION UNDER RULE 11 OR THE INHERENT-POWER STANDARD.

Defendant argues that literal truth is no defense to misleading a federal court and that our motion invokes a perjury-law standard inapplicable to Rule 11.  Response at 7-9.  Our position, however, is that Ms. Christensen's statements were not misleading given the context the Court already knew.

Here, the Order describes Ms. Christensen as having "lied to this Court about the substance of Ms. Doe's testimony by claiming that Plaintiff *never* said she was the mother of Epstein's children."  Op. at 40 (emphasis in original).  The sentence on which that finding rests – "it is completely false that Plaintiff said she was the mother of Epstein's children and such statements [by Defendant] are reckless and vindictive" – denies a specific proposition Defendant had

3

advanced:  that Ms. Doe was, as a matter of fact, the mother of Epstein's children.  ECF No. 184 at 8.  The Order acknowledges that this denial reflected Ms. Christensen's consistent position.  Op. at 16 ("Ms. Christensen also explained that Plaintiff's claim that Epstein fathered four of her children was merely Plaintiff sharing what Epstein told her, not a representation of the truth."); Op. at 53-54 ("Ms. Christensen believes, as she explained, that Plaintiff was told that information and not that it is true.").

Ms. Christensen does not take the position that the December 18 sentence was misleading-but-literally-true.  Rather, it is her position that the sentence was not utterly lacking in support when read against the position she had consistently maintained (and that the Order itself elsewhere recognizes she took) before Judge Rakoff.  The governing Rule 11 inquiry is whether the lawyer had an objectively reasonable basis for the challenged contention – a different inquiry from the perjury "literal truth" defense Defendant invokes.  See United States v. Mandanici, 729 F.2d 914, 921 (2d Cir. 1984).  Rule 11 reaches misleading factual representations only when "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact…."  Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002).

The record thus forecloses the conclusion that the sentence was a strategic lie aimed at "discredit[ing] Judge Rakoff and cover[ing] for [Ms. Christensen's] evidence-fabricating client."  Response at 8.  Sanctioning Ms. Christensen for restating to this Court the position she had pressed before Judge Rakoff cannot be squared with the Order's own acknowledgement that the position reflects her view of the record.

The cases cited by Defendant (Response at 8-9) are inapposite and involve attorneys whose statements were blatantly false.  See Four Star Fin. Servs., LLC v. Commonwealth Mgmt. Assocs., 166 F. Supp. 2d 805, 806 (S.D.N.Y. 2001) (falsely stating no funds were received when $9.6

4

million of $11.75 million had been repaid); In re Reyes, 651 B.R. 99 (Bankr. S.D.N.Y. 2023) (falsely representing that mortgage payments were being held in escrow); Mata v. Avianca, Inc., 678 F. Supp. 3d 443 (S.D.N.Y. 2023) (submitting non-existent ChatGPT-generated opinions); Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC, 924 F. Supp. 2d 505 (S.D.N.Y. 2013) (falsely claiming a need to appear for trial in another city); Rankin v. City of Niagara Falls, 569 F. App'x 25, 26-27 (2d Cir. 2014) (obtaining extensions by representing substantive opposition was forthcoming, then conceding none could be filed).  These cases belie Defendant's position.

### III.    THE FINDINGS CONCERNING THE JULY 8 HEARING ARE NOT SUPPORTED BY THE DOCUMENT ON WHICH THE ORDER RELIES.

Defendant argues that the Order's findings concerning the July 8 hearing are correct on the grounds that "Christensen requested an examination without class counsel present" and that "the Claims Administrator told Judge Rakoff that she received Christensen's permission for him to ask questions of Doe while Christensen was not present."  Response at 11-12.  This argument ignores the actual findings made by this Court.

The Order treats Ms. Christensen's March 1, 2024 letter (ECF No. 233-8) as evidence that she "indicated that she thought an examination by only Judge Rakoff, outside of the presence of Class Counsel *or counsel for Defendant*, would be preferable."  Op. at 37 (emphasis added).  The text of the letter expresses exactly the opposite: "We are willing to appear personally before the Court *with our client*, along with her adoptive parents, *provided no one else is present* outside of the Claims Administrator."  ECF No. 233-8 at 3 (emphasis added).

The Claims Administrator's subsequent representation that she received Ms. Christensen's "permission to proceed in that manner" (Op. at 18) does not meaningfully address the issue.  Ms. Christensen was told that unless she and her Firm agreed to not be present in the room, Judge Rakoff would not ask additional follow-up questions and thus reduce Ms. Doe's allocation.  Ross

Letter at 5. Acquiescence under that ultimatum cannot fairly be read as antecedent consent – much less as transforming Ms. Christensen's later, accurate description ("without permitting her counsel to be present") into a misrepresentation.

Defendant separately defends the questioning on the ground that "every question Judge Rakoff asked went to Doe's story or her credibility." Response at 12. But Ms. Christensen did not assert the questions were irrelevant. She asserted they had "zero connection to *Epstein, Ghislaine Maxwell or what the Claims Administrator had reviewed* to render her allocation award." ECF No. 184 at 4 (emphasis added). The transcript supports that narrower contention.

Defendant's footnote 2 argues the Court "knew exactly what Christensen said" because it "quoted [her] statement verbatim." Response at 12 n.2. But the verbatim quotation appears in the Order's recitation at page 21. The misrepresentation finding, however, appears at page 38, where the Order paraphrases the sentence into a broader contention Ms. Christensen did not make – that Judge Rakoff's questions "had no connection to the case." Op. at 38. The recitation at page 21 does not cure the paraphrased finding at page 38. See StreetEasy, Inc. v. Chertok, 752 F.3d 298, 307-09 (2d Cir. 2014) (vacating Rule 11 sanctions where the district court mischaracterized the sanctioned party's actual contention).

### IV. THE FIRST AMENDED COMPLAINT ("FAC") FINDING DOES NOT REST ON A STATEMENT MS. CHRISTENSEN ACTUALLY MADE.

Defendant's defense of the FAC finding rests on the Court's identification of "three specific examples of amendments that directly responded to testimony before Judge Rakoff." Response at 12. But Defendant does not address the actual text of Ms. Christensen's October 4, 2024 letter (ECF No. 110) – which the Court found to contain false statements. Ms. Christensen did not dispute that the First Amended Complaint reflected changes responsive to journal entries that surfaced in the JPMC proceeding. What she disputed is Defendant's specific theory of a

"conspiracy" connecting the amendment to the JPMC Action.  ECF No. 110 at 4 ("Black contends that Plaintiff's proposed amended complaint, ECF 103 is part of another conspiracy concerning an entirely separate action before Judge Rakoff.").  Ms. Christensen rejected that accusation and explained that the changes reflected journal records uncovered after the filing of the initial Complaint.  Id.  The denial of a "conspiracy" theory cannot, by paraphrase, be converted into a denial that the amendment had "anything to do with" the JPMC Action.  Op. at 40.  Defendant's appeal to circumstantial inference (Response at 13) does not rescue the finding:  an inference cannot supply a statement Ms. Christensen never made.

### CONCLUSION

For the reasons stated above, we respectfully request that the Court grant reconsideration.

Dated: New York, New York
       May 28, 2026

                              Respectfully submitted,


                              By:    /s/Michael S. Ross
                                     Michael S. Ross

                                     /s/Eugene Gormakh
                                     Eugene Gormakh

                              Law Offices of Michael S. Ross
                              One Grand Central Place
                              60 East 42nd Street
                              Forty-Seventh Floor
                              New York, New York 10165
                              Tel. (212) 505-4060
                              michaelross@rosslaw.org
                              eugenegormakh@rosslaw.org

                              *Counsel to Non-Parties Wigdor LLP
                              and Jeanne M. Christensen*

7

**<u>CERTIFICATE OF WORD COUNT COMPLIANCE</u>**

I, Eugene Gormakh, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rules 6.3 and 7.1(c) that the annexed Memorandum of Law was prepared using Microsoft Word and contains 1,700 words as calculated by the application's word-counting function, excluding the parts of the Memorandum exempted by Local Civil Rule 6.3.

I certify under penalty of perjury that the foregoing statements are true and correct. Executed this 28th day of May, 2026, in New York, New York.

        <u>/s/Eugene Gormakh</u>
        Eugene Gormakh