quinn emanuel trial lawyers | new york

295 Fifth Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
**michaelcarlinsky@quinnemanuel.com**

August 10, 2026

The Honorable Jessica G. L. Clarke
United States District Judge
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:     *Jane Doe v. Leon Black*, 1:23-cv-06418-JGLC

Dear Judge Clarke:

We write on behalf of Defendant Leon Black in response to the letter filed by non-party Wigdor LLP ("Wigdor") on August 7, 2026.  ECF No. 467.  Wigdor's letter is an improper supplemental opposition[1] and marks yet another attempt to persuade the Court to revisit its ruling that Wigdor "must pay Defendant's reasonable attorneys' fees and costs in bringing [the sanctions motion]."  ECF No. 388 at 2.  The Court rejected Wigdor's prior attempt when it denied Wigdor's motion for reconsideration, ECF No. 439; the same should result here.  Indeed, Mr. Black's fees application has been fully briefed for six weeks.  ECF Nos. 441, 456, 458.  Further, none of the material Wigdor invokes in its latest attempt to avoid accountability—Mr. Black's voluntary appearance before the House Oversight Committee, his response to the Committee's subpoena, or the public report Wigdor attaches—bears on the only relevant question: the amount of fees Mr. Black is owed.

More fundamentally, the Wyden report does not even identify anything new concerning Mr. Black's relationship with Jeffrey Epstein.  That Mr. Black paid Epstein over $100 million for tax and estate planning advice has been public since January 2021.  Indeed, it was at Mr. Black's own request that Apollo Global Management's Conflicts Committee commissioned an independent review of that very issue by Dechert LLP.  Dechert examined more than 60,000 communications and interviewed more than twenty individuals, and it found no evidence that Mr. Black was involved in any way with Epstein's criminal activities at any time, and no evidence

---

[1]  The Court's Individual Rules and Practices in Civil Cases, Rule 4(b), provide that "[s]urreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)."

that Mr. Black ever compensated Epstein for anything other than legitimate advice on trust and estate planning, tax, and similar matters.  *See* Apollo Global Mgmt., Inc., Current Report (Form 8-K), Ex. 99.1 (Jan. 25, 2021).

Wigdor's letter is yet another frivolous attempt to avoid accountability for the severe ethical violations and misconduct for which the Court has already sanctioned it, and to smear Mr. Black by laundering irrelevant allegations through judicial filings.  Mr. Black respectfully reiterates his request that the Court award the $1,622,916.70 sought in his fee application or, in the alternative, appoint a special master under Rule 53 to review counsel's unredacted invoices *in camera*.

Respectfully submitted,

*/s/ Michael B. Carlinsky*

Michael B. Carlinsky

2