PERRY LAW

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

September 8, 2026

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150
Email: ClarkeNYSDChambers@nysd.uscourts.gov

**Re: *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC – Response to ECF Doc. No. 472**

Dear Judge Clarke:

We write on behalf of Defendant Leon Black in response to the letter filed by Wigdor LLP ("Wigdor") on September 4, 2026. ECF Doc. No. 472. Wigdor's letter is triply offensive: *First*, it is yet another improper sur-reply, submitted without leave or even an attempt to demonstrate good cause, in violation of Rule 4(b) of Your Honor's Individual Rules and Practices in Civil Cases. Wigdor already tried this same tactic once before, *see* ECF Doc. No. 467, and was put on notice of its impropriety, *see* ECF Doc. No. 467 at 1 n.1—it has no excuse this time.

*Second*, Wigdor's letter does not have even the most attenuated relevance to Mr. Black's fee application. ECF Doc. No. 440. Mr. Black's recently filed lawsuit was a legitimate and proper response to the House Oversight Committee's facially overbroad subpoenas—including a request for "*All* non-disclosure agreements to which [he] is a party" (emphasis added)—that exceed the scope of its delegated authority and lack sufficient connection to any valid legislative purpose. What, exactly, that has to do with the amount of Mr. Black's "reasonable attorneys' fees and costs"—which the Court ordered Wigdor to pay as a sanction, ECF Doc. No. 388 at 2—is never explained.

*Third*, Wigdor's letter reeks of bad faith. Wigdor's reliance on insinuation and innuendo, and inclusion of assertions that have no relevance to any issue *in this lawsuit*, let alone Mr. Black's fee application, make clear that it was intended to score a cheap press hit and to launder irrelevant smears through the judicial system.

At base, Wigdor's letter is just another attempt to relitigate the Court's well-reasoned ruling, based on an extensive record and detailed factual findings, that Wigdor "must pay Defendant's reasonable attorneys' fees and costs in bringing [the sanctions motion]." ECF Doc. No. 388 at 2. The Court already denied Wigdor's motion for reconsideration of that ruling, ECF Doc. No. 439; it should reject Wigdor's attempts at further bites at the apple through these continued collateral attacks.

We thank the Court for its attention to this matter.

Respectfully submitted,

*_/s/ E. Danya Perry_*

E. Danya Perry