WIGDOR.

**Michael J. Willemin**
mwillemin@wigdorlaw.com

September 17, 2026

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Doe v. Black*, Case No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

We write as a follow up to Wigdor LLP's ("Wigdor") letters of August 7 and September 4, 2026 (the "Supplemental Letters"), which were submitted in furtherance of Wigdor's opposition to Defendant Leon Black's application for attorneys' fees (the "Opposition" to the "Application"). See Dkt. Nos. 440, 456, 467 and 472.[1]

On September 15, 2026, the House Committee on Oversight and Government Reform (the "Committee"), which is investigating Jeffrey Epstein and the operation of sex trafficking rings generally, unanimously voted, on a bipartisan basis, to advance a resolution recommending that the United States House of Representatives (the "House") hold Leon Black in contempt of Congress for refusing to comply with duly issued subpoenas and "hindering" the Committee's investigation into "the federal government's investigation of Epstein and Maxwell, the circumstances and subsequent investigations of Epstein's death, the operation of sex-trafficking rings and ways for the federal government to effectively combat them, ways in which Epstein and Maxwell sought to curry favor and exercise influence to protect their activities, and potential

[1] This and the Supplemental Letters are not properly viewed as a sur-reply, as none are submitted in responses to any new points that were raised in Mr. Black's reply. See Dkt. Nos. 467, 472. Rather, Mr. Black has been engaging in outrageous behavior on an ongoing basis (including post-submission of the Opposition), and we believe that the Court should consider his behavior in connection with his request for approximately $1,700,000 in attorneys' fees. To the extent that the Court views these letters as a sur-reply, we respectfully submit that "good cause" exists for the Court to consider them because Mr. Black's criminal behavior – including now being held in criminal contempt of Congress – is an "extraordinary situation[]." See Your Honor's Individual Rule 4.b.

violations of ethics rules related to elected officials." See https://docs.house.gov/meetings/GO/GO00/20260915/119567/BILLS-119HRXXXih.pdf at p. 5 (last accessed September 17, 2026); https://oversight.house.gov/release/oversight-committee-republicans-and-democrats-hold-leon-black-in-contempt-for-defying-lawful-subpoenas/ (last accessed September 17, 2026); see also Dkt. Nos. 467, 472. Of note, the resolution also asserts that Mr. Black's conduct "is the conduct of someone attempting to shield relevant information from the Oversight Committee" and that Mr. Black made "false[ ] claim[s]" and statements that were "patently false," "patently untrue" and "simply untrue" in his response to the Committee's subpoenas and public statements concerning the same. See https://docs.house.gov/meetings/GO/GO00/20260915/119567/BILLS-119HRXXXih.pdf at pp. 12, 19, 20, 21 (last accessed September 17, 2026).

The next day, September 16, 2026, the House unanimously agreed to hold Black in criminal contempt of Congress. See https://www.nytimes.com/2026/09/16/us/politics/leon-black-contempt-congress.html (last accessed Sept. 17, 2026). Mr. Black is the first witness the House has held in contempt in connection with the Committee's investigation. The citation amounts to an official recommendation that the Justice Department bring federal charges against Mr. Black, and a Justice Department spokesperson has said that the referral of Mr. Black is under review. See https://www.theguardian.com/us-news/2026/sep/16/leon-black-contempt-congress-epstein (last accessed September 17, 2026).

As explained in the Supplemental Letters, Mr. Black's continuing misconduct – misconduct for which he has now been held in criminal contempt of Congress – lends credibility to Wigdor's Opposition, particularly Wigdor's argument that reimbursing Black for legal fees would be inequitable and would not accomplish the goal of the sanction at issue. This is especially so given that Mr. Black, at the same time as his Application is pending, is not just hindering a Congressional investigation into sex trafficking, but is affirmatively making false statements in response to duly issued subpoenas and about the Committee's investigation.

Finally, we respectfully request that the Court consider the fact that Mr. Black is using the Court's sanctions order to attack Congress' decision to hold him in criminal contempt. Indeed, after being held in contempt, Mr. Black's counsel issued a statement that repeatedly invokes this Court's decision while falsely suggesting that Wigdor is feeding information to the Committee. See https://finance.yahoo.com/economy/policy/articles/statement-leon-black-attorneys-committee-214000292.html (press release of Susan Estrich stating, *inter alia*, "Ranking Member Garcia is spouting hate-filled lies about Mr. Black in the media and at every opportunity. He's relying on information from the Wigdor Law Firm, whose actions of lying, fabricating, and destroying evidence in their crusade to destroy Mr. Black were sanctioned by a federal judge" . . . "in the other the lawyer, Wigdor and the plaintiff have all been sanctioned"). This statement by Ms. Estrich lends further support for Wigdor's argument that an award of fees is unnecessary because the sanctions order has already accomplished the goal of punishment and deterrence. See Dkt. 456 at p. 25 ("[a]nd Black's counsel wasted no time in reaping what it believed to be the positive outcome of the Order, with Estrich issuing a long statement celebrating the result").

Again, we respectfully submit that these most recent events further support Wigdor's position that justice would not be served by awarding Mr. Black fees in connection with his Application, and that, if any award is made at all, it should be to the Court or a *pro bono* legal service

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin

cc: All counsel of record (*via* ECF)