PERRY LAW

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

September 22, 2026

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150
Email: ClarkeNYSDChambers@nysd.uscourts.gov

**Re: *Jane Doe* v. *Leon Black*, 1:23-cv-06418-JGLC – Response to ECF Doc. No. 474**

Dear Judge Clarke:

We write on behalf of Defendant Leon Black in response to the letter filed by Wigdor LLP ("Wigdor") on September 17, 2026. ECF Doc. No. 474. Wigdor's letter is yet another desperate attempt to deflect responsibility and evade the consequences of its egregious misconduct. Tellingly, Wigdor make no effort to defend its conduct—which Your Honor has already held warranted substantial sanctions: "Wigdor *must* pay Defendant's reasonable attorneys' fees and costs in bring [the Sanctions] Motion." ECF Doc. No. 388 at 2 (emphasis added). Instead, it continues to obfuscate the issues and assert the same meritless arguments it made in its opposition to Mr. Black's fee application.

Wigdor's latest letter has no relevance to Mr. Black's fee application—full stop. That application is fully briefed, and the only relevant question before Your Honor is the amount of Mr. Black's reasonable attorneys' fees. Indeed, Wigdor's letter does not even concern Mr. Black's conduct; it merely reports what Congress has done. Wigdor does not, and cannot, explain how the actions of a third party have any bearing on the amount of Mr. Black's reasonable attorneys' fees (it even concedes that it is not addressing any point raised in Mr. Black's reply brief, ECF Doc. No. 474 at 1 n.1). And once again, Wigdor has filed similar letters in other actions, making radically different arguments about the supposed relevance of the same information. *See* NYSCEF Doc. No. 229, *Black v. Ganieva*, Index No. 654108/2022 (Sup. Ct. N.Y. County Sept. 18, 2026). Wigdor's spaghetti-at-the-wall tactics—shoehorning the same irrelevant material into multiple cases with disparate arguments about relevance—show that its arguments here are pretextual.

We ask that the Court put an end to these letters. Mr. Black's sanctions motion was granted months ago, and Wigdor's motion for reconsideration was denied. Mr. Black's fee application has been fully briefed since June. Wigdor's supplemental letters are entirely unnecessary and a waste of the Court's and the parties' time and resources. We respectfully request that the Court prohibit any further submissions on the Court's sanctions order or Mr. Black's fee application without prior leave.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ E. Danya Perry*
E. Danya Perry