UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jane Doe,

Plaintiff,

Case No. 1:23-cv-06418-JGLC

- against -

Leon Black,

Defendant.

---

Jane Doe
P.O. Box 286
Haymarket, VA 20168
Email on File
Phone on File

October 6, 2026

Via Email To: Pro Se Intake

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

Plaintiff respectfully writes concerning the ongoing redaction and unsealing process and the Court's October 16, 2026 deadline. Plaintiff respectfully requests that the Court seek pro bono counsel solely for the limited purpose of assisting her with implementation of the Court's unsealing and redaction directives so that she may continue participating meaningfully in the process the Court has directed.

Plaintiff does not seek counsel for the underlying action, her pending appeal, or any other matter. She seeks assistance only with the present process, including determining the universe of materials encompassed by the Court's Order, reviewing proposed redactions, conferring with counsel regarding disputed redactions, and, if necessary, presenting unresolved issues to the Court. Plaintiff respectfully proposes that any representation terminate upon completion of that process.

This request is materially narrower than Plaintiff's prior request for counsel. *See* ECF No. 258. The sanctions motion has now been decided. Plaintiff also recognizes that the Court previously advised her that a request for disability accommodation must identify with specificity the particular relief sought. *See* ECF No. 315. It is only through attempting to carry out the present review that Plaintiff has become able to identify both the particular difficulty she is experiencing and the limited assistance that would permit her to participate effectively.

Plaintiff has autism and PTSD, both documented in the record. Supporting medical and other evidence is already before the Court under seal, and Plaintiff respectfully relies upon that record without restating confidential medical information publicly. If the Court requires additional information concerning this request, Plaintiff respectfully asks to provide it through an appropriate protected procedure.

Plaintiff's autism does not prevent her from understanding information or making her own decisions. It does, however, materially affect how she processes complex, ambiguous, rapidly changing, and socially mediated information. Plaintiff functions best when expectations are explicit and she has sufficient time to review information sequentially and compare what she is being told against the underlying materials. Real-time adversarial interaction involving competing interpretations and consequential decisions presents particular difficulty.

Plaintiff initially understood the parties' process to mean that Defendant would conduct an initial review of the materials subject to the Court's unsealing directive and provide proposed redactions, after which Plaintiff would review those proposals for additional information requiring protection. She did not understand that her review would also require her to evaluate differing interpretations concerning the scope and implementation of the Court's Order.

Plaintiff respectfully wishes to explain the timing of this request. During the stay, Plaintiff had been provided a list identifying materials anticipated for the redaction and unsealing process, and understood that her principal litigation obligation during that period was preparation of her pending Second Circuit briefing while continuing to review the materials as appropriate. When the stay was lifted, Plaintiff promptly contacted Defendant's counsel concerning how the redaction process should proceed. Following discussions between the parties, Defendant undertook the initial redaction review, with the resulting materials to be provided to Plaintiff on September 17, 2026, for her review and response. Plaintiff received those proposed redactions on September 17 and then began the document-by-document review that has given rise to the present request.

Upon receiving and reviewing the materials, Plaintiff discovered that the task was substantially larger and more complicated than she had understood. The materials encompassed thousands of pages across numerous filings and attachments, including extensive materials originating in the separate JPMC proceedings. Plaintiff nevertheless began reviewing them and has continued communicating questions in order to continue to provide proposed redactions.

Through that review, questions arose concerning the scope of the Court's directive, materials appearing in multiple places in the record, documents Plaintiff had not previously possessed, third-party and identifying information, and materials concerning events of which Plaintiff lacks firsthand knowledge. Most recently, Defendant clarified that it had supplemented the original list because it interpreted the Court's Order to encompass additional materials it considered “relevant to” the sanctions motion.

Plaintiff does not raise that explanation to challenge Defendant's good faith or to relitigate any underlying issue. Rather, it clarified that this process requires not merely reviewing proposed redactions, but navigating legal interpretations and adversarial judgments concerning the scope and implementation of the Court's Order.

Plaintiff recognizes that further discussion with Defendant may assist her in understanding Defendant's position. Her difficulty, however, is no longer simply understanding what Defendant's position is. It is determining independently and responsibly what Plaintiff should agree to where the parties' positions differ, particularly concerning materials she did not create or contemporaneously possess and events of which she lacks firsthand knowledge. Defendant's counsel cannot provide Plaintiff independent legal advice concerning those questions.

Plaintiff appreciates counsel's offer to discuss her concerns by telephone and does not question the sincerity of that offer. A telephone conference may assist Plaintiff in better understanding Defendant's position, but it cannot provide the independent legal guidance necessary for Plaintiff to determine what position she herself should take. Because of Plaintiff's disability-related processing limitations, real-time discussion of disputed legal and factual questions also presents particular difficulty and does not permit her to review the relevant materials and consequences before responding.

Plaintiff has tried very hard to perform this review herself. That effort has demonstrated that this is not a difficulty she can overcome simply by working longer or trying harder. As a non-lawyer proceeding pro se, she lacks independent legal guidance to distinguish among the Court's requirements, the parties' respective interpretations, and the consequences of disclosure across thousands of pages of highly sensitive material. Because of the interaction between Plaintiff's disabilities and this particular task, she cannot reliably navigate that process without limited independent legal assistance.

The present process has also significantly exacerbated Plaintiff's PTSD symptoms and is causing serious physical and psychological consequences. Plaintiff raises this not to avoid the Court's Order, but because she wants to remain able to participate and complete the process responsibly.

Plaintiff therefore respectfully requests that the Court seek pro bono counsel solely through completion of the redaction and unsealing process. Plaintiff does not seek substitution of another person's judgment for her own; she seeks limited independent assistance that will allow her to exercise her own judgment meaningfully.

Plaintiff raises this request now, before the October 16 deadline, rather than continuing without assistance until she is unable to complete the process responsibly. She continues reviewing and organizing the materials to the extent she is able and is not presently requesting an extension of the October 16 deadline. Because that deadline is approaching, Plaintiff respectfully requests expedited consideration.

Plaintiff is not asking to withdraw from the redaction process. She is asking for the assistance necessary to remain meaningfully in it.

Plaintiff sincerely appreciates the Court's consideration. It was only through attempting in good faith to carry out the present review that Plaintiff became able to identify with specificity both the disability-related limitation she is experiencing and the narrowly tailored assistance that she believes will allow her to continue participating fairly and responsibly.

Respectfully submitted,

/s/ *Jane Doe*
Jane Doe
Plaintiff, *Pro Se*