UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jane Doe,

Plaintiff,

Case No. 1:23-cv-06418-JGLC

- against -

Leon Black,

Defendant.

---

Jane Doe
P.O. Box 286
Haymarket, VA 20168
Email on File
Phone on File

October 6, 2026

Via Email To: Pro Se Intake

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC
ECF No. 477

Dear Judge Clarke:

Plaintiff respectfully writes concerning Defendant's October 5, 2026 notice at ECF No. 477 regarding the screening of incoming Quinn Emanuel associate Katarina Krasulova pursuant to New York Rule of Professional Conduct 1.12.

On October 5, Quinn Emanuel separately provided Plaintiff with a written notice concerning the same screening procedures. That notice expressly requested that Plaintiff provide prompt input regarding the adequacy of those procedures. Plaintiff does not attach that correspondence because it was sent directly to her in connection with that invitation, and Plaintiff does not wish unnecessarily to place direct communications between the parties on the public docket. Plaintiff is, of course, happy to provide the original notice to the Court through whatever appropriate procedure the Court directs if the Court wishes to review it.

Plaintiff does, however, believe the Court should be aware that the information provided to Plaintiff differs materially from ECF No. 477.

Most significantly, ECF No. 477 informs the Court that Quinn Emanuel "has screened" Ms. Krasulova, "has imposed" the screening conditions, "has instructed" relevant personnel, and "has implemented" the procedures. The notice provided to Plaintiff states instead that Quinn Emanuel "will screen" Ms. Krasulova, "will impose" the conditions, "will instruct" relevant personnel, and "are implementing" the screening procedures. Both notices are dated October 5 and state that Ms. Krasulova has already joined Quinn Emanuel.

The notices also characterize Ms. Krasulova's prior involvement differently. ECF No. 477 states that Ms. Krasulova "worked personally and substantially on matters related to" this action. The notice provided to Plaintiff states more generally that she "had involvement in matters related to Doe v. Black."

Plaintiff does not presently allege that Ms. Krasulova communicated confidential information to Quinn Emanuel or that the screen has been breached.

Plaintiff's concern is much narrower. Quinn Emanuel expressly asked Plaintiff to provide prompt input concerning the adequacy of the screening procedures, while the Court appears to have been provided a materially different description of both the status of those procedures and the extent of Ms. Krasulova's prior involvement. Plaintiff does not understand how she can meaningfully assess the adequacy of the screen without first bringing that discrepancy to the Court's attention.

Plaintiff is proceeding pro se and does not believe she is in an appropriate position to determine for herself what significance, if any, should be attributed to those differences or what inquiry they may warrant. She therefore respectfully brings them to the Court's attention and defers to the Court concerning what inquiry, if any, is appropriate under Rule 1.12.

Plaintiff is not presently asking the Court to determine that the screen is inadequate or to impose any particular remedy. She simply wishes to ensure that the Court is aware that the Rule 1.12 notice provided to Plaintiff differs materially from the notice presently before the Court before Plaintiff responds to Quinn Emanuel's request that she assess the adequacy of those procedures.

Plaintiff respectfully reserves her position concerning the adequacy of the screen pending any clarification the Court deems appropriate and appreciates the Court's consideration.

Respectfully submitted,

/s/ *Jane Doe*
Jane Doe
Plaintiff, *Pro Se*