UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jane Doe,

Plaintiff,

Case No. 1:23-cv-06418-JGLC

- against -

Leon Black,

Defendant.

---

Jane Doe
P.O. Box 286
Haymarket, VA 20168
Email on File
Phone on File

October 12, 2026

Via Email To: Pro Se Intake

The Honorable Jessica G. L. Clarke
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC

Dear Judge Clarke:

I respectfully write under circumstances of exceptional medical urgency to request dismissal of my claims against Defendant with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), immediate relief from the October 16, 2026 redaction deadline, and a Court-directed means of implementing the anonymity, confidentiality, and privacy protections previously ordered in this action without requiring my further personal participation.

After approximately eighteen months of sustained efforts to litigate without counsel, including substantial appellate proceedings, my condition has deteriorated to the point that further participation presents a grave risk to my health and life. I am presently safe and supported because I have stopped reviewing the traumatic litigation materials. I cannot safely resume those activities.

I am not seeking assistance to continue litigating. I am requesting an orderly and permanent conclusion to my participation because I am medically incapable of continuing. My request is not a concession concerning the truth of my allegations, a retraction of my statements, or an acceptance of Defendant's disputed positions; it reflects only the medical reality that I can no longer safely pursue this litigation.

**Medical Necessity**

This request represents a material change from my October 6, 2026 submission, ECF No. 479, in which I sought limited-purpose counsel because I sincerely believed that assistance might enable me to complete the redaction process. That statement accurately reflected my understanding at the time. I have since concluded that neither additional time nor limited assistance can address the medical danger associated with my continued substantive participation.

My former attorneys moved to withdraw on April 4, 2025, and the Court granted withdrawal five days later. I was left to navigate an active motion for case-terminating sanctions, extensive confidential materials, and appellate proceedings without a meaningful transition. As reflected in ECF No. 321, substantial materials, including appellate records, were transferred to me on multiple dates following withdrawal.

Within approximately two weeks, I began advocating for myself before this Court. During the ensuing eighteen months, despite documented disabilities and serious health limitations, I undertook substantial responsibilities, including preparing briefing and a supplemental appendix in Defendant's Second Circuit appeal concerning the New York City Victims of Gender-Motivated Violence Protection Law, No. 25-564. I traveled to New York and personally presented oral argument in December 2025 with disability-related accommodations provided by the Court of Appeals. I subsequently undertook the present appeal, No. 26-1320, concerning aspects of this Court's sanctions and unsealing rulings.

My ability to undertake these responsibilities should not be mistaken for evidence that I can safely continue doing so. I am autistic and live with severe post-traumatic stress disorder, as documented in the record. As explained in ECF No. 479, these conditions do not impair my ability to understand information, exercise independent judgment, or make informed decisions. They do, however, materially affect my ability to process complex, ambiguous, rapidly changing, and socially mediated information under adversarial pressure.

The redaction process requires precisely those functions while exposing me to thousands of pages containing graphic accounts of sexual trauma, intimate medical and familial information, third-party disclosures, and materials originating in separate confidential proceedings. Many documents were neither submitted nor authorized by me, were not contemporaneously in my possession, or had never previously been available for my review. I have nevertheless been expected to evaluate their origins and context, assess former counsel's representations, interpret disputed Court directives, identify potentially irreversible disclosures, and negotiate consequential redaction decisions.

The procedural imbalance compounds these demands. Defendant's October 9 correspondence identifies seven attorneys across three firms—Danya Perry LLP, Quinn Emanuel Urquhart & Sullivan LLP, and Estrich Goldin LLP—while I remain a single, unrepresented litigant with documented disabilities. Defendant's counsel can distribute responsibility for legal interpretation, document review, and protecting their client's interests. I cannot. This is not a generalized objection to Defendant's representation, but a concrete procedural burden with potentially irreversible consequences for my anonymity and safety.

I nevertheless attempted in good faith to comply, transmitting proposed redactions acknowledged by opposing counsel on October 9 and participating in extensive correspondence concerning the Court's directives. These efforts demonstrate my willingness to fulfill my obligations, not my present ability to continue. The cumulative exposure to experiences underlying my PTSD, coupled with responsibility for preventing irreversible disclosures and conducting adversarial negotiations, has caused serious psychological and physical deterioration.

My treating physician has expressed serious concern about the effects of this litigation over an extended period and has repeatedly advised that I disengage. I continued because I believed I had obligations I could not abandon and feared the legal, personal, and safety consequences of stopping. Continued participation now presents a serious risk of acute psychiatric crisis, including suicide. This is not rhetoric, frustration, or an attempt to obtain a litigation advantage.

It is a genuine medical and safety concern recognized by those closest to me. My physician is preparing documentation of my present incapacity, which I respectfully request permission to submit under seal or through another appropriately protected procedure. Again, I am presently safe and supported because I have stopped the activities contributing to my deterioration. That separation is necessary to my safety; it does not mean I can resume those activities. The medical necessity is cessation of my participation, not additional time in which to continue it.

I respectfully request dismissal of my claims against Defendant with prejudice pursuant to Rule 41(a)(2). My decision is final. I do not seek monetary recovery, further adjudication, or an opportunity to recommence these claims. In considering voluntary dismissal, courts in this Circuit examine the plaintiff's diligence, the progress of litigation, whether the request is vexatious, potential prejudice to Defendant, and the adequacy of the explanation for dismissal. *See Zagano v. Fordham University,* 900 F.2d 12, 14 (2d Cir. 1990); *Camilli v. Grimes*, 436 F.3d

120, 123–24 (2d Cir. 2006).

My sustained efforts to prosecute this action without counsel, documented medical deterioration, and permanent decision to withdraw provide a substantial and legitimate basis for dismissal. I seek neither delay nor tactical advantage.

As the Court observed in ECF No. 388, relatively little discovery had occurred: Defendant had not produced a page in discovery, and I had not deposed Defendant or other witnesses. Continuing this action would therefore require substantial additional factual development and adversarial litigation without a predictable endpoint. I am medically incapable of undertaking that process.

Dismissal should not be construed as a concession that my allegations were untrue, acceptance of disputed findings, endorsement of every representation independently made by former counsel, or consent to Defendant's proposed redactions. I cannot personally affirm every characterization concerning proceedings or materials I did not possess for contemporaneous review. This clarification does not retract my own truthful statements. Nor do I intend dismissal of my claims against Defendant to release or adjudicate legally distinct claims, if any, against former counsel or nonparties. I respectfully request that any dismissal order be limited accordingly and not conditioned upon additional substantive litigation, attorneys' fees, or costs that would require my continued participation.

**Anonymity and Unsealing**

The October 16 deadline requires immediate attention. I recognize that this Court has ordered certain documents unsealed and that the Second Circuit declined to continue the stay. I do not seek to disregard those rulings. I ask that my medical incapacity not be treated as consent to Defendant's proposed redactions or forfeiture of protections previously ordered.

The Court has repeatedly recognized and preserved my anonymity. ECF No. 16 permitted me to proceed anonymously under *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). ECF No. 106 expressly recognized that identifying information could be reverse-engineered to determine my identity and protected information beyond my name, including family relationships, social-media activity, country of origin, medical information, and other identifying details. ECF No. 388 again preserved my anonymity while directing additional unsealing.

These protections cannot be implemented merely by removing names. Identifying information is dispersed across hundreds of documents and thousands of pages, and seemingly innocuous details may collectively reveal my identity or that of others.

The consequences of error are not abstract. As documented in ECF No. 263 and subsequent submissions, I have experienced repeated unsolicited contacts from incarcerated individuals, sought assistance from correctional authorities, and repeatedly reported my safety concerns to

the Court. In May 2026, the Court acknowledged a journalist's stated intention to identify me publicly. *See* ECF No. 396. My identity was subsequently published with personal and familial information, and additional identifying details have circulated elsewhere. My updated contact log records 50 contact events since May 2025, including repeated contacts and unidentified calls, with the most recent inmate contact request received on October 11, 2026 at 10:52 pm.

I do not attribute these contacts or publications to Defendant. Their occurrence nevertheless demonstrates why unresolved identifying information requires careful scrutiny before irreversible public disclosure.

My concerns are not with the principle of public access or lawful unsealing, but with the manner in which the Court's confidentiality and anonymity protections are being implemented. I have identified serious, unresolved concerns regarding Defendant's proposed redactions, yet my documented disabilities and present medical incapacity prevent me from continuing to negotiate these consequential disclosures directly with opposing counsel, whose interests are fundamentally adverse to mine.

The stakes of these decisions extend well beyond the courtroom. In high-profile sexual-assault proceedings, deeply sensitive information can be combined with other publicly available details, rapidly disseminated, and amplified in ways that cannot meaningfully be reversed. For survivors already living with profound trauma, the consequences of identification, harassment, and prolonged adversarial proceedings can be psychologically devastating and potentially life-threatening. Having already experienced public identification, repeated unwanted contact, and serious deterioration in my health, I am acutely aware of these risks. Yet I am being required to assume personal responsibility for preventing further disclosures through precisely the adversarial process I am no longer medically capable of navigating.

The scale and changing scope of that process only compound the difficulty. The original spreadsheet identified 150 entries, 107 marked sealed. The expanded spreadsheet identifies 234 entries, 191 marked sealed—an increase of 84 entries without removal of any from the original list. I do not suggest that every addition was improper. Rather, the expansion illustrates that I have been expected to determine not only what information may safely be disclosed, but which materials fall within the Court's unsealing directives in the first instance, while simultaneously safeguarding my anonymity and the privacy of others.

I am not asking that lawful unsealing cease. I am asking that its implementation no longer depend upon my ability to withstand an adversarial process that I am medically incapable of continuing.

Accordingly, I respectfully request immediate interim protection before October 16 to prevent disclosure of materials containing unresolved anonymity, confidentiality, or privacy concerns; relief from further personal document review and adversarial negotiations; and an appropriately

independent procedure for implementing the Court's directives without my further substantive participation.

I also request that the Court or designated independent reviewer receive, through an appropriately protected procedure, the complete thread of more than forty emails with defense counsel concerning the redaction process, together with both spreadsheet versions. These materials document my good faith efforts and questions concerning scope, disputed additions, confidentiality, and identification risks, including matters I maintain remained unanswered or unresolved. Alternatively, I request permission for a neutral designated person to submit these materials on my behalf without requiring further substantive review by me.

I do not seek to obstruct lawful unsealing. I seek to ensure that the Court's existing protections are implemented without requiring me to endanger my health to preserve them. I respectfully request that the Court preserve, to the extent legally permissible, the anonymity and confidentiality protections established in ECF Nos. 16, 106, and 388 notwithstanding dismissal.

In the interest of transparency and an accurate understanding of the existing record, I respectfully request that the Court consider authorizing the preparation of an appropriately redacted version of my prior in camera submission concerning informed consent, confidentiality, and the circumstances of my former representation. That submission contains contemporaneous communications relevant to my understanding of the purposes for which sensitive information was requested, the assurances under which it was provided, and the distinction between my own statements and representations subsequently made by former counsel. Certain communications and disclosures appearing elsewhere in the record may not reflect the surrounding context in which they were originally exchanged. I respectfully believe that permitting an independent reviewer to consider that context would promote a more complete and accurate understanding of the record.

I do not seek reconsideration of the Court's prior findings, further adjudication concerning former counsel, or any additional litigation arising from this request. Nor do I seek to direct or supervise the review myself. I ask only that the Court consider whether relevant portions of the existing submission may be made available through a carefully controlled procedure, with redactions sufficient to protect my anonymity, privilege, confidential information, and the privacy of third parties.

I do not presently authorize disclosure or waive any privilege or protection. Before any material is released, I respectfully request independent privilege and confidentiality review and a Court order specifying the scope, recipients, permitted uses, and safeguards governing disclosure, including consideration of Federal Rule of Evidence 502(d) and any other applicable protections. Any broader disclosure should occur only if the Court determines that the necessary protections can be established.

I also request that any surviving collateral matters be handled, to the extent legally permissible, without requiring further substantive participation by me, and that the Court consider appropriate measures to minimize renewed litigation demands arising from this action. I have a pending appeal before the Second Circuit, No. 26-1320, with my principal brief presently due October 26, 2026. The same medical circumstances prevent me from preparing that brief or continuing the appeal. My decision to end this litigation extends to the appellate proceeding. I intend to seek appropriate relief from the Court of Appeals, including voluntary dismissal under Federal Rule of Appellate Procedure 42(b). I recognize that relief concerning the appeal must come from the Second Circuit. To the extent this Court determines that the appeal limits its authority to grant any requested protection, I respectfully request consideration of an appropriate procedural mechanism, including an indicative ruling under Federal Rule of Civil Procedure 62.1 if necessary, so that corresponding relief may be sought from the Court of Appeals.

Given my present medical incapacity, I respectfully request that the Court accept this correspondence as an emergency application for immediate interim protective relief and dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). To the extent additional formal procedures would ordinarily be required, I respectfully request that the Court exercise its available discretion to modify or accommodate those requirements and establish a means of effectuating dismissal without requiring my further substantive participation. My treating physician is preparing documentation of my medical incapacity, which I will submit promptly through an appropriately protected procedure.

**Requested Relief**

For these reasons, I respectfully request that the Court dismiss my claims against Defendant with prejudice pursuant to Rule 41(a)(2), without extending dismissal to legally distinct claims against former counsel or nonparties. Given the approaching October 16 deadline, I further request immediate interim protection against disclosure of materials containing unresolved anonymity, confidentiality, or third-party privacy concerns, together with relief from any further personal redaction obligations or adversarial negotiations.

I respectfully ask that the Court establish an appropriately independent procedure for implementing its remaining unsealing directives and existing privacy protections without requiring my further substantive participation. Such review should include the complete redaction correspondence, and both versions of the document spreadsheet. My inability to continue proposing individual redactions should not be treated as consent to Defendant's proposals or waiver of protections previously ordered.

I further request permission to submit my physician's forthcoming documentation under seal or through another appropriately protected procedure, and that the Court preserve continuing anonymity, confidentiality, and privilege protections to the extent legally permissible.

Finally, I respectfully request a protected procedure for independent review and consideration of appropriately limited disclosure of my prior in camera submission, without treating this request as authorization to disclose or waiver of privilege.

The imminent deadlines are October 16, 2026, for the district court redaction process, and October 26, 2026, for my principal brief in the pending Second Circuit appeal. I recognize the substantial history of this litigation and the judicial resources devoted to it. I do not make this request lightly. For approximately eighteen months, I have attempted to fulfill responsibilities I never anticipated undertaking without counsel, including appellate briefing and oral argument, sanctions proceedings, extensive confidentiality disputes, and review of exceptionally sensitive materials.

My October 6 letter reflected my determination to find some way to remain in the process. I now understand that there is no medically safe way for me to do so. My decision to end this action is not an attempt to evade responsibility. It is the medically necessary conclusion of efforts I can no longer safely sustain. For the avoidance of doubt, my decision to seek dismissal is not a concession concerning the truth of my allegations, a retraction of my own statements, or an acceptance of Defendant's disputed characterizations or the rulings I have challenged. I remain steadfast in my account. My decision reflects neither a change in that position nor a desire to abandon it, but the medical reality that I can no longer endure the litigation necessary to pursue it. I am not asking for another opportunity to try harder or additional time in which to endure the same process. I am asking to bring my personal participation to a permanent end because continuing presents a serious risk to my health and life.

I respectfully ask that my medical inability to continue not result in forfeiture of the anonymity, confidentiality, and safety protections this Court has repeatedly recognized as warranted.

Thank you for your prompt consideration.

Respectfully submitted,
/s/ *Jane Doe*
Jane Doe
Plaintiff, *Pro Se*