# Exhibit A

**From:** Jane Doe
**To:** Meredith Firetog
**Cc:** Alexander Parachini; Ryan Rakower; E. Danya Perry; Susan Estrich; Jacqueline Stykes; jenniferbarrett; michaelcarlinsky; Louise Kern; Noah Jacobs; Michael J. Willemin
**Subject:** Re: Doe v. Black, 23-cv-6418 - Filing Redacted Submissions
**Date:** Thursday, November 5, 2026 11:00:11 AM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png
image481524.png
image769826.png
image853913.png
image300304.png
image873017.png

---

Dear Counsel,

Thank you for your November 4 correspondence.

I respectfully disagree that ECF 482 necessarily establishes a continuing personal obligation to prepare and submit proposed redactions following the dismissal of this action with prejudice on October 15, 2026 (ECF 485). I recognise that the Court may retain authority over its unsealing directives, but the effect of the dismissal upon my remaining obligations has not been expressly addressed.

As explained in my October 12 submission (ECF 481), I am medically unable to resume substantive document review or adversarial redaction negotiations. My request was for relief from further personal participation and an independent procedure for implementing the Court's existing protections, not additional time in which to continue the same process. That position remains unchanged.

Defendant's October 14 submission (ECF 483) further stated that Mr. Black did not oppose maintaining my anonymity or the then-current sealed status of the relevant docket entries. I understood that representation to be significant in the context of my request for dismissal.

**To Ms. Firetog and Wigdor LLP:**

I must respectfully express my considerable discomfort with both the substance and timing of this renewed request.

The November 4 correspondence was sent at 5:27 p.m. yesterday evening, requesting proposed redactions by the end of today, November 5. Given the dismissal of this action, I am no longer monitoring this email account with the same frequency as during active litigation. Accordingly, the request effectively provides less than twenty-four hours' notice for a process involving thousands of pages, extensive prior correspondence, and substantial unresolved confidentiality concerns. Moreover, as of this writing, Defendant's counsel does not appear to have responded either, further illustrating the exceptionally compressed timeframe afforded to all concerned. Given the circumstances expressly documented in ECF 481, the efforts I previously undertook, and the subsequent dismissal of this action, I do not consider this request reasonable or practicable

I also respectfully draw attention to ECF 471, the August 26, 2026 joint submission concerning the redaction process. That submission expressly described an arrangement under which Defendant and I would review proposed redactions, attempt to resolve disputes, and thereafter provide the resulting documents to Wigdor LLP for filing. Wigdor's request for advance delivery was explained as necessary to coordinate the filing of a substantial volume of documents.

The substantive review contemplated by that arrangement was never completed, and substantial disputes remained unresolved before my medically necessary withdrawal from the process and the subsequent dismissal of this action.

Accordingly, I do not understand ECF 471 to establish that Wigdor LLP may treat the absence of further proposals from me as agreement with any particular redactions or as authorisation to disclose protected information.

I recognise that Wigdor LLP may have obligations arising from the Court's orders. However, those obligations should not be conflated with authority to determine my confidentiality interests or to consent to disclosure on my behalf.

I also do not consider it appropriate to resume substantive discussions concerning the disclosure of highly sensitive information with Wigdor LLP, my former counsel and now a nonparty to the underlying action, particularly given that I intend to pursue separate legal proceedings concerning aspects of that representation. I do not raise those anticipated proceedings as a threat, nor do I seek to litigate their merits through this correspondence. I mention them because they are directly relevant to my decision not to engage in further substantive negotiations with my former counsel.

Wigdor LLP withdrew from representing me on April 9, 2025—**one year, six months, and twenty-seven days ago**—during which time I have proceeded pro se. Despite being left to confront a pending motion for case-terminating sanctions without counsel and with little opportunity to prepare for that transition, I opposed the motion myself, and the Court ultimately **DECLINED** to impose case-terminating sanctions.

Although the firm may possess independent interests in surviving collateral proceedings, it no longer represents me, and I have not authorised it to make confidentiality decisions, consent to disclosures, or otherwise speak on my behalf.

For clarity, I have not coordinated with Wigdor LLP concerning my decision to seek dismissal, the present redaction process following dismissal, or the positions expressed in this correspondence. My decisions and statements are my own. Nothing in my dismissal should be interpreted as reflecting any agreement, understanding, or reconciliation with my former counsel concerning the matters at issue.

I therefore do not accept that my former counsel's independent interests should determine the treatment of my protected personal information or the privacy interests of third parties. I remain particularly uncomfortable communicating directly with Ms. Firetog, Mr. Wigdor, or other representatives of Wigdor LLP concerning these matters.

**To All Counsel:**

Given the involvement of sensitive personal and third-party information, as well as the distinct interests of participants in separate proceedings, I remain concerned that the implementation of the Court's confidentiality protections cannot appropriately depend upon my renewed substantive participation.

I therefore cannot undertake the requested review by November 5. My medical inability to continue is not consent to disclosure, acquiescence in disputed redactions, or waiver of any existing protections.

Counsel may, of course, seek clarification from the Court concerning the continuing operation of its orders. I do not object to that course, but I am not requesting clarification for the purpose of resuming substantive participation. Should any such clarification be sought concerning my confidentiality interests, anonymity, or purported obligations, I expect to receive contemporaneous notice and to be included in the relevant correspondence, consistent with the Court's applicable procedures. I would not consider undisclosed substantive communications concerning those interests appropriate absent express judicial authorisation. I ask that any such request be made transparently, with notice to all persons entitled to receive it, so that there can be no misunderstanding concerning the positions advanced or the process followed.

If Defendant's counsel believes a brief joint procedural letter would be useful, I would be willing to consider one that accurately reflects my position and does not require substantive document review or renewed redaction negotiations. Please use our existing separate correspondence thread for that limited purpose.

I further wish to make clear that my voluntary dismissal with prejudice resolved my claims against Defendant in this action; it was **NOT** a factual retraction of my allegations, an admission of falsity, or a general release of claims

arising from separate, subsequent conduct. I have **NEVER** spoken with Representative Robert Garcia, nor I have not authorised him or anyone else, *no less*, to speak on my behalf and it is truly *disgraceful* to see such a narrative be twisted. Any suggestion that I personally communicated allegations to him, coordinated statements with him, or withdrew my claims because I no longer stood by my account would be contrary to my own knowledge and to the express position set forth in ECF 481.

Therefore, I expressly reserve the right to pursue appropriate legal remedies, including a defamation action where supported under the rules, should any person or entity make materially false and actionable statements concerning me. I intend to address any such statements promptly and with supporting evidence. I also respectfully and kindly urge that, before further public characterisations are advanced concerning me or my former representation, the parties consider the substantial questions of informed consent, confidentiality, and context raised in my prior in camera submission. Any review or disclosure of that submission must occur only through an appropriately protected procedure authorised by the Court, without treating this correspondence as consent to release or waiver of privilege.

I expressly reserve my right to respond promptly and unequivocally to any materially inaccurate, misleading, or incomplete public narrative arising from materials that may subsequently be unsealed or otherwise disclosed. This reservation applies equally to representations advanced by Defendant, my former counsel, or any other participant. Where contemporaneous evidence establishes that statements, communications, or events have been materially mischaracterised or presented without essential context, I intend to correct those representations swiftly, directly, and with supporting documentation, as the rules permit. My decision to discontinue this litigation should not be mistaken for acquiescence in anyone else's account of events, nor for an agreement to remain silent in the face of demonstrable inaccuracies.

I further reserve all rights, objections, claims, and remedies otherwise available under applicable law concerning the disclosure or misuse of confidential information and any resulting harm.
I expressly reject any suggestion that the consequences of the disclosure of sensitive information should be attributed solely, or necessarily, to my decision to bring this action against Defendant. I neither concede nor remotely agree with that characterisation, particularly where the materials at issue originated in separate proceedings before Judge Rakoff and include information concerning third parties whose identities or personal circumstances I did not authorise my former counsel to disclose. The fact that certain materials may have subsequently entered the record in this action does not, in my view, establish that I knowingly consented to their original disclosure, their inclusion in subsequent filings, or their eventual release into the public domain. Nor should my decision to commence litigation be treated as a blanket authorisation for the disclosure of information concerning individuals who did not themselves choose to participate in these proceedings.

I remain particularly concerned that the unsealing of materials originating in separate proceedings may expose identifying information about individuals whose privacy interests extend beyond my own. I do not accept that responsibility for such disclosures, or for any resulting harm, may simply be assigned to me by virtue of having brought this action, particularly where the scope, purpose, and authorisation of the original disclosures remain disputed.

I expressly reserve my right to challenge any improper disclosure, seek appropriate protective or corrective relief, and pursue any claims or remedies available under the applicable rules concerning resulting harm to me or to third parties, to the extent I am entitled to assert them. Where supported by contemporaneous evidence, I intend to take prompt and appropriate action to correct materially inaccurate or misleading representations, provide necessary context, and address any resulting harm, consistent with the governing rules and existing confidentiality protections.

For the avoidance of doubt, nothing in my voluntary dismissal with prejudice, medical inability to continue, or cessation of participation constitutes a factual retraction of my allegations, acceptance of disputed findings, consent to disclosures I did not authorise, acceptance of responsibility for decisions made independently by others, or waiver of any otherwise available rights, claims, objections, or remedies. Any public response will remain consistent with applicable rules, privilege and confidentiality obligations, and the privacy interests of third parties.

I appreciate your attention to these matters.

Regards,
Jane Doe

On Wed, 4 Nov 2026 at 17:27, Meredith Firetog <mfiretog@wigdorlaw.com> wrote:

All:

As we understand it, the Court's October 14, 2026 order extending the deadline with respect to sealed documents until November 6, 2026 (ECF 482) remains in effect. Please provide us with your proposed redactions on the documents by EOD tomorrow, November 5. If you have a different understanding of the Court's orders, we will promptly seek clarification, so please let me know.

Thank you,

Meredith

**Meredith Firetog**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

---

**From:** Meredith Firetog
**Sent:** Monday, August 24, 2026 6:23 PM
**To:** 'Alexander Parachini' <aparachini@danyaperrylaw.com>; Jane Doe <jane.doe06418@gmail.com>
**Cc:** Ryan Rakower <ryanrakower@quinnemanuel.com>; E. Danya Perry <dperry@danyaperrylaw.com>; Susan Estrich <susan@estrichgoldin.com>; Jacqueline Stykes <jacquelinestykes@quinnemanuel.com>; jenniferbarrett <jenniferbarrett@quinnemanuel.com>;

michaelcarlinsky <michaelcarlinsky@quinnemanuel.com>; Louise Kern <lkern@wigdorlaw.com>; Noah Jacobs <njacobs@wigdorlaw.com>; Michael J. Willemin <mwillemin@wigdorlaw.com>
**Subject:** RE: Doe v. Black, 23-cv-6418 - Filing Redacted Submissions

Counsel and Ms. Doe:

In light of the Court's order today, I am re-sending the list of documents per ECF 388 that Wigdor needs to file with the parties' redactions next week. Given the volume of documents, we ask that the parties provide us with one version of each document with all requested redactions by the end of the day on Monday, August 30.

Thank you,

Meredith

---

**From:** Alexander Parachini <aparachini@danyaperrylaw.com>
**Sent:** Monday, August 3, 2026 11:58 AM
**To:** Jane Doe <jane.doe06418@gmail.com>; Meredith Firetog <mfiretog@wigdorlaw.com>
**Cc:** Ryan Rakower <ryanrakower@quinnemanuel.com>; E. Danya Perry <dperry@danyaperrylaw.com>; Susan Estrich <susan@estrichgoldin.com>; Jacqueline Stykes <jacquelinestykes@quinnemanuel.com>; jenniferbarrett <jenniferbarrett@quinnemanuel.com>; michaelcarlinsky <michaelcarlinsky@quinnemanuel.com>; Louise Kern <lkern@wigdorlaw.com>; Noah Jacobs <njacobs@wigdorlaw.com>; Michael J. Willemin <mwillemin@wigdorlaw.com>
**Subject:** RE: Doe v. Black, 23-cv-6418 - Filing Redacted Submissions

Counsel and Ms. Doe,

Counsel for Mr. Black have also reviewed ECF Nos. 405, 406, and 436 and similarly believe that they do not require any redactions.

Best,

Alex

**Alexander Parachini**
Counsel | Perry Law

445 Park Avenue, 7th Floor, New York, NY 10022
212-540-4487 phone 518-527-5218 mobile
aparachini@danyaperrylaw.com email
danyaperrylaw.com website

---

**From:** Jane Doe <jane.doe06418@gmail.com>
**Sent:** Saturday, August 1, 2026 1:13 PM
**To:** Meredith Firetog <mfiretog@wigdorlaw.com>
**Cc:** Ryan Rakower <ryanrakower@quinnemanuel.com>; E. Danya Perry <dperry@danyaperrylaw.com>; Susan Estrich <susan@estrichgoldin.com>; Alexander Parachini <aparachini@danyaperrylaw.com>; Jacqueline Stykes <jacquelinestykes@quinnemanuel.com>; jenniferbarrett <jenniferbarrett@quinnemanuel.com>; michaelcarlinsky <michaelcarlinsky@quinnemanuel.com>; Louise Kern <lkern@wigdorlaw.com>; Noah Jacobs <njacobs@wigdorlaw.com>; Michael J. Willemin <mwillemin@wigdorlaw.com>
**Subject:** Re: Doe v. Black, 23-cv-6418 - Filing Redacted Submissions

Dear Counsel,

I have reviewed ECF Nos. 405, 406, and 436. Because the information contained in these filings has largely been incorporated into the Court's Opinion and Order, I do not have any proposed redactions to these documents.

Thank you.

Kind regards,

Jane Doe

On Fri, 31 Jul 2026 at 14:28, Meredith Firetog <mfiretog@wigdorlaw.com> wrote:

> Counsel and Ms. Doe:
>
> In light of the Second Circuit decision this week, we are following up on proposed redactions identified in ECF 388. I am attaching here a list that should encompass all documents, including those circulated by counsel for Black in the email below.

Additionally, in ECF 439, the Court ordered Wigdor to file redacted, unsealed versions of ECF Nos. 405, 406, and 436 within a week of the lifting of the stay. It is not clear that the Court expects the other documents (those listed in the attached) to be filed on Monday as well, but we can seek clarification from the Court, and expect those will need to be filed as soon as the parties can provide the requested redactions.

At the very least, we need the parties' requested redactions on ECF 405, 406, and 436 by **noon on Monday**. We ask that the parties coordinate with each other to provide us with one version of each document containing all proposed redactions by that time.

Thank you,

Meredith

**Meredith Firetog**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

---

**From:** Ryan Rakower <ryanrakower@quinnemanuel.com>
**Sent:** Tuesday, May 12, 2026 4:44 PM
**To:** Meredith Firetog <mfiretog@wigdorlaw.com>; Jane Doe <jane.doe06418@gmail.com>; E. Danya Perry <dperry@danyaperrylaw.com>; Susan Estrich <susan@estrichgoldin.com>;

Alexander Parachini <aparachini@danyaperrylaw.com>; Jacqueline Stykes <jacquelinestykes@quinnemanuel.com>; Jennifer Barrett <jenniferbarrett@quinnemanuel.com>; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>
**Cc:** Logan Ledman <lledman@wigdorlaw.com>; Noah Jacobs <njacobs@wigdorlaw.com>
**Subject:** RE: Doe v. Black, 23-cv-6418 - Filing Redacted Submissions

Meredith – we believe the below documents should be added. We can prepare redactions consistent with the instructions on pages 74-75 of the Court's sanctions opinion and send to you in advance of your May 21 deadline to file the documents.

- 178-1
- 178-2
- 180-2
- 180-3
- 186-1
- 198-1
- 198-2
- 202-1
- 202-2
- 214
- 215
- 217
- 219-1
- 219-2
- 219-3
- 219-4
- 219-5
- 219-6
- 219-7
- 219-8
- 219-9
- 219-10
- 221
- 222
- 226-1
- 226-3
- 226-4
- 233-2
- 237
- 243
- 245
- 252
- 263
- 272-1
- 272-2

- 272-3
- 272-4
- 272-5
- 272-6
- 272-7
- 272-8
- 272-9
- 272-10
- 272-11
- 272-12
- 272-13
- 272-14
- 272-17
- 272-18
- 272-20
- 272-22
- 283-1
- 283-3
- 283-4
- 283-5
- 283-6
- 289
- 291
- 292 and its exhibits
- 297
- 299
- 301
- 317
- 321
- 328
- 331-1
- 334
- 336
- 338
- 338-1
- 338-2
- 338-3
- 339
- 342
- 346-1
- 346-3
- 346-4
- 347
- 355-1
- 355-3
- 355-4
- 374-1
- 374-2
- 374-3

**Ryan Rakower**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7318 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
ryanrakower@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Meredith Firetog <mfiretog@wigdorlaw.com>
**Sent:** Monday, May 11, 2026 2:27 PM
**To:** Jane Doe <jane.doe06418@gmail.com>; E. Danya Perry <dperry@danyaperrylaw.com>; Ryan Rakower <ryanrakower@quinnemanuel.com>; Susan Estrich <susan@estrichgoldin.com>; Alexander Parachini <aparachini@danyaperrylaw.com>; Jacqueline Stykes <jacquelinestykes@quinnemanuel.com>; Jennifer Barrett <jenniferbarrett@quinnemanuel.com>; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>
**Cc:** Logan Ledman <lledman@wigdorlaw.com>; Noah Jacobs <njacobs@wigdorlaw.com>
**Subject:** FW: Doe v. Black, 23-cv-6418 - Filing Redacted Submissions

**[EXTERNAL EMAIL from mfiretog@wigdorlaw.com]**

---

All: following up on the below. Please get back to us on whether there are any missing documents in this excel, and please also confirm that the parties will send redacted versions of these documents by COB on 5/19.

Thank you,

Meredith

**Meredith Firetog**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

---

**From:** Meredith Firetog
**Sent:** Wednesday, May 6, 2026 3:28 PM
**To:** jane.doe06418@gmail.com; (dperry@perryguha.com) <dperry@perryguha.com>; Ryan Rakower <ryanrakower@quinnemanuel.com>; Susan Estrich <susan@estrichgoldin.com>; Alexander Parachini <aparachini@danyaperrylaw.com>; Jacqueline Stykes <jacquelinestykes@quinnemanuel.com>; Jennifer Barrett <jenniferbarrett@quinnemanuel.com>; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>
**Cc:** Logan Ledman <lledman@wigdorlaw.com>; Noah Jacobs <njacobs@wigdorlaw.com>
**Subject:** Doe v. Black, 23-cv-6418 - Filing Redacted Submissions

Counsel and Ms. Doe,

In ECF 388, the Court directed Wigdor to file redacted versions of all "sealed filings at issue" on or before May 21.  We have created the attached excel document listing the documents we believe constitute all "sealed filings at issue."

Please review the attached list and let us know if you believe we have missed any relevant documents.  If there is not a check in Column C, the document is publicly filed and nothing else needs to be done. There are a handful that are publicly filed and contain redactions that we have flagged, as they need to comply with the Court's directives in ECF 388.

Given the quantity of documents to be filed, we ask that the parties send Wigdor the redacted versions of the documents by COB on May 19, 2026.

Thank you,

Meredith