ZUCKERMAN SPAEDER

Blair G. Brown
PARTNER
Zuckerman Spaeder LLP
bbrown@zuckerman.com
202-778-1829

November 9, 2026

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601

**Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC –**
**Letter-Motion of Non-Party Dana Chasin to Intervene and Unseal**

Dear Judge Clarke:

We represent non-party Dana Chasin. The Court's November 6 deadline for publicly filing the materials related to Defendant's Motion for Case-Terminating Sanctions (the "CTS Filings") passed without compliance. *See* ECF Nos. 482, 489. Mr. Chasin therefore renews his motion to intervene for the limited purpose of seeking the unsealing of the CTS Filings, ECF No. 379, which the Court denied as moot when it ordered those filings unsealed, ECF No. 388 at 75. He asks the Court to direct that redacted versions of those filings be filed promptly.

The Court ordered the CTS Filings unsealed more than six months ago. ECF No. 388 at 72–74. This Court and the Second Circuit each denied a stay pending appeal, ECF Nos. 420, 463, and Plaintiff has since dismissed with prejudice her appeal of the Court's unsealing order. No. 26-1320, Dkt. 37.1 (2d Cir. Oct. 19, 2026). No challenge to the unsealing order remains pending. Yet despite multiple deadline extensions and an order requiring the CTS Filings to be publicly filed by November 6, they remain under seal. *See* ECF Nos. 469, 471, 482.

This state of affairs is untenable. Every day the CTS Filings remain sealed works a fresh First Amendment injury on Mr. Chasin and the public. And nothing that has happened since the Court entered its order—Plaintiff's refusal to participate in the court-ordered redaction process, her dismissal of her claims, or Defendant's apparent acquiescence in continued sealing—has any bearing on the public's right of access or the Court's authority to enforce it.

The First Amendment requires courts to act quickly to ensure timely access to filings to which the right of access attaches. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126

(2d Cir. 2006) ("Our public access cases . . . emphasize the importance of *immediate* access where a right to access is found.") (emphasis added). And, as this Court has recognized, "[t]he public's interest is particularly acute where, as here, other parties have been publicly implicated in Plaintiff's claims." ECF No. 420 at 4 (citing ECF No. 380).

For Mr. Chasin, the harm of continued sealing is obvious: Plaintiff's false claims about him have been public since January, while the evidence undermining her credibility remains sealed. As Mr. Chasin explained in April, Plaintiff's falsehoods have devastated his personal and professional life. ECF No. 380 at 6. Those harms have continued unabated. A policy advisor and political fundraiser, Mr. Chasin was forced to sit out the entire 2026 midterm election cycle because of Plaintiff's lies. As long as the CTS Filings remain under seal, Mr. Chasin's life and work will remain paralyzed by allegations he has had no fair opportunity to refute.

Plaintiff cannot veto the public's right of access by declining to participate in the redaction process. The parties have already received multiple extensions of the filing deadline, even after Plaintiff's unsuccessful appeal delayed unsealing by several months. *See* ECF Nos. 469, 471, 482. Those extensions were meant to give the parties time to implement redactions protecting Plaintiff's privacy, not to allow Plaintiff to suppress the CTS Filings. Indeed, Plaintiff has expressly disclaimed any intent to obstruct the unsealing of the CTS Filings. In seeking dismissal, she told the Court: "I recognize that this Court has ordered certain documents unsealed and that the Second Circuit declined to continue the stay. I do not seek to disregard those rulings." ECF No. 481 at 4. If Plaintiff no longer wishes to participate in the redaction process, that is her prerogative, but it does not alter the public's right of access—or the Court's ability to enforce it without her. On September 17, Defendant transmitted to Plaintiff proposed redactions designed to implement the Court's order. *See* ECF No. 478 at 2. The Court can direct him to apply those redactions and file the CTS Filings without further input from Plaintiff.

Nor does Plaintiff's voluntary dismissal of her claims affect the public's right of access or the Court's authority to order unsealing. "[T]he court's supervisory power [over its own records] does not disappear because jurisdiction over the relevant controversy has been lost. The records and files are not in limbo. So long as they remain under the aegis of the court, they are superintended by the judges who have dominion over the court." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004). A district court that finds a public right of access "acts within its jurisdiction when it modifies or vacates a protective order to allow that access, irrespective of whether it does so before or after a stipulation of dismissal has been filed." *Id.* at 142. Dismissal likewise does not diminish the public's interest: the presumption of access attached to the CTS Filings because they were submitted in connection with a dispositive motion. ECF No. 380 at 9–11; *see also Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019); *Lugosch*, 435 F.3d at 122–23. That does not change simply because Plaintiff's claims are no longer pending.

Finally, Defendant's shifting position on unsealing changes nothing—except to underscore why Mr. Chasin's intervention is needed. *Compare* Opp. to Mot. for Stay Pending Appeal at 9,

*Doe v. Black*, No. 26-1320 (2d Cir. May 15, 2026), Dkt. 13.1 ("Doe should not be permitted to keep the details of her fraud under seal: the public has a right to know now."), *with* ECF No. 483 at 1 (not opposing continued sealing). The right of access belongs to the public, not the litigants, and once found it may be overridden "only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing," *Lugosch*, 435 F.3d at 126, not by the parties' changing and self-interested positions.

Mr. Chasin accordingly requests that the Court (1) grant his motion to intervene for the limited purpose of seeking the unsealing of the CTS Filings; and (2) direct Defendant to publicly file the CTS Filings, redacted as required by ECF No. 388, by Monday, November 16.

Sincerely,

*/s/ Blair G. Brown*

Blair G. Brown
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1829
bbrown@zuckerman.com

*Counsel for Dana Chasin*

cc: All counsel of record (via ECF)
Plaintiff Jane Doe, *pro se* (via email)