ZUCKERMAN SPAEDER

Blair G. Brown
PARTNER
Zuckerman Spaeder LLP
bbrown@zuckerman.com
202-778-1829

November 13, 2026

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601

**Re: *Jane Doe v. Leon Black*, No. 1:23-cv-06418-JGLC – Non-Party Dana Chasin's Response to Wigdor LLP's Extension Request (ECF No. 494)**

Dear Judge Clarke:

On behalf of non-party Dana Chasin, we write in opposition to Wigdor LLP's ("Wigdor") request for a one-month extension of the Court's November 18 deadline to publicly file redacted versions of the materials related to Defendant's Motion for Case-Terminating Sanctions (the "CTS Filings"). ECF No. 494. The Court denied Mr. Chasin's renewed motion to intervene as moot because it had already ordered Wigdor to comply by November 18. ECF No. 492. Because Wigdor's request puts that relief in jeopardy, Mr. Chasin asks the Court to consider this letter.

Wigdor's request should be denied. This process has already dragged on far too long. In April, the Court ordered the CTS Filings unsealed and gave the parties and Wigdor four weeks to redact and file them. *See* ECF No. 388 at 74–75. Nearly seven months later, not one of them has been filed. Some of these documents—including letters submitted to Judge Rakoff in February and March 2024—have now been hidden from public view for more than two and a half years. *See id.* at 75. The filing deadline has been set and reset five times. ECF Nos. 388, 469, 471, 482, 491. Wigdor now asks that it be extended yet again. Doing so would fly in the face of the public's "immediate" right of access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

To begin, Wigdor should have been—and by all indications was—working diligently with the parties to meet the Court's initial May 21 unsealing deadline, which was not administratively stayed until May 18, just three days before the required filing. On May 12, Defendant's counsel wrote to Wigdor: "We can prepare redactions consistent with the instructions on pages 74-75 of

the Court's sanctions opinion and send to you in advance of your May 21 deadline to file the documents." ECF No. 489-1 at 9. And Plaintiff herself told the Second Circuit the next day that "implementation of the district court's unsealing directives is actively underway" and that "[f]ormer counsel and Defendant are currently engaged in the preparation and review of redacted public filings pursuant to the district court's May 21, 2026 deadline." Mot. for Stay at 5, *Doe v. Black*, No. 26-1320 (2d Cir. May 13, 2026), Dkt. 7.1; *see also id.* at 14, 22. If those representations were accurate, Wigdor should be able to file the redacted materials promptly—especially because Wigdor has repeatedly represented that, once it has redactions in hand, it needs only two days to file them. ECF No. 489-1 at 6, 13; ECF No. 470 at 1.

Moreover, even if Wigdor was not prepared to meet the May 21 deadline (though it never sought an extension of it), it does not need to start the review and redaction process from scratch. Wigdor itself compiled and circulated the list of documents to be filed on May 6, and recirculated that list on July 31 and August 24. ECF No. 489-1 at 6–8, 12–13.[1] And the redaction work is already substantially done. Defendant "undertook the initial redaction review" and delivered proposed redactions to Plaintiff on September 17. ECF No. 478 at 2. Wigdor does not mention those proposed redactions in its extension request, much less suggest that it has been unable to obtain them. In any event, the Court can simply direct Defendant to transmit those redactions to Wigdor immediately.

Finally, the equities cut sharply against Wigdor's late-breaking request. Wigdor has been remarkably cavalier about its duty to comply with the Court's unsealing directives. The Second Circuit denied Plaintiff's motion for a stay on July 27, dissolving the administrative stay and immediately reviving Wigdor's obligation to comply with the unsealing order. *See* ECF No. 463; *In re Gorsoan Ltd.*, No. 18-MC-431 (RA) (KNF), 2020 WL 3264159, at *2 (S.D.N.Y. June 17, 2020) ("Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative.") (quoting *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1128–29 (D.C. Cir. 1978)); *accord United States v. Miller*, 626 F.3d 682, 689 (2d Cir. 2010). Yet Wigdor—the entity to which the order was directed—sought no guidance from the Court on how to comply. Instead, it waited nearly a month for the Court to reset the deadline *sua sponte*. ECF No. 469. And when it became apparent that the parties would not complete the redaction process by the November 6 deadline—itself the product of two further extensions—Wigdor neither alerted the Court nor sought an extension in advance, as the Court's rules require.[2]

---

[1] Wigdor's letter describes the materials at issue as "nearly 200 docket entries." ECF No. 494. The parties, however, told the Court in August that the Court's order covers "approximately 250 previously sealed documents," ECF No. 470 at 1; *see also* ECF No. 478 at 3 (stating that Defendant "supplemented the original list" with additional materials relevant to the sanctions motion). Wigdor should be directed to file every document the parties identified as subject to the Court's order, not a smaller set of its own choosing.

[2] Nor did the October 15 dismissal of this action suspend that deadline. As Mr. Chasin has explained, dismissal does not diminish the Court's authority to enforce its unsealing order. *See* ECF No. 490 at 2–3.

*See* Individual Rule 2(e). Rather, it waited until after 8 p.m. on the day of the deadline to inform the Court that it "cannot comply." ECF No. 489. The Court should not countenance such dilatory conduct. "Common sense dictates that faced with the impending inability to comply with an important deadline, counsel should have, at the very least, apprised the Court of the problem, well before and not at the last possible minute." *Dolengo v. Nw. Airlines, Inc.*, No. 92 Civ. 3115 (SS), 1993 WL 159964, at *4 (S.D.N.Y. May 10, 1993) (Sotomayor, J.).

Mr. Chasin respectfully requests that the Court deny Wigdor's request and direct Wigdor to file all documents subject to the Court's order by November 18.

Sincerely,

*/s/ Blair G. Brown*
Blair G. Brown
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1829
bbrown@zuckerman.com

*Counsel for Dana Chasin*

cc: All counsel of record (via ECF)
Plaintiff Jane Doe, *pro se* (via email)